Paul Leeds, Esq., (Bar No. 214309)
pleeds@fsl.law
Meredith King, Esq. (Bar No. 280043)
mking@fsl.law
FRANKLIN SOTO LEEDS LLP
444 West C Street, Suite 300
San Diego, California 92101
Tel: 619.872.2520
Fax: 619.566.0221

*Attorneys for River Falls, LLC,*
*Private Mortgage Lending, Inc., and*
*The Armbrust Living Trust*

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 25-04245-JBM11 |
| VILLA CHARDONNAY HORSES WITH WINGS, INC. | Chapter 11 |
| Debtor. | **DECLARARTION OF DEANN S. CARY IN SUPPORT OF _EMERGENCY_ MOTION TO APPOINT CHAPTER 11 TRUSTEE** |
| | Case Filed:  October 14, 2025 |
| | **Status Conference** |
| | Date:        January 27, 2026 |
| | Time:        2:00 p.m. |
| | Dept:        2 |
| | Judge:      Hon. J. Barrett Marum |

I, DeAnn S. Cary, declare as follows:

      1.    I am an employee of an affiliate and parent company of River Falls, LLC ("River Falls") and have been authorized by River Falls' managing member to speak

1    on behalf of River Falls in this proceeding.

2        2.    This declaration is based on my personal knowledge and, to the extent

3    it is not, it is based on my familiarity with the River Falls' business records in the

4    course of my employment. River Falls' business records are routinely made to record

5    acts, events, and conditions relating to River Falls' business operations by those with

6    firsthand knowledge and contemporaneous to the information recorded. If called

7    upon as a witness, I could and would testify competently to the contents of this

8    declaration.

9        3.    River Falls, together with Private Mortgage Lending, Inc. ("PMI") and

10   Larry D. Armbrust and Carol A. Armbrust, as trustees of the Armbrust Living Trust

11   ("Trust"), loaned Debtor Villa Chardonnay Horses With Wings, Inc. ("Debtor')

12   $1,600,000 ("Loan") in March 2020 secured by a priority interest in 4554 and 4430

13   Boulder Creek Road, Julian CA 92036, APNs #289-191-08-00, 289-191-09-00, and

14   289-191-10-00 ("Boulder Creek").

15       4.    Secured Creditors have not received a regular monthly payment on the

16   Loan since March 2025, and their Note fully matured on April 1, 2025.

17       5.    On or around April 1, 2025, Secured Creditors agreed to extend Villa

18   Chardonnay's maturity date to April 18, 2025 in exchange for payment of a

19   forbearance fee of $100,000. In reliance on this agreement, Debtor made an initial

20   payment of $20,000 and Secured Creditors refrained from exercising their rights

21   against Boulder Creek as agreed. Debtor, however, never paid the additional $80,000

22   forbearance fee promised.

23       6.    On April 29, 2025, Secured Creditors' foreclosure trustee recorded a

24   Notice of Default against Boulder Creek in the Official Records of the County as

25   Instrument No. 2025-0110781.

26       7.    Between April and July 2025, I understand Villa Chardonnay's

27   principal, Ms. Perez, was in regular communication with Secured Creditors'

28   foreclosure trustee regarding the foreclosure proceedings. During this time,

1    Ms. Perez  sent several emails requesting the foreclosure be delayed as she expected
2    to receive a ninety-nine-million-euro inheritance that would be used to pay Secured
3    Creditors in full.

4         8.     On July 31, 2025, Secured Creditor's foreclosure trustee recorded a
5    Notice of Trustee's Sale against Boulder Creek in the Official Records of the County
6    as Instrument No. 2025-0209360. The Notice of Trustee's Sale noticed a foreclosure
7    sale for September 3, 2025 at 10:00 a.m.

8         9.     After Debtor filed a voluntary Chapter 11 petition on September 1,
9    2025, Secured Creditors' foreclosure sale was continued to October 15, 2025.

10        10.     The day before Secured Creditors' continued foreclosure sale, Debtor
11   filed a second bankruptcy.

12        11.     After Debtor's second bankruptcy was filed on or around November 21,
13   2025, I became aware that Debtor's status with the California Registry of Charitable
14   Trusts ("Registry") was suspended. Attached hereto as **Exhibit 1** is a true and correct
15   copy Debtor's "Registrant Details" I pulled from the Registry Search Tool on the
16   website for the California Office of the Attorney General located at
17   https://rct.doj.ca.gov/Verification/Web/Search.aspx?facility=Y on
18   November 21, 2025.

19        12.     After Debtor's second bankruptcy was filed, I learned that in 2015,
20   Ms. Tammy Kristoffersen initiated an unlawful detainer proceeding against
21   Ms. Perez in the Superior Court of California, County of Riverside, Case No.
22   SWC1500526. Attached hereto as **Exhibit 2** is a true and correct copy Case Summary
23   detailing this proceeding pulled from the court's website located at https://epublic-
24   access.riverside.courts.ca.gov/public-portal/.

25        13.     I understand based on my review of documents filed in the Riverside
26   unlawful detainer proceeding that during that case at one point Ms. Perez stipulated
27   to voluntarily leave the property in question, but did not, which required the plaintiff
28   to proceed with a lockout with the assistance of the Murrieta Sheriff.  Attached hereto

as **Exhibit 3** is a true and correct copy of a declaration from Attorney Barry Lee O'Connor executed on October 1, 2015 detailing Ms. Perez's failure to agree vacate in accordance with her agreement with the plaintiff.

14.    In pursuing a foreclosure of Boulder Creek in the fall of 2025, Secured Creditors had hoped to find a buyer at foreclosure who would be willing to acquire title to Boulder Creek and take on the responsibility of both removing Ms. Perez from the property and taking on the responsibility of ensuring animals on the property received proper care.

15.    Since the filing of Debtor's first and second bankruptcies, Secured Creditors have become increasingly aware of the pervasive nature of Debtor's mismanagement of its affairs, including learning that Ms. Perez has not complied with California law in the solicitation of donations. This, along with the number and condition of animals on the property and information that Ms. Perez has been a defendant in at least one unlawful detainer proceeding in Riverside County have led Secured Creditors to conclude that a neutral third party is necessary to work with Debtor, creditors, the California Attorney General, and other stakeholders to ensure the rights of Debtor's donors and animals are protected while Debtor's assets are monetized for the benefit of creditors.

16.    I believe a neutral third party could assist Ms. Perez in coordinating with the Office of the California Attorney General and receive authorization to operate as a charitable trust and disburse funds as necessary to care for Debtor's animals while Debtor's affairs are wound down in accordance with California law.

17.    Secured Creditors are unwilling to provide Debtor advances under the terms of its Loan or provide additional financing while Debtor remains in possession of the estate but would be willing to discuss the terms of a potential debtor-in-possession financing facility with a Chapter 11 trustee.

1   I declare under the penalty of perjury that the foregoing is true and correct.

2

3   Executed this 23rd day of January 2026 at San Diego, California.

4                                  */s/ DeAnn S. Cary*
                            _____
5                                  DEANN S. CARY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

HOME     ABOUT     MEDIA     CAREERS     REGULATIONS     RESOURCES     PROGRAMS     CONTACT

# Registrant Details

Entity type: Corporate Class as registered with the Secretary of State or based on founding & registration documents.

| Organization Name: | VILLA CHARDONNAY-HORSES WITH WINGS | IRS FEIN: | 270666624 |
| Entity Type: | Charitable or nonprofit corporation | SOS/FTB Corporate/Organization Number: | 3119436 |

| Registry Status: | Suspended | Renewal Due/Exp. Date: | 5/15/2021 |
| --- | --- | --- | --- |
| RCT Registration Number: | CT0261810 | Issue Date: | 1/7/2019 |
| Record Type: | Charity Registration | Effective Date: | 1/7/2019 |
| Date of Last Renewal: | | DBA: | |

# Mailing Address

| Street: | P.O. BOX 890130 |
| Street Line 2: | |
| City, State Zip: | TEMECULA CA 92589 |

# Filings & Correspondence

| Miscellaneous Documents | Return envelope - PO BOX 890130 |
| --- | --- |
| Miscellaneous Documents | Return Envelope - P.O. Box 890130 |
| Miscellaneous Documents | RETURN ENVELOPE - P.O. BOX 890130 |
| Miscellaneous Documents | Return Envelope - 4554 Boulder Flores |
| CT-453 Suspension | PO BOX 1000 |
| CT-453 Suspension | P.O. BOX 890130 |
| Legacy Document | First Notice to Register - First Notice to Register |
| Legacy Document | First Notice to Register - First Notice to Register |
| CT-453 Suspension | 4554 BOULDER CREEK RD |
| IRS Form 990 Series | 2022 |
| Form RRF-1 | 2022 |
| Form RRF-1 | 2021 |
| IRS Form 990 Series | 2021 |
| Form RRF-1 | 2020 |
| IRS Form 990 Series | 2020 |
| Renewal Filing | 2019 |
| Renewal Filing | 2018 |
| IRS Form 990 Series | 2017 |
| Form RRF-1 | 2017 |
| IRS Form 990 Series | 2016 |
| Form RRF-1 | 2016 |
| IRS Form 990 Series | 2015 |
| Form RRF-1 | 2015 |
| IRS Form 990 Series | 2014 |

| [Form RRF-1](#) | 2014 |
| [IRS Form 990 Series](#) | 2013 |
| [Form RRF-1](#) | 2013 |
| [IRS Form 990 Series](#) | 2012 |
| [Form RRF-1](#) | 2012 |
| [Legacy Document](#) | - CT-547A Incomplete IRS Form 990 |
| [CT-470A Confirmation of Registration](#) | Click on Document Type at the left to open PDF |
| [CT-451C 1st Delinquency Notice](#) | Click on Document Type at the left to open PDF |
| [Founding Documents](#) | Click on Document Type at the left to open PDF |
| [RCT-451-S Delinquency Notice - 1st](#) | Click on Document Type at the left to open PDF |

# Annual Renewal Data

| | |
|---|---|
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2012 |
| **Accounting Period End Date:** | 12/31/2012 |
| **Filing Received Date:** | 2/15/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2013 |
| **Accounting Period End Date:** | 12/31/2013 |
| **Filing Received Date:** | 2/15/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2014 |
| **Accounting Period End Date:** | 12/31/2014 |
| **Filing Received Date:** | 2/15/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2015 |
| **Accounting Period End Date:** | 12/31/2015 |
| **Filing Received Date:** | 2/15/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2016 |
| **Accounting Period End Date:** | 12/31/2016 |
| **Filing Received Date:** | 2/15/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2017 |

| | |
|---|---|
| **Accounting Period End Date:** | 12/31/2017 |
| **Filing Received Date:** | 2/15/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2018 |
| **Accounting Period End Date:** | 12/31/2018 |
| **Filing Received Date:** | 9/10/2019 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2019 |
| **Accounting Period End Date:** | 12/31/2019 |
| **Filing Received Date:** | 5/10/2021 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2020 |
| **Accounting Period End Date:** | 12/31/2020 |
| **Filing Received Date:** | 11/15/2021 |
| **Form RRF-1 Reject/Incomplete Reason:** | Resubmission/Correction Accepted |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | Resubmission/Correction Accepted |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2021 |
| **Accounting Period End Date:** | 12/31/2021 |
| **Filing Received Date:** | 11/20/2023 |
| **Form RRF-1 Reject/Incomplete Reason:** | Resubmission/Correction Accepted |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |
| **Status of Filing:** | Accepted |
| **Accounting Period Begin Date:** | 1/1/2022 |
| **Accounting Period End Date:** | 12/31/2022 |
| **Filing Received Date:** | 5/20/2024 |
| **Form RRF-1 Reject/Incomplete Reason:** | |
| **Form CT-TR-1 Reject/Incomplete Reason:** | |
| **IRS Form 990 Reject/Incomplete Reason:** | |
| **Notes From Registry Staff:** | |

# Fundraising Platform Data

# Related Registrations & Event Reports

The related records shown below depend on the record type being viewed:

- Charity Registrations relate to Professional Fundraising Events which relate to Professional Fundraiser Registrations.
- Raffle Registrations relate to Raffle Reports.
- Click on the **RCT Registration No** to navigate to the related record.

| No Related Records |
|---|

# EXHIBIT "2"

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

## SWC1500526          KRISTOFFERSEN VS KERBER
Filed Date:  **03/19/2015**       **Unlawful Detainer - Residential Under $10K**
Case Status: **Disposed**            **Menifee - Department M205**

| Case Summary | Case Summary |
| --- | --- |

## Case Summary

### ⌄ COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
| --- | --- | --- | --- |
| **KRISTOFFERSEN VS KERBER** Unlawful Detainer - Residential Under $10K | | Disposed | Stipulated Judgment |
| **Unlawful Detainer Complaint of TAMMY KRISTOFFERSEN** | | Filed: 03/19/2015 | Complete 05/08/2015 |
| Plaintiff: TAMMY KRISTOFFERSEN | LAW OFFICES OF BARRY LEE O'CONNOR | | Dispo: Court Finding on 05/08/2015 |
| Defendant: LOUISE GARDNER | LAW OFFICES OF MORTON J GRABEL, APLC | Answered as of 04/20/2015 | Dispo: Court Finding on 05/08/2015 |
| Defendant: MONIKA KERBER | LAW OFFICES OF MORTON J GRABEL, APLC | Answered as of 04/20/2015 | Dispo: Court Finding on 05/08/2015 |

### ⌄ JUDGMENTS Any judgment entered on or before 11/06/20 has been converted from a legacy case management system

| Judgment Date | Applies To | Status | Type | For/Against | Details |
| --- | --- | --- | --- | --- | --- |
| 05/08/2015 | | Entered | Money | | |

| Judgment Date | Applies To | Status | Type | For/Against | Details |
|---|---|---|---|---|---|
| | Unlawful Detainer Complaint of TAMMY KRISTOFFERSEN | | | For - TAMMY KRISTOFFERSEN Against - MONIKA KERBER Against - LOUISE GARDNER | Principal     $24,400.00 **Subtotal**  **$24,400.00** **Judgment** **Total**     **$24,400.00** Premises Address: 42200 CALLE BARBONA TEMECULA, CA, 92592 |

## ⌄ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 05/08/2015 08:00 AM | Court Trial Unlawful Detainer - Southwest | | Department S205 | Judgment Entered |
| 10/09/2015 08:00 AM | Ex Parte Hearing re Temporary Stay of Enforcement (Southwest). | | Department S205 | Denied |

## ⌄ DOCUMENTS

Search

Document Download

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 03/19/2015 | Complaint filed - Unlawful Detainer Under $10,000. (Southwest) | | |
| Filed | 03/19/2015 | Civil Case Cover Sheet filed. | | |
| Filed | 03/19/2015 | Certificate of Counsel filed. The zip code is 92592. | | |
| Filed | 03/19/2015 | Summons Issued and Filed. | | |
| Non-Filed | 03/19/2015 | Clerk's Notice of Complaint for Unlawful Detainer and Notice of Case Assignment to Departments for All Purposes. | | |
| Filed | 03/24/2015 | Declaration and Order for Posting and Mailing of Summons and Complaint filed; signed by Honorable Judge Albert J. Wojcik. | | |

| Status | Date | Description | Filed By | Confidential |
|--------|------|-------------|----------|--------------|
| Filed | 04/10/2015 | Proof of Service of Summons, Unlawful Detainer Complaint of KRISTOFFERSEN and Prejudgment Claim of Right to Possession as to LOUISE GARDNER by Posting and Mailing on date of 03/24/15. | | |
| Filed | 04/10/2015 | Proof of Service of Summons, Unlawful Detainer Complaint of KRISTOFFERSEN and Prejudgment Claim of Right to Possession as to MONIKA KERBER by Posting and Mailing on date of 03/24/15. | | |
| Filed | 04/10/2015 | Request for Entry of Default ONLY on the Unlawful Detainer Complaint of KRISTOFFERSEN as to MONIKA KERBER, LOUISE GARDNER filed. | | |
| Filed | 04/20/2015 | Stipulation and Order for / to Set Aside Default and File Answer is Granted; Honorable Judge Albert J. Wojcik. | | |
| Filed | 04/20/2015 | Answer to Unlawful Detainer Complaint of KRISTOFFERSEN by MONIKA KERBER, LOUISE GARDNER represented by ABUZEID LAW filed. ($10,000 or Under) | MONIKA KERBER; LOUISE GARDNER | |
| Filed | 04/21/2015 | Request to Set Case for Trial-Unlawful Detainer filed by TAMMY KRISTOFFERSEN - Southwest (Form UD-150). | TAMMY KRISTOFFERSEN | |
| Non-Filed | 04/21/2015 | System Generated Notice re: Unlawful Detainer Trial. | | |
| Generated | 05/08/2015 | Legacy Minute Order: Court Trial Unlawful Detainer - Southwest | | |
| Filed | 05/08/2015 | Judgment by Stipulation; Honorable Judge Albert J. Wojcik . | | |
| Filed | 05/08/2015 | Certificate of Electronic Recording Monitor (Applicable unit of medium was 05/08/15 S205 Judge Albert J. Wojcik). | | |

| Status | Date | Description | Filed By | Confidential |
|--------|------|-------------|----------|--------------|
| Filed | 09/14/2015 | Substitution of Attorney Filed; On Unlawful Detainer Complaint of KRISTOFFERSEN remove Attorney ABUZEID LAW for Party(s) LOUISE GARDNER and replace with Attorney PRO/PER | | |
| Filed | 09/14/2015 | Substitution of Attorney Filed; On Unlawful Detainer Complaint of KRISTOFFERSEN remove Attorney ABUZEID LAW for Party(s) MONIKA KERBER and replace with Attorney PRO/PER | | |
| Filed | 10/01/2015 | Substitution of Attorney Filed; On Unlawful Detainer Complaint of KRISTOFFERSEN remove Attorney PRO/PER for Party(s) MONIKA KERBER and replace with Attorney LAW OFFICES OF MORTON J GRABEL, APLC | | |
| Filed | 10/01/2015 | Substitution of Attorney Filed; On Unlawful Detainer Complaint of KRISTOFFERSEN remove Attorney PRO/PER for Party(s) LOUISE GARDNER and replace with Attorney LAW OFFICES OF MORTON J GRABEL, APLC | | |
| Filed | 10/06/2015 | Declaration of Barry Lee O'Connor Re: Non Compliance of Stipulation filed | | |
| Filed | 10/06/2015 | Declaration in support of issuance of Writ of Possession filed by TAMMY KRISTOFFERSEN. | TAMMY KRISTOFFERSEN | |
| Filed | 10/08/2015 | Ex Parte Application re: Temporary Stay of Enforcement (Southwest) filed. | | |
| Filed | 10/08/2015 | Declaration of Morton J Grabel in Support of Ex Parte filed | | |
| Proposed | 10/08/2015 | Proposed Order re: Ex Parte for hearing on 10/09/15 submitted by MONIKA KERBER, LOUISE GARDNER. | MONIKA KERBER; LOUISE GARDNER | YES Confidential |
| Filed | 10/08/2015 | Declaration of Notice re Ex Parte filed | | |
| Filed | 10/08/2015 | Declaration of Monica Kerber and Louise Gardner filed | | |
| Generated | 10/09/2015 | Legacy Minute Order: Ex Parte Hearing re Temporary Stay of Enforcement (Southwest). | | |

| Status | Date | Description | Filed By | Confidential |
|--------|------|-------------|----------|--------------|
| Filed | 10/09/2015 | Order for Previously issued writ of possession is Granted and filed; Honorable Judge Albert J. Wojcik. | | |
| Filed | 10/28/2015 | Writ of Possession Returned Satisfied | | |

## ⌄ CASE LEDGER

| | Amount | Paid | Balance |
|--|--------|------|---------|
| Fines and Fees Totals | $510.00 | $886.00 | $0.00 |
| Restitution Totals | $0.00 | $0.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT "3"

1 | BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549
BARRY LEE O'CONNOR & ASSOCIATES
2 | A PROFESSIONAL LAW CORPORATION
3691 Adams St.
3 | Riverside, CA 92504
(951)689-9644
4 |
Attorney for Plaintiff
5 | TAMMY KRISTOFFERSEN

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 06 2015

C Powell

6

7

8                    SUPERIOR COURT OF CALIFORNIA
                          MURRIETA DIVISION
9                        COUNTY OF RIVERSIDE

10

11 | TAMMY KRISTOFFERSEN        )CASE NO: SWC1500526
                               )
12 |                           ) DECLARATION OF BARRY LEE O'CONNOR
       Plaintiff(s)            ) RE: NON COMPLIANCE OF STIPULATION
13 |        vs.                ) WRIT TO ISSUE FORTHWITH
                               )
14 |                           )
                               )
15 | MONIKA KERBER, LOUISE      )
GARDNER, ALL OTHERS IN        )
16 | POSSESSION                )
       Defendant(s)           )
17

18        I, **BARRY LEE O'CONNOR,** declare:

19        1.  I am the attorney of record for the Plaintiff.  I am duly

20   licensed to practice law in the State of California.  I am willing

21   and able to testify to the facts set forth and would and could

22   competently testify thereto.

23        2.  On or about May 08, 2015 a stipulation for Judgment:

24   Unlawful Detainer Possession and Money was filed (a copy of which

25   is attached as Exhibit 1).

26        3. Defendant agreed to the following :

27             a. Defendant paid $2,000.00 by May 15, 2015.

28             b. Defendant paid $10,500 by June 01, 2015.

1    c. Defendant paid $11,400.00 by July 01, 2015.

2    d. After the payment made on June 01, 2015, tenants
3 released 9 Arabian horses to plaintiff.

4    e. Defendants agreed to vacate by July 31, 2015.

5    f. Defendants will resolve trash issues before vacating
6 the property.

7   4. On July 14, 2015 defendants counsel at the time, sent a fax
8 over requesting for more time. (See attached Exhibit 2)

9   5. On July 16, 2015, Plaintiff Tammy Kristofferson and
10 Defendants Monika Kerber and Louise Gardner agreed to the
11 following:

12    a. Defendants paid $6,000.00 to Plaintiff to satisfy the
13 WMI Bills. The sum of $3,000.00 was paid at the home inspection on
14 July 17, 2015, and the balance of $3,000.00 was paid on
15 August 01, 2015.

16    b. in exchange for the defendants paying the WMI bill,
17 plaintiff agreed to extend the move out date to August 31, 2015,
18 however that move out date could be extended to September 30,
19 2015., provided that the defendant gave written notice to plaintiff
20 and offered to continue paying $6,000.00 for the rent of September.
21 (See Exhibit 3 for stipulation)

22    c. Therefore agreement stands, that defendants will
23 vacate the property by September 30, 2015, if defendants fail to
24 move by September 30, 2015, writ is to be issued forthwith
25 immediately.

26   6. Defendants did not vacate on September 30, 2015, therefore
27 plaintiff wishes to exercise her rights pursuant to the stipulated

28

1   agreed and proceed with lockout at the Murrieta Sheriff's earliest

2   convenience.

3         I declare, under penalty of perjury, that the foregoing

4   is true and correct.

5         Executed on **October 01, 2015** at Riverside,  California.

6

7                                          _____

8                                          **BARRY LEE O'CONNOR**
                                           Attorney for Kathy Rucker
                                           Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

#8

1  **BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549**
   **BARRY LEE O'CONNOR & ASSOCIATES**
2  **A PROFESSIONAL LAW CORPORATION**
   **3691 Adams St.**
3  **Riverside, CA 92504**
   **(951)689-9644**
4  **(951)352-2325 FAX1**

5  **Attorney for Plaintiff**
   Tammy Kristoffersen

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**
                         **COUNTY OF RIVERSIDE**
9                        **MURRIETA DISTRICT**

10

11  TAMMY KRISTOFFERSEN              ) CASE NO.: SWC1500526
                                     )
12  Plaintiff,                       ) STIPULATED
                                     ) SETTLEMENT AGREEMENT
13            v.                      )
                                     )
14  MONIKA KERBER, LOUISE GARDNER,   )
    ALL OTHERS IN POSSESSION         )
15  POSSESSION                       )
                                     )
16  Defendants                       )

17  **IT IS STIPULATED BY AND BETWEEN THE PARTIES:**

18         THIS STIPULATED AGREEMENT shall be filed with the Court and Judgment or Dismissal

19  of the case entered pursuant to the terms below:

20         PLAINTIFF, TAMMY KERBER, DEFENDANTS, MONIKA KERBER AND LOUISE

21  GARDNER and PARTIES associated with this case, the owners and defendants thereof agree to

22  settle this action as follows:

23         DEFENDANTS, MONIKA KERBER AND LOUISE GARDNER agree to the following

24  re : the property located at 42200 Calle Barbona, Temecula CA 92592.
                          s to make following payments
25     1. Defendants agree to ~~enter into a new agreement beginning~~ / ~~through~~

26     2. Defendants agree to pay $ *24,400* for ~~the month of~~ _____ in certified funds

27  ~~only by~~ If any payments are missed Lockout may go forward

28     3. AIS to pay $ 2,000 on May 15th +1, 2015,

1   *$10,500 by June 1st, 2015, $11,400 by July 1st, 2015.*

2   *After the payment June 1st in A's office by A's*

3   *A's will release 9 Arbian horses to pl.*

4       4. Defendants will vacate the property on ___*July 31st, 2015*___

5       5. Based on the foregoing agreements to the unlawful detainer, when all parties have

6   performed all that is required of them under this agreement, resolves issues as to possession and

7   binds the party's agents, officers, directors, attorneys, heirs, members, representatives, predecessors,

8   successors, associates and assignees of and from any and all claims, claimants, liabilities, judgments,

9   debts, suits, obligations, actions, causes of action, costs and expenses of every nature, whether

10   known or unknown, suspected or unsuspected, anticipated, or unanticipated, which each party may

11   now have, own or hold or at any time before has had, owned or held, by reason of any matters, facts

12   or things whatsoever, including without limitation matters described in or in any way related to the

13   leasing of the premises and this unlawful detainer, except for those obligations and agreements set

14   forth in this agreement. *A's will resolve trash issues before vacating.*

15       6. Except as expressly set forth herein, when all parties have performed all that is required

16   of them under this agreement, each party to this agreement hereby waives and relinquishes all rights

17   against each other known at this time.

18       7.  Any changes to this agreement must be in writing and signed by all parties.  For the

19   purposes of this document a faxed signature will be accepted by all parties as an original.

20       8. Each party bears their own costs and expenses including attorney's fees.

21       9. Pursuant to California Rules of Court, Rule 2.305(d), signatures by facsimile or scanned

22   document set forth below shall be deemed an original signature.

23       10. Plaintiff shall proceed with lockout if funds are not received by ___*Schedule*___. Plaintiff

24   will set aside the judgment and dismiss the case upon completion of all conditions under the

25   agreement. *This only resolves rent & possession issue as to this*

26   [SIGNATURE LINES TO FOLLOW] *property, not to claims.*

27   ///

28   ///

Dated:    MAY 0 8 2015

By: _____
Monika Kerber, Defendant

Dated: MAY 0 8 2015

By: _____
Louise Gardner, Defendant

Dated:    MAY 0 8 2015

By: _____
Lara Abuzied, Attorney for
Defendants Monika Kerber and
Louise Gardner

Dated:    MAY 0 8 2015

By: _____
Tammy Kristoffersen, Plaintiff

Dated:    MAY 0 8 2015

By: _____
Barry Lee O'Connor
Attorney For Plaintiff
Tammy Kristoffersen

# EXHIBIT "2"

# ABUZEID LAW
## LARA T. ABUZEID, ESQ.

43015 Blackdeer Loop, Suite 107                                    Tel:  951.530.4813; Fax: 951.530.4816
Temecula, California 92590                                               lara.abuzeid@abuzeidlaw.com

State Bar No. 290103
File No.:15-005

July 14, 2015

*Sent via Email and First-Class U.S. Mail*

Barry L. O'Connor, Esq.
Barry Lee O'Connor & Associates
3691 Adams St.
Riverside, CA 92504

Re:    *Kristoffersen v. Kerber, et al. (SWC 1500526)*
        **(Outstanding Issues)**

Dear Mr. O'Connor:

Thank you for your recent emails regarding some of the outstanding issues between our respective clients.  Please allow the following to respond to your emails:

Home Inspection on 7/15/15:

As we previously discussed, you previously communicated your client's (*i.e.,* Tammy Kristoffersen) request to perform a home inspection for purposes of securing a new home insurance policy; an inspection to which we agreed.  Although it may not have been expressly detailed, I believe that it was implied in the request that a representative of Ms. Kristoffersen's potential insurer would be the person performing the inspection pursuant to a list of criteria designed by the potential insurer to evaluate whether to issue an insurance policy.

Based upon your email to me yesterday, it now appears to me that: (a) Ms. Kristoffersen intends to personally perform the inspection; (b) she wants to have unfettered access to the entirety of the property; and (c) a representative of the potential insurer will not be accompanying Ms. Kristoffersen.  If my interpretation of your email is accurate, then please inform your client that the inspection will not be permitted.

If my interpretation of your email is inaccurate, then please inform your client that the inspection will go forward tomorrow, in accordance with and pursuant to the following parameters:

1.     The inspection will not occur if a representative from the insurance company is not present, or if the representative is present but unable to produce credentials to substantiate his/her status as a bona fide inspector for the insurance company;

2.     The representative from the insurance company will review the scope of his/her intended inspection with my assistant prior to receiving access to the property, and will only perform the inspection pursuant to the extent of the scope approved by my assistant. [Please note that the instruction I am giving to my assistant is to allow all reasonable access to allow the representative to do his/her job];

ABUZEID LAW
Barry L. O'Connor, Esq.
*Kristoffersen v. Kerber, et al. (SWC 1500526)*
*Outstanding Issues*
July 14, 2015
Page 2

3.  Although Ms. Kristoffersen will be permitted to accompany the insurance representative and my assistant during the inspection, she will be escorted from the property if she engages in any inflammatory behavior during the inspection; behavior that will be solely evaluated and determined by my assistant during the inspection [Please note that my assistant and Ms. Kristoffersen had some minor friction during the removal of the horses, but nothing between the two of them that he believed would necessitate terminating the removal of the horses] ;

4.  Under no circumstances will any other persons be allowed to accompany the insurance representative and Ms. Kristoffersen on behalf of Ms. Kristoffersen during the inspection. In this regard, any person accompanying Ms. Kristoffersen to the property (except the insurance representative) is not permitted to step onto the property for any reason; including, but not limited to, the concrete apron of the driveway entrance.  Moreover, if any person makes any threatening or disparaging gesture or comment on behalf of Ms. Kristoffersen that is seen or heard by or reported to my assistant, Ms. Kristoffersen and the insurance representative will be escorted from the property and the inspection will terminate immediately [Please note that during the removal of the horses on July 8, 2015, several members of the entourage Ms. Kristoffersen brought with her to remove the horses made inflammatory remarks and attempted to insinuate themselves into the discussion my assistant was attempting to have with Ms. Kristoffersen and "Lisa" to facilitate the orderly removal of the horses; most-notably, Ms. Kristoffersen's heavy-set son who almost got himself arrested when he ignored the instruction to be quiet that was given to him by the Riverside County Sheriff's Deputy that Ms. Kristoffersen brought with her to the exchange; *i.e.,* Deputy Trower]; and

5.  The inspection will commence at 9:00 a.m., pursuant to your request.  Please note that the inspection will be cancelled if it does not commence by 9:20 a.m.

**Trash Bill:**

Unfortunately, the issue of the trash bill is one that we will not be able to resolve at this point. Despite my clients' (*i.e.,* Monika Kerber and Louise Gardner) several attempts to have the bill transferred into their names and mailed to the property, Ms. Kristoffersen contacted Waste Management and directed that the bill be sent to her at an address in her exclusive use and control; you may obviously confirm that the address on the bill you sent to me belongs to Ms. Kristoffersen.  Consequently, it is our belief and position that Ms. Kristoffersen assumed liability for payment for the trash service, and there is nothing owed by my clients for the trash service.

**Extension of Move-Out Date:**

When you and I were negotiating the settlement of this dispute in Court, Ms. Kristoffersen volunteered that she is in a residential lease that will not terminate until September 30, 2015. Although my clients are working with all due diligence to make all arrangements to vacate the property by July 31, 2015, the task of attempting to relocate all of the horses living on the property is a daunting task that would be made easier if the time compression was eased.

Accordingly, in that an extension of the move-out date may be mutually beneficial to each of our clients, will you please inquire of Ms. Kristoffersen if she is interested in extending the move-out date to either the end of August 2015 or the end of September 2015.  Of course, the rent will be paid according to the previous terms we settled.

ABUZEID LAW
Barry L. O'Connor, Esq.
*Kristoffersen v. Kerber, et al. (SWC 1500526)*
*Outstanding Issues*
July 14, 2015
Page 3

Thank you in advance for your prompt and professional attention to this correspondence.

Sincerely,

Lara Y. Abuzeid, Esq.

cc:     Monika Kerber and Louise Gardner

# EXHIBIT "3"

1 ABUZEID LAW
  Lara T. Abuzeid, Esq.    #290103
2 43015 Blackdeer Loop, Ste 107
  Temecula, CA 92590
3 951.530.4813
  951.530.4816 Fax
4 lara.abuzeid@abuzeidlaw.com

5 Attorneys for  DEFENDANTS MONIKA KERBER and LOUISE GARDNER

6

7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF RIVERSIDE –  SOUTHWEST JUSTICE CENTER

10

11 TAMMY KRISTOFFERSEN, an          Case No. SWC 1500526
   individual;
12                                  STIPULATION
                         Plaintiff,
13 v.

14 MONIKA KERBER, an individual;
   LOUISE GARDNER, an individual;
15 and DOES 1 TO 10, inclusive,

16                       Defendants.

17

18

19      WHEREAS, on May 8, 2015, PLAINTIFF TAMMY KRISTOFFERSEN

20 ("LANDLORD") on the one side, and DEFENDANT MONIKA KERBER and

21 DEFENDANT LOUISE GARDNER (collectively "TENANTS") on the other

22 side, entered into a stipulation to resolve the above-captioned

23 matter;

24      WHEREAS LANDLORD recently supplied TENANTS with past bills for

25 trash service from Waste Management, Inc. dating back to July 2011,

26 totaling $4,919.30 (collectively "WMI BILLS");

27      WHEREAS LANDLORD believes that TENANTS are responsible for

28 payment of the WMI BILLS for the entire period of the tenancy by

1    TENANTS, and thereon estimates the amount owing for the trash

2    service exceeds $6,000.00;

3         WHEREAS TENANTS dispute their liability for the payment of the

4    WMI BILLS; and

5         WHEREAS LANDLORD and TENANTS (collectively the "PARTIES") seek

6    to resolve the issue of the WMI BILLS,

7         IT IS HEREBY STIPULATED between the PARTIES as follows:

8         1.    On July 17, 2015, commencing at 10:00 a.m., LANDLORD

9    shall be permitted to inspect the property located at 42200 Calle

10   Barbona, Temecula, CA 92592 ("SUBJECT PROPERTY").  During the

11   inspection, LANDLORD may be accompanied by her son and/or a

12   Riverside County Sheriff's deputy.  During the inspection, neither

13   LANDLORD, nor TENANTS, nor any other person present for the

14   inspection shall make any disparaging or inflammatory comments or

15   statements.  Although the inspection will not necessarily be

16   restricted to one hour, LANDLORD projects that the inspection

17   should take approximately one hour to complete;

18        2.    TENANTS shall pay the sum of $6,000.00 to LANDLORD to

19   settle the WMI BILLS dispute; the sum of $3,000.00 shall be paid by

20   TENANTS to LANDLORD at the home inspection on July 17, 2015, and

21   the balance of $3,000.00 shall be paid by TENANTS to LANDLORD on

22   August 1, 2015;

23        3.    LANDLORD shall extend TENANTS' move-out date from the

24   SUBJECT PROPERTY to August 31, 2015; provided, however, that the

25   move-out date shall be extended to September 30, 2015, if TENANTS

26   provide LANDLORD with written notice that TENANTS desire to extend

27   until September 30, 2015; and

28   /////

4.    The monthly rent due and owing from TENANTS to LANDLORD during any extension period shall be $6,000, and shall be paid on the first day of the month for which the rent is due, by way of a cashier's check to be picked up by LANDLORD at the office of TENANTS' attorney.

IT IS SO STIPULATED:

Date: July 16, 2015        By: _____
                           Tammy Kristoffersen

Date: July 16, 2015        By: _____
                           Monika Kerber

Date: July 16, 2015        By: _____
                           Louise Gardner

2015-07-16 Stipulation - Revised.wpd          -3-          2015-07-16 Stipulation