Michael R. Totaro        102229
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
(310) 573-0276 (v)
Ocbkatty@aol.com

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| In re<br><br>  Villa Chardonnay Horses With Wings, Inc.,<br><br>   Debtor in Possession. | Chapter 11<br><br>Case No.  3:25-bk-04245-JBM11<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO**<br>**1)  DETERMINE THE VALUE OF COLLATERAL AND THE EXTENT OF THE ALLOWED SECURED CLAIMS ON REAL PROPERTY LOCATED AT 4554 BOULDER CREEK RD AND 4430 BOULDER CREEK RD, JULIAN, CA 92036 ;**<br>**2)  BIFURCATE THE CLAIM OF THE SMALL BUSINESS ASSOCIATION ("SBA") AS TO THE AMOUNT OF ITS CLAIM THAT IS SECURED AND THE AMOUNT THAT IS UNSECURED;**<br>**2)  TO DETERIMINE THAT ALL LIENS JUNIOR TO THE SBA ARE WHOLLY UNSECURED AND TO BE TREATED IN THE CHAPTER 11 PLAN AS UNSECURED DEBT AND THOSE LIENS AVOIDED;**<br>**DECLARATIONS OF MICHAEL TOTARO; MONIKA KERBER PEREZ AND WILLIAM G, WILLSON AND EXHIBITS**<br><br>Date:<br>Time:<br>Dept.     2, Rm 118 |

TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE AND ALLEGED SECURED CREDITORS EACH OF THEIR RESPECTIVE SUCCESSORS AND OR ASSIGNS AND ALL INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that Villa Chardonnay Horses With Wings. Inc., the Debtor in Possession ("Debtor'), in the above-captioned Chapter 11 case, hereby moves this Court for an order (the "Motion"), pursuant to 11 U.S.C. §§ 506(a), and 1123(b), valuing the estate real property consisting of three parcels located at 4554 and 4430 Boulder Creek Rd, Julian, CA 92036, APN: 289-191-08-00, APN:289-191-10-00, and APN: 289-191-09-00) (the "Property") at $3,625,000.00, and determining that the junior lien of the Small Business Administration (the "SBA") is partially secured in the amount of approximately $1,495,382.32.

The balance of the SBA claim is unsecured and shall be treated as such in the Chapter 11 Plan. In addition, the junior liens held by The Ark Watch, Waste Management Rey Velazquez, The Ark Watch & Celine Meyer, Darlene Sears and any other possible junior lienholders are wholly unsecured and may be avoided through Debtor's Chapter 11 Plan of Reorganization (the "Plan"). The claims of these junior lienholders once avoided shall be treated shall be treated in this case as unsecured creditors in the Plan.

The Motion is made on the grounds that the Property is owned by a nonprofit, and is an unusual property in a very rural and somewhat remote area with minimal comparables. Although the Property is very valuable, there are some very large junior secured claims predominately based on default judgments after the deeds of trust in priority. The liens on the Property in order of priority of recording such that the first liens that total $3,625,000, or the value of the property, shall be treated as secured claims and if determined to be different that the appraisal amount, shall be based on the value of the Property which is currently less that the amount of all the liens on the Property which currently total $6,697,106.25. All liens junior to the SBA shall be treated as wholly unsecured and treated as such in the Chapter 11 Plan. The Lien of the SBA is to be bifurcated into a secured portion and an unsecured portion to the extent that claim is no longer secured based on the property value.

2

Once the liens in order of priority exceed the Property value, all liens junior to the SBA loan shall be avoided and considered unsecured claims and treated as such in the chapter 11 Plan.

This Motion is based upon the attached Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Michael R. Totaro, Monika Kerber Perez and William G. Willson and all Exhibits and documents filed concurrently herewith, documents previously filed with the Court, and such other evidence and arguments as may be presented at or before the hearing on the Motion.

Wherefore Debtor prays that the Court issue an Order which finds and determines:

1. The value of the collateral is no more than $3,6250,000 as of October 6, 2025;

2. The amount of the allowed secured claims on the Property is $6,644,543.74 as set forth in the Memorandum of Points and Authorities and Declarations submitted;

3. The amount of the secured claims against the Property exceeds the value of the Property;

4. The order of priority of the liens is set forth in the Memorandum, and attached declaration of Michael R. Totaro and supporting exhibits;

5. In order of priority of the claims that total $3,625,000 shall remain secured liens on the Property in their respective priorities;

6. The secured claim of the Small Business Administration (the "SBA") is secured in the amount of $1,495,382.32 and the balance of its' claim in the amount of $644,537.68 shall be treated as a non priority unsecured claim in the Debtor's Chapter 11 Plan of Reorganization;

7. All liens junior in priority to the claim of the SBA shall be avoided and treated as non priority unsecured claims in the Debtor's Chapter 11 Plan of Reorganization;

8. The Court grant such other and further relief as the Court deems just and proper.

Debtor requests the Court hold an evidentiary hearing if the value of the Property as asserted herein is disputed.

| | |
|---|---|
| Dated: January 22, 2026 | Respectfully submitted, |
| | /s/ Michael R. Totaro |
| | Michael R. Totaro |
| | Totaro & Shanahan, LLP |
| | Attorneys for Debtor in Possession |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Debtor moves this Court to value the Property at $3,625,000.00 pursuant to 11 U.S.C. § 506(a) and to determine the secured status of all liens encumbering the Property. The value asserted herein is based on an appraisal of the Property by William G. Willson a certified appraiser which is submitted in support hereof.

The Property is currently encumbered by liens totaling approximately $6,656,824.04. Since the fair market value of the Property asserted is $3,625,000.00, this is over $3 Million more than the total amount of liens.

The Motion has several parts:  First a determination of the value of the Property; Second, a determination as the priority of the junior liens; Third, a determination in order of priority as to which of the junior liens are secured by the Property; Fourth, a determination that the claim of the Small Business Association ("SBA") is partially secured up to $1,495,382.32; Fifth, that the balance of the Claim of the SBA in the amount of $644,537.68 shall be treated as a non priority unsecured claim in Debtor's Chapter 11 Plan of Reorganization; and Sixth, that all secured claims asserted that are junior in priority to the claim of the SBA are wholly unsecured and shall be treated as non priority unsecured claims in the Debtor's Chapter 11 Plan of Reorganization.

## II. STATEMENT OF FACTS

### A. The Property

The Property consists of three APNs located in Julian, California which includes:

1. 4554 Boulder Creek Road, Julian, CA 92036 (APN: 289-191-08-00);
2. 4430 Boulder Creek Road, Julian, CA 92036 (APN: 289-191-10-00); and
3. Eagle Peak Road, Julian, CA 92036 (APN: 289-191-09-00).[1]

---

[1] The Property has also been referenced as two parcels, listing the two Boulder Creek Rd addresses.  There is no discrepancy that the Property has the above listed three parcel numbers and this will comprise the Property being considered.

The Property comprises 41.41 acres and is a sanctuary for horses and other abandoned, older or disabled animals. It includes:

- A custom-built two-story residence of approximately 5,481 square feet
- A manufactured home;
- A catery;
- Multiple equestrian facilities including barns, stables, and riding areas;
- Various outbuildings and improvements; and substantial additional land.

**B. Lien Structure**

Based on Debtor's records and title searches, the following liens are recorded against the Property in order of priority:

| Date Recorded | Creditor | Amount |
| --- | --- | --- |
| 3/16/2020 | River Falls, LLC, etc. | $1,745,578.10 |
| Priority | IRS | $ 322,268.84 |
| 10/28/2020 | Benjamin Moreno | $ 9,700.09 |
| 10/28/2020 | Santos Figueroa | $ 5,726.98 |
| 10/28/2020 | Santos Rodriguez | $ 46,343.67 |
| 10/28/2020 | Elias Villafuerta-Rubio | 18, 639.12 |
| 10/28/2020 | Raul Garcia | 12,914.66 |
| 1/15/2022 | Small Business Administration | $2,139,920.00 [2] |
| 6/3/2022 | State of California Labor Commission | $ 43,517.49 |
| 7/20/2022 | The Ark Watch – Red Bell | $ 64,998.29 |
| 8/23/2023 | The Ark Watch – Red Bell | $ 160,060.02 |

---

[2] This is the total claim of the SBA and after the higher priority liens are paid, this leaves $1,463,828.54 as secured for the SBA and $644,537.68 as unsecured. All initially secured liens are no longer secured and will be avoided and included in the unsecured claims in the Chapter 11 Plan.

| Date Recorded | Creditor | Amount |
|---|---|---|
| 3/6/2024 | Waste Management | $ 9,656.31 |
| 5/1/2024 | Rey Velazquez | $ 12,280.30 |
| 5/1/2024 | Labor Comm. Andres Sandoval | $ 3,843.22 |
| 6/18/2024 | The Ark Watch & Celine Meyers | $2,032,231.63 |
| 9/25/2024 | Darlene Sears | $ 64,542.32 |
| | **Total Liens** | **$6,679,940.74** |

The above amount represents the amount of secured claims of the Debtor. This is based on a review of recorded liens and the proof of claims filed  Not all creditors have filed proof of claims at this time so the actual amounts of overall claims may vary. However, it is clear that the total amount of allowed secured claims cannot exceed the value of the Property, which Debtor asserts is the value provided by the certified appraiser of $3,635,000.  At this time the liens, voluntary and involuntary, on the Property appear to be  $6,679,940.74.

### C. Property Valuation

The Property has been appraised by William Willson, a licensed California real estate appraiser (License No. AG 031834), who inspected the Property on October 6, 2025. Mr. Willson concluded that the fair market value of the Property as of that date was **$3,625,000.00**. A copy of the complete appraisal report is attached as Exhibit 1 to the Declaration of  William G. Willson.

## III. LEGAL ARGUMENT

### A. Bankruptcy Code Section 506(a) Permits Valuation of Secured Claims

Section 506(a)(1)  of the Bankruptcy Code provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

This provision permits a bankruptcy court to determine the value of a creditor's secured claim by valuing the collateral. *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 961 (1997). Any portion of a claim that exceeds the value of the collateral is treated as an unsecured claim. *Id.*

### B.  Valuation Standard

The Supreme Court has held that the appropriate valuation standard under § 506(a) is the price a willing buyer would pay a willing seller for the property. *Rash*, 520 U.S. at 960. In the context of real property, this is typically the fair market value. *In re Monnier Bros.*, 755 F.2d 1336, 1341 (9th Cir. 1985). Professional appraisals are an appropriate method for determining the value of real property. *In re Taffi,* 96 F.3d 1190, 1192 (9th Cir. 1996). Furthermore, the determination of value is "a question of fact to be determined by the bankruptcy court." *In re RYIZ, Inc.,* 490 B.R. 29, 35 (Bankr. E.D.N.Y. 2013) (cited favorably in the Ninth Circuit).

Here, Debtor has obtained a professional appraisal from a licensed, independent appraiser who physically inspected the Property and utilized accepted appraisal methodologies, including the sales comparison approach. The appraisal is detailed, thorough, and provides a reliable basis for valuation at $3,625,000.00.

### C.  The Property Should Be Valued as of the Confirmation Date.

The value of collateral for purposes of § 506(a) should be determined as of the date of plan confirmation, not the petition date. *In re Heritage Highgate, Inc.,* 679 F.3d 132, 141 (3d Cir. 2012) (cited in the Ninth Circuit) ("The value is to be determined as of the date of the plan, not as of the date of filing."). This principle is particularly important in this case, where external factors—specifically, the wildfires in Pacific Palisades—have dramatically affected the Property's value since the petition date.

The Ninth Circuit has emphasized that valuation under § 506(a) must be made "in light of the purpose of the valuation and of the proposed disposition or use of such property." *In re Sunnyslope Housing Ltd. Partnership*, 859 F.3d 637, 646 (9th Cir. 2017)

(en banc). Here, the purpose of the valuation is to determine the extent to which the Junior Lienholders have secured claims for purposes of plan confirmation, making the confirmation date the appropriate valuation date. Debtor does not believe the value from the appraisal by Mr. Willson is likely to change before confirmation of a plan.

### D. Treatment of the Liens as Secured or Unsecured Is Determined By Priority of Recording.

In addition, the liens must be addressed in order of priority to determine whether they are secured or unsecured. The initial Deed of Trust recorded on the Property on March 16, 2020 is the first priority and with a current claim in the amount of $1,745,578.10 which is fully secured. Thereafter whether a lien is wholly secured, partially secured or totally unsecured is based on the priority of recording and of course the amount.

As set forth in above referenced list of recorded liens, following the Deed of Trust, is the secured portion of IRS claim, and then subsequent Judgment Liens of Benjamin Moreno, Santos Figueroa and Santos Rodriguez, Elias Villafuerte-Rubio and Raul Garcia which are all fully secured. Up to this point the secured claims total $2,163,171.68. This leaves balance of $1,493,382.00 which will be secured.

After the above wholly secured liens, the next secured claim in priority is a consensual lien of 2,139,920.00 held by the SBA. The available equity, however, is not sufficient to secure the full amount. As such, the SBA shall have both a secured claim in the amount of $1,493,382.00 and an unsecured portion of that claim in the amount of $646,538.00. The secured portion will be treated as such in a Chapter 11 Plan. The balance of that claim is unsecured and will be treated with the unsecured claims in the Chapter 11 Plan.

### D. The Balance of the Junior Liens are Wholly Unsecured And to be Treated as Unsecured Claims

When the total amount of senior liens equals or exceeds the value of the collateral, all junior liens are completely "underwater" and are wholly unsecured under Section 506(a) and may be "stripped off." *In re Weinstein,* 227 B.R. 284, 290 (9th Cir. BAP 1998) ["Where a senior lien exceeds the value of the subject property, a junior lienholder holds an unsecured claim and its lien may be 'stripped off.'"]. See also *In re Zimmer*, 313 F.3d 1220, 1225 (9th Cir. 2002). This principle applies in Chapter 11 cases. *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 444 (1999).

The remaining liens on the Property are junior in priority to the SBA Loan and are all judgment liens. Since there is no equity remaining in the Property to secure these junior liens each of these liens should be stripped off as "wholly unsecured" and treated in the unsecured class in the Chapter 11 Plan.

To be clear this includes the following judgement liens:

| Date | Creditor | Amount |
|---|---|---|
| 6/2/2022 | CA Labor Commission | $ 43,517.49 |
| 7/20/2022 | The Ark Watch | $ 64,998.29 |
| 8/23/2023 | The Ark Watch | $ 160,060.02 |
| 3/6/2024 | Waste Management | $ 9,656.31 |
| 5/1/2024 | Andres Sandoval | $ 2,843.22 |
| 5/1/2024 | Rey Velazquez | $ 12,280.30 |
| 6/18/2024 | The Ark Watch & Celine Meyers | $2,032,231.63 |
| 9/25/2024 | Darlene Sears | $ 64,542.32 |
| | Total Liens to be Stripped | $ 2,377,286.36 |

Based on the most recent appraised value of the Property, the secured claims total $3,625,000. The appraisal report establishes this value and the value of the secured claims. *In re Taffi*, 96 F.3d at 1192.

### IV. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court enter an order:

1. Valuing the Property at $3,625,000.00;

2. Determining that the claims of following claims are fully secured and treated as Secured claims in the Chapter 11 Plan:

    a. River Fall, etc, Deed of Trust in the amount of $1,745,578.10;

    b. IRS Secured Claim in the amount of $322.268.84;

    c. Benjamin Moreno judgment lien in the amount of $9,700.09;

    d. Santos Figueroa judgment lien in the amount of $5,726.98;

    e. Santos Rodriguez judgment lien in the amount of $46,343.67

3. Determining the SBA consensual lien in the amount of $2,139,920.00 shall be bifurcated into a secured and unsecured portions as follows:

    a. A secured claim in the amount of $1,493,382.00, and

    b. An unsecured portion of that claim in the amount of $646,538.00.

4. Determining that the remaining junior liens are wholly unsecured and as such the Liens shall be stripped off the property and the claims treated as unsecured under the Chapter 11 Plan. This applies to the following junior liens:

    a. CA Labor Commission Lien;

    b. Judgment Lien -The Ark Watch; Red Bell Run;

    c. Judgment Lien - The Ark Watch; Red Bell Run;

    d. Waste Management;

    e. CA Labor Commission Lien – Andres Sandoval

    f. CA Labor Commission Lien - Rey Velazquez;

    g. Judgment Lien -The Ark Watch & Celine Meyers; and

    h. Judgment Lien - Darlene Sears

5. Granting such other relief as is just and proper.

Dated:   January 22, 2026                                       Totaro & Shanahan, LLP


                                                                By /s/ Michael R. Totaro
                                                                Michael R. Totaro
                                                                Attorneys for Debtor in Possession

## DECLARATION OF MICHAEL R. TOTARO

I, Michael R. Totaro, declare:

1. I am the attorney licensed to practice before this Court and all State and Federal Courts in the State of California and attorney for the Debtor and Debtor in Possession Villa Chardonnay, Horses With Wings, Inc. (the "Debtor") in this Chapter 11 Bankruptcy case. I am also a partner in the Law Firm of Totaro & Shanahan, LLP. I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. The Debtor is the owner of three parcels of real property covering 41.41 acres in Julian, California. This includes 4554 Boulder Creek Rd, 4554 Boulder Creek 6 (APN: 289-191-08-00); 4430 Boulder Creek Rd (APN: 289-191-10-00); and Eagle Peek Rd. (APN: 289-191-09-00) (collectively the "Property"). The Property is sometimes just referred to based on the two addresses on Boulder Creek Rd but always includes the three APNs.

3. As part of the preparation of this case, I was able to obtain a list of recorded liens on the Property. I reviewed these and compiled a list of the various recorded consensual and nonconsensual liens to determine the amount of secured claims. The list of the liens in order of priority is included in the Memorandum.

4. Attached hereto as Exhibit 3 and incorporated herein by reference is a true and correct copy of the First Deed of Trust on the Property recorded on March 16, 2020.

5. Attached hereto as Exhibit 4 and incorporated herein by reference is a true and correct copy of the Federal Tax Lien on the Property entitled to priority but recorded on November 20, 2024.

6. Attached hereto as Exhibit 5 and incorporated herein by reference is a true and correct copy of a Certificate of Lien on the Property filed by the Labor Commission for Benajmin Moreno recorded on October 28, 2020.

7. Attached hereto as Exhibit 6 and incorporated herein by reference is a true

and correct copy of a Certificate of Lien on the Property filed by the Labor Commission for Santos Figueroa recorded on October 28, 2020.

8. Attached hereto as Exhibit 7 and incorporated herein by reference is a true and correct copy of a Certificate of Lien on the Property filed by the Labor Commission for Santo Rodriguez recorded on October 28, 2020.

9. Attached hereto as Exhibit 8 and incorporated herein by reference is a true and correct copy of a certificate of Lien on the Property filed by the Labor Commission for Elias Villafuerte-Rubio recorded on October 28, 2020.

10. Attached hereto as Exhibit 9 and incorporated herein by reference is a true and correct copy of a Certificate of Lien on the Property filed by the Labor Commission for Raul Garcia recorded on October 28, 2020.

11. Attached hereto as Exhibit 10 and incorporated herein by reference is a true and correct copy of the Deed of Trust on the Property recorded by the Small Business Administration on January 27, 2023.

12. Attached hereto as Exhibit 11 and incorporated herein by reference is a true and correct copy of a Certificate of Lien on the Property filed by the Labor Commission for June 3, 2022.

13. Attached hereto as Exhibit 12 and incorporated herein by reference is a true and correct copy of an Abstract of judgment on the Property in favor of Ark Watch – Red bell Run recorded on July 20, 2022.

14. Attached hereto as Exhibit 13 and incorporated herein by reference is a true and correct copy of an Abstract of judgment on the Property in favor of Ark Watch – Red bell Run recorded on August 23, 2023.

15. Attached hereto as Exhibit 14 and incorporated herein by reference is a true and correct copy of an Abstract of judgment on the Property in favor of Waste Management recorded on March 6, 2024.

16. Attached hereto as Exhibit 15 and incorporated herein by reference is a true

and correct copy of Substitution of trustee as to the First Deed of trust Recorded for Loan Servicing on March 18, 2024 which does not change priority of First Deed of trust.

17. Attached hereto as Exhibit 16 and incorporated herein by reference is a true and correct copy of a Certificate of Lien on the Property filed by the Labor Commission for Andres Sandoval recorded on May 1, 2024.

18. Attached hereto as Exhibit 17 and incorporated herein by reference is a true and correct copy of a Certificate of Lien on the Property filed by the Labor Commission in favor of Rey Velasquez recorded on May 1, 2024.

19. Attached hereto as Exhibit 18 and incorporated herein by reference is a true and correct copy of an Abstract of judgment on the Property in favor of Ark Watch – Celine Meyers recorded on June 18, 2024.

20. Attached hereto as Exhibit 19 and incorporated herein by reference is a true and correct copy of an Abstract of judgment on the Property in favor of Darlene Sears recorded on September 25, 2024.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 23, 2026

               /s/ Michael R. Totaro
               Michael R. Totaro