HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
880 Front Street, Suite 3230
San Diego, CA 92101
(619) 557-5013

Attorneys for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.<br><br>　　　Debtor-in-Possession. | Case No.: 25-04245-JBM11<br><br>ACTING UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE<br><br>Date:　January 27, 2026<br>Time:　3:00 p.m.<br>Dept:　Two (2)<br>Judge:　Hon. J. Barrett Marum |

　　　Tiffany L. Carroll, the Acting United States Trustee for Region 15 ("UST" or "United States Trustee"), opposes the Emergency Motion to Appoint Chapter 11 Trustee ("Motion") filed as Docket No. 63 in this case.

　　　Villa Chardonnay Hoses with Wings, Inc., the Debtor-in-Possession, ("Debtor") has no money.  The last monthly operating report ("MOR"), December 2025 MOR, filed as Docket No. 57 reflects a negative cash balance at the end of December 2025:  $-226.  *See* Docket No. 57, PDF pg 2 and 12.  In fact, the December 2025 MOR shows that disbursements made by third party were over $31,200.  *See* Docket No. 57, PDF pg 2.  In sum, third parties appeared to be directly donating expenditures to the Debtor.

　　　The Motion requests a neutral chapter 11 trustee appointment because of the Debtor's gross mismanagement, which includes factors such as Debtor's suspended status with the CA AG's Registry and Debtor's failure to maintain accurate accounts of the Debtor's financial transactions.  The UST does not

disagree that there appears to be cause. But it appears that the dismissal would be a better course than the appointment of a chapter 11 trustee.

First, there is no money in this estate. The December MOR doesn't just show a lack of funds – it shows that the estate has a negative cash balance. A Chapter 11 trustee also needs to be paid, but this estate has no such funds to pay chapter 11 trustee.

Second, even if creditors could provide funds to pay a chapter 11 trustee, any chapter 11 trustee would have to cure the Debtor's suspension status with the CA AG immediately to lawfully operate this Debtor. The immediacy is necessitated by the fact that animals need to be fed every day, and a chapter 11 trustee would obviously need to spend money to do so. To cure the "suspension" status, however, the chapter 11 trustee may need to provide accurate financial records to the CA AG's office for years 2022, 2023, 2024, and 2025. But the Motion itself pointed out that the Debtor failed to maintain adequate financial records. It is improbable that a chapter 11 trustee would be able to obtain and review adequate financial records to cure the suspension status with the CA AG's office in the long run if the Debtor does not have years of records.[1] In fact, at the status conference hearing on January 22, 2026, Mr. David Eldan from CA AG's office, alluded to how it may not be easy for a charitable corporation that failed to maintain adequate financial records to cure its suspension status.

Finally, the UST is aware that County of San Diego Animal Services are aware of this Debtor. Rachael Borrelli, Assistant Director of Animal Services with County of San Diego, and Vaughn R. Maurice, Director of County of San Diego

---

[1] The Debtor has provided a copy of the letter from CA AG's office, Nicole M. Kennedy, dated December 10, 2025, to the UST's Office. CA AG's office requested, not only annual filings of 2023, and 2024 but also that the Debtor provide supplemental information for its answers to certain questions for the annual filing done for 2022 and for the IRS tax return filed for 2022. It is UST's understanding that the Debtor has not complied with the request by January 16, 2025, and it would appear that any chapter 11 trustee appointed in this case would have to comply with CA AG's office's requests.

Animal Services, have reached out directly to the Debtor in August and October 2025 to offer their assistance to the Debtor. It appears that upon dismissal, there are local authorities who are willing to assist with relocating the animals, if that is necessary, and those agencies are better suited to help the animals that are on the Debtor's property than a chapter 11 trustee would be in a case with no funds to operate.

The UST is filing an emergency motion to dismiss simultaneously with this opposition. The UST respectfully requests that the Court deny the Motion and dismiss this case instead. The UST also reserves rights to raise any other issues not raised in this Opposition.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Date: January 26, 2026        By: /s/ Haeji Hong
                                  Haeji Hong
                                  Attorney for the Acting United States Trustee