1  Leslie T. Gladstone, Esq.  (SBN 144615)
2  Christin A. Batt, Esq.  (SBN 222584)
   Hilda M. Montes de Oca, Esq.  (SBN 287605)
3  FINANCIAL LAW GROUP
   5656 La Jolla Blvd.
4  La Jolla, CA 92037
5  Telephone:  (858) 454-9887
   Facsimile:  (858) 454-9596
6  E-mail:  HildaM@flgsd.com
7
8  Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

9              UNITED STATES BANKRUPTCY COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

| In re: | Case No.:  25-04245-JBM11 |
|---|---|
| VILLA CHARDONNAY HORSES WITH WINGS, INC., | **TRUSTEE'S EMERGENCY MOTION FOR (1) AN INTERIM ORDER AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING; AND (2) SETTING FINAL HEARING** |
| Debtor. | Date:        [DATE]<br>Time:        [TIME] a.m./p.m.<br>Dept:        Two (2)<br>Honorable J. Barrett Marum |

        Leslie T. Gladstone, the chapter 11 trustee ("**Trustee**"), submits this
Emergency Motion for an Interim Order Approving Postpetition Financing.  This
Motion is based on the Memorandum of Points and Authorities cited herein, the

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Notice of Hearing and Motion, and the Declaration of Leslie T. Gladstone ("**Gladstone Dec.**"), filed concurrently herewith, and the record before the Court.[1]

## I.

## <u>INTRODUCTION</u>

Villa Chardonnay Horses with Wings, Inc. ("**Debtor**") is a non-profit animal sanctuary located and operated at real property commonly known as 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek Road, Julian, CA 92036, in a rural area of San Diego County (collectively, the "**Property**"). Debtor provides care for more than 600 rescued animals, many of which are disabled. After Debtor's attempts to operate as a debtor-in-possession in chapter 11 were unsuccessful, Trustee was appointed as the chapter 11 trustee on January 28, 2026.

Trustee has negotiated with the senior secured creditors to provide post-petition financing to the estate that will enable Trustee to maintain the expansive Property, to provide care for the animals located thereon, and pay administrative expenses, until the business can be reorganized or the Property is sold.

Trustee requests Court approval of this loan on the terms and conditions set forth in the Postpetition Financing Agreement ("**Agreement**"), attached hereto as <u>Exhibit 1</u> and incorporated herein.[2]

---

[1]    Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case.

[2] Nothing herein shall be deemed to modify, alter, or otherwise affect the provisions of the Agreement. To the extent anything herein is inconsistent with the terms of the Agreement, the terms of the Agreement shall control.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

## II.

## STATEMENT OF FACTS

**A.**     **Background**

On October 28, 2025, Debtor filed a voluntary chapter 11 petition under the U.S. Bankruptcy Code.  On January 23, 2026, senior secured creditors River Falls, LLC, Private Mortgage Lending, Inc., and the Armburst Trust (collectively, "**Senior Creditors**") filed an Emergency Motion to Appoint Chapter 11 Trustee.  ECF No. 63.  On January 28, 2026, Trustee was appointed as chapter 11 trustee of Debtor's bankruptcy estate.  ECF No. 90.

Trustee has determined that the bankruptcy estate requires post-petition funds to preserve and protect estate assets for the benefit of creditors and to fund administrative expenses.  As the existing loan contract between Debtor and Senior Creditors allows future advances of funds to be added to the secured debt at the existing contract rate of interest, Trustee has requested that Senior Creditors provide post-petition financing to the estate.  Senior Creditors are willing to do so subject to the terms of the Agreement.

The Agreement is the product of good-faith, arm's-length negotiations between Trustee and Senior Creditors.  Trustee is unaware of any source of sufficient credit on terms equal to or more favorable than the terms set forth in the Agreement.

By this Emergency Motion, the terms of the post-petition financing are fully disclosed to the Court and other known parties in interest.

**B.**     **Terms of the Loan**

Senior Creditors have agreed to provide to Trustee, and Trustee agreed to accept from Senior Creditors, post-petition financing in the amounts necessary to maintain the Property, the animals thereon, and pay administrative expenses, up to the total principal sum of Four Hundred Thousand and 00/100ths Dollars ($400,000.00) (the "**Postpetition Financing**").

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

The Postpetition Financing shall be disbursed to Trustee in monthly advances of $70,000 at the contract rate of interest (8%), upon entry of a Bankruptcy Court order approving the Agreement.  Pursuant to 11 U.S.C. Section 364(c), the first position lien held by the Senior Creditors shall increase commensurate with the amount of any monthly advance drawn on the Loan, up to the total amount of $400,000.00.  Senior Creditors will not assert or retain any lien on the funds disbursed from the Postpetition Financing.

Trustee shall use the Postpetition Financing solely to pay administrative expenses and costs necessary to maintain the Property and the animals thereon, until the Property can be sold or the business reorganized.

The Agreement constitutes the entire agreement between the Parties and may be amended only in writing with Bankruptcy Court approval.

### III.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Section 364 Authorizes a Trustee to Obtain Postpetition Financing.**

Under section 364(c), a debtor may incur secured debt if the court determines that the debtor was "unable to obtain unsecured credit allowable under section 503(b)(l) ... as an administrative expense." 11 U.S.C Section 364(c). Similarly, under section 364(d)(l), the court may, after notice and a hearing, "authorize the obtaining of credit or the only if – (A) the trustee is unable to obtain credit otherwise; and (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.  11 U.S.C. Section 364(d)(l).

Courts evaluating requests for financing under section 364 consider whether certain factors are met, including that:

(1) the proposed financing is an exercise of the debtor's sound and reasonable business judgment;

(2) the financing agreement was negotiated in good faith and at arm's length;

(3) no alternative financing is available on any other basis;

(4) the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the borrower and the proposed lender;

(5) the financing is necessary, essential, and appropriate for the continued operation of the Debtor's business and the preservation of its estate; and

(6) the financing is in the best interests of the estate and its creditors.

*See In re Gardens Reg'l Hosp.*, No. 2:16-BK-17463-ER, 2017 WL 7101146, at *4 (Bankr. C.D. Cal. July 28, 2016) (approving postpetition financing under § 364(c) based on these factors); *In re Sterling Mining Co.*, No. 09- 20178-TLM, 2009 WL 2514167, at *3 (Bankr. D. Idaho Aug. 14, 2009); *see also In re Farmland Indus., Inc.*, 294 B.R. 855, 879-81 (Bankr. W.D. Mo. 2003) (discussing factors applied by bankruptcy courts across jurisdictions).  Each of these factors is satisfied here, as explained below.

### 1.     The Postpetition Financing Reflects Trustee's Sound Business Judgment.

In evaluating proposed financing under Section 364, courts generally defer to the business judgment of the debtor, or, in this case, Trustee.  *See In re Republic Airways Holdings Inc.*, No. 16-10429 (SHL), 2016 WL 2616717, at *10-11 (Bankr. S.D.N.Y. May 3, 2016); *In re Ames Dep't Stores*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990).  Courts presume that a debtor makes financing decisions "on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." *In re Los Angeles Dodgers LLC*, 457 B.R. 308, 313 (Bankr. D. Del. 2011); *see also In re Simasko Prod. Co.*, 47 B.R. 444,449 (D. Colo. 1985) ("The discretion to act with regard to business planning activities is at the heart of the debtor's power.").

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS          5          CHAPTER 11 TRUSTEE'S EMERGENCY MOTION
CASE NO. 25-04245-JBM11                                             TO APPROVE POSTPETITION FINANCING

1    Under the circumstances of this case, Trustee was appointed to steward the

2  Property (and the animals residing there) until it can be sold or the business

3  reorganized, and to protect the interests of the estate and its creditors.  The

4  Postpetition Financing reflects Trustee's best option to maintain the Property,

5  without incurring additional administrative expenses that would diminish any

6  disbursements to unsecured creditors, until it can be sold or the business

7  reorganized.  For these reasons, the Postpetition Financing is in the best interests

8  of the Estate and should be approved.

9

10    **2.    The Postpetition Financing Was Negotiated in Good Faith and at**

11    **Arm's Length, Its Terms Are Fair, Reasonable and Adequate,**

12    **and Trustee Could Not Obtain Credit Available on More**

13    **Favorable Terms.**

14    A debtor is not required to seek alternative financing from every possible

15  lender before it may incur secured debt.  *See In re Snowshoe Co.*, 789 F.2d 1085,

16  1088 (4th Cir. 1986) (more favorable credit unavailable where debtor contacted

17  lenders in the "immediate geographic area" and they would not extend unsecured

18  credit); *see also In re Reading Tube Indus.*, 72 B.R. 329, 332 (Bankr. E.D. Pa.

19  1987).  Rather, the debtor need only demonstrate that it made a "reasonable effort"

20  to obtain unsecured credit from other lenders. *In re Ames Dep 't Stores*, 115 B.R.

21  at 40 (Bankr. S.D.N.Y. 1990) (citing cases); *In re Capitol Station 65, LLC*, No.

22  17-23627-B-11, 2018 WL 333863, at *12 (Bankr. E.D. Cal. Jan. 8, 2018).

23    Trustee and Senior Creditors engaged in an arm's length negotiation

24  regarding the terms and conditions of the Postpetition Financing.  The financial

25  terms of the Postpetition Financing are fair and reasonable, under the

26  circumstances of this case.  The existing loan contract between Debtor and Senior

27  Creditors contains a provision for future advances of funds, at the 8% contract rate

28  of interest, and for the amount of such advances to be added to the secured debt.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

In her business judgment, Trustee would not find a lender offering an unsecured loan to the Debtor, or a secured loan on more favorable terms.  Given the nature of the Property and the circumstances of Debtor and Senior Creditors, Trustee has determined that the terms of the Postpetition Financing are fair, reasonable, and adequate, and should be approved.

**B.    <u>The Interim Order Should be Granted.</u>**

Rule 4001(c) provides that a final hearing on a motion to obtain financing may not be commenced earlier than 14 days after the service of such motion.  Upon request, however, the Court is authorized to conduct preliminary expedited hearings on a motion to access postpetition financing to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

Pursuant to Bankruptcy Rule 4001(c), Trustee requests that the Court conduct an expedited preliminary hearing on the Emergency Motion in order for Trustee to maintain the Property and pay administrative expenses until the Property can be sold or reorganized.  Absent authorization from the Court to access the Postpetition Financing on an interim basis pending a Final Hearing, the estate and its creditors will be immediately and irreparably harmed because the care of the animals is in jeopardy and Trustee also needs to obtain professional assistance to aid in her administration of the Property.  Trustee also requests that the Court schedule a Final Hearing on the relief requested herein.

IV.

**<u>CONCLUSION</u>**

Trustee respectfully requests that the Court approve the Agreement and authorize Trustee to access the Postpetition Financing, on an interim basis, and set a final hearing on the relief requested herein.  Trustee also requests such other and further relief as this Court deems just and proper.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Respectfully submitted,

Dated:  February 5, 2026          FINANCIAL LAW GROUP


By:   /s/ Hilda Montes de Oca
      Hilda M. Montes de Oca, Esq.
      Attorneys for Leslie T. Gladstone,
      Chapter 11 Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California  92037

# Exhibit 1

# Exhibit 1

Exhibit 1
1 of 9

## POSTPETITION FINANCING AGREEMENT

This POSTPETITION FINANCING AGREEMENT (the "**Agreement**") is made and entered into as of February ___, 2026, by and among RIVER FALLS, LLC, PRIVATE MORTGAGE LENDING, INC., and THE ARMBRUST LIVING TRUST (collectively, "**Lender**"), and LESLIE T. GLADSTONE ("**Trustee**"), solely in her role as the chapter 11 trustee of the estate of Villa Chardonnay Horses With Wings, Inc. ("**Debtor**"). Each of Lender and Trustee is a "**Party**" and collectively they are the "**Parties**" to this Agreement.

### WITNESSETH:

WHEREAS, on October 14, 2025 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California ("**Bankruptcy Court**"), Case No. 25-04245-JBM11 (the "**Chapter 11 Case**"). On or about January 29, 2026, Trustee was appointed as chapter 11 trustee of the estate in Debtor's Chapter 11 Case.

WHEREAS, Trustee continues to operate Debtor's business and manage its properties as a chapter 11 trustee pursuant to Section 1108 of the Bankruptcy Code.

WHEREAS, Trustee requires financing to fund Debtor's ongoing operations, working capital needs, and the costs and expenses of the Chapter 11 Case.

WHEREAS, Lender has agreed to provide Trustee with a postpetition financing facility in the principal amount of $400,000.00 (the "**Postpetition Facility**") on the terms and conditions set forth in this Agreement and the Financing Orders (defined below).

WHEREAS, Trustee's entry into this Agreement must be authorized pursuant to the Interim Financing Order (defined below) and the Final Financing Order (defined below).

WHEREAS, on or about March 11, 2020, Debtor and Lender entered into a transaction whereby Lender loaned the principal amount of $1,600,000.00 to Debtor secured by a first priority lien on the Collateral (as defined below) (the "**2020 Loan**"). Lender asserts that, as of December 23, 2025, the outstanding balance Debtor owes to Lender is $1,745,578.10. (Claim No. 7)

WHEREAS, Lender is willing to provide the Postpetition Facility on the terms and conditions set forth in this Agreement and the Financing Orders.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements hereinafter contained, the Parties hereby agree as follows:

1

Exhibit 1
2 of 9

# ARTICLE I.

## DEFINITIONS

Section 1.01    <u>Definitions</u>.  For purposes of this Agreement, the following terms shall have the meanings specified in this <u>Section 1.01</u>.

(a)    **"Bankruptcy Code"** means Title 11 of the United States Code.

(b)    **"Collateral"** means Debtor's real property located at 4554 and 4430 Boulder Creek Road, Julian, CA 92036 (APNs 289-191-08-00, 289-191-09-00, and 289-191-10-00).

(c)    **"Final Financing Order"** means the final order of the Bankruptcy Court authorizing and approving the Postpetition Facility on a final basis, which order shall be in form and substance satisfactory to Lender.

(d)    **"Financing Orders"** means, collectively, the Interim Financing Order and the Final Financing Order.

(e)    **"Interim Financing Order"** means the interim order of the Bankruptcy Court authorizing and approving the Postpetition Facility on an interim basis, which order shall be in form and substance satisfactory to Lender.

(f)    **"Lien"** means any defect or imperfection in title, encumbrance, lien, claim, charge, pledge, mortgage, deed of trust, security interest, license, option, right of first refusal, proxy, voting trust or agreement or transfer restriction under any shareholder or similar agreement regarding Debtor's right, title, and interest in the Collateral.

(g)    **"Trustee Obligations"** means all advances to, and debts, liabilities, obligations, covenants, and duties of, Trustee arising under this Agreement, whether direct or indirect (including those acquired by assumption), absolute or contingent, due or to become due, now existing or hereafter arising.

Section 1.02    <u>Rules of Interpretation</u>.  The following rules of interpretation shall apply to this Agreement.

(a)    The definitions of terms herein shall apply equally to the singular and plural forms of the terms defined.

(b)    Whenever the context may require, any pronoun shall include the corresponding masculine, feminine, and neuter forms.

(c)    The descriptive headings of the various Sections of this Agreement are inserted for convenience of reference only and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

2

Exhibit 1
3 of 9

(d)     This Agreement is the result of negotiations among, and has been reviewed by, Lender and Trustee, and their respective counsel.  Accordingly, this Agreement shall be deemed to be the product of all Parties hereto, and no ambiguity shall be construed in favor of or against Lender or Trustee.

## ARTICLE II.

## POSTPETITION FACILITY

Section 2.01   Postpetition Facility.  Subject to the terms and conditions set forth in this Agreement and the Financing Orders, Lender agrees to make loans to Trustee in an aggregate principal amount not to exceed Four Hundred Thousand and 00/100ths Dollars ($400,000.00) (the "**Postpetition Facility Limit**").

Section 2.02   Loans.  Lender shall deliver to Trustee Seventy Thousand and 00/100ths Dollars ($70,000.00) each month (the "**Monthly Loans**"), commencing immediately after entry of a Bankruptcy Court Order approving this Agreement and continuing on the same date of each consecutive month up to the Postpetition Facility Limit.

Section 2.03   Use of Proceeds.  Trustee shall use the proceeds of the Monthly Loans solely for the following purposes:

(a)     to pay fees, costs, and expenses incurred in connection with this Agreement;

(b)     to pay fees, costs, and expenses of the administration of the Chapter 11 Case, including professional fees approved by the Bankruptcy Court;

(c)     to provide working capital; and

(d)     for such other purposes as may be approved by Lender and the Bankruptcy Court.

## SECURITY AND PRIORITY

Section 2.04   Security Interest.  As security for the full and timely payment and performance of all of the Trustee Obligations, Trustee agrees that the aggregate amount of the Monthly Loans actually received by Trustee shall be added to the amount owed to Lender under the 2020 Loan and secured by the Collateral and shall be deemed to be advances authorized under the terms of the 2020 Loan and costs incurred in connection with collection of the 2020 Loan; provided, however, that Lender shall have no lien or security interest in the funds disbursed by Lender to Trustee in each of the Monthly Loans described in Section 2.02 above.

3

Exhibit 1
4 of 9

## ARTICLE III.

### CONDITIONS PRECEDENT

Section 3.01   <u>Conditions Precedent to Initial Monthly Loan</u>.  The obligation of Lender to make its initial Monthly Loan hereunder is subject to satisfaction of the following conditions precedent:

(a)   <u>Loan Document</u>.  Lender shall have received a counterpart of this Agreement properly executed by Trustee.

(b)   <u>Interim Financing Order</u>.  The Bankruptcy Court shall have entered the Interim Financing Order, which shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated, or subject to a pending appeal.

Section 3.02   <u>Conditions Precedent to Subsequent Monthly Loans</u>.  The obligation of Lender to honor its obligation to make the Monthly Loans is subject to the following conditions precedent:

(a)   <u>Interim Financing Order or Final Financing Order</u>.  The Interim Financing Order shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated, or subject to a pending appeal, or, if the Interim Financing Order has expired, the Final Financing Order shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated, or subject to a pending appeal.

(b)   <u>Borrowing Availability</u>.  After giving effect to such Monthly Loan or portion thereof, the aggregate outstanding amount of all Monthly Loans shall not exceed the Postpetition Facility Limit.

## ARTICLE IV.

### MISCELLANEOUS

Section 4.01   <u>Bankruptcy Court Approval</u>.  Trustee shall file a Motion to obtain Bankruptcy Court approval of this Agreement as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Bankruptcy Court order in this Chapter 11 Case.

Section 4.02   <u>Authority</u>. Each Party hereto represents and warrants to the other that it has the power, authority and ability to carry out the obligations assumed and promised hereunder. Each Party acknowledges that it has read this Stipulation; that it fully understands its rights, privileges, and duties under this Stipulation; and that it enters into this Stipulation freely and voluntarily. Each Party further acknowledges that it has had the opportunity to consult with an attorney of its choice to explain the terms of this Stipulation and the consequences of signing it.

Section 4.03   <u>Expenses</u>. Except as otherwise provided in this Agreement, Trustee and Lender shall bear their own expenses, including attorney's fees incurred in connection with the

4

Exhibit 1
5 of 9

negotiation, execution, and approval of this Agreement and each other agreement, document, and instruments contemplated by this Agreement and the consummation of the transactions contemplated hereby and thereby.

      Section 4.04   <u>Submission to Jurisdiction; Consent to Service of Process</u>. Without limiting any Party's right to appeal any order of the Bankruptcy Court, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any Claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the Parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and shall receive notices at such locations as indicated in <u>Section 4.08</u> hereof.

      Section 4.05   <u>Litigation</u>. In any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from this Stipulation, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively "litigation"), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses. "Attorneys' fees and expenses" includes, without limitation, paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

      Section 4.06   <u>Entire Agreement; Amendments and Waivers</u>. Other than as set forth in the 2020 Loan documents, and subject to those documents, this Agreement represents the entire understanding and agreement between the Parties with respect to the subject matter hereof. Other than the commitment to make the advances and pay costs specifically provided herein, nothing in this Agreement is intended to waive or otherwise modify any existing right or other obligation provided under the 2020 Loan documents. This Agreement can be amended, supplemented, or changed, and any provision hereof can be waived, only by written instrument making specific reference to this Agreement signed by the Party against whom enforcement of any such amendment, supplement, modification, or waiver is sought. No action taken pursuant to this Agreement, shall be deemed to constitute a waiver by the Party taking such action of compliance with any representation, warranty, covenant, or agreement contained herein. The waiver by any Party of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach. No failure on the part of any Party to exercise, and no delay in exercising, any right, power, or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power, or remedy by such Party preclude any other or further exercise thereof or the exercise of any other right, power, or remedy.

5

Exhibit 1
6 of 9

Section 4.07   <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and to the extent not inconsistent with the Bankruptcy Code, the laws of the State of California applicable to contracts made and performed in such State.

Section 4.08   <u>Notices</u>.  All notices, consents, waivers, and communications hereunder given by any party to the other shall be in writing (including electronic mail) and delivered personally, by electronic mail, by a recognized overnight courier, or by dispatching the same by certified or registered mail, return receipt requested, with postage prepaid, in each case addressed:

| | |
|---|---|
| If to Lender to: | <u>Paul Leeds, Esq.</u><br><u>FRANKLIN SOTO LEEDS,</u><br><u>444 West C Street, Suite 300</u><br><u>San Diego, CA 92101</u><br>E-mail: pleeds@fsl.law |
| with a copy to: | <u>Meredith King, Esq.</u><br><u>FRANKLIN SOTO LEEDS,</u><br><u>444 West C Street, Suite 300</u><br><u>San Diego, CA 92101</u><br>E-mail:mking@fsl.law |
| | <u>and</u> |
| | <u>DeAnn S. Carey</u><br><u>RIVER FALLS, LLC</u><br><u>970 West Valley Parkway #503</u><br><u>Escondido, CA 92025-2554</u><br>E-mail: <u>deannafranklincorp@gmail.com</u> |
| | <u>and</u> |
| | <u>William Jech</u><br><u>RIVER FALLS, LLC</u><br><u>970 West Valley Parkway #503</u><br><u>Escondido, CA 92025-2554</u><br>E-mail: bjech48@gmail.com |
| If to Trustee to: | Leslie T. Gladstone, Trustee<br>FINANCIAL LAW GROUP<br>5656 La Jolla Blvd.<br>La Jolla, CA  92037<br>E-mail:  <u>leslieg@flgsd.com</u> |

6

Exhibit 1<br>7 of 9

|                    |                                 |
|--------------------|---------------------------------|
| with a copy to:    | Christin A. Batt, Esq.          |
|                    | FINANCIAL LAW GROUP             |
|                    | 5656 La Jolla Blvd.             |
|                    | La Jolla, CA  92037             |
|                    | E-mail:  christinb@flgsd.com    |

or such other address or addresses as Lender or Trustee may from time to time designate by notice as provided herein, except that notices of changes of address shall be effective only upon receipt. All such notices, consents, waivers, and communications shall:  (a) when posted by certified or registered mail, postage prepaid, return receipt requested, be effective three (3) Business Days after dispatch, (b) when sent by electronic mail, be effective one (1) Business Day after transmission, or (c) when delivered by a recognized overnight courier or in person, be effective upon receipt when hand delivered.

Section 4.09   _Severability_.  If any term or other provision of this Agreement is invalid, illegal, or incapable of being enforced by any law or public policy, all other terms or provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any matter materially adverse to any Party.

Section 4.10   _Binding Effect_.  This Agreement shall be binding upon an inure to the benefit of the Parties and their respective successors and permitted assigns.  Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any Person or entity not a Party to this Agreement.  Nothing in this Agreement is intended to relieve or discharge the obligations or liability of any third persons to Lender or Trustee.

Section 4.11   _Counterparts_.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same agreement.  Counterparts may be delivered via facsimile, electronic mail (including pdf), or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

*[Remainder of page intentionally left blank.]*

Exhibit 1
8 of 9

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the date first written above.

**LENDERS**

**TRUSTEE**

RIVER FALLS, LLC

By: _____
Name:  Daniel G. Getzinger_____
Title:  Manager_____

_____
Leslie T. Gladstone, Trustee
Estate of Villa Chardonnay Horses With Wings, Inc.
Case No. 25-04245-JBM11

8

Exhibit 1
9 of 9