Leslie T. Gladstone, Esq. (SBN 144615)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: LeslieG@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br>Debtor(s). | Case No.: 25-04245-JBM11<br><br>**DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S NOTICE OF INTENDED ACTION RE ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF WIEMANN AS CONSULTANT FOR TRUSTEE**<br><br>Honorable J. Barrett Marum |
|---|---|

I, LESLIE T. GLADSTONE, declare:

1.  I am the chapter 11 trustee for the bankruptcy estate of Villa Chardonnay Horses with Wings, Inc. ("**Debtor**"). All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true. If called as a witness, I could competently testify thereto.

2.  I offer this Declaration in support of my Notice of Intended Action, seeking an order authorizing the employment of Jeff Wiemann ("**Wiemann**"),

pursuant to Section 327 and 328 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

3. According to documents filed in this case, I am informed and believe that on October 14, 2025, Debtor, commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

4. On January 29, 2026, I was appointed as chapter 11 trustee of Debtor's bankruptcy estate (the "**Estate**").

5. According to documents filed in this case, I am informed and believe that Debtor is a California nonprofit public benefit corporation (a "**Nonprofit Corporation**"), subject to California's Supervision of Trustee and Fundraisers for Charitable Purposes Act and related regulations (Cal. Gov. Code §§12580 et seq.; Cal Code Regs., tit.11, §§300, et seq., collectively, the "**Charitable Supervision Act**"). As a Nonprofit Corporation, Debtor was issued a registration number CT0261810 by the Registry of Charities and Fundraisers (the "**Registry**").

6. According to documents filed in this case and my communications with Debtor's counsel and Debtor's principal, I am informed and believe that Debtor is an animal sanctuary which houses elderly and sick animals. [Dkt. 1, Schedule A/B at ¶ 77] Debtor operates out of real property located at 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek Road, Julian, CA 92036.

7. Prior to the initiation of the above-captioned case (the "**Case**"), I am informed and believe, based on my communications with Debtor's counsel and Debtor's principal, that Debtor's registration with the Registry became delinquent. As a result, while Debtor's registration was not in good standing, I am informed and believe, based on my communications with the California Attorney General's Office, that Debtor could not operate as a Nonprofit Corporation or solicit for charitable purposes pursuant to Cal. Code Regs. Tit 11, § 312.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS    2    GLADSTONE DECLARATION RE TRUSTEE'S
CASE NO. 25-04245-JBM11                         NOTICE OF INTENDED ACTION

8. As part of my appointment, I executed a stipulation with the Attorney General's office that requires Debtor's compliance with the Charitable Supervision Act and the Registry.

9. In my experience as a trustee, this Case is unusual in that it requires compliance with the Charitable Supervision Act and the Registry requirements. I therefore determined that it is in the best interest of the Estate to employ Wiemann, as he has significant experience in the non-profit sector and is well versed with compliance requirements. A true and correct copy of Wiemann's CV is attached as Exhibit A to my Notice of Intended Action.

10. In my experience as a trustee, a consultant like Wiemann is typically compensated on a weekly or monthly basis. I am informed and believe that waiting an extended period of 120 days for payment of compensation would place undue hardship on Wiemann or any other consultant with similar experience in the non-profit sector.

11. I propose that Wiemann be retained as my consultant, at his normal hourly rates, which fees are to be paid on a monthly basis, upon my review subject to the procedure set forth in my Notice of Intended Action. I will include these expenses in the operating reports to be filed with the Court, in addition to serving copies of the invoices and supporting timesheets for which fees and costs are requested on Debtor, the United States Trustee, the 20 largest unsecured creditors, and parties requesting special notice. A formal retention agreement is waived.

12. I will provide those served with copies of the invoices and supporting timesheets for which fees and costs are requested with an opportunity to object within 14 calendar days after the service of the invoices and supporting timesheets, by notifying me and Wiemann in writing and setting forth the specific grounds for the objection.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS    3    GLADSTONE DECLARATION RE TRUSTEE'S
CASE NO. 25-04245-JBM11                              NOTICE OF INTENDED ACTION

13. I will provide Wiemann with the option to either request a hearing on the objection or hold back the amount of fees and/or expenses that are the subject of the objection until the hearing on the application for interim compensation.

14. I will cause to be filed with the Court an application for an interim award of compensation and expenses, in compliance with applicable federal and local bankruptcy rules and the Guidelines of the Office of the United States Trustee for the Southern District of California, and notice said application for hearing in accordance with LBR 2002-2 approximately once every 120 days.

15. I am informed and believed, based on my experience as a trustee, that the proposed procedure for monthly compensation, set forth in detail in my Notice of Intended Action, will satisfy Section 327 and Section 1103 by requiring a noticed hearing for approval of interim compensation at regular 120-day intervals.

16. I request that the Court enter an Order authorizing my retention and employment of Wiemann as my consultant and authorizing compensation to be paid as an administrative expense, on a monthly basis, after my review and approval, subject to the procedures described above. A copy of the proposed order on the employment of Wiemann is attached as <u>Exhibit B</u> to my Notice of Intended Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2026, at La Jolla, California.

    /s/ Leslie T. Gladstone
    Leslie T. Gladstone