**Michael R. Totaro 102229**
**Totaro & Shanahan**
**P.O. Box 789**
**Pacific Palisades, CA 90272**
**310 804 2157 (v)**
**Ocbkatty@aol.com**

**Attorneys for Debtor out of Possession**

# IN THE UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA SAN DIEGO DIVISION

| | |
|---|---|
| **IN RE** | **Case No**. **3:25-bk-04245-JBM11** |
| **Villa Chardonnay Horses With Wings, Inc** | **.** |
| **Debtor Out Of Possession,** | **Chapter 11** |
| | **Declaration of Michael R. Totaro in Support of Motion to be Relieved as General Insolvency Counsel for Debtor out of Possession.** |
| | **No Hearing Required**<br>**LBR 9013-3** |

**TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE, VILLA CHARDONNAY HORSES WITH WINGS, INC DEBTOR OUT OF POSSESSION AND ALL INTERESTED PARTIES**:

I, Michael R. Totaro, declare as follows:

1.      Currently I am general insolvency counsel for the Debtor our of Possession, Villa Chardonnay Horses With Wings, Inc. I make this declaration on behalf of myself, Maureen J. Shanahan and Totaro & Shanahan, LLP. I have personal knowledge of the following facts and if called to testify I could and would competently testify thereto.

2. A conflict has arisen between counsel and Debtor that makes it impossible for counsel to continue representation. The conflict arose based on investigation by the Chapter 11 trustee which is at odds with information counsel has been working with for the last few months.

3. Some of the conduct in this case may be considered to fall within R.P.C 1.16(a) and other conduct may fall within R.P.C. 1.16(b)

4. In either case the suggestion that conduct may fall within either of the above sections makes it impossible for counsel or the firm to adequately represent the Debtor going forward.

5. Normally counsel would attempt to assist a Corporate debtor to find other counsel prior to filing this motion, however, to do so would involve disclosing information that could further harm the Debtor or its representatives.

6. Since there is a Chapter 11 trustee, there is little for any counsel to do. So despite the fact this motion puts a corporate Debtor in the position of representing itself, counsel feels that the fiduciary duties of the Chapter 11 trustee will safeguard the proceeding and protect the Debtor at the same time.

7. However, if this Court feels that the Debtor cannot be adequately protected by the procedure given the fact it is a corporation, despite the appointment of the Chapter 11 trustee, it should deny this motion and counsel will continue as best as possible without running afoul of the Rules of Professional Conduct.

8. With the filing of this motion counsel will transmit all of the files in this case to the representatives of the Debtor, Monika Kerber Perez and Mercedes Flores by email to Monika@Villachardonnay.org with copies to Mercedes@villachardonnay.org.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2026 at Los Angeles, CA.

By: /s/ Michael R. Totaro
Michael R. Totaro