Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  ChristinB@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.:  25-04245-JBM11 |
| VILLA CHARDONNAY HORSES WITH WINGS, INC., | Adv. No.:  ___ |
| Debtor. | **COMPLAINT FOR:**<br>**(1) TURNOVER OF REAL PROPERTY OF ESTATE AND**<br>**(2) ISSUANCE OF WRIT OF EXECUTION FOR POSSESSION OF REAL PROPERTY** |
| LESLIE T. GLADSTONE, Chapter 7 Trustee, | |
| Plaintiff, | Date:      None Set<br>Time:      None Set<br>Dept:      Two (2)<br>Honorable J. Barrett Marum |
| v. | |
| MONIKA KERBER PEREZ, an individual; and MERCEDES FLORES, an individual, | |
| Defendants. | |

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Plaintiff Leslie T. Gladstone, the chapter 11 trustee ("**Plaintiff**") in the bankruptcy case of debtor Villa Chardonnay Horses With Wings, Inc. ("**Debtor**"),

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11       1       COMPLAINT
GLADSTONE V. KERBER PEREZ, ET AL., ADV. NO. ___

by and through her counsel, as and for her Complaint against Monika Kerber Perez and Mercedes Flores (collectively, "**Defendants**"), respectfully alleges on behalf of the estate of Debtor as follows:

## JURISDICTION AND VENUE

1.      This proceeding arises in the bankruptcy case *In re Villa Chardonnay Horses With Wings, Inc.*, Case No. 24-04245-JBM11 (the "**Case**"), which was commenced on October 14, 2025 (the "**Petition Date**"), when Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of California (the "**Court**").

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334 and the Bankruptcy Code.

3.      This adversary proceeding is a core proceeding under 28 U.S.C. Section 157(b) and this Court may, consistent with Article III of the Constitution, enter final orders or judgments and conduct a trial absent consent of the parties.  If it is determined that this Court may not enter final orders or judgments or conduct a trial absent consent of the parties, Plaintiff hereby so consents.

4.      Venue is proper in the Southern District of California pursuant to 28 U.S.C. Section 1409 because Debtor's Case is pending in this Court.

5.      In the related case of *In re Monika Kerber Perez*, Case No. 25-04318-JBM7, on March 26, 2026, the Court terminated the automatic stay as to Plaintiff, *nunc pro tunc* to February 24, 2026, to allow, among other things, Plaintiff to proceed with this Complaint against defendant Monika Kerber Perez. (Case No. 25-04318-JBM7, ECF No. 52)

## PARTIES

6.      Plaintiff is the chapter 11 trustee in this Case and was appointed by the United States Trustee for the Southern District of California on or about

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11      2      COMPLAINT
GLADSTONE V. KERBER PEREZ, ET AL., ADV. NO. ___

January 29, 2026, to represent the interests of the bankruptcy estate (the "**Estate**") in Debtor's Case.

7. Plaintiff is informed and believes and thereon alleges that defendant Monika Kerber Perez ("**Perez**") is an individual who resides in Julian, California, and at the Petition Date was an officer of Debtor.

8. Plaintiff is informed and believes and thereon alleges that Perez signed Debtor's bankruptcy petition (the "**Petition**") that initiated the Case.

9. Plaintiff is informed and believes and thereon alleges that defendant Mercedes Flores ("**Flores**") is an individual who resides with Perez in Julian, California and at the Petition Date was an officer and/or manager of Debtor.

## GENERAL ALLEGATIONS

10. Upon her appointment as chapter 11 trustee, Plaintiff became the representative of the bankruptcy Estate and succeeded to all rights of Debtor pursuant to 11 U.S.C. sections 323 and 541.

11. Debtor owns certain real property commonly known as 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek Road, Julian, CA 92036 (collectively, the "**Real Property**").

12. The Real Property is property of the Estate under 11 U.S.C. section 541.

13. The Real Property is improved and has been used to house approximately 600 rescued animals (collectively, the "**Animals**") as part of Debtor's nonprofit activities.

14. Defendants currently reside in structures located at the Real Property.

15. Perez has directly represented to Plaintiff that Defendants do not have a written lease with Debtor for their possession of the Real Property.

16. Plaintiff is informed and believes and thereon alleges that Defendants have not paid rent to Debtor for use or occupancy of the Real Property.

/ / /

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11      3      COMPLAINT
GLADSTONE V. KERBER PEREZ, ET AL., ADV. NO. ___

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

17.    Defendants have not paid rent to Plaintiff or the Estate for use or occupancy of the Real Property

18.    Plaintiff has terminated any occupancy by Defendants of the Real Property.

19.    Given that defendant Perez executed the Petition on behalf of Debtor, Defendants have had notice of Debtor's bankruptcy filing as of at least the Petition Date.

20.    Defendants have not turned over possession of the Real Property to Plaintiff as required under 11 U.S.C. section 542.

21.    Defendants are currently in wrongful possession of the Real Property.

22.    Plaintiff has determined that sale of the Real Property is necessary and in the best interests of the Estate and its creditors.

23.    Plaintiff is preparing to market the Real Property for sale pursuant to Bankruptcy Code section 363.

24.    According to Debtor's sworn schedules, the value of the Real Property is approximately $3,625,000.

25.    Many liens encumber the Real Property.  Plaintiff is working with applicable lienholders regarding carveout agreement(s) and sale arrangements.

26.    The Real Property holds substantial value for the Estate.

27.    Plaintiff requires the prompt and orderly turnover of the Real Property and removal of all the Animals in order to sell the Real Property for the benefit of the Estate.

## FIRST CLAIM FOR RELIEF
### Turnover of Property of Estate – Against Both Defendants
### (11 U.S.C. § 542)

28.    Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.    The Real Property is property of the Estate.

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11      4        COMPLAINT
GLADSTONE V. KERBER PEREZ, ET AL., ADV. NO. ___

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

30. The Real Property is property that Plaintiff may use, sell, or lease under 11 U.S.C. § 363.

31. Defendants are in possession, custody, and control of the Real Property.

32. Defendants have failed to deliver possession, custody, and control of the Real Property to Plaintiff.

33. The Real Property is of substantial value or benefit to the Estate.

34. Plaintiff seeks an Order of the Bankruptcy Court compelling Defendants to remove any and all remaining Animals from the Real Property by no later than April 30, 2026, and a money judgment against Defendants for all damages to the Estate as a result of Defendants' failure to comply by April 30, 2026.

35. Plaintiff seeks an Order of the Bankruptcy Court compelling Defendants to orderly turn over the Real Property to Plaintiff by no later than April 30, 2026, and a money judgment against Defendants for all damages to the Estate as a result of Defendants' failure to comply by April 30, 2026.

## SECOND CLAIM FOR RELIEF
**Issuance of Writ of Execution for Possession of Real Property –
Against Both Defendants
(11 U.S.C. § 105; Fed. R. Bank. P. 7070)**

36. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. Upon the Court's issuance of the Orders described in Paragraphs 34 and 35 above, Plaintiff is entitled under Bankruptcy Code section 105 and Federal Rules of Bankruptcy Procedure 7070, to issuance by the Court of a Writ of Execution for Possession of the Real Property, including but not limited to an order to the U.S. Marshal and/or other applicable law enforcement to promptly

assist Plaintiff to take possession of the Real Property and remove all unauthorized occupants at the Real Property.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1.    For an Order compelling Defendants to remove any and all remaining Animals from the Real Property by April 30, 2026;

2.    For a money Judgment against Defendants for all damages to the Estate as a result of Defendants' failure remove any and all remaining Animals from the Real Property by April 30, 2026.

3.    For an Order compelling Defendants to orderly turn over the Real Property to Plaintiff by April 30, 2026;

4.    For a money Judgment against Defendants, jointly and severally, for all damages to the Estate as a result of Defendants' failure to orderly turn over the Real Property to Plaintiff by April 30, 2026;

5.    For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

6.    For a Writ of Execution for Possession of the Real Property, including but not limited to an order to the U.S. Marshal and/or other applicable law enforcement to promptly assist Plaintiff to take possession of the Real Property and remove all unauthorized occupants at the Real Property.

7.    For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11        6        COMPLAINT
GLADSTONE V. KERBER PEREZ, ET AL., ADV. NO. ___

On All Claims for Relief:

Plaintiff seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, collection costs thereafter, and all other amounts allowed by law.

Dated:  April 4, 2026                FINANCIAL LAW GROUP


By:    /s/ Christin A. Batt
          Christin A. Batt, Esq.
          Attorneys for Leslie T. Gladstone,
          Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037