**CSD 1001A** [07/01/18]

Name, Address, Telephone No. & I.D. No.
Leslie T. Gladstone, Esq.  (SBN 144615)
Andrew B. Levin, Esq.  (SBN 290209)
FINANCIAL LAW GROUP, PC
5656 La Jolla Blvd.; La Jolla, CA 92037
Telephone: (858) 454-9887; Facsimile: (858) 454-9596
E-mail:  LeslieG@flgsd.com
Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

Order Entered on
May 1, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

VILLA CHARDONNAY HORSES WITH WINGS, INC.,

Debtor.

BANKRUPTCY NO.  25-04245-JBM11

Date of Hearing:   May 1, 2026
Time of Hearing:   3:00 p.m.
Name of Judge:   Hon. J. Barrett Marum

## ORDER ON

### EMERGENCY MOTION FOR APPROVAL OF STIPULATION REGARDING IMMEDIATE TURNOVER OF ANIMALS TO SAN DIEGO HUMANE SOCIETY

The court orders as set forth on the continuation pages attached and numbered ___2___ Through ___2___ with

exhibits, if any, for a total of ___2___ pages.  Motion/Application Docket Entry No. ___156___ .

//

//

//

//

//

//

//

DATED:      May 1, 2026

_____
Judge, United States Bankruptcy Court

CSD 1001A [07/01/18]                                                                                            Page **2** of **2**
ORDER ON EMERGENCY MOTION FOR APPROVAL OF STIPULATION REGARDING IMMEDIATE TURNOVER OF
ANIMALS TO SAN DIEGO HUMANE SOCIETY
DEBTOR:  VILLA CHARDONNAY HORSES WITH WINGS, INC.                          CASE NO: 25-04245-JBM11

On May 1, 2026, Leslie T. Gladstone, chapter 11 trustee, ("**Trustee**") filed and served her Emergency Motion for Approval of Stipulation (the "**Stipulation**") regarding Immediate Turnover of Animals to San Diego Humane Society ("**SDHS**") (the "**Motion**").

The Court having reviewed and considered the Motion, the Gladstone Declaration and Stipulation, and finding that relief was appropriate on an emergency basis, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1.  The Motion is granted in its entirety.

2.  The Stipulation is granted in its entirety.

3.  The Animals (defined below) are to be immediately turned over to SDHS.  Specifically, the Court authorizes the Trustee to turn over to SDHS all animals in the Debtor's possession at the time of execution of the warrant which the Debtor non-profit exercised control over and took possession of prior to or during the pendency of this bankruptcy case, including but not limited to those listed in the Debtor's Schedules (the "Animals").  The Court has the authority to enter such an order because the animals are either property of the Estate (with respect to the animals listed in the Debtor's Schedules) or they are in its possession.  The Court highlights the unique circumstances where the Debtor listed 673 animals in its Schedules and where the sanctuary spans over 40 acres in support of the Court's broad characterizations in this Order.  Finally, the Court observes that the warrant, a copy of which was provided to the Court, covered "[a]ny and all animals located on the property, including but not limited to horses, cats, dogs, livestock, poultry, and any other domestic or exotic animals."  In the unlikely event that there are or were animals on the Debtor's property that are not property of the Estate, the Trustee's cooperation with SDHS and the turnover to it of those animals is proper and indeed is required by the warrant.

4.  The automatic stay in this case does not apply to SDHS's seizure of the Animals for the reasons the Trustee has outlined in the Motion.  In the alternative, to the extent that the automatic stay does apply, the Court grants relief from the automatic stay *nunc pro tunc* to the date of seizure or voluntary turnover of the Animals.

5.  SDHS shall assert no monetary or other liability against the Estate, Trustee or Wiemann for any care deficiencies or expenses involved in removal or relocation as SDHS has waived all such claims, if any.  With respect to such claims by any other party against the Estate, Trustee or Wiemann, the Court will enforce the *Barton* doctrine to the fullest extent permissible by law.  *See Barton v. Barbour*, 104 U.S. 126 (1881).

6.  Trustee's deadline to submit her Status Report is extended to May 6, 2026.

IT IS SO ORDERED.

Signed by Judge J Barrett Marum May 1, 2026