Nissan Thomas, Esq. (SBN 250273)
Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048
Telephone: (424) 781-7653
Email: info@nissanthomaslaw.com

FILED

2026 MAY 26  PM 2:06

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br>Debtor<br><br>LESLIE T. GLADSTONE,<br>Chapter 11 Trustee,<br>       Plaintiff,<br><br>v.<br><br>MONIKA KERBER PEREZ, an individual; and MERCEDES FLORES, an individual,<br><br><br>      Defendants. | CASE NO.: 25-04245-JBM11<br><br>ADV. No.: 26-90029<br><br>EMERGENCY MOTION FOR:<br>(1) TEMPORARY EMERGENCY STAY ORDER;<br>(2) TEMPORARY RESTRAINING AND PROTECTIVE RELIEF;<br>(3) PRESERVATION OF DISPUTED NON-ESTATE PROPERTY, RESCUE ANIMALS, AND EVIDENCE;<br>(4) ACCOUNTING AND DISCLOSURE RELIEF;<br>(5) ORDER SHORTENING TIME; AND<br>(6) REQUEST TO TERMINATE FINANCIAL ORDERS<br><br>Date:<br>Time:<br>Place:  Dept. 2, room 118<br>Judge: Hon J. Barret Marum |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**INTRODUCTION**

Debtor VILLA CHARDONNAY HORSES WITH WINGS, INC. ("Debtor"), appearing specially and without waiver of any jurisdictional objections, appellate rights, defenses, claims, or objections, respectfully moves for temporary emergency relief necessary to preserve disputed property, protect rescue animals, preserve evidence, and maintain the status quo pending expedited evidentiary hearing.

**EMERGENCY MOTION**

This Motion does not seek final adjudication of disputed ownership, fiduciary, or estate-property issues. Rather, Debtor seeks narrowly tailored interim relief while the Court determines disputed issues concerning:

- estate versus non-estate property,
- custodial animal-care arrangements,
- operational interference,
- trustee authority,
- and turnover-related enforcement activities.

Immediate relief is necessary because ongoing operational interference and disputed control over rescue animals and property threaten irreparable harm, including:

- deterioration or improper handling of rescue animals,
- destruction or loss of records and electronically stored information,
- continued damage to operational infrastructure,
- impairment of nonprofit operations,
- transfer or alteration of disputed property,
- and further diminution of estate value.

Absent temporary relief, disputed issues may be irreversibly affected before meaningful evidentiary review can occur.

## I. COUNSEL ABANDONMENT AND LACK OF MEANINGFUL ADVERSARIAL PROCEEDINGS SUPPORT RELIEF

Debtor respectfully requests emergency relief and reconsideration or limitation of the Interim Post-Petition Financing Order entered February 13, 2026. The order was obtained during a period in which Debtor was effectively abandoned by counsel and deprived of a meaningful

EMERGENCY MOTION

opportunity to oppose emergency relief affecting estate administration, operational control, and encumbrance of estate assets.  Although counsel nominally appeared on Debtor's behalf, counsel:

- failed to oppose the motion,

- failed to communicate adequately with Debtor,

- failed to advocate Debtor's position,

- failed to challenge the necessity or scope of financing,

- and failed to protect Debtor's interests concerning operational control and estate administration.

As a result, the proceedings lacked meaningful adversarial testing regarding:

- the necessity of borrowing,

- the scope of trustee authority,

- operational restrictions,

- and risks to ongoing nonprofit operations.

While ordinary negligence is generally attributable to the client, abandonment or virtual nonrepresentation may constitute extraordinary circumstances warranting relief under FRBP 9024, Fed. R. Civ. P. 60(b), and the Court's equitable authority.

**II. TRUSTEE CONDUCT EXCEEDS THE PURPOSE OF THE INTERIM FINANCING ORDER**

The Interim Financing Order was intended to preserve estate value pending further proceedings, not to authorize unrestricted operational control or interference with nonprofit rescue activities. Debtor alleges the Trustee has used financing authority to:

- interfere with nonprofit operations,

---

**EMERGENCY MOTION**

- permit unauthorized third-party access,

- allow uncompensated use of estate resources,

- interfere with communications and mail,

- damage infrastructure affecting animal care,

- and exercise control over disputed non-estate property, including animals allegedly belonging to third parties.

Debtor further alleges that expanded third-party access resulted in damage to water-related infrastructure servicing animal-care and operational areas, impairing sanitation, maintenance, and rescue operations. The Trustee's actions have allegedly caused:

- operational disruption,

- impairment of going-concern value,

- increased liability exposure,

- interference with financing and donor efforts,

- and additional administrative expense to the estate.

## III. DISPUTED NON-ESTATE PROPERTY AND RESCUE ANIMALS REQUIRE PRESERVATION PENDING EVIDENTIARY HEARING

Debtor has long operated rescue-animal activities involving horses, dogs, cats, and other rescued animals maintained at the property. Debtor alleges that certain animals, veterinary records, vaccination records, medications, and related property are associated with third-party ownership interests, custodial arrangements, foster relationships, or bailment-type agreements separate from the Debtor entity.

No order has authorized:

- liquidation of nonprofit rescue operations,

---

**EMERGENCY MOTION**

- seizure of animals belonging to third parties,

- transfer of custodial rescue-animal arrangements,

- or unrestricted operational takeover of rescue activities.

Veterinary records, operational records, communications, photographs, medications, and rescue-related materials were maintained throughout the property. Debtor alleges that portions of these materials became inaccessible during turnover-related activity and expanded operational control. Under 11 U.S.C. § 541, only legal or equitable interests of the Debtor become property of the estate. Property belonging to third parties does not become estate property merely because it was located on premises associated with the Debtor. Where disputed ownership, custodial arrangements, or third-party interests exist, evidentiary determination is required before property may properly be treated as estate property. See Leonard v. Vrooman.

## IV. SERIOUS QUESTIONS EXIST REGARDING MISUSE OF ESTATE RESOURCES

A trustee owes fiduciary obligations under 11 U.S.C. §§ 704 and 1106 to preserve and maximize estate value. Debtor raises substantial questions concerning uncompensated third-party use of:

- estate resources,

- operational infrastructure,

- utilities,

- nonprofit systems,

- and rescue-related facilities,

without demonstrated reimbursement or estate benefit.

Debtor further alleges that unnecessary operational expenditures are being imposed upon the estate. For example, Debtor alleges the Trustee hired around-the-clock security personnel

---

**EMERGENCY MOTION**

beginning approximately May 8, 2026, at an estimated cost of approximately $1,200 per day despite the absence of documented security incidents or demonstrated necessity. Debtor also alleges the Trustee retained a locksmith to change locks despite Defendants offering immediate access and delivery of keys within minutes of the request. Debtor contends these expenditures unnecessarily increased administrative costs charged against the estate.

## V. TEMPORARY RELIEF IS NECESSARY TO PREVENT IRREPARABLE HARM

Temporary preservation relief is authorized under 11 U.S.C. § 105(a) to preserve property, prevent irreparable harm, preserve evidence, and maintain orderly judicial administration. Debtor has raised serious questions concerning:

- disputed ownership interests,
- custodial animal-care arrangements,
- operational interference,
- misuse of financing authority,
- and preservation of evidence and estate assets.

Absent immediate relief:

- rescue animals may suffer harm or displacement,
- records and electronically stored information may be altered or destroyed,
- infrastructure damage may worsen,
- and disputed property may be irreversibly transferred or affected before judicial review.

Monetary damages alone cannot adequately remedy harm involving living animals, destruction of operational infrastructure, or loss of unique evidence. The balance of equities favors preservation of the status quo pending expedited evidentiary hearing.

**EMERGENCY MOTION**

## VI. REQUESTED RELIEF

Debtor respectfully requests that the Court:

1. Issue a temporary emergency stay order and TRO preserving the status quo;

2. Prohibit further unauthorized operational interference involving disputed property, rescue operations, and communications;

3. Restrict transfer or interference involving disputed non-estate property and rescue animals pending evidentiary hearing;

4. Vacate, reconsider, modify, or limit the Interim Financing Order entered February 13, 2026;

5. Require preservation of all records, communications, surveillance footage, invoices, and electronically stored information related to Trustee operations and third-party activity;

6. Require accounting and disclosure concerning financing proceeds, operational expenditures, third-party access, and alleged property damage;

7. Set expedited evidentiary hearing on shortened time; and

8. Grant such further relief as justice requires.

## VII. CONCLUSION

Debtor respectfully requests issuance of temporary emergency relief necessary to preserve disputed property, protect rescue animals, preserve evidence, prevent further operational disruption, and maintain the status quo pending expedited evidentiary hearing.

DATED: May 26, 2026

_____

Nissan Thomas, Esq VILLA CHARDONNAY HORSES WITH WINGS, INC.

**EMERGENCY MOTION**

## PROOF OF SERVICE

I, the undersigned, certify and declare as follows:

I am employed in the County of San Diego, State of California, am over the age of 18 years, and not a party to the within action; my business address is:

Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048

On May 26, 2026, I, ___Russell Livingston___ served the foregoing:

EMERGENCY MOTION FOR:
(1) TEMPORARY EMERGENCY STAY ORDER;
(2) TEMPORARY RESTRAINING AND PROTECTIVE RELIEF;
(3) PRESERVATION OF DISPUTED NON-ESTATE PROPERTY, RESCUE ANIMALS, AND EVIDENCE;
(4) ACCOUNTING AND DISCLOSURE RELIEF;
(5) ORDER SHORTENING TIME; AND
(6) REQUEST TO TERMINATE FINANCIAL ORDERS

[ X ]   by email-- HildaM@flgsd.com

[ X ]   by personal delivery of a true copy thereof to:

Trustee Leslie T. Gladstone, Esq
Financial Law Group
5656 La Jolla Blvd.
La Jolla, CA 92093

[ ]   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 26, 2026

_____
Print and Sign
Russell Livingston

**EMERGENCY MOTION**