Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
Hilda M. Montes de Oca, Esq. (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br><br>     Debtor. | Case No.: 25-04245-JBM11<br><br>**TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR:**<br>**(1) TEMPORARY EMERGENCY STAY ORDER;**<br>**(2) TEMPORARY RESTRAINING AND PROTECTIVE RELIEF;**<br>**(3) PRESERVATION OF DISPUTED NON-ESTATE PROPERTY, RESCUE ANIMALS;**<br>**(4) ACCOUNTING AND DISCLOSURE RELIEF;**<br>**(5) ORDER SHORTENING TIME; AND**<br>**(6) REQUEST TO TERMINATE FINANCIAL ORDERS**<br><br>Date: \_\_, 202\_\_<br>Time: \_\_.m.<br>Dept: 2<br>Honorable J. Barrett Marum |

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Leslie T. Gladstone, the chapter 11 trustee ("**Trustee**") of the bankruptcy estate of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**"), submits this Opposition to the Emergency Motion for (1) Temporary Emergency Stay Order; (2) Temporary Restraining and Protective Relief; (3) Preservation of Disputed Non-Estate Property, Rescue Animals; (4) Accounting and Disclosure Relief; (5) Order Shortening Time; and (6) Request to Terminate Financial Orders (the "**Emergency Motion**"), filed by Debtor. This Opposition is supported by the memorandum of points and authorities cited herein, the Declaration of Leslie T. Gladstone ("**Gladstone Declaration**"), filed concurrently herewith, and the record before the Court.[1]

# I.

# INTRODUCTION

Although the Emergency Motion is styled as a motion for emergency injunctive relief to "preserve the status quo," the arguments made by Debtor seem to be aimed at reconsideration of the Order Approving the Appointment of Chapter 11 Trustee (the "**Appointment Order**" Bankr. ECF No. 89) and the Interim and Final Orders on Trustee's Motion for Order Authorizing Postpetition Financing (the "**Postpetition Financing Order**" Bankr. ECF Nos. 113 and 125).

Significantly, Debtor fails to meet the threshold requirements for reconsideration of a final order or judgment.

This Emergency Motion is just one more legal maneuver by Debtor's principals Monika Kerber Perez ("**Perez**") and Mercedes Flores ("**Flores**" collectively with Perez, "**Defendants**") to stymie Trustee's administration of the

---

[1] Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case.

assets of this chapter 11 estate.  Trustee requests that Debtor's Emergency Motion be denied in its entirety so that the Court can proceed on July 1, 2026, with the trial on the merits of Trustee's Complaint for an order to compel turnover of property of the Estate and issuance of a writ of execution for possession of the Property.

## II.

## STATEMENT OF FACTS

Villa Chardonnay is a non-profit animal sanctuary which formerly housed hundreds of elderly and sick animals, including horses, cats and various farmed animals (collectively, the "**Animals**").  Villa Chardonnay's status as a non-profit is solely with respect to Trustee's operations pursuant to the Debtor/AG Order described below.

Villa Chardonnay operated out of real property commonly known as 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek Road, Julian, CA 92036 (collectively, the "**Property**").   As of the Petition Date, Villa Chardonnay owned the Real Property.

Perez was an officer of Debtor when the Bankruptcy Case was filed and signed the voluntary chapter 11 petition on behalf of Debtor.  Flores is an individual who resides with Perez and was also an officer and/or manager of Villa Chardonnay when the Bankruptcy Case was filed.  Defendants currently reside in the main house (the "**Main House**") on the Property as holdover tenants.

## A.    APPOINTMENT OF CHAPTER 11 TRUSTEE AND ORDERS OBTAINED BY TRUSTEE

On January 29, 2026, this Court entered the Appointment Order, approving Trustee's appointment.  Debtor is no longer a debtor-in-possession in this Case. Property of the Estate and administration of this case are under the sole control of Trustee

Financial Law Group
5656 La Jolla Boulevard
La Jolla, California 92037

On January 30, 2026, the Court entered an order approving a stipulation (ECF No. 93) between the California Office of Attorney General, River Falls, LLC, Private Mortgage Lending, Inc., and Larry D. Armbrust and Carol A. Armbrust, as trustees of the Armbrust Living Trust (collectively "**Secured Creditors**"), and Villa Chardonnay, allowing Debtor to continue to use bankruptcy estate (the "**Estate**") funds through February 6, 2026 for operations at the Property.

On February 6, 2026, the Court approved Trustee's Emergency Ex Parte Motion for Approval of Stipulation with Attorney General (the "**Debtor/AG Order**" ECF No. 101), which allowed continued non-profit operations solely by Trustee.

On February 13, 2026, and March 3, 2026, the Court entered the Postpetition Financing Order, granting Trustee's Emergency Motion for (1) an Interim Order Authorizing Trustee to Obtain Postpetition Financing; and (2) Setting Final Hearing (ECF Nos. 103 and 113), allowing financing in the amount of $400,000.00 as a carve out for administrative expenses involved with operations and sale efforts.  The Postpetition Financing Order is final and not subject to appeal.

On April 2, 2026, the Court approved Trustee's Notice of Intended Action Authorizing the Use of Veterinarian Teams and Relocation of Various Animals (the "**Vet Inspection Order**") (ECF No. 152).  During one of the visits authorized by the Appointment Order and/or the Vet Inspection Order, the San Diego Humane Society ("**SD Humane**") informed Trustee that it intended to obtain a warrant for seizure and turnover of all the Animals.  Trustee agreed to cooperate with SD Humane and its search warrant.

On May 1, 2026, the Court approved Trustee's Emergency Motion for

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California  92037

Approval of Stipulation Regarding Immediate Turnover of Animals to SD Humane (the "**SD Humane Order**" ECF No. 159).  The SD Humane Order is final and not subject to appeal.

Trustee was not involved in SD Humane's decision to seize the Animals. After SD Humane obtained their warrant, Trustee and her professionals fully cooperated in the resulting seizure of the Animals on May 1, 2026.  Because SD Humane was unable to remove all the Animals immediately, SD Humane is paying for the cost of "around the clock security personnel" on the Property.  The Estate is not charged for this expense.

Since the time of her appointment, Trustee and her consultant Jeff Wiemann ("**Wiemann**") have been to the Property on multiple occasions and have had numerous discussions and meetings with Perez and Flores.  Although Trustee has accessed the Property many times in the course of her duties as chapter 11 trustee, neither she nor Wiemann have accessed or entered the Main House without the invitation or permission of Perez, in accordance with the Court's requirements under the TRO and Preliminary Injunction.  *See* Adv. ECF Nos. 19 and 29.

**III.**

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**A.** **<u>DEFENDANT PEREZ HAS NOT DEMONSTRATED GROUNDS FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b).</u>**

Debtor completely fails to identify which specific Order or Judgment she wants the Court to reconsider.  The Emergency Motion is styled as a request for temporary injunctive relief seeking to "preserve the status quo," but in the substance of the Emergency Motion, Debtor attacks Trustee's obtaining postpetition financing in order to maintain and pay for the expenses of the Property and administration of the Estate, as well as Trustee's cooperation with

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

the execution of SD Humane's warrant for seizure of the Animals. *See Emergency Motion,* 4:26 – 5:6.

Whether Debtor is seeking reconsideration of the Appointment Order, the Post-Petition Financing Order, or the SD Humane Order (collectively, the "**Trustee Orders**"), it has not demonstrated that any of the Trustee Orders were procured by mistake or excusable neglect, fraud, or that there is newly discovered evidence that could not have been discovered in time to change the result. Debtor has not shown that there are grounds for reconsideration, and so this Emergency Motion should be denied.

## B. TRUSTEE'S ACTIONS ARE AN APPROPRIATE EXERCISE OF HER BUSINESS JUDGMENT AND ARE ENTITLED TO DEFERENCE.

Courts are deferential to the business management decisions of a bankruptcy trustee when the trustee is acting within his court authorization. *Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989). When a trustee acts in excess of her authority, however, her decisions will not be afforded that deference. *See*, *e.g.*, *Leonard v. Vrooman*, 383 F.2d 556, 560-561 (9th Cir. 1967) (finding that the defendant trustee erred when seizing possession of property without first having obtained a turnover order).

The Court was specific when it appointed Trustee that "[t]he Chapter 11 Trustee will have the full powers of a chapter 11 trustee, including discretion to determine what is in the best interests of the bankruptcy estate …" (ECF No. 84) Section 1106 of the Bankruptcy Code sets forth the duties of a chapter 11 trustee, and Section 1108 specifically provides that a chapter 11 trustee may operate the debtor's business.

Here, Trustee obtained the Postpetition Financing Order in the appropriate exercise of her business judgment. Trustee's actions in securing postpetition financing were approved by the Court as the financing was necessary to ensure

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

that sufficient funds were available to Trustee to maintain the Property until it could be sold.  Further, Trustee's need for postpetition financing to pay for the costs of administration of the Estate is made evident by this Emergency Motion. The costs of administration have been increased significantly because Trustee has been required to initiate litigation due to Defendants' lack of cooperation and to expend Estate resources to respond to Defendants' chicanery and steadfast refusal to turnover the Property that they acknowledge is property of the Estate.

Trustee's decision to cooperate with the execution of SD Humane's warrant for seizure of the Animals was also well within Trustee's business judgment and was approved by the Court in the SD Humane Order.  SD Humane secured a warrant for seizure of the Animals without Trustee's involvement.  Thereafter, it was incumbent on Trustee to abide by the terms of the legally issued warrant and was an appropriate exercise of her business judgment.

Trustee's actions undertaken in the administration of the Estate were well within the scope of her discretion as a chapter 11 trustee and were approved by the Court in the Trustee Orders.  Neither Debtor nor Defendants has presented facts that would provide grounds for the extraordinary injunctive relief requested in the Emergency Motion.

## IV.

## CONCLUSION

For all the foregoing reasons, Trustee requests that the Emergency Motion be denied.  Trustee also requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  May 27, 2026

FINANCIAL LAW GROUP

By:   /s/ Hilda M. Montes de Oca

Hilda M. Montes de Oca, Esq.
Attorneys for Leslie T. Gladstone,
Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California  92037