Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Hilda M. Montes de Oca, Esq.  (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br><br>Debtor. | Case No.:  25-04245-JBM11<br><br>**DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR:**<br>**(1) TEMPORARY EMERGENCY STAY ORDER;**<br>**(2) TEMPORARY RESTRAINING AND PROTECTIVE RELIEF;**<br>**(3) PRESERVATION OF DISPUTED NON-ESTATE PROPERTY, RESCUE ANIMALS;**<br>**(4) ACCOUNTING AND DISCLOSURE RELIEF;**<br>**(5) ORDER SHORTENING TIME; AND**<br>**(6) REQUEST TO TERMINATE FINANCIAL ORDERS**<br><br>Date:            __, 202__<br>Time:           __.m.<br>Dept:            2<br>Honorable J. Barrett Marum |

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

I, LESLIE T. GLADSTONE, declare:

1.      I am the chapter 7 trustee for the bankruptcy estate of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**").  All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true.  If called as a witness, I could competently testify thereto.

2.      I submit this declaration in support of my Opposition to Debtor's Emergency Motion for (1) Temporary Emergency Stay Order; (2) Temporary Restraining and Protective Relief; (3) Preservation of Disputed Non-Estate Property, Rescue Animals; (4) Accounting and Disclosure Relief; (5) Order Shortening Time; and (6) Request to Terminate Financial Orders (the "**Emergency Motion**"), filed by Debtor.[1]

3.      Villa Chardonnay commenced a chapter 11 bankruptcy case in October 2025 (the "**Bankruptcy Case**").  Villa Chardonnay is a non-profit animal sanctuary which housed hundreds of elderly and sick animals, including various farmed animals (collectively, the "**Animals**").  Villa Chardonnay's status as a non-profit is solely with respect to my operations pursuant to the Debtor/AG Order described below.

4.      Villa Chardonnay operates out of real property commonly known as 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek Road, Julian, CA 92036 (collectively, the "**Property**").  Based on the petition and schedules filed in this case, as of the Petition Date, Villa Chardonnay owns the Property.

5.      On January 23, 2026, senior secured creditors River Falls, LLC, Private Mortgage Lending, Inc., and the Armburst Trust filed an *Emergency*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

*Motion to Appoint Chapter 11 Trustee.* I was thereafter appointed as chapter 11 trustee of the Bankruptcy Case on January 28, 2026.

6. On January 29, 2026, this Court entered the Appointment Order, approving my appointment. (ECF No. 89) Debtor is no longer in possession in this Bankruptcy Case. Property of the Estate and administration in this Bankruptcy Case are under my sole control.

7. Based on the documents filed in this case, Monika Kerber Perez ("**Perez**") was an officer of Debtor when the Bankruptcy Case was filed and signed the voluntary chapter 11 petition on behalf of Debtor. Mercedes Flores ("**Flores**" collectively with Perez, "**Defendants**") is an individual who resides with Perez and was also an officer and/or manager of Villa Chardonnay when the Bankruptcy Case was filed.

8. Based on my visits to the Property and my discussions with Defendants, Defendants currently reside in the main house (the "**Main House**") on the Property as holdover tenants.

9. On January 30, 2026, the Court entered an order approving a stipulation (ECF No. 93) between the California Office of Attorney General, River Falls, LLC, Private Mortgage Lending, Inc., and Larry D. Armbrust and Carol A. Armbrust, as trustees of the Armbrust Living Trust (collectively "**Secured Creditors**"), and Villa Chardonnay, allowing Debtor to continue to use bankruptcy estate (the "**Estate**") funds through February 6, 2026 for operations at the Property.

10. On February 6, 2026, the Court approved my Emergency Ex Parte Motion for Approval of Stipulation with Attorney General (the "**Debtor/AG Order**" ECF No. 101), which allowed continued non-profit operations solely by me.

11. On February 13, 2026, and March 3, 2026, the Court entered an order granting my *Emergency Motion for (1) an Interim Order Authorizing*

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11     3     GLADSTONE DECLARATION IN SUPPORT OF TRUSTEE'S OPPOSITION

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

*Trustee to Obtain Postpetition Financing; and (2) Setting Final Hearing*, allowing financing in the amount of $400,000.00 as a carve out for administrative expenses involved with operations and sale efforts (the "**Postpetition Financing Order**" Bankr. ECF No. 113 and 125).  The Postpetition Financing Order is final and not subject to appeal.

12.    On April 2, 2026, the Court approved my *Notice of Intended Action Authorizing the Use of Veterinarian Teams and Relocation of Various Animals* (the "**Vet Inspection Order**") (ECF No. 152).  During one of the visits authorized by the Appointment Order and/or the Vet Inspection Order, the San Diego Humane Society ("**SD Humane**") informed me that it was going to obtain a search warrant for seizure and turnover of all the Animals.  I agreed to cooperate with SD Humane and its search warrant.

13.    On May 1, 2026, the Court approved my *Emergency Motion for Approval of Stipulation Regarding Immediate Turnover of Animals to SD Humane* (the "**SD Humane Order**" ECF No. 159).  The SD Humane Order is final and not subject to appeal.

14.    I was not involved in the underlying SD Humane decision to seize the Animals.  After SD Humane obtained a warrant for seizure of the Animals, my professionals and I fully cooperated in the resulting seizure of the Animals on May 1, 2026.

15.    I am informed and believe based on my discussions with SD Humane and my visits to the Property that SD Humane was unable to remove all the Animals immediately, so SD Humane is paying for the cost of the "around the clock security personnel," on the Property.  The Estate is not charged for this security.

16.    Since the time of my appointment, my consultant Jeff Wiemann ("**Wiemann**") and I have been to the Property on multiple occasions and have had numerous discussions and meetings with Perez and Flores.  Although I have

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

accessed the Property many times in the course of my duties as chapter 11 trustee, neither myself nor Wiemann have accessed or entered the Main House without the invitation or permission of Perez, in accordance with the Court's requirements under the TRO and Preliminary Injunction.

17.     In my professional opinion, I obtained the Postpetition Financing Order in the appropriate exercise of my business judgment.  My actions in securing postpetition financing were approved by the Court because the financing was necessary to ensure that sufficient funds were available so that I could maintain the Property until it is sold.

18.     In fact, the Estate's need for postpetition financing to pay for the costs of administration of the Estate is made evident by this Emergency Motion. The costs of administration in this case have been increased significantly because I have been required to initiate litigation due to Defendants' lack of cooperation.  I have also had to expend Estate resources to respond to Defendants' chicanery and steadfast refusal to turnover the Property that they acknowledge is property of the Estate.

19.     My decision to cooperate with the execution of SD Humane's warrant for seizure of the Animals was also well within my business judgment and was approved by the Court in the SD Humane Order.  SD Humane secured a warrant for seizure of the Animals without my involvement.  Thereafter, it was incumbent on me to abide by the terms of the legally issued warrant and was an appropriate exercise of my business judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2026, at La Jolla, California.

_/s/ Leslie T. Gladstone_____
Leslie T. Gladstone