**CSD 1001A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Hilda M. Montes de Oca, Esq.  (SBN 287605)
FINANCIAL LAW GROUP, PC
5656 La Jolla Blvd.; La Jolla, CA 92037
Telephone: (858) 454-9887
 Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

Order Entered on
May 29, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

VILLA CHARDONNAY HORSES WITH WINGS, INC.,

Debtor.

BANKRUPTCY NO.  25-04245-JBM11

Date of Hearing:   March 3, 2026
Time of Hearing:   10:00 a.m.,  J. Barrett Marum
Name of Judge:    ~~Christopher B. Latham~~

COURT MODIFIED
**ORDER ON**

**TRUSTEE'S EMERGENCY MOTION FOR (1) AN INTERIM ORDER AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING; AND (2) SETTING FINAL HEARING**

The court orders as set forth on the continuation pages attached and numbered __2__ through __11__ with

exhibits, if any, for a total of __11__ pages.  Motion/Application Docket Entry No. __103__ .

//

//

//

//

//

//

//

DATED:   May 29, 2026

_____
Judge, United States Bankruptcy Court

CSD 1001A [07/01/18]                                                                                          Page **2** of **2**
ORDER ON TRUSTEE'S EMERGENCY MOTION FOR (1) AN INTERIM ORDER AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING; AND (2) SETTING FINAL HEARING
DEBTOR:  VILLA CHARDONNAY HORSES WITH WINGS, INC.                        CASE NO: 25-04245-JBM11

On February 9, 2026, Leslie T. Gladstone, chapter 7 Trustee ("**Trustee**"), filed and served her Emergency Motion for (1) an Interim Order Authorizing Trustee to Obtain Postpetition Financing; and (2) Setting Final Hearing (the "**Motion**").  (ECF No. 103).

On February 10, 2026, Trustee filed her Notice of Hearing on the Motion (the "**Notice**").  (ECF No. 105).

The matter came on for hearing on February 12, 2026, at 10:00 a.m., the Honorable J. Barrett Marum presiding.  An appearance was made by Leslie T. Gladstone of Financial Law Group, P.C., attorneys for the Trustee, an appearance was made by Meredith King, attorney for Private Mortgage Lending, Inc., River Falls, Inc., and The Armbrust Living Trust, and an appearance was made by Glen Dorgan, attorney for the Small Business Administration.  No other appearances were made.

The Court granted the Motion on an interim basis authorizing the postpetition financing as set forth on the record.  The Motion was continued to March 3, 2026, at 10:00 a.m., ~~as~~ for final hearing.

On February 25, 2026, this Court granting the unopposed Motion on a final basis and vacated the March 3, 2026, hearing date, stating the Trustee may submit an order on the Motion.  (ECF No. 125).

The Court having reviewed and considered the Motion, notice and service having been properly made, for reasons stated in the record, and good cause appearing therefor,

IT IS HEREBY ORDERED that,

1.    The Motion is approved in its entirety, on a final basis.

2.    The Postpetition Financing Agreement (the "**Agreement**") attached hereto as Exhibit A is approved in its entirety.

IT IS SO ORDERED.

CSD 1001A                                                              Signed by Judge J Barrett Marum May 29, 2026

# EXHIBIT "A"

# EXHIBIT "A"

Signed by Judge J Barrett Marum May 29, 2026

## POSTPETITION FINANCING AGREEMENT

This POSTPETITION FINANCING AGREEMENT (the "**Agreement**") is made and entered into as of February ___, 2026, by and among RIVER FALLS, LLC, PRIVATE MORTGAGE LENDING, INC., and THE ARMBRUST LIVING TRUST (collectively, "**Lender**"), and LESLIE T. GLADSTONE ("**Trustee**"), solely in her role as the chapter 11 trustee of the estate of Villa Chardonnay Horses With Wings, Inc. ("**Debtor**"). Each of Lender and Trustee is a "**Party**" and collectively they are the "**Parties**" to this Agreement.

### W I T N E S S E T H :

WHEREAS, on October 14, 2025 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California ("**Bankruptcy Court**"), Case No. 25-04245-JBM11 (the "**Chapter 11 Case**"). On or about January 29, 2026, Trustee was appointed as chapter 11 trustee of the estate in Debtor's Chapter 11 Case.

WHEREAS, Trustee continues to operate Debtor's business and manage its properties as a chapter 11 trustee pursuant to Section 1108 of the Bankruptcy Code.

WHEREAS, Trustee requires financing to fund Debtor's ongoing operations, working capital needs, and the costs and expenses of the Chapter 11 Case.

WHEREAS, Lender has agreed to provide Trustee with a postpetition financing facility in the principal amount of $400,000.00 (the "**Postpetition Facility**") on the terms and conditions set forth in this Agreement and the Financing Orders (defined below).

WHEREAS, Trustee's entry into this Agreement must be authorized pursuant to the Interim Financing Order (defined below) and the Final Financing Order (defined below).

WHEREAS, on or about March 11, 2020, Debtor and Lender entered into a transaction whereby Lender loaned the principal amount of $1,600,000.00 to Debtor secured by a first priority lien on the Collateral (as defined below) (the "**2020 Loan**"). Lender asserts that, as of December 23, 2025, the outstanding balance Debtor owes to Lender is $1,745,578.10. (Claim No. 7)

WHEREAS, Lender is willing to provide the Postpetition Facility on the terms and conditions set forth in this Agreement and the Financing Orders.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements hereinafter contained, the Parties hereby agree as follows:

1

## ARTICLE I.

## DEFINITIONS

Section 1.01    Definitions. For purposes of this Agreement, the following terms shall have the meanings specified in this Section 1.01.

(a)    "**Bankruptcy Code**" means Title 11 of the United States Code.

(b)    "**Collateral**" means Debtor's real property located at 4554 and 4430 Boulder Creek Road, Julian, CA 92036 (APNs 289-191-08-00, 289-191-09-00, and 289-191-10-00).

(c)    "**Final Financing Order**" means the final order of the Bankruptcy Court authorizing and approving the Postpetition Facility on a final basis, which order shall be in form and substance satisfactory to Lender.

(d)    "**Financing Orders**" means, collectively, the Interim Financing Order and the Final Financing Order.

(e)    "**Interim Financing Order**" means the interim order of the Bankruptcy Court authorizing and approving the Postpetition Facility on an interim basis, which order shall be in form and substance satisfactory to Lender.

(f)    "**Lien**" means any defect or imperfection in title, encumbrance, lien, claim, charge, pledge, mortgage, deed of trust, security interest, license, option, right of first refusal, proxy, voting trust or agreement or transfer restriction under any shareholder or similar agreement regarding Debtor's right, title, and interest in the Collateral.

(g)    "**Trustee Obligations**" means all advances to, and debts, liabilities, obligations, covenants, and duties of, Trustee arising under this Agreement, whether direct or indirect (including those acquired by assumption), absolute or contingent, due or to become due, now existing or hereafter arising.

Section 1.02    Rules of Interpretation. The following rules of interpretation shall apply to this Agreement.

(a)    The definitions of terms herein shall apply equally to the singular and plural forms of the terms defined.

(b)    Whenever the context may require, any pronoun shall include the corresponding masculine, feminine, and neuter forms.

(c)    The descriptive headings of the various Sections of this Agreement are inserted for convenience of reference only and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

2

(d)     This Agreement is the result of negotiations among, and has been reviewed by, Lender and Trustee, and their respective counsel.  Accordingly, this Agreement shall be deemed to be the product of all Parties hereto, and no ambiguity shall be construed in favor of or against Lender or Trustee.

## ARTICLE II.

## POSTPETITION FACILITY

Section 2.01   Postpetition Facility.  Subject to the terms and conditions set forth in this Agreement and the Financing Orders, Lender agrees to make loans to Trustee in an aggregate principal amount not to exceed Four Hundred Thousand and 00/100ths Dollars ($400,000.00) (the **"Postpetition Facility Limit"**).

Section 2.02   Loans.  Lender shall deliver to Trustee Seventy Thousand and 00/100ths Dollars ($70,000.00) each month (the **"Monthly Loans"**), commencing immediately after entry of a Bankruptcy Court Order approving this Agreement and continuing on the same date of each consecutive month up to the Postpetition Facility Limit.

Section 2.03   Use of Proceeds.  Trustee shall use the proceeds of the Monthly Loans solely for the following purposes:

(a)     to pay fees, costs, and expenses incurred in connection with this Agreement;

(b)     to pay fees, costs, and expenses of the administration of the Chapter 11 Case, including professional fees approved by the Bankruptcy Court;

(c)     to provide working capital; and

(d)     for such other purposes as may be approved by Lender and the Bankruptcy Court.

## SECURITY AND PRIORITY

Section 2.04   Security Interest.  As security for the full and timely payment and performance of all of the Trustee Obligations, Trustee agrees that the aggregate amount of the Monthly Loans actually received by Trustee shall be added to the amount owed to Lender under the 2020 Loan and secured by the Collateral and shall be deemed to be advances authorized under the terms of the 2020 Loan and costs incurred in connection with collection of the 2020 Loan; provided, however, that Lender shall have no lien or security interest in the funds disbursed by Lender to Trustee in each of the Monthly Loans described in Section 2.02 above.

Signed by Judge J Barrett Marum May 29, 2026

Exhibit 1
4 of 9

## ARTICLE III.

## CONDITIONS PRECEDENT

Section 3.01    Conditions Precedent to Initial Monthly Loan. The obligation of Lender to make its initial Monthly Loan hereunder is subject to satisfaction of the following conditions precedent:

(a)    Loan Document. Lender shall have received a counterpart of this Agreement properly executed by Trustee.

(b)    Interim Financing Order. The Bankruptcy Court shall have entered the Interim Financing Order, which shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated, or subject to a pending appeal.

Section 3.02    Conditions Precedent to Subsequent Monthly Loans. The obligation of Lender to honor its obligation to make the Monthly Loans is subject to the following conditions precedent:

(a)    Interim Financing Order or Final Financing Order. The Interim Financing Order shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated, or subject to a pending appeal, or, if the Interim Financing Order has expired, the Final Financing Order shall be in full force and effect and shall not have been reversed, modified, amended, stayed, vacated, or subject to a pending appeal.

(b)    Borrowing Availability. After giving effect to such Monthly Loan or portion thereof, the aggregate outstanding amount of all Monthly Loans shall not exceed the Postpetition Facility Limit.

## ARTICLE IV.

## MISCELLANEOUS

Section 4.01    Bankruptcy Court Approval. Trustee shall file a Motion to obtain Bankruptcy Court approval of this Agreement as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Bankruptcy Court order in this Chapter 11 Case.

Section 4.02    Authority. Each Party hereto represents and warrants to the other that it has the power, authority and ability to carry out the obligations assumed and promised hereunder. Each Party acknowledges that it has read this Stipulation; that it fully understands its rights, privileges, and duties under this Stipulation; and that it enters into this Stipulation freely and voluntarily. Each Party further acknowledges that it has had the opportunity to consult with an attorney of its choice to explain the terms of this Stipulation and the consequences of signing it.

Section 4.03    Expenses. Except as otherwise provided in this Agreement, Trustee and Lender shall bear their own expenses, including attorney's fees incurred in connection with the

4

negotiation, execution, and approval of this Agreement and each other agreement, document, and instruments contemplated by this Agreement and the consummation of the transactions contemplated hereby and thereby.

Section 4.04    Submission to Jurisdiction; Consent to Service of Process. Without limiting any Party's right to appeal any order of the Bankruptcy Court, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any Claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the Parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and shall receive notices at such locations as indicated in Section 4.08 hereof.

Section 4.05    Litigation. In any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from this Stipulation, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively "litigation"), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses. "Attorneys' fees and expenses" includes, without limitation, paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

Section 4.06    Entire Agreement; Amendments and Waivers. Other than as set forth in the 2020 Loan documents, and subject to those documents, this Agreement represents the entire understanding and agreement between the Parties with respect to the subject matter hereof. Other than the commitment to make the advances and pay costs specifically provided herein, nothing in this Agreement is intended to waive or otherwise modify any existing right or other obligation provided under the 2020 Loan documents. This Agreement can be amended, supplemented, or changed, and any provision hereof can be waived, only by written instrument making specific reference to this Agreement signed by the Party against whom enforcement of any such amendment, supplement, modification, or waiver is sought. No action taken pursuant to this Agreement, shall be deemed to constitute a waiver by the Party taking such action of compliance with any representation, warranty, covenant, or agreement contained herein. The waiver by any Party of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach. No failure on the part of any Party to exercise, and no delay in exercising, any right, power, or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power, or remedy by such Party preclude any other or further exercise thereof or the exercise of any other right, power, or remedy.

5

Section 4.07 <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and to the extent not inconsistent with the Bankruptcy Code, the laws of the State of California applicable to contracts made and performed in such State.

Section 4.08 <u>Notices</u>. All notices, consents, waivers, and communications hereunder given by any party to the other shall be in writing (including electronic mail) and delivered personally, by electronic mail, by a recognized overnight courier, or by dispatching the same by certified or registered mail, return receipt requested, with postage prepaid, in each case addressed:

|  |  |
|---|---|
| If to Lender to: | <u>Paul Leeds, Esq.</u><br><u>FRANKLIN SOTO LEEDS,</u><br><u>444 West C Street, Suite 300</u><br><u>San Diego, CA 92101</u><br>E-mail: pleeds@fsl.law |
| with a copy to: | <u>Meredith King, Esq.</u><br><u>FRANKLIN SOTO LEEDS,</u><br><u>444 West C Street, Suite 300</u><br><u>San Diego, CA 92101</u><br>E-mail:mking@fsl.law |

and

<u>DeAnn S. Carey</u>
<u>RIVER FALLS, LLC</u>
<u>970 West Valley Parkway #503</u>
<u>Escondido, CA 92025-2554</u>
E-mail: <u>deannafranklincorp@gmail.com</u>

and

<u>William Jech</u>
<u>RIVER FALLS, LLC</u>
<u>970 West Valley Parkway #503</u>
<u>Escondido, CA 92025-2554</u>
E-mail: bjech48@gmail.com

If to Trustee to:     Leslie T. Gladstone, Trustee
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
E-mail: <u>leslieg@flgsd.com</u>

6

|  | with a copy to: | Christin A. Batt, Esq. |
|---|---|---|

with a copy to: Christin A. Batt, Esq.
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
E-mail: christinb@flgsd.com

or such other address or addresses as Lender or Trustee may from time to time designate by notice as provided herein, except that notices of changes of address shall be effective only upon receipt. All such notices, consents, waivers, and communications shall: (a) when posted by certified or registered mail, postage prepaid, return receipt requested, be effective three (3) Business Days after dispatch, (b) when sent by electronic mail, be effective one (1) Business Day after transmission, or (c) when delivered by a recognized overnight courier or in person, be effective upon receipt when hand delivered.

Section 4.09   Severability.  If any term or other provision of this Agreement is invalid, illegal, or incapable of being enforced by any law or public policy, all other terms or provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any matter materially adverse to any Party.

Section 4.10   Binding Effect.  This Agreement shall be binding upon an inure to the benefit of the Parties and their respective successors and permitted assigns.  Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any Person or entity not a Party to this Agreement.  Nothing in this Agreement is intended to relieve or discharge the obligations or liability of any third persons to Lender or Trustee.

Section 4.11   Counterparts. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same agreement.  Counterparts may be delivered via facsimile, electronic mail (including pdf), or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

*[Remainder of page intentionally left blank.]*

7

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the date first written above.

**LENDERS**

**TRUSTEE**

RIVER FALLS, LLC

By: _____

Name: Daniel G. Getzinger_____

Title: Manager_____

_____

Leslie T. Gladstone, Trustee
Estate of Villa Chardonnay Horses With
Wings, Inc.
Case No. 25-04245-JBM11

8