Order Entered on
May 29, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re:

VILLA CHARDONNAY HORSE WITH WINGS, INC.,

Debtor.

BANKRUPTCY NO.    25-04245-JBM11
Date of Hearing:    N/A
Time of Hearing:    N/A
Name of Judge:    J. Barrett Marum

**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Related Motion/Order Docket Entry No. 171

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through three (3).

DATED:    May 29, 2026

_____
Judge, United States Bankruptcy Court

Page 2 | ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

In re Villa Chardonnay Horses With Wings, Inc.                              Case No. 25-04245-JBM11

On May 26, 2026, the Debtor filed the Emergency Motion for (1) Temporary Restraining Order; (2) Temporary Restraining and Protective Relief; (3) Preservation of Disputed Non-Estate Property, Rescue Animals and Evidence; (4) Accounting and Disclosure Relief; (5) Order Shortening Time & (6) Request to Terminate Financial Orders (the "Motion").  ECF No. 171.  The same day, the Debtor filed the Declaration of Monica Kerber Perez in Support of the Motion.  ECF No. 172.  On May 27, 2026, the Trustee filed her Opposition to the Motion (the "Opposition").  ECF No. 173.  The Court finds the Motion suitable for disposition on the papers pursuant to Civil Local Rule 7.1(d)(1).  Under Local Rule 9013-9(i), the Court also has discretion to rule on the Motion without further hearing.

First, the Court concludes that although the Motion purports to seek injunctive relief, the Motion in substance constitutes a motion for reconsideration with respect to multiple earlier orders in this case.  *See* ECF Nos. 84 (conditionally appointing the Trustee), 89 (appointing the Trustee, who is authorized to manage and control the Debtor's non-profit operations and the Estate property), 113 (which the Debtor explicitly requests the Court "vacate, reconsider, modify, or limit"), and 159 (authorizing the Trustee to immediately turn over all animals in the Debtor's possession at the time of execution of the search warrant to the San Diego Humane Society ("SDHS")).  To succeed on a reconsideration motion, the Debtor must have demonstrated 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  The Debtor failed to demonstrate any of those bases.

Moreover, the Court concludes that the acts the Debtor now complains of fall within the Trustee's authorized business management decisions.  "Generally, trustees have broad discretion in determining, in their own business judgment, how best to administer the estates to which they owe a fiduciary duty." *In re Rothstein Rosenfeldt Adler, P.A.*, 464 B.R. 465, 469 (Bankr. S.D. Fla. 2012) (citing *In re Consol. Indus. Corp.,* 330 B.R. 712, 715 (Bankr. N.D. Ind. 2005) ("trustee is given a substantial degree of discretion in deciding how best to administer the estate committed to his care and his actions are measured by a business judgment standard.")).  When the Court first conditionally and then on a final basis appointed the Trustee, the Court vested the Trustee with the authority to operate the Debtor's business, including making the decisions at issue in the Motion. *See* 11 U.S.C. § 1108.

Relatedly, the Court further concludes the Debtor cannot properly raise these concerns following the Trustee's appointment.  As the Trustee noted in the Opposition, "Property of the Estate and administration of this case are under the sole control of Trustee" pursuant to the Court's entering the January 29, 2026, Order.  ECF No. 173 at 4; ECF No. 89.  "[I]f a trustee is appointed, the debtor is no longer a debtor in possession and can not act as a representative of the estate. When a chapter 11 trustee is appointed, the appointment short-circuits the prebankruptcy chain of command and transfers management functions to the trustee." *In re Nilhan Devs., LLC*, 631 B.R. 507, 536 (Bankr. N.D. Ga. 2021).  This extends to seeking the type of relief requested in the Motion

Signed by Judge J Barrett Marum May 29, 2026

In re Villa Chardonnay Horses With Wings, Inc.                                    Case No. 25-04245-JBM11

because the Debtor was "completely ousted and retain[s] no management powers." *Id.* (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352-53 (1986); *Hillis Motors v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993); H.R. Rep. 95-595, 95th Cong., 1st Sess. 220–221 (1977).).   There have been several instances following the Trustee's appointment where it has become clear to the Court that the Debtor and the Debtor's principal do not understand the full import of the Trustee's appointment.  This Motion is yet another example. The Trustee is the only person empowered to act for the Debtor at present and so the Court denies the Motion on that basis as well.

Finally, the Court points out certain factual inaccuracies in the Motion for the benefit of the parties.  The Debtor's principal expresses concerns that "the Trustee set up this security expense as a punitive financial hardship against me and Villa Chardonnay" with respect to security personnel's presence on the Property.  ECF No. 172 at 4.  However, the Trustee explained that SDHS, not the Estate, pays for the security personnel.  ECF No. 173 at 5.

The Court hereby **DENIES** the Motion for the reasons detailed above.

**IT IS SO ORDERED.**

Signed by Judge J Barrett Marum May 29, 2026

United States Bankruptcy Court

Southern District of California

In re:                                                                                          Case No. 25-04245-JBM

Villa Chardonnay Horses With Wings, Inc.                                                         Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0974-3 | User: Admin. | Page 1 of 3 |
|---|---|---|
| Date Rcvd: May 29, 2026 | Form ID: pdfO1 | Total Noticed: 8 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 31, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | # | Villa Chardonnay Horses With Wings, Inc., PO Box 1000, Julian, CA 92036-1000 |
| aty | + | David K Eldan, California Department of Justice, 300 S. Spring St, #1702, Los Angeles, CA 90013, UNITED STATES 90013-1256 |
| aty | + | Financial Law Group, 5656 La Jolla Blvd., La Jolla, CA 92037-7523 |
| aty | + | Nissan Thomas, Law Offices of Nissan Thomas, 6230 Wilshire Blvd., Suite 2015, Los Angeles, CA 90048-5126 |
| cr | + | California Labor Commissioner, DLSE Legal Unit, 320 W. 4th Street, Ste 600, Los Angeles, CA 90013-2350 |
| cr | + | Dale Fullerton, 30002 Chihuahua Valley, Warner Springs, CA 92086-9280 |
| cr | | Darlene Sears, 2420 Gondar Ave, Long Beach, CA 90815-2214 |
| cr | + | Margie Mannex, 1755 Lilac Rd., Ramona, CA 92065-1116 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2026                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 29, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew Levin | |
| | on behalf of Trustee Leslie T. Gladstone andrewl@flgsd.com leslieg@flgsd.com;christinb@flgsd.com;sandray@flgsd.com;candic@flgsd.com;hildam@flgsd.com;natalik@flgsd.com |
| Benjamin Heston | |
| | on behalf of Creditor Darlene Sears bhestonecf@gmail.com  benheston@recap.email,NexusBankruptcy@jubileebk.net |

District/off: 0974-3

User: Admin.

Page 2 of 3

Date Rcvd: May 29, 2026

Form ID: pdfO1

Total Noticed: 8

Carl Grumer
on behalf of Plaintiffs The Ark Watch Foundation cgrumer@manatt.com

Carl Grumer
on behalf of Creditor Celine Myers cgrumer@manatt.com

Carl Grumer
on behalf of Plaintiffs Celine Myers cgrumer@manatt.com

Carl Grumer
on behalf of Creditor The Ark Watch Foundation cgrumer@manatt.com

Christin A. Batt
on behalf of Plaintiffs Leslie T. Gladstone christinb@flgsd.com
sandray@flgsd.com;candic@flgsd.com;leslieg@flgsd.com;andrewl@flgsd.com;hildam@flgsd.com;natalik@flgsd.com

Christin A. Batt
on behalf of Trustee Leslie T. Gladstone christinb@flgsd.com
sandray@flgsd.com;candic@flgsd.com;leslieg@flgsd.com;andrewl@flgsd.com;hildam@flgsd.com;natalik@flgsd.com

David K. Eldan
on behalf of Attorney David K Eldan David.Eldan@doj.ca.gov  rpinal@pmcos.com

Haeji Hong
on behalf of United States Trustee United States Trustee Haeji.Hong@usdoj.gov
USTP.Region15@usdoj.gov,tiffany.l.carroll@usdoj.gov

Hilda Montes de Oca
on behalf of Plaintiffs Leslie T. Gladstone hildam@flgsd.com
leslieg@flgsd.com;candic@flgsd.com;christinb@flgsd.com;sandray@flgsd.com;andrewl@flgsd.com;natalik@flgsd.com

Hilda Montes de Oca
on behalf of Trustee Leslie T. Gladstone hildam@flgsd.com
leslieg@flgsd.com;candic@flgsd.com;christinb@flgsd.com;sandray@flgsd.com;andrewl@flgsd.com;natalik@flgsd.com

Kevin Dwight
on behalf of Creditor The Ark Watch Foundation kdwight@manatt.com

Kevin Dwight
on behalf of Plaintiffs Celine Myers kdwight@manatt.com

Kevin Dwight
on behalf of Creditor Celine Myers kdwight@manatt.com

Kevin Dwight
on behalf of Plaintiffs The Ark Watch Foundation kdwight@manatt.com

Leslie T. Gladstone
candic@flgsd.com
christinb@flgsd.com;sandray@flgsd.com;ltg@trustesolutions.net;andrewl@flgsd.com;hildam@flgsd.com;natalik@flgsd.com

Leslie T. Gladstone
on behalf of Trustee Leslie T. Gladstone leslieg@flgsd.com
candic@flgsd.com;sandray@flgsd.com;christinb@flgsd.com;andrewl@flgsd.com;hildam@flgsd.com;natalik@flgsd.com

Leslie T. Gladstone
on behalf of Attorney Financial Law Group leslieg@flgsd.com
candic@flgsd.com;sandray@flgsd.com;christinb@flgsd.com;andrewl@flgsd.com;hildam@flgsd.com;natalik@flgsd.com

Matthew Sirolly
on behalf of Creditor California Labor Commissioner msirolly@dir.ca.gov

Meredith King
on behalf of Creditor Private Mortgage Lending  Inc. mking@fsl.law,
ssanchez@fsl.law;jwilson@fsl.law;17913@notices.nextchapterbk.com

Meredith King
on behalf of Creditor River Falls  LLC mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law;17913@notices.nextchapterbk.com

Meredith King
on behalf of Creditor The Armbrust Living Trust mking@fsl.law
ssanchez@fsl.law;jwilson@fsl.law;17913@notices.nextchapterbk.com

Michael R Totaro
on behalf of Debtor Villa Chardonnay Horses With Wings  Inc. Ocbkatty@aol.com

Michael R Totaro
on behalf of Defendant Villa Chardonnay Horses With Wings  Inc. Ocbkatty@aol.com

Shelby Poteet
on behalf of Creditor The Armbrust Living Trust spoteet@fsl.law
ssanchez@fsl.law;jwilson@fsl.law;23648@notices.nextchapterbk.com

District/off: 0974-3                          User: Admin.                                Page 3 of 3
Date Rcvd: May 29, 2026                       Form ID: pdfO1                              Total Noticed: 8

Shelby Poteet

on behalf of Creditor Private Mortgage Lending  Inc. spoteet@fsl.law,
ssanchez@fsl.law;jwilson@fsl.law;23648@notices.nextchapterbk.com

Shelby Poteet

on behalf of Creditor River Falls  LLC spoteet@fsl.law, ssanchez@fsl.law;jwilson@fsl.law;23648@notices.nextchapterbk.com

United States Trustee

ustp.region15@usdoj.gov


TOTAL: 29