Nissan Thomas, Esq. (SBN 250273)
Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048
Telephone: (424) 781-7653
Email: info@nissanthomaslaw.com

FILED

2026 JUN -2 AM 10:58

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re:
VILLA CHARDONNAY HORSES WITH
WINGS, INC.,
Debtor

LESLIE T. GLADSTONE,
Chapter 11 Trustee,

CASE NO.: 25-04245-JBM11

OPPOSITION AND OBJECTION OF VILLA
CHARDONNAY HORSES WITH WINGS, INC. TO
FINANCIAL LAW GROUP'S FIRST INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES; REQUEST TO
DENY OR DEFER PAYMENT, REQUIRE
ACCOUNTING, AND RESERVE RIGHTS

Date: June 30, 2026
Time: 1:30 pm
Place: Dept. 2, room 118
Judge: Hon J. Barret Marum

**OPPOSITION AND OBJECTION OF VILLA CHARDONNAY HORSES WITH WINGS,
INC. TO FINANCIAL LAW GROUP'S FIRST INTERIM APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES; REQUEST TO DENY OR
DEFER PAYMENT, REQUIRE ACCOUNTING, AND RESERVE RIGHTS**

TO THE HONORABLE COURT, LESLIE T. GLADSTONE, CHAPTER 11 TRUSTEE, THE
UNITED STATES TRUSTEE, FINANCIAL LAW GROUP, AND ALL PARTIES IN
INTEREST:

Villa Chardonnay Horses With Wings, Inc. respectfully objects to Financial Law Group's First

Interim Application for Award of Compensation and Reimbursement of Expenses as attorneys

for Leslie T. Gladstone, Chapter 11 Trustee.

**OBJECTION TO POST PETITION FINANCING**

4245 opp cl 12p

Financial Law Group is Leslie T. Gladstone's own law firm. The application identifies Leslie T. Gladstone with Financial Law Group, seeks compensation for Financial Law Group as attorneys for Leslie T. Gladstone in her capacity as Chapter 11 Trustee, and is signed by Leslie T. Gladstone.

Financial Law Group seeks $120,143.00 in fees and $1,921.14 in expenses for the period January 29, 2026 through May 12, 2026. The application also states that Leslie T. Gladstone has approximately $257,993.45 on hand for payment of administrative expenses and creditor claims. Immediate payment would consume a substantial portion of estate cash before Villa Chardonnay has received a complete accounting and before the Court determines whether the services actually benefitted this Chapter 11 estate.

Villa Chardonnay filed this case under Chapter 11. Chapter 11 is intended to preserve value and permit reorganization where feasible. The application, however, reflects substantial work directed toward animal turnover to San Diego Humane Society, animal relocation, lease termination, possession efforts, relief from stay in Monika Kerber Perez's personal bankruptcy, post-petition financing, sale activity, adversary litigation, and fee application work. The application does not identify comparable work directed toward fundraising, donor preservation, animal-care continuity, sanctuary preservation, operational restructuring, or a confirmable reorganization plan.

Villa Chardonnay respectfully requests that the Court deny immediate payment, or at minimum defer payment pending a complete accounting and further review.

I. RELIEF REQUESTED

OBJECTION TO POST PETITION FINANCING

Villa Chardonnay respectfully requests that the Court:

1. Deny immediate payment of Financial Law Group's requested $120,143.00 in fees and $1,921.14 in expenses;

2. Alternatively, defer payment pending a complete accounting and further evidentiary review;

3. Alternatively, allow any amount only on an interim basis, subject to disgorgement, and hold payment in reserve pending further Court order;

4. Require Leslie T. Gladstone and Financial Law Group to supplement the application with a clear accounting of estate benefit, post-petition financing, animal-related activity, San Diego Humane Society activity, possession-related work, sale-related activity, third-party access, and professional fee activity;

5. Reserve Villa Chardonnay's rights to object further, seek reduction, seek disgorgement, seek surcharge, seek relief from prior orders, seek termination or removal of Leslie T. Gladstone as Chapter 11 Trustee, or seek other relief after full disclosure.

## II. RELEVANT FACTS FROM THE APPLICATION

Financial Law Group's own application identifies the following requested compensation:

1. Employment Applications: $11,204.50;

2. Asset Analysis and General: $24,314.50;

3. Operating Case: $21,247.50;

4. Claims Analysis: $6,309.50;

5. Adversary Proceeding: $9,138.00;

**OBJECTION TO POST PETITION FINANCING**

6.  Lease Termination: $6,794.00;

7.  Postpetition Financing: $13,987.00;

8.  Relief From Stay: $12,993.50;

9.  Sale of Estate Property: $1,568.00;

10. Fee Applications: $12,586.50.

The application states that Financial Law Group's work included preparing and attending hearings regarding Leslie T. Gladstone's emergency motion for turnover of animals onsite to San Diego Humane Society and meetings regarding animal relocation strategy.

The application also states that Financial Law Group performed work regarding lease termination, occupancy of the property by Monika Kerber Perez and Mercedes Flores, an adversary proceeding for turnover of property, possession issues concerning the main house, default and writ-related issues, relief from stay in Monika Kerber Perez's personal bankruptcy, automatic stay issues related to animal seizure by San Diego Humane Society, postpetition financing, secured lender communications, and sale-related activity.

Villa Chardonnay is informed and believes that, since May 1, 2026, San Diego Humane Society personnel and/or security personnel connected to San Diego Humane Society have maintained a continuous presence at Villa Chardonnay's real property. Villa Chardonnay does not ask the Court to decide the legality of that presence through this fee objection. However, before fees connected to San Diego Humane Society coordination, animal turnover, property access, operations, possession, or sale activity are paid, Leslie T. Gladstone and Financial Law Group should account for who authorized that presence, who is paying for it, whether the estate is being charged, whether the estate is receiving compensation or benefit, what insurance applies, what

OBJECTION TO POST PETITION FINANCING

areas of the property are being used, and how the continued presence preserves or increases estate value.

III. LEGAL STANDARD

Under 11 U.S.C. § 330, a professional seeking compensation from a bankruptcy estate must show that the requested compensation is reasonable and that the services were actual, necessary, and beneficial to the estate.

Under 11 U.S.C. § 331, interim compensation is subject to Court approval and remains subject to later review, adjustment, and possible disgorgement. Interim compensation is not automatic.

Bankruptcy Rule 2016 requires a professional seeking compensation to provide enough detail to permit meaningful review of the services rendered, time spent, expenses incurred, and amounts requested.

The Ninth Circuit has held that bankruptcy professionals must exercise billing judgment and that the Court may reduce compensation where the application does not provide sufficient detail or where the requested fees are not reasonable. Unsecured Creditors' Committee v. Puget Sound Plywood, Inc., 924 F.2d 955, 958 through 960 (9th Cir. 1991).

The Ninth Circuit Bankruptcy Appellate Panel has held that services must be reasonably likely to benefit the estate at the time rendered. Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet), 251 B.R. 103, 108 (9th Cir. BAP 2000).

**OBJECTION TO POST PETITION FINANCING**

Financial Law Group bears the burden of showing that its requested fees and expenses are actual, necessary, reasonable, properly documented, and beneficial to Villa Chardonnay's Chapter 11 estate.

IV. ARGUMENT

A. Immediate payment should be denied or deferred because the requested fees would materially reduce available estate cash.

Financial Law Group seeks more than $120,000 in fees, while its application states that Leslie T. Gladstone has approximately $257,993.45 on hand for administrative expenses and creditor claims.

Payment now would consume a substantial portion of available estate funds. Other professional fee applications are also pending. Villa Chardonnay has not yet received a complete accounting of postpetition financing, animal-related activity, San Diego Humane Society activity, third-party access, sale activity, and professional charges.

The Court should preserve estate cash until it can determine whether Financial Law Group's services produced an actual, identifiable benefit to Villa Chardonnay's estate.

B. The application reflects liquidation and enforcement work, not meaningful Chapter 11 restructuring work.

Villa Chardonnay filed a Chapter 11 case to preserve value and pursue reorganization where feasible. Financial Law Group's application does not identify meaningful work toward

**OBJECTION TO POST PETITION FINANCING**

fundraising, donor preservation, animal-care continuity, sanctuary preservation, a confirmable plan, or operational restructuring.

Instead, the application shows substantial work directed toward animal turnover to San Diego Humane Society, animal relocation strategy, lease termination, possession and turnover litigation against Villa Chardonnay's principals, relief from stay in Monika Kerber Perez's personal bankruptcy, post-petition financing, sale activity, and fee application work.

Estate professionals seeking compensation must show estate benefit. If the services primarily advanced liquidation, possession, animal removal, sale pressure, and administrative expense accumulation, the Court should require a clear showing that those services were reasonably likely to benefit this Chapter 11 estate when performed.

C. Animal turnover and San Diego Humane Society-related fees should be deferred pending accounting.

Financial Law Group seeks compensation for work connected to the emergency turnover of animals to San Diego Humane Society and animal relocation strategy.

Villa Chardonnay disputes that all animals were unrestricted property of the estate. Villa Chardonnay also disputes whether the turnover and relocation process preserved estate value or caused harm to the sanctuary's nonprofit mission, animal records, donor confidence, goodwill, and reorganization value.

Villa Chardonnay is further informed and believes that San Diego Humane Society personnel and/or related security have maintained a continuous presence at the property since May 1, 2026.

OBJECTION TO POST PETITION FINANCING

Before fees connected to San Diego Humane Society, animal turnover, or animal relocation are paid, Leslie T. Gladstone and Financial Law Group should provide a complete accounting identifying the animals involved, their current location and status, all costs charged or expected to be charged to the estate, all communications with San Diego Humane Society, the authority for San Diego Humane Society's ongoing presence, and whether the estate is receiving compensation, reimbursement, or measurable benefit from any third-party use of the property.

Without that accounting, the Court cannot determine whether the animal-related legal services were reasonably likely to benefit Villa Chardonnay's estate.

D. Lease termination, possession, adversary, and stay-relief fees should be deferred.

Financial Law Group seeks fees for work related to lease termination, possession issues, turnover litigation, default issues, and relief from stay in Monika Kerber Perez's personal bankruptcy.

Those services were part of a possession and enforcement strategy against Villa Chardonnay's principals, Monika Kerber Perez and Mercedes Flores. Villa Chardonnay disputes notice, service, occupancy rights, due process issues, and the use of turnover remedies in this context.

The Court should defer payment for these categories until it can determine whether those services were necessary and beneficial to Villa Chardonnay's estate, rather than merely increasing litigation and administrative expense.

E. Postpetition financing and sale-related fees should be deferred pending accounting and review of a buyer alternative.

OBJECTION TO POST PETITION FINANCING

Financial Law Group seeks $13,987.00 for postpetition financing work and also identifies sale-related work. Before those fees are paid, Leslie T. Gladstone should account for all postpetition financing approved, advanced, spent, reserved, or committed, including repayment obligations, liens, carve-outs, collateral, and use of proceeds.

Villa Chardonnay is informed and believes that a third-party buyer has opened escrow, or is prepared to provide escrow confirmation, for a potential purchase of the real property. Villa Chardonnay is further informed and believes that the buyer is private and requests confidential treatment of personal and financial information, but is prepared to fund within approximately 48 to 72 hours after Court approval, subject to customary escrow requirements and Court-approved terms. Villa Chardonnay is further informed and believes that the buyer is willing to structure the transaction in a manner that permits sanctuary preservation and transition planning.

If a buyer-backed transaction may pay creditors, reduce administrative expenses, and preserve value, the Court should not authorize immediate payment for continued sale-related or liquidation-related activity without first requiring disclosure, accounting, and comparison of available alternatives.

F. The $12,586.50 fee-application category should be deferred or reduced.

Financial Law Group seeks $12,586.50 for fee applications, including preparation of its own fee application and the fee application of Consultant Jeff Wiemann.

Villa Chardonnay objects to immediate payment of this category. It is premature to compensate Financial Law Group for preparing fee applications before the Court determines whether the

OBJECTION TO POST PETITION FINANCING

underlying services should be paid. This category is substantial in relation to the estate's available cash and other substantive categories.

The Court should defer, reduce, or hold in reserve any compensation for fee application work pending review of the underlying fees.

V. REQUEST FOR ACCOUNTING

Before any payment is made, Villa Chardonnay respectfully requests that the Court require Leslie T. Gladstone and Financial Law Group to provide:

1. A complete accounting of post-petition financing proceeds received, spent, reserved, or committed;

2. A complete accounting of professional fees and administrative expenses incurred to date;

3. A complete accounting of animal-related services, removals, transfers, adoptions, euthanasia decisions, deaths, veterinary care, transport, and records;

4. A complete accounting of communications and actions involving San Diego Humane Society;

5. A complete accounting of San Diego Humane Society personnel, security personnel, and other third-party presence or use of Villa Chardonnay's property since May 1, 2026;

6. A complete accounting of sale-related activity, including communications with lenders, proposed buyers, brokers, consultants, and sale professionals;

7. A statement explaining how each disputed category of services preserved or increased estate value;

**OBJECTION TO POST PETITION FINANCING**

8. A comparison between continued trustee sale efforts and any escrow-backed buyer or other transaction alternative.

## VI. RESERVATION OF RIGHTS

Villa Chardonnay reserves all rights to supplement this objection after reviewing complete time records, invoices, communications, accounting records, animal records, financing records, and sale-related documents.

Villa Chardonnay also reserves all rights to object to specific time entries, seek reduction of fees, seek disgorgement, seek surcharge, seek accounting relief, seek termination or removal of Leslie T. Gladstone as Chapter 11 Trustee, seek relief from prior orders, and seek any other relief available under the Bankruptcy Code and applicable law.

## VII. CONCLUSION

Financial Law Group is Leslie T. Gladstone's own law firm and seeks more than $120,000 from limited estate funds. Its own application shows that much of the work was tied to animal turnover to San Diego Humane Society, animal relocation, lease termination, possession disputes, adversary litigation, relief from stay, post-petition financing, sale activity, and fee applications. Villa Chardonnay is also informed that San Diego Humane Society personnel and related security have maintained a continuing presence at the property since May 1, 2026.

These categories require accounting and review before estate cash is depleted. Villa Chardonnay asks the Court to protect the estate, require transparency, and defer payment until Financial Law

**OBJECTION TO POST PETITION FINANCING**

Group establishes that the requested fees were actual, necessary, reasonable, properly documented, and beneficial to the estate.

For these reasons, Villa Chardonnay respectfully requests that the Court deny immediate payment, require a complete accounting, hold estate funds in reserve, preserve Villa Chardonnay's rights, and grant such other relief as is just and proper.

Dated: June 1, 2026

Respectfully submitted,

LAW OFFICES OF NISSAN THOMAS

By: _____
Nissan Thomas, Esq.
Attorney for Debtor
Villa Chardonnay Horses With Wings, Inc.

**OBJECTION TO POST PETITION FINANCING**