Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Hilda Montes de Oca, Esq. (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br>Debtor. | Case No.:  25-04245-JBM11<br><br>**REPLY TO DEBTOR'S OPPOSITION TO FINANCIAL LAW GROUP'S FIRST INTERIM APPLICATION FOR AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS ATTORNEYS FOR TRUSTEE**<br><br>Date:        June 30, 2026<br>Time:       1:30 p.m.<br>Dept:       Two (2)<br>Honorable J. Barrett Marum |

Financial Law Group ("**FLG**") submits this Reply to *Debtor's Opposition to Financial Law Group's First Interim Application for Award of Compensation and Reimbursement of Expenses as Attorneys for Trustee* (the "**Opposition**"). Debtor's Opposition[1] should be disregarded in its entirety because (a) the issues

---

[1] FLG refers here to the opposing party as "Debtor" for clarity as that is how the Opposition is captioned.  FLG notes for the record, however, that the Court has

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California  92037

raised in the Opposition are irrelevant to the Court's review of FLG's *First Interim Application for Award of Compensation and Reimbursement of Expenses as Attorneys for Trustee* (the "**First Interim Fee Application**"), and (b) it is wholly devoid of legal authority.

**A.    The Opposition Demonstrates that Debtor Misunderstands the Distinction between the Legal Services Provided by FLG as Legal Counsel to Trustee and Trustee's Case Administration.**

In the Opposition, Debtor conflates the legal work done by FLG as Trustee's attorneys with the entirely separate case administration by Trustee Leslie Gladstone.  FLG and Trustee serve separate and distinct functions in this case.  FLG was employed in this case under Section 327 of the Bankruptcy Code and in accordance with the Court's Order entered on February 11, 2026, to handle specific legal issues.  (ECF No. 108)  As attorneys for Trustee, FLG is entitled to compensation for its legal services under Section 330 of the Bankruptcy Code and has filed the First Interim Fee Application for the period of January 29, 2026, to May 12, 2026 (the "**First Interim Period**").

Trustee, on the other hand, is employed and compensated under entirely different statutes in the Bankruptcy Code.  Leslie Gladstone as chapter 11 trustee was appointed in this case by the United States Trustee for the Southern District of California, and her trustee duties are set forth in Section 1106 of the Bankruptcy Code.  Trustee is entitled to compensation in the form of a commission under Section 326(a) of the Bankruptcy Code.  Trustee has not yet filed a fee application with the Court for her services rendered.

explained the distinction between Debtor's principal Monika Kerber Perez and Debtor as an entity itself.  *See Order Denying Emergency Motion for Temporary Restraining Order*, Bankr. ECF No. 175 ("There have been several instances following the Trustee's appointment where it has become clear to the Court that the Debtor and the Debtor's principal do not understand the full import of the Trustee's appointment.  […]  Trustee is the only person empowered to act for the Debtor at present.")

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Trustee is highly focused on fulfilling her duties as chapter 11 trustee. In contrast, FLG's services are solely the <u>legal</u> work required to assist Trustee in the discharge of her fiduciary duties and responsibilities. Notably, the overwhelming majority of FLG's legal services provided to Trustee during the First Interim Period were necessitated by having to respond to Debtor's various legal filings aimed at delaying and obstructing Trustee's administration of this case.

**B.  The Issues Raised by Debor in the Opposition Relate to Trustee's Case Administration and Not to the Reasonableness of FLG's Requested Fees.**

The main thrust of Debtor's arguments in the Opposition relate entirely to Trustee's administration as the duly appointed chapter 11 trustee, not to FLG's legal services. Debtor complains that FLG should have spent more time preserving and obtaining donors, conducting fundraising, performing operations and tending to the animals. However, as the Court knows, it would be entirely inappropriate for FLG to request payment for these operational duties, unless there were legal issues involved. Also, the First Interim Fee Application clearly itemizes and explains the legal services performed as general counsel for Trustee in assisting her in the discharge of her fiduciary duties and responsibilities.

The compensation requested in the First Interim Fee Application shows a particular focus by FLG on ensuring that its services were actual, necessary and legal in nature. Also, a full accounting of the time spent is already provided with the application in full compliance with the Court's local rules and the Bankruptcy Code. Given the unusual factual issues presented by this chapter 11 case, and the obstreperous nature of the parties involved, FLG has made every effort to be transparent and complete as to descriptions of the tasks performed.

FLG has delivered high-quality legal services at an efficient and economical rate for the Estate, and the compensation requested in the First Interim Fee Application should be approved.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

**C.**    **Debtor Offers No Relevant Facts or Applicable Law in Support of Its Assertions.**

Debtor's Opposition is virtually devoid of legal authority for its unfounded assertions.  The Opposition is a difficult read but seems to say that FLG must show an accounting of "estate benefit, post-petition financing, animal-related activity, San Diego Humane Society activity, possession-related work, sale-related activity, third-party access and professional fee activity."  It is puzzling as to what is meant by several of these assertions.  However, what is clear is that the vast majority of these "categories" pertain to Trustee's operations, not FLG's legal activity.  FLG agrees that the fee application is required to and does detail the necessity of the services rendered and the detail (time records) as to what was performed.  Beyond that, Debtor's assertions again seem to request an operational audit of sorts and are beyond the scope of what is required to review the First Interim Fee Application.

Again, much of FLG's work done in the First Interim Period was to address Debtor's interference with Trustee.  Debtor's Opposition speaks volumes as to Debtor's obvious consternation with Trustee's determination that Debtor cannot be rehabilitated and that the sale of the Property is in the best interests of the Estate.  Unfortunately,  Debtor's Opposition also demonstrates its complete obliviousness to the legal requirements for filing a fee application in bankruptcy court as well as a disregard for the damage and increased legal fees the Estate has incurred, and continues to incur, as a result of its obstructive actions.

///

///

///

///

///

///

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California  92037

## CONCLUSION

Based on the foregoing, FLG respectfully requests that Debtors' Opposition be disregarded in its entirety and that the First Interim Fee Application be approved.

Respectfully submitted,

Dated:  June 8, 2026          FINANCIAL LAW GROUP


By:   /s/ Hilda M. Montes de Oca
      Hilda M. Montes de Oca, Esq.
      Attorneys for Leslie T. Gladstone,
      Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California  92037

IN RE VILLA CHARDONNAY HORSES WITH
WINGS, INC., CASE NO. 25-04245-JBM11          5          REPLY TO DEBTOR'S OPPOSITION TO
FINANCIAL LAW GROUP'S
FIRST INTERIM  APPLICATION