CSD 2062 [08/01/24]
Court Telephone: (619) 557-5620
www.casb.uscourts.gov
Leslie T. Gladstone, Esq., (SBN 144615)
Christin A. Batt, Esq., (SBN 222584)
Financial Law Group
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone (858) 454-9887
Attorney for Leslie T. Gladstone, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re

VILLA CHARDONNAY HORSES WITH WINGS, INC.

Debtor(s).

BANKRUPTCY NO.  25-04245-JBM11

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

**TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

**You are hereby notified** that the undersigned Trustee proposes to:

☐    Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by LBR 9019]; or

☐    Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by FRBP 2002(c)(2)]; or

☒    **Other:  The Trustee seeks an order approving the Stipulation Re: Carve-Out From Secured Creditor's Claim in Favor of Chapter 11 Trustee and the Estate (the "Settlement").  See the Addendum attached hereto and herein incorporated by reference for the terms of the Settlement.**

**The Trustee has evaluated the following factors and determined, in her business judgment, that this compromise is fair, reasonable, and adequate; (a) the probability of success in litigation of this matter; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. This Settlement is in the best interest of the estate, as it will provide funds to the estate without the need to go through the time and expense of litigation.**

**Wherefore, the Trustee requests that this Court approve the Settlement.**

IF YOU OBJECT TO THE PROPOSED ACTION:

1.    **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case.  Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice.  If the case number is followed by the letter:

|   |   |   |   |
|---|---|---|---|
| - | CL - call (619) 557-6019 | - | DEPARTMENT ONE (Room 218) |
| - | JBM - call (619) 557-5157 | - | DEPARTMENT TWO (Room 118) |
| - | LT - call (619) 557-5157 | - | DEPARTMENT THREE (Room 129) |

CSD 2062

CSD 2062 [08/01/24]

2.   **Within 14[1] days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate **Request and Notice of Hearing** [Local Form CSD 1184] upon the undersigned Trustee, together with any opposing papers.  A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Ste. 3230, San Diego, CA 92101.  The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

> a.   identify the interest of the opposing party; and

> b.   state, with particularity, the factual and legal grounds for the opposition.

3.   **You must** file the original of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

**If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 14-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the Trustee may proceed to take the intended action.


Dated: June 9, 2026

/s/ Leslie T. Gladstone
Leslie T. Gladstone, Esq.
Attorneys for Leslie T. Gladstone, Chapter 11 Trustee
Address: 5656 La Jolla Blvd.
La Jolla, CA 92037
Phone No. (858) 454-9887

---

[1]Depending on how you were served, you may have additional time for response.  See FRBP 9006.

CSD 2062

In re VILLA CHARDONNAY HORSES WITH WINGS, INC.
Case No. 5-04245-JBM11

**ADDENDUM**
**NOTICE OF INTENDED ACTION**

Leslie T. Gladstone, the chapter 11 trustee (the "**Trustee**") in the case of Villa Chardonnay Horses with Wings, Inc. ("**Debtor**") seeks an order approving a carve-out agreement with U.S. Small Business Administration (the "**SBA**").[1]

**BACKGROUND**

On or about October 14, 2025, VCH filed its chapter 11 bankruptcy petition. Trustee was appointed as chapter 11 trustee on January 29, 2026.

The primary asset in the Estate is real estate located at 4554 and 4430 Boulder Creek Road, Julian, California (collectively, the "**Property**"). Debtor operated an animal sanctuary at the Property, which housed approximately 600 elderly and disabled animals. On or about May 1, 2026, the San Diego Humane Society seized all the animals.

Trustee determined that the best interests of the Estate were served by turning over the animals to the San Diego Humane Society and selling the Property.

Trustee understands that the Property has a value of between Two Million Five Hundred Thousand Dollars ($2,500,000.00) and Three Million Six Hundred Thousand Dollars ($3,600,000.00), based on two appraisals provided to Trustee.

Trustee is informed and believes that the Property is encumbered by the following liens of record in the following order of priority:

| Priority | Document | Payee | Amount | Comments |
|---|---|---|---|---|
| 1 | Deed of Trust, recorded as Document No. 2020-035850 | River Falls LLC, Private Mortgage Lending Inc., and Larry and Carol Armbrust, as Trustees of the Armbrust Living Trust (collectively, "**River Falls Lenders**") | $2,150,000.00 approx. current balance | |

---

[1] The comments set forth in this Notice are for purposes of explaining the benefits of the proposed carve-out agreement. They do not constitute admissions by the Trustee in this bankruptcy case or any adversary proceeding, and the Trustee reserves all rights available to the estate if the carve-out agreement is not approved.

1

| Priority | Document | Payee | Amount | Comments |
|---|---|---|---|---|
| 2 | Judgment Lien, recorded as Document No. 2020-0664245 | Elias Villafuerto-Rubio | $18,639.12 recorded balance | |
| 3 | Judgment Lien, recorded as Document No. 2020-0664246 | Elias Villafuerto-Rubio | $18,639.12 recorded balance | Trustee is informed and believes that this lien is a duplicate of No. 3 above. |
| 4 | Judgment Lien, recorded as Document No. 2020-0664248 | Raul Garcia | $12,914.62 recorded balance | |
| 5 | Judgment Lien, recorded as Document No. 2020-0664249 | Benjamin Moreno | $9,700.09 recorded balance | |
| 6 | Deed of Trust, recorded as Document No. 2022-0041797 | SBA | $2,000,000.00 recorded balance | |
| 7 | Judgment Lien, recorded as Document No. 2022-0233625 | California State Labor Commissioner | $43,577.49 recorded balance | Trustee is informed and believes that this lien is partially duplicative of Nos. 3–6 above. |
| 8 | Judgment Lien, recorded as Document No. 2022-0298755 | The Ark Watch Foundation | $64,998.29 recorded balance | |
| 9 | Judgment Lien, recorded as Document No. 2023-0230116 | The Ark Watch Foundation | $160,062.02 recorded balance | |
| 10 | Judgment Lien, recorded as Document No. 24-056183 | Waste Management Collection and Recycling, Inc. | $9,656.31 recorded balance | |
| 11 | Judgment Lien, recorded as Document No. 24-0109249 | Andres Sandoval | $2,843.22 recorded balance | |
| 12 | Judgment Lien, recorded as Document No. 24-0109250 | Ray Velazquez | $12,280.30 recorded balance | |
| 13 | Judgment Lien, recorded as Document No. 24-0154506 | Celine Myers | $2,010,420.01 recorded balance | |
| 14 | Judgment Lien, recorded as Document No. 24-0258078 | Darlene Sears | $64,542.32 recorded balance | |

| Priority | Document | Payee | Amount | Comments |
|---|---|---|---|---|
| 15 | Tax Lien, recorded as Document No. 24-0322884 | United States of America, District Director of Internal Revenue | $225,267.70 recorded balance | |
| 16 | Tax Lien, recorded as Document No. 24-0340420 | United States of America, District Director of Internal Revenue | $34,944.54 recorded balance | |
| 17 | Tax Lien, recorded as Document No. 25-028164 | United States of America, District Director of Internal Revenue | $56,880.22 recorded balance | |

The Deed of Trust recorded by David and Marie Harrigan, Document No. 2020-035851, in the amount of $150,000.00, which was previously noted as 2nd in priority, has been released because no money was owed.

Trustee has received post-petition financing from the River Falls Lenders in the amount of Four Hundred Thousand Dollars ($400,000.00) (the "**Post-Petition Financing**") to fund administration of the Estate and for the relocation/care of the animals. The Post-Petition Financing has been added to the claim amount of the River Falls Lenders (No. 1 above).

Trustee intends to market and sell the Property and distribute the proceeds ("**Sale Proceeds**") to the extent possible and in the order of priority above, all in connection with a Bankruptcy Code Section 363 sale and Court order regarding same.

In recognition of the difficulties in administering this case, the Parties desire to enter into a carve-out agreement to provide a distribution to SBA, and also to provide money for unsecured and/or undersecured creditors of the Estate.

### SUMMARY OF MATERIAL TERMS OF SETTLEMENT

A copy of the Stipulation Re: Carve-Out from Secured Creditor's Claim in Favor of Chapter 11 Trustee and Estate (the "**Carve-Out Agreement**") is attached hereto as Exhibit 1. Pursuant to the terms of the Carve-Out Agreement, which remains subject to Court approval, upon sale of the Property, Trustee shall pay such amounts as are established in Trustee's discretion (or by carve-out and/or Court order) to be owed to the holders of claims in Nos. 1–5 above, in order of priority and up to the amount of the Sale Proceeds, with the highest in priority being paid in full prior to the next highest receiving any distribution and continuing on to each level until all allowed claimants in Nos. 1–5 above have been paid in full.

Next, after the payments to holders of allowed claims 1-5 above have been paid, Trustee shall pay any remaining costs of sale/administration, including broker, Trustee, accountant, and attorney's fees (after application of the Post-Petition Financing). Any remaining Sale Proceeds

3

thereafter, up to Two Million Dollars  ($2,000,000.00) shall be paid 70% to SBA and 30% to the Estate.

Should any Sale Proceeds remain after the payments referenced above, Trustee shall pay the claims referenced in Nos. 7–17 above, in the order of priority, with the highest in priority being paid in full prior to the next highest receiving any distribution.

### DISCUSSION

The Trustee seeks approval of the Carve-Out Agreement as an arm's-length negotiation in the best interests of the Estate.  The Court has wide authority to approve agreements.  *In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988).  Also, the Trustee's business judgment is entitled to deference and "great latitude."  *See In re Mickey Thompson Entertainment Group, Inc.,* 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003), and *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005).

In this case, the Trustee has negotiated a carve-out whereby the lienholder is essentially gifting a portion of its claims for the benefit of administrative expenses and unsecured creditors. Many cases have held similar agreements to be permissible.  *See SPM Mfg. Corp.,* 984 F.2d 1305, 1313–14 (1st Cir. 1992); *In re DBSD N. Am., Inc.*, 419 B.R. 179, 210 n.127 (Bankr. S.D.N.Y. 2009); *In re World Health Alternatives, Inc.,* 344 B.R. 291, 298–99 (Bankr. D. Del. 2006); *In re Journal Register Co.*, 407 B.R. 520, 533 (Bankr. S.D.N.Y. 2009).

The Trustee has given notice of the Carve-Out Agreement to all creditors of the Estate, all parties requesting special notice, and all entities required to be given notice under the federal and local bankruptcy rules.

In view of the compelling business reason for the proposed transaction—generating funds to pay creditors—the Trustee determined that the Carve-Out Agreement is in the best interests of the Estate and requests that the Court approve the Carve-Out Agreement.

4

# EXHIBIT "1"

# EXHIBIT "1"

Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP, PC
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
E-mail: LeslieG@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.: 25-04245-JBM11 |
|---|---|
| VILLA CHARDONNAY HORSES WITH WINGS, INC., | **STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 11 TRUSTEE AND ESTATE** |
| Debtor. | |

This stipulation ("**Stipulation**") is entered into by and between LESLIE T. GLADSTONE, chapter 11 trustee ("**Trustee**") for the estate (the "**Estate**") of Villa Chardonnay Horses with Wings, Inc. ("**VCH**"), and the U.S. SMALL BUSINESS ADMINISTRATION ("**SBA**"; Trustee and SBA are referred to as the "**Parties**"), who represent and stipulate as follows:

## FACTUAL RECITALS

A.    On or about October 14, 2025, VCH filed its chapter 11 bankruptcy petition. Trustee was appointed as chapter 11 trustee on January 29, 2026.

B.    The primary asset in the Estate is real estate located at 4554 and 4430 Boulder Creek Road, Julian, California (collectively, the "**Property**"). VCH operates an animal sanctuary at the Property, which houses approximately 600 elderly and disabled animals.

///

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

C.     Trustee has determined that the best interests of the Estate are served by relocating the animals and selling the Property.

D.     Trustee understands that the Property has a value of between Two Million Five Hundred Thousand Dollars ($2,500,000.00) and Three Million Six Hundred Thousand Dollars ($3,600,000.00), based on two appraisals provided to Trustee.

E.     Trustee is informed and believes that the Property is encumbered by the following liens of record in the following order of priority:

| Priority | Document | Payee | Amount | Comments |
|---|---|---|---|---|
| 1 | Deed of Trust, recorded as Document No. 2020-035850 | River Falls LLC, Private Mortgage Lending Inc., and Larry and Carol Armbrust, as Trustees of the Armbrust Living Trust (collectively, "**River Falls Lenders**") | $2,150,000.00 approx. current balance | |
| 2 | Deed of Trust, recorded as Document No. 2020-035851 | David and Marie Harrigan | $150,000.00 recorded balance | Trustee is informed and believes that this lien has a zero balance and lien release is pending. |
| 3 | Judgment Lien, recorded as Document No. 2020-0664245 | Elias Villafuerto-Rubio | $18,639.12 recorded balance | |
| 4 | Judgment Lien, recorded as Document No. 2020-0664246 | Elias Villafuerto-Rubio | $18,639.12 recorded balance | Trustee is informed and believes that this lien is a duplicate of No. 3 above. |
| 5 | Judgment Lien, recorded as Document No. 2020-0664248 | Raul Garcia | $12,914.62 recorded balance | |
| 6 | Judgment Lien, recorded as Document No. 2020-0664249 | Benjamin Moreno | $9,700.09 recorded balance | |
| 7 | Deed of Trust, recorded as Document No. 2022-0041797 | SBA | $2,000,000.00 recorded balance | |

Financial Law Group
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

| Priority | Document | Payee | Amount | Comments |
|---|---|---|---|---|
| 8 | Judgment Lien, recorded as Document No. 2022-0233625 | California State Labor Commissioner | $43,577.49 recorded balance | Trustee is informed and believes that this lien is partially duplicative of Nos. 3–6 above. |
| 9 | Judgment Lien, recorded as Document No. 2022-0298755 | The Ark Watch Foundation | $64,998.29 recorded balance | |
| 10 | Judgment Lien, recorded as Document No. 2023-0230116 | The Ark Watch Foundation | $160,062.02 recorded balance | |
| 11 | Judgment Lien, recorded as Document No. 24-056183 | Waste Management Collection and Recycling, Inc. | $9,656.31 recorded balance | |
| 12 | Judgment Lien, recorded as Document No. 24-0109249 | Andres Sandoval | $2,843.22 recorded balance | |
| 13 | Judgment Lien, recorded as Document No. 24-0109250 | Ray Velazquez | $12,280.30 recorded balance | |
| 14 | Judgment Lien, recorded as Document No. 24-0154506 | Celine Myers | $2,010,420.01 recorded balance | |
| 15 | Judgment Lien, recorded as Document No. 24-0258078 | Darlene Sears | $64,542.32 recorded balance | |
| 16 | Tax Lien, recorded as Document No. 24-0322884 | United States of America, District Director of Internal Revenue | $225,267.70 recorded balance | |
| 17 | Tax Lien, recorded as Document No. 24-0340420 | United States of America, District Director of Internal Revenue | $34,944.54 recorded balance | |
| 18 | Tax Lien, recorded as Document No. 25-028164 | United States of America, District Director of Internal Revenue | $56,880.22 recorded balance | |

F.    Trustee has received post-petition financing from the River Falls Lenders in the amount of Four Hundred Thousand Dollars ($400,000.00) (the

"**Post-Petition Financing**") to fund administration of the Estate and for the relocation/care of the animals. The Post-Petition Financing has been added to the claim amount of the River Falls Lenders (No. 1 above) and has been approved by the Court as free and clear of all liens represented in Nos. 2–18 above.

G.    Trustee intends to market and sell the Property and distribute the proceeds ("**Sale Proceeds**") in the order of priority above to lien creditors that adequately prove entitlement to payment, in Trustee's discretion or upon Court order regarding same.

H.    In connection therewith, the Parties desire to enter into a carve-out agreement to provide a distribution to SBA, and also to provide money for unsecured and/or undersecured creditors of the Estate.

**STIPULATION**

WHEREFORE, the parties agree as follows:

1.    Upon sale of the Property, Trustee shall distribute the Sale Proceeds first to pay any remaining costs of sale/administrative expenses, including broker, Trustee, accountant, and attorneys' fees incurred in connection with readying the Property for sale (including relocation of the animals), sale of the Property, and approving this Stipulation.

2.    Next, Trustee shall pay such amounts as are established in Trustee's discretion (or by Court order) to be owed to the holders of claims in Nos. 1–6 above, in order of priority and up to the amount of remaining Sale Proceeds, with the highest in priority being paid in full prior to the next highest receiving any distribution and continuing on to each level until all allowed claimants in Nos. 1–6 above have been paid in full.

3.    Next, after the payments referenced in Paragraphs 1 and 2 above have been paid in their entirety, Trustee shall pay any remaining Sale Proceeds up to Two Million Dollars ($2,000,000.00) 70% to SBA and 30% to the Estate.

///

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.          4          STIPULATION RE: CARVE-OUT FROM
CASE NO. 25-04245-JBM11                                                                       SECURED CREDITOR'S CLAIM

4.      Should any Sale Proceeds remain after the payments referenced in Paragraphs 1–3 above, Trustee shall pay the claims referenced in Nos. 8–18 above, in the order of priority, with the highest in priority being paid in full prior to the next highest receiving any distribution.

5.      Trustee shall file a Notice of Intended Action to obtain Court approval of this Stipulation as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Court order approving this stipulation in this bankruptcy case.

6.      The Parties acknowledge that they have read this Stipulation; that they fully understand the rights, privileges, and duties under this Stipulation; and that they enter into this Stipulation freely and voluntarily.  The Parties further acknowledge that they have had the opportunity to consult with attorney(s) of their choice to explain the terms of this Stipulation and the consequences of signing it.

7.      The Parties hereto represent and warrant that they have the power, authority and ability to carry out the obligations assumed and promised hereunder.

8.      The Parties are to bear their own respective attorneys' fees and costs.

9.      This Stipulation shall be governed by, and construed and enforced in accordance with the laws of the United States of America.

10.      This Stipulation may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same agreement.  Counterparts may be delivered via facsimile, electronic mail (including pdf), or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

///

///

///

///

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.          5          STIPULATION RE: CARVE-OUT FROM
CASE NO. 25-04245-JBM11                                                             SECURED CREDITOR'S CLAIM

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation on the day and year indicated below.

Dated: March 23, 2026

/s/ Leslie T. Gladstone
Leslie T. Gladstone, Trustee

Dated: March 26, 2026

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Name: Glen R. Dorgan
Title: Assistant U.S. Attorney
Counsel for Creditor SBA

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037