Order Entered on
June 18, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br>Debtor. | BANKRUPTCY NO.    25-04245-JBM11<br>Date of Hearing:    June 30, 2026<br>Time of Hearing:    1:30 p.m.<br>Name of Judge:    J. Barrett Marum |

**ORDER GRANTING FINANCIAL LAW GROUP'S FIRST INTERIM APPLICATION FOR AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS ATTORNEYS FOR TRUSTEE**

Related Docket Entry No. 166

IT IS HEREBY ORDERED as set forth on the continuation pages attached, numbered two (2) through three (3).

DATED:        June 17, 2026

_____
Judge, United States Bankruptcy Court

Page 2   ORDER GRANTING FINANCIAL LAW GROUP'S FIRST INTERIM APPLICATION FOR
AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
ATTORNEYS FOR TRUSTEE

In re Villa Chardonnay Horses With Wings, Inc.                    Case No. 25-04245-JBM11

Presently before the Court is Financial Law Group's ("FLG's") First Interim Application for Award of Compensation and Reimbursement of Expenses as Attorneys for Trustee ("Application"). ECF No. 166. The Application seeks an interim award of $120,143 in fees and $1,921.14 in expenses for the period of January 29, 2026 through May 12, 2026. The Debtor, Villa Chardonnay Horses With Wings, Inc., timely objected (the "Objection"). ECF No. 179. The Court has considered the Objection and FLG's reply (ECF No. 180). Pursuant to Civil Local Rule 7.1(d)(1), the Court finds this matter suitable for disposition on the papers and so vacates the June 30, 2026 hearing date. For the reasons outlined below, the Court **GRANTS** the Application on an interim basis.

It is not clear to the Court that the dispossessed Debtor has standing to bring the Objection. "[I]f a trustee is appointed, the debtor is no longer a debtor in possession and can not act as a representative of the estate. When a chapter 11 trustee is appointed, the appointment short-circuits the prebankruptcy chain of command and transfers management functions to the trustee." *In re Nilhan Devs., LLC*, 631 B.R. 507, 536 (Bankr. N.D. Ga. 2021). In other words, when the Court appointed the Trustee, the Debtor was "completely ousted and retain[s] no management powers." *Id.* (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352-53 (1986); *Hillis Motors v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993); H.R. Rep. 95-595, 95th Cong., 1st Sess. 220–221 (1977).). If the Debtor renews its objection to FLG's fees at the final fee application stage, it will need to explain why it has the ability to do so notwithstanding the Trustee's appointment.

Turning to the merits of the Objection and assuming without deciding that the Debtor has standing, none of the issues raised in the Objection are a basis to deny interim approval of FLG's fees. The operating reports filed in this case show that even with the payment of FLG's fees there will be more than enough cash on hand to cover many more months of disbursements[1] at historical levels. And, with the recent relocation of the majority of the animals, future disbursements should decrease. So, immediate payment does not put the estate at any imminent or even mid-term risk of running out of funds. Likewise, it is not at all uncommon for a Chapter 11 case to end up in a liquidation, and so fees related to liquidating activities are not automatically disallowed as the Debtor seems to suggest. The balance of the Debtor's objections are various reasons the Debtor contends the Court should defer authorizing payment of some or all of the fees pending the Trustee's accounting. Those arguments are unavailing, and it appears the Debtor misunderstands the purpose of an interim fee application.

The Objection calls into question whether certain fees and expenses were reasonable, necessary, and conferred a benefit on the estate, and on that basis argues they should not be paid at this time. Specifically, the Debtor claims that "before fees connected to San Diego Humane Society ["SDHS"] coordination, animal turnover, property access, operations, possession, or sale activity are paid" FLG should explain "how the continued presence [of SDHS] preserves or

---

[1] In May 2026, the Trustee reported disbursements totaling only $16,382. ECF No. 181 at 2. The Objection itself cites cash on hand totaling $257,993.45. ECF No. 179 at 6.

Signed by Judge J Barrett Marum June 17, 2026

Page 3   ORDER GRANTING FINANCIAL LAW GROUP'S FIRST INTERIM APPLICATION FOR
AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
ATTORNEYS FOR TRUSTEE

In re Villa Chardonnay Horses With Wings, Inc.                                    Case No. 25-04245-JBM11

increases estate value." ECF No. 179 at 4-5. The Court could not disagree more with this statement's implication that FLG's fees with respect to the animals' turnover to SDHS did not benefit the estate on the record currently before the Court.

When the Court granted the Emergency Motion for Approval of Stipulation Regarding Immediate Turnover of Animals to SDHS (ECF No. 159), it did so in part based on a warrant the Court reviewed that indicated serious ongoing harms afflicting the animals on the property. As the Court observed, many if not all those animals were property of the estate and the warrant directed those animals to be seized for the exact purpose of their preservation (here, their health and safety). ECF No. 159 at 2. The Court also heard testimony from SDHS Officer Jace Huggins during the hearing on the Trustee's Motion to Advance Trial on the Merits and Consolidate With the Preliminary Injunction and Issuance of a Preliminary Injunction in a related adversary case. Case No. 26-90029-JBM at ECF No. 29. "That testimony included concerns regarding hoarding and overall damage to the real estate." *Id.* at 3. In addition, Officer Huggins highlighted ongoing threats to the animals. There is no credible evidence before the Court that SDHS has acted with anything but the animals' protection and care in mind, and thus the preservation of estate property. It is clear to the Court that the Trustee reasonably cooperated with SDHS when it served the warrant and to coordinate SDHS's next steps. And so long as animals remain on the estate's real property, SDHS's continued presence on the property is logical.

For purposes of the Application, the Court is satisfied that FLG's fees overall were reasonable, necessary and that they have conferred a benefit upon the estate. The Court will therefore **GRANT** the Application on an interim basis in the amount of $120,143 for fees and $1,921.14 in expenses. The Court authorizes immediate payment of these amounts. As is the case with all interim fee awards, these amounts remain subject to final approval and disgorgement.

**IT IS SO ORDERED.**

Signed by Judge J Barrett Marum June 17, 2026