# EXHIBIT H

BA20250698449



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CA NONPROFIT CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: BA20250698449

Date Filed: 4/2/2025

| Entity Details | |
|---|---|
| Corporation Name | VILLA CHARDONNAY-HORSES WITH WINGS |
| Entity No. | 3119436 |
| Formed In | CALIFORNIA |

| Street Address of California Principal Office of Corporation | |
|---|---|
| Street Address of California Office | 4554 BOULDER CREEK ROAD
JULIAN, CA 92036 |

| Mailing Address of Corporation | |
|---|---|
| Mailing Address | PO BOX 1000
JULIAN, CA 92036 |
| Attention | |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| MERCEDES FLORES | PO BOX 1000
JULIAN, CA 92036 | Secretary |
| MONIKA KERBER | PO BOX 1000
JULIAN, CA 92036 | Chief Executive Officer |
| ⊞ Lauro Magno De La Garza | PO BOX 1000
4554 BOULDER CREEK RD
JULIAN, CA 92036 | Chief Financial Officer |

☒ The entity's bylaws allow the CEO (President) to be the Secretary or CFO (Treasurer).

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

| Agent for Service of Process | |
|---|---|
| Agent Name | MERCEDES FLORES |
| Agent Address | 4554 BOULDER CREEK RD
JULIAN, CA 92036 |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Electronic Signature**

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*MERCEDES FLORES, Secretary*          04/02/2025

Signature                                              Date

B3575-5568 04/02/2025 3:34 PM Received by California Secretary of State

# EXHIBIT I

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of California**

Case number (if known): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's name** | Villa Chardonnay Horses With Wings, Inc. |
| **2. All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as names* | |
| **3. Debtor's federal Employer Identification Number (EIN)** | 2 7 – 0 6 6 6 6 2 4 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| | Po Box 1000 |
| 4554 Boulder Creek Rd <br> Number   Street | Number   Street |
| Julian, CA 92036 <br> City   State   ZIP Code | Julian, CA 92036-1000 <br> City   State   ZIP Code |
| San Diego <br> County | Location of principal assets, if different from principal place of business <br><br> Number   Street <br><br> City   State   ZIP Code |

| | |
|---|---|
| **5. Debtor's website (URL)** | www.villachardonnay.org |
| **6. Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☑ Other. Specify:   **Non-Profit** |

# EXHIBIT J



**UNITED STATES POSTAL SERVICE**

600 LINCOLN AVE
PASADENA CA 91109-5601

## OFFICIAL CHANGE-OF-ADDRESS VALIDATION

The Postal Service has received a Change-of-Address order asking us to forward mail from this address for **VILLA CHARDONNAY HORSES WITH WINGS**. For security reasons, your new address is not included in this correspondence.

The Postal Service utilizes two-factor authentication to verify Change-of-Address requests. The purpose of this notification is to provide an additional opportunity to confirm this request to forward mail is correct.

If you are not **VILLA CHARDONNAY HORSES WITH WINGS** no further action is

If the person listed did not ask the Postal Service to forward their mail, please dispute this Change-of-Address:

- Visit managemymove.usps.com/mgoc/disputes and enter this key:
  **2500551818457**

- OR call 1-800-ASK-USPS (1-800-275-8777)

It is important that we work together to ensure proper mail delivery. Please notify your correspondents of your new address. If you are the current resident, and you continue to receive mail for the person above, please return the mail to your Post Office.

If you do not speak English, or do not understand this notice, please take it with you to your local Post Office for assistance.
Si usted no habla Ingles o no comprende esta carta, favor de llevar esta carta a su oficina local de correo para ayuda.

First-Class Mail
Postage & Fees
**PAID**
USPS
Permit No. G–10

The Postal Service has received a Change-of-Address order asking us to forward mail *from* the following address for:



\*\*\*\*\*\*\*\*AUTO\*\*ALL FOR AADC 920
1042  00000004    00011693   T   000012   00000025

**CURRENT RESIDENT OR**

VILLA CHARDONNAY HORSES WITH WINGS
PO BOX 1000
JULIAN CA 92036-1000

As required by law, the Postal Service does not provide customer names or addresses to third parties.

 

MVL-062026

# EXHIBIT K





# EXHIBIT L

# Notice of Unfounded Allegation and Improper Escalation

From: Monika Kerber monika@villachardonnay.org

To: Maurice, Vaughn vaughn.maurice@sdcounty.ca.gov

Date: Wed, Jan 28, 2026, 4:01PM

Downed horse at Villa Chardonnay.jpg 700 KB

Dear Vaughn,

I attempted to reach you by phone earlier this morning and left a voicemail; I am following up in writing to ensure this information is properly documented.

We wanted to formally document our concern regarding a recent allegation relayed to us through the U.S. Trustee's Office asserting that a horse at Villa Chardonnay was "down for three days," that care was not being provided, and that access was denied.

As you know from your prior involvement and direct familiarity with this property, this allegation is not valid and mirrors the same pattern of unfounded claims that have been raised repeatedly over the years and determined to be unsupported.

Based on the information conveyed to us, the claim appears to rely on a single observation captured via third-party drone imagery. A horse lying down at a moment in time is normal behavior and does not indicate distress or neglect, and there has been no instance of a horse being down continuously for multiple days. The animal referenced is visible from the public roadway.

For clarity, we have attached the same image that was forwarded to the Trustee, solely to identify the basis of the allegation being circulated, not as evidence of animal condition or welfare.

What is particularly concerning is that this allegation appears to have been elevated outside of the usual DAS channels. To our knowledge, we were not contacted by your office regarding this matter prior to its escalation, which suggests the information may have been routed around established processes rather than evaluated through them.

As you are well aware, reliance on unverified third-party drone imagery raises serious reliability and privacy concerns and is not an appropriate basis for animal welfare determinations without independent, lawful verification. Given the extensive prior DAS involvement at this property—including significant on-site time with no findings—continued escalation of re-packaged claims based on speculative observations is troubling.

This manner of allegation is also consistent with prior conduct we are aware of, in which similar drone-based claims have been raised against other properties without substantiation. At this point, these reports can no longer reasonably be viewed as good-faith welfare concerns.

1 / 2

We are bringing this to your attention because of your familiarity with the facts and your prior diligence in addressing these matters appropriately. We trust this will be viewed in that context.

Sincerely,



This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. You cannot use or forward any attachments in the email. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Villa Chardonnay Horses with Wings, Inc. www.villachardonnay.org

# EXHIBIT M



**Jace** >
Text SMS
Mon, Apr 27 at 5:47 PM

This is Jace with the humane society.
My email is jhuggins@sdhumane.org

Mon, Apr 27 at 7:45 PM



Here is Cassie Hamilton veterinarian of animal control. I sent video to Jeff. I stated on video the date and that it was the SIXTH visit from animal control.



# EXHIBIT N

Case 25-04245-JBM11    Filed 06/25/26    Entered 06/25/26 12:05:59    Doc 201-3    Pg. 15 of 22

# Background Event Chronology

Event Number: E10699153



| Date | Time | Term | Operator | Action |
|---|---|---|---|---|
| 06/06/26 | 16:50:41 | nrr | 107882 | EVENT CREATED: [LOCATION] 4554 BOULDER CREEK RD [AREA] JUL [XST] EAGLE PEAK RD / PINE HILLS RD ███████████████████ ███████████ [SOURCE] ADMIN ███████████ , TBPAGE: 1155 , TBGRID: G4 Agency= SHERIFF  Dispatch Group: RURD  Beat: 82R ,  Status= A  Priority: 4 0 ,  Hold Type= 0 ,  Current= F ,  Open Current= F  Event:  422 - CRIMINAL THREATS [4] SUPP INFO CREATED: PERSO: Name: ████████████ Race: W Sex: F Height: 505 Hair: BLK Age: 48 ,Purpose= C |
| 06/06/26 | 16:50:41 | if02 | 107882 | COMMENT ADDED: ** PER search completed at 06/06/26 16:50:41 |
| 06/06/26 | 16:50:41 | nrr | 107882 | RP WAS MADE AWARE OF THREATS VIA FACEBOOK - ███████████ ARE ON SCENE CURRENTLY SHELTERING IN PLACE ... THE LOC IS A 40 ACRE PROP AND THE FEM THAT MADE THE THREAT ██████████ ████ .... SHE SHOULD BE ███████ IN THE HOUSE .... ██████████ ARE ON THE TAIL END OF THE PROPERTY AND A SECURITY GUARD IS AT THE FRONT GATE FEM IS IN THE PROCESS OF ████████ ... ██████████ HORSES ON 5.1 UNK HBD/115/WPNS THERE IS A BACK GATE TO ACCESS - RP WILL LET DEP IN THAT WAY - 4700 - 4702 BOULDER CREEK RD IS ADDRESS FOR THE BACK GATE NFD |
| 06/06/26 | 16:50:42 | if02 | 107882 | COMMENT ADDED: ** LOI search completed at 06/06/26 16:50:42 |
| 06/06/26 | 16:51:20 | rurd | 106090 | [UNIT]  82R1  DP ,  Location= 4554 BOULDER CREEK RD JUL ,   105137 |
| 06/06/26 | 16:51:22 | rurd | 106090 | [UNIT]  82R3  DP ,  Location= 4554 BOULDER CREEK RD JUL ,   100298 |
| 06/06/26 | 16:52:37 | rurd | 106090 | [UNIT]  82R3  ER ,  Location= 4554 BOULDER CREEK RD JUL ,   100298 |

6/12/2026 9:41:35 AM

Event_Chronology

Case 25-04245-JBM11    Filed 06/25/26    Entered 06/25/26 12:05:59    Doc 201-3    Pg. 16 of 22

| Date | Time | Term | Operator | Action |
|------|------|------|----------|--------|
| | | | | [UNIT]  82R1  ER ,  Location= 4554 BOULDER CREEK RD JUL ,   105137 |
| 06/06/26 | 17:15:29 | rurd | 106090 | [UNIT]  82R1  ON ,  Location= 4554 BOULDER CREEK RD JUL ,   105137 |
| | | | | [UNIT]  82R3  ON ,  Location= 4554 BOULDER CREEK RD JUL ,   100298 |
| 06/06/26 | 17:25:29 | rurd | 106090 | [UNIT]  82R3  A ,  Location= 4554 BOULDER CREEK RD JUL ,   100298 |
| | | | | [UNIT]  82R1  A ,  Location= 4554 BOULDER CREEK RD JUL ,   105137 |
| 06/06/26 | 17:27:22 | rurd | 106090 | [UNIT]  82R1  UC ,  C4 - Alarm Timer Extended: 20 ,  Location= 4554 BOULDER CREEK RD JUL ,   105137 |
| | | | | COMMENT ADDED: C4 - Alarm Timer Extended: 20 |
| 06/06/26 | 17:27:23 | rurd | 106090 | [UNIT]  82R3  UC ,  Alarm Timer Extended: 0 ,  Location= 4554 BOULDER CREEK RD JUL ,   100298 |
| | | | | COMMENT ADDED: Alarm Timer Extended: 0 |
| 06/06/26 | 17:33:57 | $82R1 | 105137 | COMMENT ADDED: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮ ▮▮▮ |
| 06/06/26 | 17:34:45 | $82R1 | 105137 | COMMENT ADDED: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮ |
| 06/06/26 | 17:37:13 | rurd | 106090 | COMMENT ADDED: 82R1 -- ▮▮▮▮▮▮▮▮ |
| 06/06/26 | 17:37:14 | rurd | 106090 | [UNIT]  82R1  EC ,  82R1 -- ▮▮▮▮▮▮ , Location= 4554 BOULDER CREEK RD JUL ,   105137 |
| 06/06/26 | 17:44:39 | $82R1 | 105137 | COMMENT ADDED: ▮▮▮▮▮▮▮▮▮ . |
| 06/06/26 | 17:46:19 | $82R1 | 105137 | Agency= SHERIFF   Dispatch Group: RURD   Beat: 82R ,   Status= A   Priority: 4 0 ,   Hold Type= 0   Primary Unit: 82R1   Primary ID: 105137 ,   Current= F ,   Open Current= F   Event:  422 - CRIMINAL THREATS [4] |
| | | | | [UNIT]  82R1  AM , ▮▮▮▮▮▮▮▮▮▮ ▮▮▮ ,   105137 |
| | | | | [DISPO]  UF |
| | | | | COMMENT ADDED: ▮▮▮▮▮▮▮▮▮▮ |
| 06/06/26 | 17:50:46 | $82R3 | 100298 | Agency= SHERIFF   Dispatch Group: RURD   Beat: 82R ,   Status= A   Priority: 4 0 ,   Hold Type= 0   Primary Unit: 82R1   Primary ID: 105137 ,   Current= T ,   Open Current= F   Event:  422 - CRIMINAL THREATS [4] |
| | | | | [UNIT]  82R3  AM ,   100298 |
| 06/07/26 | 09:04:50 | rurd | 105428 | CROSS REFERENCED TO EVENT= E10700095 |
| | | | | COMMENT ADDED: ** Cross Referenced to Event # E10700095 at: 06/07/26 09:04:50 |
| | | | | ** >>>> by: SUMMER BERNARD on terminal: rurd |

# EXHIBIT O

From:  **Leslie Gladstone** leslieg@flgsd.com

Subject:  Re: FORMAL 24-HOUR DEMAND AND NOTICE OF UST OVERSIGHT ISSUE: Payoff Information Being Withheld Before June 29 Carve-Out/Sale Matter

Date:  June 23, 2026 at 12:08:39 AM

To:  **Mercedes Flores** mercedesflores@me.com

Cc:  **Haeji.Hong@usdoj.gov** Haeji.Hong@usdoj.gov, **Monika** monika@villachardonnay.org, **Thomas Nissan** info@nissanthomaslaw.com

---

Adding Mr Thomas as cc since you have included Ms Perez

## LESLIE T. GLADSTONE
leslieg@flgsd.com

Direct (858) 294-0220

> On Jun 23, 2026, at 9:06 AM, Leslie Gladstone <leslieg@flgsd.com> wrote:
>
> Ms. Flores,
> I am not in possession of the information you seek and do not understand the urgency you claim.
>
> Once you and Monika have vacated the property, the property will be deeply cleaned and repaired so that it may be listed for sale. At that point in time, a motion will be filed to apprise all creditors and parties in interest of relevant information in connection therewith and the terms for purchase the property will be contained therein as will the information on the various liens against the property.
>
> Please advise immediately as to whether you will be voluntarily moving off the property or whether you intend to require the marshal to remove you. It is only after this step is accomplished that any payoffs would be provided for the sale.
>
> Thank you.
>
> ## LESLIE T. GLADSTONE

[leslieg@flgsd.com](mailto:leslieg@flgsd.com)

Direct (858) 294-0220

On Jun 22, 2026, at 9:40 PM, Mercedes Flores <mercedesflores@me.com> wrote:

Dear Ms. Gladstone and Ms. Hong:

This is a formal 24-hour demand and notice of an immediate U.S. Trustee oversight issue.

Complete payoff information and escrow instructions are being requested so that secured liens may be satisfied through escrow, estate property may be preserved, and unnecessary sale, carve-out, eviction, liquidation, turnover, transfer, or further estate harm may be avoided.

Escrow is open for the purpose of payoff. A payoff path exists. The estate should not be forced toward sale, carve-out, or liquidation while the Trustee withholds, delays, controls, or refuses to provide the very payoff information necessary to avoid that outcome.

I write as Mercedes Flores, Secretary/officer of Villa Chardonnay Horses With Wings, Inc., agent/service contact, custodian and affected individual, defendant in the related adversary proceeding, and party in interest. I am not writing as counsel for the Debtor. I am requesting estate-administration information in my capacity as an officer and party in interest.

This request is especially urgent because a carve-out/sale-related matter is pending for June 29, 2026. The timing matters. If payoff information is withheld now, the withholding itself may manufacture the claimed need for the carve-out/sale-related relief. That would be unacceptable and prejudicial.

This should not require emergency motion practice. Payoff information is basic estate-administration information. If the Trustee contends that parties in interest must file an emergency motion simply to obtain lien payoff figures, per-diem interest, escrow instructions, and the amounts the Trustee claims must be paid, then please state that position in writing and identify the legal authority for it.

The statutory basis is clear.

Under 11 U.S.C. § 704(a)(7), unless the Court orders otherwise, a trustee must furnish information concerning the estate and the estate's administration as

requested by a party in interest. Payoff figures, lien balances, per-diem interest, escrow instructions, secured-creditor contact information, and trustee-claimed charges are estate-administration information. This is not optional courtesy information. It is information necessary to preserve estate property. (U.S. Code)

Under 11 U.S.C. § 1106(a)(1), a Chapter 11 trustee must perform specified duties of a trustee, including the incorporated duty under § 704(a)(7). (US Code)

Under 11 U.S.C. § 1109(b), parties in interest may raise and appear and be heard on any issue in a Chapter 11 case. That includes payoff, lien satisfaction, estate preservation, carve-out issues, sale alternatives, accounting, and trustee conduct. (Legal Information Institute)

Under 28 U.S.C. § 586, the U.S. Trustee has statutory duties concerning Chapter 11 case administration and trustee oversight. The U.S. Trustee's Office is therefore being placed on notice that a trustee under its oversight is being asked to provide basic estate-administration payoff information necessary to preserve property before a pending carve-out/sale-related deadline or hearing. (Legal Information Institute)

The constitutional issue is equally clear. The Fifth Amendment protects against deprivation of property without due process of law. California Constitution Article I, section 7 also protects against deprivation of property without due process. Due process requires a meaningful opportunity to protect property interests before they are lost. A "meaningful opportunity" does not exist if the Trustee controls the sale/carve-out process while withholding the payoff information necessary to satisfy liens and preserve the property.

Please provide, within 24 hours of this email, all of the following:

1. The complete payoff amount for each secured lienholder;
2. The current principal, interest, default interest, late fees, legal fees, trustee-claimed amounts, and per-diem interest for each lien;
3. The name, address, email, and telephone number for each secured creditor or creditor's counsel authorized to issue payoff demands;
4. Written escrow, title, wire, and payment instructions for each payoff;
5. Any amount the Trustee contends must be paid to the estate or through the Trustee before payoff can occur;
6. The legal basis for any position that payoff funds must be routed through the Trustee rather than through escrow/title directly to secured lienholders;
7. A complete accounting of all trustee fees, professional fees, consultant fees, security fees, animal-transfer charges, administrative expenses, and any other charges the Trustee contends must be paid;
8. All communications with secured creditors, escrow, title, brokers, lenders, consultants, sale professionals, or other third parties concerning payoff, sale,

foreclosure, liquidation, carve-out, refusal to issue payoff information, or any instruction that payoff communications be routed only through the Trustee.

Please also confirm, in writing, that the Trustee has not instructed and will not instruct secured creditors, escrow, title, lenders, brokers, consultants, or any other party to withhold payoff information, delay payoff information, refuse to communicate with escrow/title, or route all payoff communications exclusively through the Trustee unless the Trustee identifies the specific Bankruptcy Code provision, Court order, or other legal authority authorizing that restriction.

If the Trustee refuses, delays, conditions, or obstructs disclosure of payoff information, please state that refusal in writing. Silence, delay, or refusal will be treated as evidence that the Trustee is obstructing estate preservation, impairing due process, and forcing a sale/carve-out pathway that payoff efforts are intended to avoid.

The Trustee cannot use control over estate information to create the appearance that sale, carve-out, liquidation, or further control is necessary. If secured liens can be paid through escrow, then withholding payoff information is not neutral administration. It is interference with the preservation of estate property.

The U.S. Trustee's Office is respectfully requested to act immediately. This is not an issue that should require parties in interest to run to court for basic payoff information. If the U.S. Trustee's Office does not require prompt disclosure, then affected parties will place this issue before the Bankruptcy Court and, if necessary, seek further supervisory, appellate, constitutional, and administrative review.

If complete payoff information and escrow instructions are not provided within 24 hours, affected parties reserve all rights to seek emergency relief, including but not limited to:

1. An order compelling immediate disclosure of payoff information;
2. An order authorizing direct escrow/title communications with secured lienholders;
3. An order authorizing payoff through escrow/title without unnecessary Trustee interference;
4. A stay or continuance of the June 29, 2026 carve-out/sale-related matter;
5. A stay of sale, eviction, turnover, liquidation, transfer, or property-control activity pending payoff disclosure and hearing;
6. A complete accounting of estate funds, trustee fees, professional fees, security charges, consultant charges, animal-transfer charges, and administrative expenses;

7. An order to show cause regarding obstruction of estate preservation and withholding of estate-administration information;
8. Surcharge or other appropriate relief for estate harm caused by delay, obstruction, or unnecessary administrative expense;
9. Trustee removal for cause under 11 U.S.C. § 324(a);
10. Review by appropriate U.S. Trustee Program supervisory personnel;
11. Any other relief necessary to protect due process, estate property, parties in interest, and the integrity of the bankruptcy process.

To be clear: the issue is not whether parties may ultimately need Court approval for certain relief. The issue is that payoff information itself should not be withheld, delayed, or used as leverage. The Trustee has a statutory duty to furnish estate-administration information requested by parties in interest unless the Court orders otherwise.

Nothing in this correspondence waives any rights, remedies, claims, defenses, objections, constitutional rights, due process objections, appellate rights, rights as a party in interest, rights as an officer/Secretary of Villa Chardonnay Horses With Wings, Inc., rights in the related adversary proceeding, rights concerning notice/service defects, or rights to seek emergency relief from the Bankruptcy Court.

Please provide the requested payoff information and escrow instructions within 24 hours.

Respectfully,

Mercedes Flores
Secretary/officer, Villa Chardonnay Horses With Wings, Inc.
Agent/service contact
Custodian and affected individual
Defendant in related adversary proceeding
Party in interest