Matthew Sirolly, SBN 239984
STATE OF CALIFORNIA
LABOR COMMISSIONER'S OFFICE
320 w. 4th Street, Suite 600
Los Angeles, CA 90013
Telephone No.  (213) 897-1511
Facsimile No.  (213) 897-2877
E-mail:  msirolly@dir.ca.gov

Attorney for Creditor,
Labor Commissioner of the State of Cal.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# SAN DIEGO DIVISION

| | |
|---|---|
| In re | CASE NO. 25-04245-JBM11 |
| VILLA CHARDONNAY HORSES WITH WINGS, INC., | CHAPTER:    11 |
| Debtor. | **CREDITOR LABOR COMMISSIONER'S RESPONSE TO TRUSTEE'S NOTICE OF INTENDED ACTION AND STIPULATION RE: CARVE-OUT FROM SBA; DECLARATION OF MATTHEW SIROLLY; EXHIBIT A** |

**Labor Commissioner's Response to Notice of Intended Action and Stipulation**

Secured Creditor Labor Commissioner of the State of California ("Labor Commissioner") files this response to the Trustee's Notice of Intended Action and Stipulation re Carve Out with the U.S. Small Business Administration ("SBA") to clarify the record. Labor Commissioner does not object to the Notice of Intended Action and Stipulation between the Trustee and SBA to the extent that it creates a carve-out from the SBA's secured claim. Labor Commissioner agrees that this is in the best interests of creditors.

However, the Stipulation between the Notice of Intended Action and Stipulation

1

inaccurately recites the lien priorities and interests of the Labor Commissioner and the workers whose interest the Labor Commissioner represents in this proceeding. Specifically, the Notice of Intended Action and Stipulation omit two Labor Commissioner wage liens that have priority over the SBA's deed of trust, lists another wage lien twice, and erroneously states that the Labor Commissioner's liens are redundant. The Labor Commissioner files this response to correct the record and avoid any ambiguity.

### Labor Commissioner Liens

On October 28, 2020, the Labor Commissioner recorded five liens for unpaid wages in San Diego County, in favor of five of Debtor's former employees: Santos Figueroa, Raul Garcia, Benjamin Moreno, Santos Rodriguez, and Elias Villafuerte-Rubio. *See* Exh. A at 2-23. These liens attached to all of Debtor's real property interests in San Diego County. *See* Cal. Lab. Code § 98.2(g). The Labor Commissioner has standing to collect the amounts owed under these liens both as an assignee of the workers' judgments and by operation of the law. *See* Cal. Lab. Code §§ 96.7, 98.3.

In January of 2022, more than a year after the Labor Commissioner's first five wage liens were recorded in San Diego County, the SBA recorded a deed of trust. *See* SBA Proof of Claim at 48 (Claim # 12-1).  The SBA's deed of trust is thus junior to the Labor Commissioner's first five wage liens.

After the SBA recorded its deed of trust, the Labor Commissioner recorded three more liens in San Diego. On June 2, 2022, Labor Commissioner recorded an abstract of judgment in San Diego County for penalties and damages arising from Debtor's illegal retaliation against Santos Rodriguez. Exh. A at 23. This lien is not redundant with Mr. Rodriguez's wage lien. Decl. of M. Sirolly ¶ 5. This lien represents a separate debt owed to the Labor Commissioner and Mr. Rodriguez for damages arising from Debtor's illegal retaliation. *Id*. On May 1, 2024, the Labor Commissioner recorded two liens for unpaid wages owed to Andres Sandoval and Rey Velazquez. Exh. A at 26 to 33.

None of these eight liens that the Labor Commissioner recorded against Debtor in San Diego County are redundant. Decl. of M Sirolly ¶ 7; *see also* Exhibit A (itemizing the liens and

2

showing the different case numbers and headings on each lien). Each of the Labor Commissioner's eight liens—including the five that take priority over the SBA's deed of trust—represents distinct debts for wages, penalties, and damages. *Id.*

**Errors in the Trustee's Notice of Intended Action and Stipulation with the SBA**

The Trustee's Notice of Intended Action and Stipulation for a Carve-Out omit the wage liens of Santos Figueroa and Santos Rodriguez and erroneously lists Elias Villafuerte-Rubio's lien twice[1]. *See* Notice of Intended Action and Stip. at 2, 17. The Notice of Intended Action and Stipulation also erroneously states that the Labor Commissioner's and workers' liens are redundant. *Id.* at 2, 17.

The Notice of Intended Action and Stipulation indicates, likely unintentionally, that the Trustee intends to use this erroneous accounting of lien priorities when paying out senior lien holders. Notice of Intended Action and Stip. 3. However, the SBA and the Trustee have no power to stipulate to strip the Labor Commissioners' and workers' liens or reorder the priority of those liens. Moreover, those issues are properly before the Court at this time. On June 22, the Labor Commissioner's counsel spoke to counsel for trustee Christin Batt, who agreed that the lien priorities of the workers and the Labor Commissioner were not intended to be determined by Notice of Intended Action and Stipulation for a Carve-Out with the SBA. Decl. of M. Sirolly ¶ 8. Thus, the Labor Commissioner believes that the Notice of Intended Action and Stipulation does not, and is not intended to, determine the rights of secured creditors other than the SBA.

//
//
//
//
//
//

---

[1] The Notice of Intended Action and Stipulation list two liens for Mr. Villafuerte-Rubio with two different recording numbers: 2020-0664245 and 2020-0664246. However, lien 2020-0664246 is a lien against Debtor's principal Monica Kerber, not Debtor, and thus irrelevant to the sale of Debtor's property.

Labor Commissioner's Response to NIA re Stipulation with SBA
*In re Villa Chardonnay Horses with Wings, Inc. (Case No. 25-04245)*

If the Trustee intends to rely on the Notice of Intended Action to fix lien priorities or amount for lienholders senior to the SBA, the Labor Commissioner requests that a hearing be set on matter and that the Labor Commissioner be provided with an opportunity to demonstrate that the five wage liens record in October of 2020 must be paid in full, including accrued interest, before any payments are made to the SBA or the Estate.

STATE OF CALIFORNIA LABOR COMMISSIONER'S OFFICE

_____

Matthew Sirolly
Attorney for Creditor,
Labor Commissioner of the State of California

4