Nissan Thomas, Esq. (SBN 250273)
Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048
Telephone: (424) 781-7653
Email: info@nissanthomaslaw.com

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re:
VILLA CHARDONNAY HORSES WITH WINGS, INC.,
Debtor

LESLIE T. GLADSTONE,
Chapter 11 Trustee,

CASE NO.: 25-04245-JBM11

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO REMOVE TRUSTEE; TO STAY, VACATE, OR MODIFY TURNOVER; AND TO PRESERVE ANIMALS, PROPERTY, AND EVIDENCE

Date: August 26, 2026
Time: 10:00AM
Place: Dept. 2, room 118
Judge: Hon J. Barret Marum

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO

REMOVE TRUSTEE AND VACATE, STAY, OR MODIFY TURNOVER ORDER

TO THE HONORABLE J. BARRETT MARUM, UNITED STATES BANKRUPTCY JUDGE:

Villa Chardonnay Horses With Wings, Inc. and Monika Kerber Perez, by and through

undersigned counsel, respectfully request that the Court take judicial notice under Federal Rule

of Evidence 201, made applicable by Federal Rule of Bankruptcy Procedure 9017, of the court

records, docket entries, certificates of notice, proofs of service, governmental records, public

records, and official records identified below.

REQUEST FOR JUDICIAL NOTICE

This Request is submitted in support of the Emergency Motion to Remove Trustee and Vacate, Stay, or Modify Turnover Order.

I. LIMITED PURPOSE OF REQUEST

The Requesting Parties do not ask the Court to judicially notice the truth of every disputed factual assertion contained in the records. Rather, the Requesting Parties ask the Court to take judicial notice of the existence of the records, the dates they were filed or entered, the addresses and service methods shown, the persons listed or omitted as notice recipients, the relief requested or granted, the representations made to the Court, and the procedural history reflected by those records.

These records are relevant because they show material inconsistencies in address and service records across the main bankruptcy case, the related adversary proceeding, and Monika Kerber Perez's individual bankruptcy case. They also show that animal care, veterinary access, food, funding, preservation, and related issues were already before the Court before the May 1, 2026 emergency turnover order was entered.

II. SUMMARY OF ADDRESS AND SERVICE ISSUE

The Court's records reflect three different addresses used for the same related parties and the same bankruptcy dispute:

1. P.O. Box 1000, Julian, California 92036-1000;

2. 4554 Boulder Creek Road, Julian, California 92036; and

3. 4430 Boulder Creek Road, Julian, California 92036.

The main bankruptcy case repeatedly used P.O. Box 1000 as the Debtor's mailing address. Monika Kerber Perez's individual bankruptcy also used P.O. Box 1000, and one stay-relief notice in that case served all three addresses. But in the adversary proceeding, service shifted

REQUEST FOR JUDICIAL NOTICE

between 4430, 4554, electronic notice, NEF-only service, and alleged electronic service "with consent."

This inconsistency is central to due process because the Trustee sought and obtained emergency relief affecting animals, estate property, possession, access, records, personal property, evidence, and constitutional rights.

III. RECORDS FOR WHICH JUDICIAL NOTICE IS REQUESTED

The Requesting Parties request judicial notice of the following records.

A. Main Bankruptcy Case Records

In re Villa Chardonnay Horses With Wings, Inc., Case No. 25-04245-JBM11

1. Doc. 1 — Voluntary Petition. The petition identifies 4554 Boulder Creek Road as the Debtor's principal place of business and P.O. Box 1000, Julian, CA 92036-1000 as the Debtor's mailing address.

2. Docs. 72, 95, 105, 157, 160, and 183, including certificates of notice. These records show repeated main-case notice to the Debtor at P.O. Box 1000, including before and after the May 1, 2026 turnover proceedings.

3. Docs. 88-2, 89, and related Trustee appointment records. These records concern the appointment of Leslie T. Gladstone as Chapter 11 Trustee, the appointment process, and the Trustee's authority and duties.

4. Doc. 90 and related Attorney General / reinstatement records. These records concern California Attorney General probationary reinstatement and are relevant to continued corporate compliance, operation, administration, preservation, and animal-care issues.

REQUEST FOR JUDICIAL NOTICE

5.  Docs. 99-2, 109-3, 136-1, 150-1, and 156-2. These records reflect service through CM/ECF, NEF, electronic notice lists, counsel, or service-list methods. They are relevant to whether direct and meaningful notice was provided to affected parties.

6.  Docs. 105, 123, and post petition financing records, including records concerning approximately $400,000 in financing. These records are relevant because the Trustee represented that estate funds were needed or available for administration, preservation, animal care, food, and related estate needs.

7.  Doc. 152 April 2, 2026 veterinary-team stipulation, motion, declaration, and/or order. These records are relevant because veterinary access, animal review, animal-care procedures, and animal-related oversight were already before the Court before the May 1 turnover request. This order was limited and specific, unlike the later broad May 1 turnover relief.

8.  Doc. 154  April 6, 2026- Adversary Case-Trustee's emergency filing/stipulation regarding turnover and removal of animals by April 30, 2026

9.  Doc. 156-1 — Trustee turnover stipulation/proposed turnover documents involving San Diego Humane Society or related entities. This record is relevant to immediate turnover, custody, control, estate-property assertions, third-party control, and limitation or release of trustee liability.

10. Doc. 157 — Notice of May 1, 2026 emergency turnover hearing. This record set a same-day hearing on May 1, 2026 at 3:00 p.m. and is central to notice and due process.

11. Doc. 160 / Turnover Order. This record granted emergency turnover relief. Its certificate of notice reflects mailing to P.O. Box 1000 after entry of the order.

B. Adversary Proceeding Records

REQUEST FOR JUDICIAL NOTICE

Gladstone v. Kerber Perez et al., Adv. No. 26-90029-JBM

14. Adversary party listing. The adversary party listing identifies Monika Kerber Perez and Mercedes Flores as defendants at 4430 Boulder Creek Road, which conflicts with other records using 4554 and P.O. Box 1000.

15. Doc. 6. The return/proof of summons reflects personal service of the summons and complaint by leaving papers for both defendants at 4554 Boulder Creek Road, not 4430.

16. Docs. 13-3 and 14-3. These records concern service of Trustee TRO papers. The reviewed records show electronic/NEF service and alleged electronic service "with consent," including a record listing only monika@villachardonnay.org and no physical mailing address.

17. Docs. 20-3, 21-2, 39-1, 40-3, 46-1, and 47-1. These records reflect adversary service or notice using 4430 and/or alleged electronic service "with consent."

18. In addition, the Requesting Parties contend that mail connected to P.O. Box 1000 was forwarded or redirected to the Trustee's office at 5656 La Jolla Blvd., La Jolla, California 92037, further compounding the notice issue. To the extent this fact is disputed, it will be established through declarations, USPS-related records, exhibits, and/or testimony. The Court is requested to take judicial notice of the existence and contents of any filed records concerning the forwarding or redirection of mail, not the truth of disputed facts unless supported by official records whose accuracy cannot reasonably be questioned.

19. Doc. 22-1. This record concerns notice recipients for an order-shortening-time matter. The reviewed record shows only NEF recipients for Trustee-side counsel and does not clearly show mailed notice to Monika Kerber Perez or Mercedes Flores.

REQUEST FOR JUDICIAL NOTICE

20. Doc. 24-1. This record reflects attempted personal service at 4554 Boulder Creek Road, with copies left on a side-door porch by the garage. This conflicts with repeated use of 4430 in other adversary mailings.

These adversary records are relevant because they show shifting service between 4554, 4430, and alleged electronic service in proceedings affecting possession, occupancy, access, turnover, writs, enforcement, property rights, and the same animals and estate issues involved in the Emergency Motion.

C. Monika Kerber Perez Individual Bankruptcy Records

In re Monika Kerber Perez, Case No. 25-04318-JBM7

20. Debtor information page. This record lists Monika Kerber Perez at P.O. Box 1000, Julian, CA 92036-1000.

21. Doc. 51. This record reflects service of a stay-relief motion by first-class mail to Monika at three addresses: P.O. Box 1000, 4554 Boulder Creek Road, and 4430 Boulder Creek Road.

22. Doc. 52-1. This record reflects notice of the relief-from-stay order to Monika Kerber Perez at P.O. Box 1000.

These records are relevant because they show that all three possible addresses were known and used in Monika Kerber Perez's individual bankruptcy case. That makes later reliance on only one address, or alleged electronic service, material to due process.

D. Public, Governmental, and Related Records

23. California Secretary of State records for Villa Chardonnay Horses With Wings, Inc., including the Statement of Information filed on or about April 2, 2025. These records are

REQUEST FOR JUDICIAL NOTICE

relevant to corporate address information, mailing address, officers, and agent for service of process.

24. Public or governmental records reflecting the use of P.O. Box 1000 as the corporation's mailing address.

25. Recorded deeds, title records, property records, and governmental records concerning the Julian property.

26. Governmental inspection records, animal-care records, veterinary-related records, or public-agency records cited in or attached to the Emergency Motion.

27. Court records, notices, orders, proofs of service, and certificates of notice in related unlawful detainer, eviction, stay-relief, possession-related, or property-access proceedings cited in the Emergency Motion.

## IV. GROUNDS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits judicial notice of facts not subject to reasonable dispute because they are generally known within the Court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Courts may take judicial notice of their own dockets, pleadings, orders, notices, certificates of notice, proofs of service, and prior proceedings. Courts may also take judicial notice of public records and official governmental records, including corporate filings, title records, recorded documents, and official agency records.

The records identified above are proper subjects of judicial notice because they are court records, docket records, public records, governmental records, official corporate records, certificates of notice, proofs of service, or official records whose existence, dates, addresses, service methods,

REQUEST FOR JUDICIAL NOTICE

recipients, omissions, representations, and procedural significance can be accurately and readily determined.

V. DUE PROCESS AND EMERGENCY RELIEF SIGNIFICANCE

The judicially noticeable records show a material notice issue.

In the main bankruptcy case, the Debtor's petition and later notices repeatedly used P.O. Box 1000. In Monika Kerber Perez's individual bankruptcy case, records also used P.O. Box 1000, and one stay-relief notice served all three addresses: P.O. Box 1000, 4554, and 4430.

But in the adversary proceeding and emergency-related filings, service shifted repeatedly between 4430, 4554, and alleged email service. Some records reflect NEF/electronic notice. Some reflect mail to 4430 only. Some reflect attempted service at 4554. Some assert electronic service "with consent." Some notice-recipient records do not clearly show mailed notice to Monika Kerber Perez or Mercedes Flores.

This matters because emergency relief was sought and entered affecting animals, property, possession, access, control, and estate administration. The records show that address uncertainty existed, that all three possible addresses were known, and that the main bankruptcy case continued using P.O. Box 1000 while adversary records used different service methods and addresses.

The animal-care and funding records also matter. The Trustee had already represented to the Court that estate administration involved animal care, food, veterinary access, preservation, and financing. Records concerning the Attorney General/reinstatement filings, veterinary-team access, April 2 limited animal-related orders, April 27 animal observations, and postpetition financing are relevant to whether emergency turnover was necessary, whether less drastic relief

REQUEST FOR JUDICIAL NOTICE

was available, and whether the Court received a complete record before entering the Turnover Order.

## VI. MATTERS RESERVED FOR DECLARATION OR EVIDENTIARY HEARING

The Requesting Parties recognize that certain factual issues should be proven by declaration, exhibits, testimony, or evidentiary hearing, not judicial notice alone. These include:

1. whether USPS delivers mail to 4554 or 4430;

2. whether P.O. Box 1000 was the only reliable mailing address;

3. whether mail was forwarded, redirected, interrupted, or controlled;

4. whether Monika Kerber Perez or Mercedes Flores consented to electronic service;

5. whether affected parties received actual notice of emergency hearings or filings;

6. whether phones, computers, email, or communications were unavailable at critical times;

7. whether estate funds were available or represented as available for animal care, food, veterinary care, or preservation;

8. whether animal concerns were general emergencies or limited follow-up issues; and

9. whether prejudice resulted from the inconsistent address, service, funding, animal-care, and turnover practices.

The Requesting Parties seek judicial notice of what the records show. Disputed facts should be addressed through declarations, exhibits, testimony, and evidentiary hearing.

## VII. CONCLUSION

For the foregoing reasons, the Requesting Parties respectfully request that the Court take judicial notice of the records identified above and consider them in ruling on the Emergency Motion to Remove Trustee and Vacate, Stay, or Modify Turnover Order.

REQUEST FOR JUDICIAL NOTICE

The address and service records are not isolated technicalities. They show a material notice problem across related cases involving the same property, same animals, same estate, and same emergency relief. The animal-care, veterinary-access, funding, Attorney General, postpetition-financing, inspection, and turnover records are also material because they show that animal care and preservation were already before the Court before the May 1, 2026 turnover proceedings. The Court should consider these records in determining whether the Turnover Order should be stayed, vacated, modified, reconsidered, or set for evidentiary hearing.

DATED: June 28, 2026

Respectfully submitted,

LAW OFFICES OF NISSAN S. THOMAS

By: _____

NISSAN  THOMAS

Attorney for Villa Chardonnay Horses With Wings, Inc.

and Monika Kerber Perez, as applicable

REQUEST FOR JUDICIAL NOTICE