Paul Leeds, Esq. (Bar No. 214309)
pleeds@fsl.law
Meredith King, Esq. (Bar No. 280043)
mking@fsl.law
FRANKLIN SOTO LEEDS LLP
444 West C Street, Suite 300
San Diego, California 92101
Tel: 619.872.2520
Fax: 619.566.0221

*Attorneys for River Falls, LLC*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No: 25-04245-JBM11 |
|---|---|
| VILLA CHARDONNAY HORSES WITH WINGS, INC. | Chapter 11 |
| Debtor. | **RIVER FALLS, LLC'S RESPONSE AND OPPOSITION TO MOTION TO REMOVE CHAPTER 11 TRUSTEE; TO STAY, VACATE, OR MODIFY TURNOVER ORDERS FOR PRESERVATION ORDER** |
| | Case Filed: October 14, 2025 |
| | Date: August 26, 2026 |
| | Time: 10:00 a.m. |
| | Dept: 2 |
| | Judge: Hon. J. Barrett Marum |

Debtor-out-of-Possession Villa Chardonnay Horses With Wings, Inc. filed a motion (Doc 207 ("Motion")) requesting the Court issue an order under 11 U.S.C. § 324(a)[1] to remove Chapter 11 Trustee Leslie Gladstone ("Trustee") for cause, or

_____

[1] All statutory references herein are to Title 11 of the United States Code unless otherwise stated.

alternatively to suspend or limit her authority pending an emergency evidentiary hearing, and to "stay, vacate, modify, or clarify the May 1, 2026 turnover order and related property-control orders" under Fed. R. Bankr. P. 9024. In the Motion, Debtor asks for the "return, retrieval, preservation, and animal-by-animal accounting" of Debtor's animals, an accounting of estate funds, and appointment of a "neutral examiner, replacement trustee, or neutral animal-care/property fiduciary." Debtor's Motion further seeks, among other relief, an order requiring entities with an interest in Debtor's real property provide payoff demands and an Order staying: "any sale, auction, carve-out approval, lockout" or "liquidation activity, or irreversible sale-related action" until Debtor is provided an opportunity to, among other things, "cure[] or refinance."

Local Bankruptcy Rules ("LBR") require motions which must be served on all creditors with a hearing date be separately noticed, and on June 29, 2026, the Court issued a deficiency notice advising that a notice of hearing should have been filed with the Motion. However, if Debtor's Motion had been properly noticed and any opposition arguably would need to be filed 14 days after service of the notice of motion. River Falls, LLC ("River Falls"), by and through its undersigned counsel, accordingly and out of an abundance of caution, therefore files this opposition and reservation of rights ("Opposition").

## I.    The Merits of Debtor's Motion Should Not Be Considered Until It Is Properly Noticed

As a preliminary matter, River Falls notes that, given the wide-sweeping relief requested in Debtor's Motion, the Court should exercise its discretion to require strict adherence to local rules and the Court should not permit consideration on the merits of Debtor's Motion until it is properly noticed in accordance with applicable local rules. *In re Schlegel*, 526 B.R. 333, 339 (B.A.P. 9th Cir. 2015) (courts have broad discretion to interpret and enforce local rules); *see also* Trustee Status Rpt., July 9, 2026, Doc 217, pg. 4-5 (noting Trustee "vehemently opposes" the relief requested in Debtor's

Motion and is prepared to oppose once properly noticed). If (and/or when) the Motion is properly noticed, River Falls respectfully reserves it rights to file further evidence and argument in support of its Opposition.

## II.   Debtor's Motion Should Be Denied

In the event the Court is inclined to consider the merits of Debtor's Motion without further proceedings and notice, River Falls requests the Motion be denied. Debtor's Motion falls woefully short of establishing a legal or factual basis for the relief requested. Debtor fails to establish cause exists under § 324 to remove Trustee and does not provide any valid basis for reconsideration under Fed. R. Civ. P. 60(b), incorporated into bankruptcy under Fed. R. Bankr. P. 9024, of orders entered by this Court. "Cause" under § 324(a) requires evidence of trustee incompetence, violation of fiduciary duties, misconduct or failure to perform statutory duties, or lack of disinterestedness—not mere disagreement with Trustee's exercise of business judgment—and Debtor, as the party seeking removal, bears the burden of proving "specific facts" warranting that relief. *See In re Baroni*, 643 B.R. 253, 283-84 (Bankr. C.D. Cal. 2022) (citing *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 845 (9th Cir. 2008)).

Documents and papers on the record in this bankruptcy and the related adversary pending as Case No. 26-90029-JB ("Turnover Adversary")[2] clearly establish that, since her appointment (and consistent with her fiduciary duties owed to creditors and the estate), Trustee has at all times acted diligently and competently to administer the assets of the estate. All orders entered in the bankruptcy and Turnover Adversary referenced in Debtor's Motion were entered consistent with applicable bankruptcy law and with sufficient notice and due process afforded to all interested parties. Debtor's allegations concerning Trustee's administration of the estate, Trustee's handling of post-petition

---

[2] River Falls respectfully requests the Court take judicial notice of the court dockets for the above captioned bankruptcy and the Turnover Adversary and all the filings therein pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017.

financing, and Trustee's efforts to market and preserve estate property, at most, reflect disagreement with decisions squarely within Trustee's discretion. They do not establish cause. *Baroni*, 643 B.R. at 291 (quoting *In re Consol. Indus. Corp.*, 330 B.R. 712, 715 (Bankr. N.D. Ind. 2005)) ("[C]ause to remove a trustee cannot be found in actions that fall within the proper scope of the trustee's discretion.") (motion to remove trustee denied where it was determined to be a collateral attack on an order authorizing the sale of estate assets and "nothing more than criticism of the Trustee's business judgment"). Debtor's Motion, filed just days before trial in the Turnover Adversary, is an improper collateral attack on Trustee's efforts to liquidate assets for the benefit of creditors. River Falls therefore requests the Motion be denied.

## III. <u>Conclusion</u>

For the reasons set forth above, River Falls requests the Court decline to consider the merits of Debtor's Motion until it is properly noticed. Alternatively, in the event the Court is inclined to consider the merits of the Motion, River Falls requests it be denied.

Dated: July 10, 2026

Respectfully submitted,

FRANKLIN SOTO LEEDS LLP

By:  /s/ Meredith King
Meredith King, Esq.
Dylan A. Noceda, Esq.

*Attorneys for River Falls, LLC*