Nissan Thomas, Esq. (SBN 250273)
Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048
Telephone: (424) 781-7653
Email: info@nissanthomaslaw.com

FILED
2026 JUL 16 AM 9:43
CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:
VILLA CHARDONNAY HORSES WITH WINGS, INC.,
Debtor

LESLIE T. GLADSTONE,
Chapter 11 Trustee,

CASE NO.: 25-04245-JBM11

Adv No. 26-90029-JBM

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAH'S ARK OF VILLA TRUST TO INTERVENE AS AN INTERESTED PARTY; REQUEST FOR IMMEDIATE EMERGENCY HEARING; AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PRESERVING THE STATUS QUO PENDING CONSIDERATION OF PROPOSED PURCHASE TRANSACTION

Date: TBD
Time: TBD
Place:  Dept. 2, room 118
Judge: Hon J. Barret Marum

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAH'S ARK OF VILLA TRUST TO INTERVENE AS AN INTERESTED PARTY; REQUEST FOR IMMEDIATE EMERGENCY HEARING; AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PRESERVING THE STATUS QUO PENDING CONSIDERATION OF PROPOSED PURCHASE TRANSACTION

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

TO THE HONORABLE COURT, THE CHAPTER 11 TRUSTEE, THE UNITED STATES TRUSTEE, CREDITORS, AND ALL PARTIES IN INTEREST:

Monika Kerber Perez ("Ms. Kerber Perez"), by and through her counsel, respectfully joins in and supports the Emergency Motion of Noahs Ark of Villa Trust to Intervene as an Interested Party; Request for Immediate Emergency Hearing; and Application for Temporary Restraining Order and Preliminary Injunction Preserving the Status Quo Pending Consideration of Proposed Purchase Transaction ("Emergency Motion").

Ms. Kerber Perez further requests that the Court acknowledge that the pending California unlawful detainer action concerning possession and claimed tenant rights has not been removed to the Bankruptcy Court and remains pending before the California Superior Court.

Ms. Kerber Perez therefore requests that this Court preserve the status quo and refrain from making a final determination of the Trust's underlying state-law tenancy and right-to-possession claims before the Trust receives notice and a meaningful opportunity to be heard in the forum where those issues are presently pending.

I. JOINDER IN THE TRUST'S EMERGENCY MOTION

Ms. Kerber Perez joins in the Trust's Emergency Motion and incorporates its factual and legal grounds by reference as though fully set forth herein.

Ms. Kerber Perez supports intervention by Noahs Ark of Villa Trust ("Trust") pursuant to Federal Rule of Bankruptcy Procedure 7024 and Federal Rule of Civil Procedure 24 because the Trust claims a direct tenancy, occupancy, possessory, operational, charitable, and economic interest in the property that is the subject of these proceedings.

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

The disposition of possession, occupancy, turnover, sale, transfer, or control of the property without the Trust's participation may impair or impede the Trust's ability to protect its interests.

No existing party adequately represents the Trust's distinct interests as:

1. A tenant and occupant of the property;

2. An entity operating charitable and animal-welfare activities from the property;

3. An entity claiming independent possessory and occupancy rights;

4. An entity whose operations and property may be displaced by orders entered without its participation; and

5. A proposed purchaser seeking an opportunity to present a transaction that may benefit the bankruptcy estate.

Ms. Kerber Perez therefore respectfully requests that the Trust be granted leave to intervene and participate in proceedings affecting its claimed interests.

II. PENDING STATE-COURT UNLAWFUL DETAINER ACTION

An unlawful detainer action concerning possession of the property is presently pending in the Superior Court of the State of California under Case No. 26UD02466.

That state-court action was commenced to determine possession through California's statutory unlawful detainer process.

To the best of Ms. Kerber Perez's knowledge, no notice of removal has been filed removing the unlawful detainer action to the United States District Court or Bankruptcy Court pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027.

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

The unlawful detainer action therefore remains pending in the California Superior Court and has not become part of this adversary proceeding merely because similar or overlapping factual issues have been presented in the Bankruptcy Court.

Ms. Kerber Perez does not contend that the Bankruptcy Court lacks authority to administer property of the estate or to decide matters properly within its bankruptcy jurisdiction. She respectfully submits, however, that the separate state-law questions concerning the existence, scope, termination, and enforceability of the Trust's claimed tenancy and right to possession are already before the California Superior Court in the unremoved unlawful detainer action.

III. REQUEST TO PRESERVE STATE-COURT DETERMINATION OF TENANCY AND POSSESSION

Ms. Kerber Perez respectfully requests that the Court confirm that, unless and until the unlawful detainer action is lawfully removed or other appropriate relief is entered, the state-court proceeding remains the pending action in which the parties' California tenant-right and right-to-possession issues are to be adjudicated.

The Trust was not named as a party in the turnover proceedings despite its claimed tenancy, occupancy, possessory rights, operations, and property interests.

A final determination extinguishing or materially impairing those interests without the Trust's participation would deprive the Trust of a meaningful opportunity to present its evidence and defenses.

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

The existence of the pending state-court unlawful detainer action also weighs in favor of preserving the status quo and allowing the California Superior Court to address the state-law possession issues properly presented to it.

Ms. Kerber Perez therefore requests that this Court refrain from using the turnover proceedings to finally adjudicate or extinguish the Trust's independent state-law tenancy and possessory rights before the Trust has been permitted to intervene and be heard.

IV. ABSTENTION AND RESPECT FOR THE PENDING STATE-COURT PROCEEDING

Under 28 U.S.C. § 1334(c)(1), a federal court may abstain from hearing a proceeding arising in or related to a bankruptcy case in the interests of justice, comity with state courts, or respect for state law.

The issues concerning the Trust's claimed tenancy, termination of tenancy, compliance with California notice requirements, unnamed occupant rights, and entitlement to possession arise under California landlord-tenant and unlawful detainer law.

Those issues are presently pending in the California Superior Court, which is experienced in applying California's summary unlawful detainer procedures and determining state-law rights to possession.

Permitting the state court to determine those issues would:

1. Respect the state court's existing proceeding;

2. Avoid inconsistent rulings concerning possession;

3. Avoid duplicative adjudication of the same tenancy issues;

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

4.  Preserve the Trust's right to present its tenancy defenses and evidence;

5.  Promote comity and respect for California landlord-tenant law;

6.  Prevent the turnover process from functioning as a substitute for the pending unlawful detainer action; and

7.  Permit this Court to administer the bankruptcy estate after the state-law possessory rights have been appropriately determined.

Ms. Kerber Perez accordingly requests that the Court abstain from entering a final determination of the Trust's underlying state-law tenancy and right-to-possession claims, or alternatively reserve those issues for determination in the pending state-court unlawful detainer action.

V. DUE PROCESS AND OPPORTUNITY TO BE HEARD

The Trust claims an existing interest in continued possession, occupancy, access, and use of the property.

Before those claimed interests are terminated or materially impaired, the Trust should receive adequate notice and a meaningful opportunity to be heard.

The requested intervention and temporary relief do not require the Court to finally determine the validity of the Trust's tenancy at this stage.

They merely preserve existing conditions long enough for the Trust to appear, present evidence, and protect its claimed interests before an irreversible loss of possession or disruption of its operations occurs.

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

Allowing removal or exclusion of the Trust before those issues are heard could render both its intervention request and the pending state-court proceeding practically meaningless.

## VI. PRESERVATION OF THE STATUS QUO

Ms. Kerber Perez joins the Trust's request for a Temporary Restraining Order preserving the status quo pending immediate emergency consideration and hearing.

Specifically, Ms. Kerber Perez requests that, until further order of the Court, no party or person acting in concert with a party be permitted to:

A. Remove or attempt to remove the Trust from its existing occupancy or possession;

B. Terminate or purport to terminate the Trust's claimed tenancy outside the pending state-court process;

C. Materially interfere with the Trust's existing access, occupancy, or charitable operations;

D. Transfer possession of the areas occupied or used by the Trust to another person or entity;

E. Remove, relocate, dispose of, or materially interfere with the Trust's property, records, supplies, equipment, or operational infrastructure;

F. Take action that would render the pending unlawful detainer action or the Trust's intervention request moot before the Trust can be heard; or

G. Take action that would prevent the Court from meaningfully considering the Trust's proposed purchase transaction.

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

The relief requested is temporary and narrowly tailored. It does not prevent the Chapter 11 Trustee from continuing lawful administration or marketing efforts, and it does not require approval of the Trust's proposed purchase transaction.

It merely prevents irreversible changes in possession and occupancy until the jurisdictional, tenancy, and intervention issues can be heard on an emergency basis.

VII. IRREPARABLE HARM AND BALANCE OF EQUITIES

Absent temporary relief, the Trust may be removed or excluded from the property before either this Court or the state court determines its claimed tenancy and possession rights.

Such removal could:

1. Disrupt ongoing charitable and animal-welfare activities;

2. Displace the Trust's operations, equipment, files, and supplies;

3. Eliminate the Trust's practical ability to protect its interests;

4. Render the proposed purchase transaction impossible;

5. Create unnecessary moving, security, vacancy, and litigation costs;

6. Result in inconsistent federal and state rulings regarding possession; and

7. Render later relief ineffective.

By contrast, temporary preservation of the existing occupancy causes substantially less prejudice.

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

The Trustee may continue to administer the bankruptcy estate subject to the limited requirement that possession and occupancy not be irreversibly altered before the Court can conduct an immediate emergency hearing.

The balance of hardships therefore favors maintaining the status quo.

## VIII. EMERGENCY BASIS AND REQUEST FOR IMMEDIATE HEARING

The Trust's Emergency Motion is brought pursuant to Local Bankruptcy Rule 9013-9. Emergency consideration is necessary because the Court's July 8, 2026 ruling requires surrender of possession by July 15, 2026, and authorizes enforcement thereafter.

Because actions affecting possession may occur before the Trust's intervention and tenancy interests can be heard, Ms. Kerber Perez respectfully requests that the Court consider the Emergency Motion and this Joinder immediately and set the matter for an emergency hearing at the earliest available time.

Unless temporary relief is entered before possession is altered or enforcement occurs, the Trust may be removed or excluded before its intervention, tenancy, and possessory claims can be heard. Such removal could render the requested relief ineffective and could materially impair the pending state-court unlawful detainer proceeding and the Trust's proposed purchase opportunity.

An immediate emergency hearing will permit the Court to address intervention, temporary relief, the state-court unlawful detainer action, and the proposed purchase opportunity without causing unnecessary delay to administration of the estate.

## IX. RESERVATION OF RIGHTS

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

Ms. Kerber Perez does not waive, and expressly preserves, all rights, claims, defenses, objections, and appellate rights concerning:

1.  The scope and effect of any turnover order;

2.  The adequacy of notice and service;

3.  The rights of unnamed tenants and occupants;

4.  The pending state-court unlawful detainer action;

5.  The Trust's independent tenancy and possessory claims;

6.  Abstention, remand, or jurisdiction;

7.  Constitutional due process; and

8.  Any proposed sale, transfer, or disposition of the property.

This Joinder is submitted without consenting to the final adjudication in this adversary proceeding of independent state-law claims that have not been properly removed, pleaded, or adjudicated with the participation of all affected parties.

PRAYER

WHEREFORE, Monika Kerber Perez respectfully requests that the Court:

A. Grant Noahs Ark of Villa Trust leave to intervene pursuant to Federal Rule of Bankruptcy Procedure 7024 and Federal Rule of Civil Procedure 24;

B. Grant the Trust's request for immediate emergency consideration and an emergency hearing;

C. Enter temporary relief preserving the existing status quo pending immediate emergency consideration and hearing;

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

D. Confirm that California Superior Court Case No. 26UD02466 has not been removed to the Bankruptcy Court and remains pending in the California Superior Court;

E. Confirm that the filing and pendency of this adversary proceeding did not, without compliance with 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, remove the unlawful detainer action from state court;

F. Abstain pursuant to 28 U.S.C. § 1334(c)(1) from finally adjudicating the Trust's underlying California tenancy and right-to-possession claims while those issues remain pending in the state-court unlawful detainer action;

G. Alternatively, reserve determination of the Trust's state-law tenancy and possessory rights for the California Superior Court;

H. Prohibit removal, exclusion, displacement, or material interference with the Trust's occupancy and operations until the Trust has received notice and a meaningful opportunity to be heard;

I. Prohibit any party from using the turnover proceedings to circumvent or render moot the pending state-court unlawful detainer process concerning the Trust's claimed tenancy and possession rights;

J. Permit the Trust a reasonable opportunity to present its proposed purchase transaction to the Trustee and the Court;

K. Preserve all parties' claims, defenses, and jurisdictional objections pending further hearing; and

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK

L. Grant such other and further relief as the Court deems just and proper.

Dated: July 13, 2026

Respectfully submitted,

NISSAN THOMAS, ESQ.

Attorney for Monika Kerber Perez

JOINDER OF MONIKA KERBER PEREZ IN EMERGENCY MOTION OF NOAHS ARK