Nissan Thomas, Esq. (SBN 250273)
Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048
Telephone: (424) 781-7653
Email: info@nissanthomaslaw.com

FILED
2026 JUL 16 AM 10:16
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br>Debtor<br><br><br>LESLIE T. GLADSTONE,<br>Chapter 11 Trustee, | CASE NO.: 25-04245-JBM11<br><br>Adv No. 26-90029-JBM<br><br>JOINDER OF INTERESTED PARTY NOAH'S ARK OF VILLA TRUST IN SUPPORT OF EMERGENCY MOTION TO APPROVE CONDITIONAL SALE OF ESTATE PROPERTY, STAY ENFORCEMENT OF TURNOVER ORDER, AND SET SALE APPROVAL HEARING<br><br>Date: TBD<br>Time: TBD<br>Place: Dept. 2, room 118<br>Judge: Hon J. Barret Marum |

**JOINDER OF INTERESTED PARTY NOAH'S ARK OF VILLA TRUST IN SUPPORT OF EMERGENCY MOTION TO APPROVE CONDITIONAL SALE OF ESTATE PROPERTY, STAY ENFORCEMENT OF TURNOVER ORDER, AND SET SALE APPROVAL HEARING**

TO THE HONORABLE COURT, THE CHAPTER 11 TRUSTEE, THE UNITED STATES TRUSTEE, CREDITORS, AND ALL PARTIES IN INTEREST:

Noah's Ark of Villa Trust ("Trust"), an interested party and current tenant of the subject estate property, by and through its attorney, Nissan Thomas, hereby joins in and supports the Debtor's Emergency Motion seeking approval of a conditional sale transaction, a stay of enforcement of

4245 Join noah 12p

the turnover order pending consideration of the proposed sale, and the setting of a hearing to evaluate the transaction.

The Trust respectfully appears pursuant to 11 U.S.C. §§ 105(a) and 363 and Federal Rule of Bankruptcy Procedure 2018(a), and requests an opportunity to be heard because its tenancy, occupancy, possessory interests, ongoing operations, asserted prepetition ownership, proprietary and financial interests, and proposed purchase of the property may be directly affected by the relief presently before the Court.

# I. INTEREST OF NOAH'S ARK OF VILLA TRUST

Noah's Ark of Villa Trust currently occupies and utilizes the subject property as a tenant.

The Trust has made or is prepared to make a good-faith offer to purchase the property, subject to approval of the Bankruptcy Court under 11 U.S.C. § 363 and any sale procedures ordered by the Court.

As a current tenant, the Trust possesses unique familiarity with the property, its operations, infrastructure, animal-care functions, charitable activities, and ongoing use.

The Trust therefore has a direct and substantial interest in proceedings affecting the disposition, occupancy, possession, operation, or sale of the property.

The Trust's interests are not limited to its present tenancy and occupancy. Noah's Ark of Villa Trust had a documented prepetition legal and financial relationship with Villa Chardonnay

JOINDER OF INTERESTED PARTY

Horses With Wings, Inc. and Monika Kerber Perez years before the commencement of this bankruptcy case.

On November 9, 2022, a Uniform Commercial Code financing statement was filed with the California Secretary of State identifying Noah's Ark of Villa Trust as the secured party and Villa Chardonnay Horses With Wings, Inc. and Monika Kerber Perez as debtors.

The November 9, 2022 filing demonstrates that the Trust's asserted interests and relationship with the Debtor, the property, and related assets were documented long before the commencement of this bankruptcy case and were not created in response to the present litigation.

In addition to its tenancy, occupancy, and documented prepetition financial interests, the Trust claims preexisting ownership and proprietary interests in a substantial number of animals and related property maintained at the premises, for which Villa Chardonnay Horses With Wings, Inc. provided custodial, housing, animal-care, and related services.

Villa's provision of custodial, housing, animal-care, and related services did not, by itself, transfer or extinguish the Trust's claimed ownership or proprietary interests in those animals and related property.

Those interests arose before the commencement of this bankruptcy case and may be materially affected by orders concerning possession, control, removal, transfer, sale, disposition, or administration of the property and related assets.

The Trust is prepared to provide documentary evidence of those prepetition ownership, proprietary, and custodial interests if requested by the Court.

JOINDER OF INTERESTED PARTY

The Trust's tenancy, occupancy, operational involvement, asserted ownership, proprietary and financial interests, and proposed purchase transaction are sufficiently intertwined with the property and related assets that the Trust must be afforded fair notice and a meaningful opportunity to be heard before relief affecting those interests is entered.

Because the Trust's prepetition interests may be materially affected by any order concerning possession, turnover, control, disposition, removal, transfer, administration, or sale of the property, animals, and related assets, the Trust is a necessary interested party whose absence may impair its ability to protect its interests and prevent complete consideration of the matters presently before the Court.

A true and correct copy of the Uniform Commercial Code financing statement filed with the California Secretary of State on November 9, 2022, is attached hereto as **Exhibit A**.

The Trust further possesses tenancy, ownership, property, proprietary, financial, operational, and possessory interests entitled to fair notice and a meaningful opportunity to be heard before those interests are materially impaired. U.S. Const. amend. V; Cal. Const. art. I, § 7.

# II. SUPPORT FOR CONSIDERATION OF THE PROPOSED SALE

The Trust respectfully submits that consideration of the proposed transaction serves the interests of the estate and creditors.

JOINDER OF INTERESTED PARTY

Unlike a third-party purchaser, the Trust already occupies the property and can continue operations without interruption.

Approval of a sale to an existing tenant would substantially reduce or eliminate costs that would otherwise be incurred through:

a. Eviction proceedings;

b. Tenant-removal litigation;

c. Possession disputes;

d. Vacancy-related losses;

e. Security and preservation expenses;

f. Property-transition costs;

g. Relocation expenses; and

h. Additional administrative and professional fees.

Because the Trust already occupies the property, the proposed transaction minimizes the risk of deterioration, abandonment, vacancy, and operational disruption.

The Trust's existing occupancy and operational relationship with the property would also permit continuity in the care, housing, and management of animals and related property associated with the Trust's charitable operations.

JOINDER OF INTERESTED PARTY

Consideration of the proposed sale before displacement or transfer of possession would preserve the status quo, protect the Trust's right to due process, and avoid unnecessary prejudice while the Court determines whether the proposed transaction provides greater value to the estate.

# III. BENEFIT TO THE ESTATE

The Trust submits that approval of the proposed sale would preserve estate value by converting a disputed and costly asset into a transaction capable of generating value for creditors.

The proposed transaction may provide greater net benefit to the estate than prolonged litigation concerning possession, occupancy, turnover, administration, or future disposition of the property.

Continued litigation may result in substantial professional fees, administrative expenses, delay, and uncertainty that diminish the value ultimately available to creditors.

The Trust respectfully submits that the Bankruptcy Code favors maximizing value for the benefit of creditors and preserving estate assets whenever reasonably possible.

The Court possesses authority under 11 U.S.C. § 105(a) to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code, including appropriate temporary relief preserving the property and the proposed transaction until the Court can conduct a hearing.

The proposed transaction should therefore be evaluated before irreversible possession-related actions, vacancy expenses, security costs, relocation costs, removal or displacement of property, or further litigation diminish the value of the property or the net recovery available to creditors.

JOINDER OF INTERESTED PARTY

# IV. REQUEST FOR STAY PENDING SALE CONSIDERATION

The Trust further supports a temporary stay of enforcement of the turnover order, solely for the limited purpose of permitting the Court to evaluate the proposed transaction before estate resources are expended on possession transfers, vacancy management, eviction proceedings, displacement of operations, removal of property, or other actions that could impair the value of the proposed sale.

Preservation of the status quo pending consideration of the transaction will protect all parties while allowing the Court to determine whether the proposed sale provides a superior outcome for the estate.

A temporary stay will also preserve the Trust's tenancy, occupancy, ownership, proprietary, financial, operational, and possessory interests until the Trust has received fair notice and a meaningful opportunity to be heard, as required by the Due Process Clause of the Fifth Amendment to the United States Constitution.

The Trust's state-law tenancy, property, and possessory interests are also protected against deprivation without due process under article I, section 7 of the California Constitution.

The requested stay is narrow and temporary. It does not seek a final determination of disputed rights. It seeks only to prevent irreversible harm, unnecessary expense, displacement, removal of property, or disruption before the Court can evaluate the proposed sale and the economic benefit it may provide to the estate.

The Court may preserve the status quo under 11 U.S.C. § 105(a) where temporary relief is necessary to protect estate value, prevent unnecessary prejudice, and permit meaningful consideration of relief properly before the Court.

# V. REQUEST TO SET SALE HEARING

The Trust respectfully requests that the Court set a hearing at the earliest practicable date to evaluate the proposed purchase transaction and determine whether the sale serves the best interests of the estate.

The Trust stands ready to provide evidence concerning:

a. Its tenancy and occupancy;

b. Its prepetition legal and financial relationship with the Debtor and the property;

c. Its asserted ownership and proprietary interests in a substantial number of animals and related property maintained at the premises;

d. Villa Chardonnay Horses With Wings, Inc.'s custodial, housing, animal-care, and related service role concerning those animals and related property;

e. Its asserted proprietary and financial interests;

f. Its qualifications as a purchaser;

g. Its willingness and ability to complete the transaction;

JOINDER OF INTERESTED PARTY

h. The economic benefits of the proposed sale; and

i. The cost savings achieved by avoiding eviction, vacancy, displacement, relocation, removal of property, and transitional expenses.

The Trust further requests that it be permitted to appear and be heard through its counsel, Nissan Thomas, concerning the proposed sale, the Trust's tenancy and occupancy, its asserted prepetition ownership, proprietary and financial interests, the requested temporary stay, and any relief affecting the Trust's interests in the property, animals, or related assets.

Allowing the Trust to be heard will promote a complete evidentiary record and permit the Court to compare the proposed transaction against the costs, delay, uncertainty, and potential diminution in value associated with continued possession and sale-related litigation.

# VI. DUE PROCESS AND PRESERVATION OF THE STATUS QUO

The Trust was not named as a party against whom turnover or possession relief was requested and has not received a full adjudication of its independent tenancy, occupancy, ownership, operational, proprietary, financial, or possessory interests.

The Trust also has not received a full adjudication of its claimed ownership and proprietary interests in a substantial number of animals and related property maintained at the premises or Villa Chardonnay Horses With Wings, Inc.'s custodial role regarding that property.

JOINDER OF INTERESTED PARTY

Before a person or entity may be deprived of a recognized property or possessory interest, due process generally requires notice reasonably calculated to advise the affected party of the proceeding and a meaningful opportunity to present its objections.

The Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of property without due process of law. Article I, section 7 of the California Constitution similarly protects against deprivation of property without due process.

The Trust's documented prepetition relationship with the Debtor, the property, the animals, and related assets further supports its request to be heard before orders are enforced that could materially impair its claimed interests.

The Trust does not seek through this Joinder to delay administration indefinitely or prevent the Court from exercising its authority over estate property. It requests only that its independent interests and purchase proposal be heard before enforcement measures produce irreversible displacement, increased administrative expense, removal or transfer of property, impairment of its prepetition interests, or loss of a potentially beneficial sale.

Maintaining the status quo for the limited period necessary to evaluate the proposed transaction is therefore consistent with due process, judicial economy, preservation of estate value, and the equitable administration of the bankruptcy estate.

# VII. PRAYER

WHEREFORE, Noah's Ark of Villa Trust respectfully requests that the Court:

JOINDER OF INTERESTED PARTY

A. Recognize Noah's Ark of Villa Trust as an interested party in matters affecting the subject property pursuant to Federal Rule of Bankruptcy Procedure 2018(a);

B. Recognize that the Trust's asserted relationship and interests predate the commencement of the bankruptcy case, as reflected in the Uniform Commercial Code financing statement filed with the California Secretary of State on November 9, 2022;

C. Recognize the Trust as a necessary interested party entitled to notice and a meaningful opportunity to be heard before its claimed interests are materially impaired;

D. Recognize that the Trust claims preexisting ownership and proprietary interests in a substantial number of animals and related property maintained at the premises and that Villa Chardonnay Horses With Wings, Inc. provided custodial, housing, animal-care, and related services concerning that property;

E. Grant and approve this Joinder;

F. Consider the Trust's purchase proposal in evaluating the Debtor's requested relief pursuant to 11 U.S.C. § 363;

G. Temporarily stay enforcement of the turnover order pending consideration of the proposed sale;

H. Preserve the status quo and the Trust's tenancy, occupancy, ownership, operational, proprietary, financial, and possessory interests pending fair notice and a meaningful opportunity to be heard, consistent with the Fifth Amendment to the United States Constitution and article I, section 7 of the California Constitution;

JOINDER OF INTERESTED PARTY

I. Prohibit the final adjudication, sale, transfer, removal, disposition, or material impairment of animals or other property claimed by the Trust without fair notice and a meaningful opportunity for the Trust to be heard;

J. Set a hearing on approval of the proposed sale transaction at the earliest practicable date;

K. Permit Noah's Ark of Villa Trust, through its counsel Nissan Thomas, to appear, offer evidence, and be heard regarding the proposed sale and any relief affecting its tenancy, occupancy, possession, operations, asserted prepetition interests, animals, or related property;

L. Consider the Trust's tenancy, occupancy, prepetition relationship, ownership and proprietary claims, and existing familiarity with the property as evidence of the transaction's value, continuity of operations, and cost-saving benefits to the estate; and

M. Grant such further relief as the Court deems just, equitable, and proper under 11 U.S.C. § 105(a).

Dated: July 13, 2026

Respectfully submitted,

LAW OFFICES OF NISSAN THOMAS

By: _____

Nissan Thomas, Esq.

Attorney for Interested Party

NOAH'S ARK OF VILLA TRUST

JOINDER OF INTERESTED PARTY