Nissan Thomas, Esq. (SBN 250273)
Law Offices of Nissan Thomas
6230 Wilshire Blvd., Suite 2015
Los Angeles, CA 90048
Telephone: (424) 781-7653
Email: info@nissanthomaslaw.com

FILED

2026 JUL 16 AM 9:44

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re:
VILLA CHARDONNAY HORSES WITH
WINGS, INC.,
Debtor


LESLIE T. GLADSTONE,
Chapter 11 Trustee,

CASE NO.: 25-04245-JBM11

Adv No. 26-90029-JBM

REQUEST FOR STIPULATION REGARDING
TURNOVER, CONDITIONAL SALE
APPROVAL PROCESS, AND REQUEST TO
SET SALE APPROVAL HEARING

Date: TBD
Time: TBD
Place: Dept. 2, room 118
Judge: Hon J. Barret Marum

REQUEST FOR STIPULATION REGARDING TURNOVER, CONDITIONAL SALE
APPROVAL PROCESS, AND REQUEST TO SET SALE APPROVAL HEARING
TO THE CHAPTER 11 TRUSTEE, UNITED STATES TRUSTEE, ALL PARTIES IN
INTEREST, AND THEIR COUNSEL OF RECORD:

VILLA CHARDONNAY HORSES WITH WINGS, INC. ("Debtor"), through its counsel of
record, Nissan Thomas, Esq., respectfully requests that the parties enter into a stipulation
intended to preserve estate value, reduce litigation and administrative expenses, and facilitate
consideration of a proposed purchase transaction involving Noah's Ark of Villa Trust.

RECITALS

REQUEST FOR STIPULATION REGARDING TURNOVER

WHEREAS, disputes presently exist concerning the administration, possession, control, occupancy, turnover, and disposition of the approximately forty-two-acre real property located in Julian, California, used in connection with the Debtor's animal sanctuary operations;

WHEREAS, Noah's Ark of Villa Trust has occupied and operated from the property since approximately 2022 pursuant to asserted tenancy, occupancy, custodial, service-based, operational, and possessory rights;

WHEREAS, Noah's Ark of Villa Trust, as an existing tenant and occupant of the property, has expressed a willingness to submit a conditional proposal to purchase the property, subject to Bankruptcy Court approval;

WHEREAS, the Debtor believes the proposed transaction may preserve estate value, reduce administrative expenses, avoid or reduce eviction-related and possession-related expenses, eliminate vacancy risk, reduce security and property-preservation costs, avoid unnecessary marketing delays, and provide a benefit to creditors and parties in interest;

WHEREAS, consideration of a proposed purchase by an existing tenant and occupant may reduce transition costs because Noah's Ark of Villa Trust is already familiar with the property, its improvements, its animal-care infrastructure, and its maintenance and operational requirements;

WHEREAS, the proposed purchaser's existing occupancy may permit the property to remain maintained and preserved while the proposed transaction is evaluated;

WHEREAS, the Debtor recognizes that any proposed sale of estate property remains subject to the authority of the Chapter 11 Trustee, notice to creditors and parties in interest, an opportunity for hearing, and approval by the Bankruptcy Court pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 6004;

WHEREAS, the Debtor does not request final approval of a sale through this request, but instead requests an orderly process allowing the proposed transaction to be submitted, evaluated, and presented to the Bankruptcy Court;

WHEREAS, the parties desire to avoid unnecessary litigation and administrative expenses while permitting the Bankruptcy Court to evaluate the economic merits of the proposed transaction;

REQUEST FOR STIPULATION REGARDING TURNOVER

WHEREAS, cooperation with turnover should not be interpreted as a waiver of appellate rights, reconsideration rights, objections, claims, defenses, possessory rights, tenancy rights, occupancy rights, due-process protections, or challenges to the scope or validity of the underlying turnover order;

WHEREAS, the Fifth Amendment to the United States Constitution protects against deprivation of property without due process of law, including adequate notice and a meaningful opportunity to be heard before asserted property or possessory interests are finally determined;

WHEREAS, the existence and nature of any tenancy, occupancy, possessory, custodial, contractual, or equitable interest held by Noah's Ark of Villa Trust need not be finally adjudicated in order for the Trustee to receive and economically evaluate its proposed purchase transaction;

WHEREAS, the Debtor believes that prompt evaluation of the proposed transaction may benefit the estate by reducing continuing expenses and allowing the Trustee and Court to compare the proposal against other available alternatives;

NOW, THEREFORE, the Debtor respectfully proposes that the parties stipulate as follows:

PROPOSED STIPULATION

1. The Debtor shall reasonably cooperate with turnover requirements previously ordered by the Court, without waiver of any appellate rights, reconsideration rights, objections, claims, defenses, constitutional protections, possessory rights, tenancy rights, occupancy rights, or challenges to the underlying turnover order.

2. Cooperation or compliance with turnover shall not constitute an admission concerning ownership, authority, the validity or scope of prior orders, entitlement to possession, the rights of non debtor occupants, or any other disputed factual or legal issue.

3. Cooperation with turnover shall not be interpreted as consent to eviction, voluntary surrender of possession, waiver of residential or occupancy rights, or authorization to expand the turnover order beyond its express terms.

4. Noah's Ark of Villa Trust may submit a written conditional purchase proposal to Chapter 11 Trustee Leslie T. Gladstone and interested parties for consideration.

REQUEST FOR STIPULATION REGARDING TURNOVER

5. The proposed purchase shall concern the approximately forty-two-acre real property located in Julian, California, used in connection with the operations of Villa Chardonnay Horses With Wings, Inc. and Noah's Ark of Villa Trust.

6. The Trustee may evaluate the proposal according to its economic merits, feasibility, certainty of closing, and overall benefit to the bankruptcy estate, without prejudice to any party's legal position.

7. Evaluation of the proposed transaction may include consideration of the proposed purchase price, source of financing, deposit, closing schedule, contingencies, likelihood of performance, and estimated net benefit to the estate.

8. In determining the total economic benefit of the proposal, the Trustee may consider costs that may be avoided or reduced through a sale to an existing tenant and occupant, including:

a. Eviction and possession-related litigation expenses;

b. Security expenses;

c. Vacancy and property-preservation expenses;

d. Maintenance and insurance expenses;

e. Costs associated with obtaining and delivering vacant possession;

f. Transitional possession and relocation expenses;

g. Professional and administrative fees;

h. Marketing and brokerage expenses;

i. Delay associated with a prolonged sale process; and

j. The risk of vandalism, deterioration, trespass, or loss during a vacancy.

9. The parties agree that consideration of a potential sale to an existing tenant and occupant may provide value to the estate by avoiding or reducing costs associated with vacancy, property preservation, eviction proceedings, marketing delays, security, and transitional possession disputes.

10. The parties shall cooperate in providing nonprivileged information reasonably necessary for evaluation of the proposed transaction, including available title information, lien and

REQUEST FOR STIPULATION REGARDING TURNOVER

payoff information, property-condition information, valuations, insurance information, and other information reasonably necessary to evaluate the proposal.

11. Noah's Ark of Villa Trust shall provide information reasonably necessary to demonstrate its financial capacity, proposed financing, proposed purchase terms, and ability to close the proposed transaction.

12. Submission or evaluation of the proposed transaction shall not obligate the Trustee to accept, recommend, or consummate the proposed sale.

13. The Trustee may request additional information, negotiate proposed terms, consider competing offers, or propose reasonable bidding or sale procedures intended to maximize estate value.

14. Any proposed sale shall remain expressly conditioned upon negotiation and execution of a definitive purchase agreement, notice to creditors and parties in interest, an opportunity to object and be heard, and Bankruptcy Court approval.

15. Nothing herein shall prevent the Trustee from considering competing bona fide offers or requesting Court approval of bidding, overbid, auction, marketing, or other sale procedures.

16. Nothing herein shall waive any party's right to object to, support, oppose, or seek modification of any proposed purchase agreement, sale motion, bidding procedure, or sale order.

17. Nothing herein shall determine or extinguish any asserted ownership, tenancy, occupancy, residential, custodial, contractual, equitable, or possessory right.

18. Nothing herein shall constitute a waiver of any pending or future appeal, request for reconsideration, objection, defense, claim, counterclaim, constitutional protection, or request for other appropriate relief.

19. Submission and evaluation of the purchase proposal shall be without prejudice to the rights and legal positions of the Debtor, the Trustee, Noah's Ark of Villa Trust, and all other parties in interest.

REQUEST FOR STIPULATION REGARDING TURNOVER

20. Noah's Ark of Villa Trust may participate as an interested party for the limited purpose of submitting, negotiating, supporting, and participating in proceedings concerning its proposed purchase transaction.

REQUEST TO SET SALE APPROVAL HEARING

The Debtor further requests that the Court establish an expedited hearing date for consideration of the proposed transaction and any related bidding, marketing, or sale procedures.

The Debtor submits that an expedited hearing is appropriate because:

a. A prospective purchaser presently exists;

b. The prospective purchaser is already a tenant and occupant of the property;

c. The prospective purchaser has occupied and operated from the property since approximately 2022;

d. The prospective purchaser is familiar with the property, its improvements, its animal-care infrastructure, and its maintenance requirements;

e. Delay may reduce estate value;

f. Continued uncertainty increases administrative, security, professional, maintenance, and litigation expenses;

g. Consideration of the proposal may avoid substantial eviction, vacancy, transition, and occupancy-related costs;

h. The proposed transaction may permit the property to remain maintained and preserved pending completion of the sale process;

i. Financing and the ability to complete the proposed transaction may be time-sensitive;

j. The requested process will not prevent competitive bidding or consideration of other bona fide offers; and

k. The estate and its creditors may benefit from a prompt determination of whether the proposed transaction should proceed.

PROPOSED RELIEF

The Debtor respectfully requests that the Court:

1. Approve the parties' stipulation;

REQUEST FOR STIPULATION REGARDING TURNOVER

2. Alternatively, set an expedited status conference concerning submission and evaluation of the proposed purchase transaction;

3. Authorize Noah's Ark of Villa Trust to submit a written conditional purchase proposal to the Chapter 11 Trustee;

4. Authorize the Trustee to receive, review, and evaluate the conditional purchase proposal;

5. Direct the parties to reasonably cooperate in providing nonprivileged information necessary for evaluation of the proposed transaction;

6. Set an expedited hearing to consider approval of the proposed sale and any related bidding, marketing, or sale procedures;

7. Permit Noah's Ark of Villa Trust to participate as an interested party regarding the proposed transaction;

8. Confirm that submission or evaluation of the proposal does not constitute approval of a final sale and does not obligate the Trustee to consummate the transaction;

9. Confirm that submission, consideration, or negotiation of the proposal shall not constitute a waiver of any appellate rights, reconsideration rights, objections, claims, defenses, tenancy rights, occupancy rights, possessory rights, or due-process protections;

10. Confirm that cooperation with turnover shall not constitute consent to eviction, surrender of possession, or an admission regarding any disputed property, tenancy, occupancy, or possessory interest; and

11. Grant such further relief as the Court deems just and proper.

Dated: July 13, 2026

Respectfully submitted,

NISSAN THOMAS, ESQ.

By: _____

Nissan Thomas, Esq.

Attorney for Debtor

VILLA CHARDONNAY HORSES WITH WINGS, INC.

REQUEST FOR STIPULATION REGARDING TURNOVER