Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Hilda M. Montes de Oca, Esq.  (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.:  25-04245-JBM11 |
|---|---|
| VILLA CHARDONNAY HORSES WITH WINGS, INC., <br><br> Debtor. | **DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S OPPOSITION TO (1) EMERGENCY MOTION TO INTERVENE AS AN INTERESTED PARTY; REQUEST FOR IMMEDIATE HEARING; AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, FILED BY NOAH'S ARK OF VILLA TRUST; AND (2) JOINDER FILED BY MONIKA KERBER PEREZ** <br><br> Date:  TBD <br> Time:  TBD <br> Dept:  2 <br> Honorable J. Barrett Marum |

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

I, LESLIE T. GLADSTONE, declare:

1.      I am the chapter 7 trustee for the bankruptcy estate of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**").  All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true.  If called as a witness, I could competently testify thereto.

2.      I submit this declaration in support of my Opposition to the *Emergency Motion to Intervene as an Interested Party; Request for Immediate Hearing; and Application for Temporary Restraining Order and Preliminary Injunction* (the "**Intervention Motion**"), filed by Noah's Ark of Villa Trust.

**A.      The Bankruptcy Case**

3.      Villa Chardonnay commenced the Bankruptcy Case in October 2025.  On January 23, 2026, senior secured creditors River Falls, LLC, Private Mortgage Lending, Inc., and the Armburst Trust (the "**River Falls Lender**") filed an Emergency Motion to Appoint Chapter 11 Trustee.  [Bankr. ECF No. 63].  I was thereafter appointed as chapter 11 trustee of the Bankruptcy Case on January 29, 2026.  [Bankr. ECF No. 84 and 89] ("**Trustee's Appointment Date**").

4.      Villa Chardonnay was a non-profit animal sanctuary which formerly housed hundreds of elderly and sick animals, including horses, cats and various farmed animals (collectively, the "**Animals**") that operated on the Property.   The Property encompasses approximately 45 acres including a main house of approximately 4,700 square feet (the "**Main House**").   As of and from the Petition Date, Villa Chardonnay owns the Property and the Main House.

5.      Initially, after Trustee's Appointment Date, I allowed the continued occupation of the Main House by Monika Kerber Perez ("**Kerber**") and Mercedes Flores ("**Flores**" collectively with Kerber, "**Defendants**") while they tended the Animals, despite there being no written lease agreement and no

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

payment of rent to Villa Chardonnay or the Estate.  However, on February 24, 2026, I caused to be served on Defendants a 60-Day Notice to Terminate Tenancy (the "**Notice to Terminate**").  After the 60-day period referenced in the Notice to Terminate expired on April 24, 2026, Defendants refused to turnover possession of the Property to me as required under 11 U.S.C. Section 542 and continued in their unlawful possession of the Property.

**B.    The Adversary Complaint**

6.    On April 1, 2026, I filed my *Complaint for Turnover of Property of the Estate and Issuance of Writ of Execution for Possession of Real Property* against all occupants of the Main House (the "**Complaint**") and caused the Complaint to be served on Kerber and Flores.  [Adv. ECF Nos. 1 and 6]  Kerber filed an Answer (the "**Kerber Answer**") on May 5, 2026.  [Adv. ECF No 7] Flores failed to answer the Complaint and a default was taken on May 8, 2026. [Adv. ECF No 12]  On June 12, 2026, the Court vacated the default and Flores filed her answer (the "**Flores Answer**") on June 17, 2026.  [Adv. ECF Nos. 47 and 50]

7.    On May 8, 2026, I filed my *Emergency Application for Temporary Restraining Order and for Issuance of Order to Show Cause Why a Preliminary Injunction Should Not Be Issued Against the Defendants* (the "**TRO Motion**"). [Adv. ECF No. 13]  On May 11, 2026, Defendants filed their opposition to the TRO Motion.  [Adv. ECF No. 17]

8.    On May 12, 2026, I obtained a temporary restraining order (the "**TRO**") restricting Defendants' access of the Property to only the Main House and the roadway between the Main House and the 4554 Boulder Creek Road exit gate.  [Adv. ECF No 19]  The Court then set a hearing on my request for a preliminary injunction for May 21, 2026.

**C.    The Consolidated Trial**

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

9.     On May 18, 2026, I filed a *Motion 1) To Compel Turnover of Property of the Estate; 2) For Writ of Execution to Compel Defendants to Vacate Property, With Assistance of U.S. Marshals; and 3) To Advance the Trial on the Merits and Consolidate with the Preliminary Injunction Hearing under Federal Rule of Civil Procedure 65* (the "**Consolidation Motion**"), concurrent with an *Ex Parte Application for Order Shortening Time*. [Adv. ECF Nos. 20 and 21]

10.     The Court issued the preliminary injunction and granted my request under Civil Rule 65, setting a consolidated trial on the merits on July 1 and 2, 2026 (the "**Consolidated Trial**"). [Adv. ECF No. 34]

11.     On June 3, 2026, the Court entered its Scheduling Order for Trial, setting specific filing and exhibit-exchange deadlines and clearly ordering that failure to comply with the deadlines would result in exclusion of evidence. ECF No. 39. I timely complied with the Scheduling Order. Neither Kerber nor Flores complied with the Scheduling Order.

12.     At the June 26, 2026, Final Pretrial Status Conference, the Court ruled that neither Defendant Kerber nor Defendant Flores would be permitted to put on any substantive witnesses nor any substantive exhibits in their cases in chief due to their failure to comply with the Court's Scheduling Order for Trial. [ECF. No. 70] The Court also ordered, pursuant to all parties' agreement on the record, the issues for trial be bifurcated. The possession and turnover issues would be determined at the Consolidated Trial scheduled for July 1 and 2, 2026 and issues related to my claims for damages and Flores's counterclaims would be tried at a later date.

13.     The matter came on for trial on July 1, 2026, at 9:00 a.m., in Department Two (2) of the above-entitled Court, the Honorable J. Barrett Marum presiding. Hilda M. Montes de Oca appeared on my behalf as Plaintiff and chapter 11 trustee. Thomas appeared for Defendant Monika Kerber Perez.

IN RE VILLA CHARDONNAY HORSES WITH          4          GLADSTONE DECLARATION IN SUPPORT OF
WINGS, INC., CASE NO. 25-04245-JBM11                      TRUSTEE'S OPPOSITION TO INTERVENTION

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Defendant Mercedes Flores appeared *pro se*. My consultant, Jeff Wiemann, and I appeared as witnesses for Plaintiff. No other appearances were made.

14. The Court closed evidence and the trial on July 1, 2026 and delivered a bench ruling on July 8, 2026, finding that I was entitled to an order compelling Defendants and any other occupants of the Main House to vacate and orderly turnover the Property to me on or before July 15, 2026. The Court also found that I was entitled to a writ of possession of the Property, directing the U.S. Marshal and/or other applicable law enforcement to immediately assist me to take possession of the Property by promptly removing Defendants and any other occupants from the Property, using force if necessary, if Defendants had not vacated the Property on or before July 15, 2026.

15. On July 13, 2026, the Court entered the Order on Findings of Fact and Conclusions of Law after Trial, and the Judgment After Trial (the "**Judgment**"). [Adv. ECF Nos. 83 and 84]. The Judgment declares that all occupants are divested of possession rights for the Property and must vacate on or before July 15, 2026.

16. Continuing through July 15, 2026, Kerber and Flores occupied the Main House, after which time their unlawful possession was terminated and their removal from the Property officially conducted by the United States Marshal.

17. There have been no other occupants of the Main House at any time since the Trustee's Appointment Date. The TRO and Preliminary Injunction specifically prohibit any occupants on the Property other than Kerber and Perez and third-parties authorized by Trustee.

**D. Prior Requests for Emergency Relief from this Court Were Denied.**

18. On May 26, 2026, Kerber filed on behalf of Debtor an Emergency Motion for (1) Temporary Restraining Order; (2) Temporary Restraining and Protective Relief; (3) Preservation of Disputed Non-Estate Property, Rescue

Animals and Evidence; (4) Accounting and Disclosure Relief; (5) Order Shortening Time & (6) Request to Terminate Financial Orders (the "Kerber Emergency Motion" Bankr. ECF No. 171]  After reviewing the Kerber Emergency Motion and my Opposition, the Court denied the Kerber Emergency Motion without a hearing.  See Bankr. ECF No. 175.

19.    Next, on June 17, 2026, Flores filed in the Adversary Proceeding an Emergency Motion to Strike, Vacate, Stay, Or Limit Relief Based on Defective Proofs of Service, Inaccurate Address Filings, Mail Interference and Lack of Meaningful Notice (the "Flores Emergency Motion" Adv. ECF No. 53] After reviewing the Flores Emergency Motion and my Opposition, the Court denied the Flores Emergency Motion without a hearing.  See Adv. ECF No. 57.

20.    On June 24, 2026, the deadline set by the Court for the parties to submit their trial briefs, witness and exhibit lists, Kerber erroneously filed on behalf of Debtor in the adversary proceeding an Emergency Application to Remove Chapter 11 Trustee, To Stay, Vacate, Or Modify Turnover Orders; For Preservation Order; and for Emergency Evidentiary Hearing.  [Adv ECF No. 63]  The next day, on June 25, 2026, Kerber filed on behalf of Debtor in the bankruptcy case an Emergency Application to Remove Chapter 11 Trustee, To Stay, Vacate, Or Modify Turnover Orders; For Preservation Order; and for Emergency Evidentiary Hearing (the "**Emergency Motion to Remove Trustee**" Bankr. ECF No. 201).  On that same day, June 25, 2026, the Court denied the Emergency Motion to Remove Trustee without prejudice to Kerber refiling it to be heard on regular notice.  To date, the Emergency Motion to Remove Trustee has not been properly noticed for hearing.

21.    On June 30, 2026, one day before the scheduled commencement of trial, Kerber filed on behalf of Debtor in the bankruptcy case a pleading styled Ex Parte Application to Continue July 1, 2026 Hearing on Trustee's Motion for Turnover (the "**Continuance Application**" Bankr. ECF No. 213).  The Court

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

denied the Continuance Application on the record at the start of trial on July 1, 2026. See Adv. ECF No. 73.

22.    Finally, on July 16, 2026, Flores's newly disclosed entity Noah's Ark filed the Intervention Motion, by the same attorney who represented Kerber in the Adversary Proceeding. [Bankr. ECF No. 229]  The latest challenge to my administration was filed in the bankruptcy case one day after the deadline set forth in the Judgment for Defendants and all other occupants to vacate the Property.

23.    I am informed based on my discussions with the U.S. Marshals and my review of photographs of the Property after the U.S. Marshals executed the Writ of Possession on July 17, 2026, Defendants have removed all personal property and vacated the Property.

E.    **Prior Request for Emergency Relief from the State Court Was Denied.**

24.    On May 8, 2026, I caused to be filed in the San Diego Superior Court (the "**State Court**") an unlawful detainer complaint against Kerber and Flores in an abundance of caution, assigned case no. 26UD 025466C (the "UD Case").  I ultimately decided that the UD Case was not the preferred forum and focused my resources on the Adversary Proceeding.

25.    I am informed by my counsel that, on June 4, 2026, Kerber and Flores each filed in the UD Case a Motion to Quash Service of Summons, and each filed an application for a fee waiver, which the State Court granted.  The hearings on the Motions to Quash were set for May 21, 2027.

26.    On July 8, 2026, the day the Bankruptcy Court issued its oral trial ruling, I am informed by my counsel that Noah's Ark filed a Pre-Judgment Claim of Right of Possession in the UD Case.  Thereafter on July 10, 2026, I caused to be filed a Request for Dismissal of the UD Case.  Also on July 10, 2026, Noah's Ark filed an Ex Parte Application for Temporary Restraining

Order and Order to Show Cause re Preliminary Injunction (the "**UD TRO Application**"). The State Court set a hearing on the UD TRO Application for July 14, 2026.

27. I am informed by my counsel who appeared at the hearing on the UD TRO Application that, after counsel confirmed for the State Court that the matter was dismissed, the State Court denied the UD TRO Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2026, at La Jolla, California.

/s/ Leslie T. Gladstone
Leslie T. Gladstone

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11

8

GLADSTONE DECLARATION IN SUPPORT OF TRUSTEE'S OPPOSITION TO INTERVENTION