Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
Hilda M. Montes de Oca, Esq. (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br><br>Debtor. | Case No.: 25-04245-JBM11<br><br>**TRUSTEE'S OPPOSITION TO: (1) REQUEST FOR STIPULATION REGARDING TURNOVER; CONDITIONAL SALE APPROVAL PROCESS, AND REQUEST TO SET SALE APPROVAL HEARING, FILED BY VILLA CHARDONNAY HORSES WITH WINGS; AND (2) JOINDER IN SUPPORT OF "DEBTOR'S" REQUEST FOR STIPULATION FILED BY NOAH'S ARK OF VILLA TRUST**<br><br>Date: TBD<br>Time: TBD<br>Dept: 2<br>Honorable J. Barrett Marum |

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11

1

TRUSTEE'S OBJECTION TO REQUEST FOR STIPULATION AND JOINDER

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Leslie T. Gladstone, the chapter 11 trustee ("**Trustee**") of the bankruptcy estate of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**"), submits this Opposition to (1) the Request for Stipulation Regarding Turnover; Conditional Sale Approval Process, and Request to Set Sale Approval Hearing (the "**Stipulation Request**") filed by counsel for Monika Kerber Perez ("**Kerber**") purportedly on behalf of Villa Chardonnay, and (2) the Joinder in Support of the Stipulation Request (the "**Joinder**") filed on behalf of Noah's Ark of Villa Trust ("**Noah's Ark**") by its principal, Mercedes Flores ("**Flores**" and collectively with Kerber, "**Defendants**").  This Opposition is supported by the Declaration of Leslie T. Gladstone ("**Gladstone Declaration**"), filed concurrently herewith, and the record before the Court.[1]

## I.

## <u>INTRODUCTION</u>

The Stipulation Request presents a void contract in an attempt to vacate the Judgment and Writ of Possession issued by the Court after a trial on the merits of Trustee's claims for turnover and possession of the real property commonly known as 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek Road, Julian, CA 92036 (collectively, the "**Property**").

Trustee is once again faced with responding to a frivolous maneuver by Debtor's principals Kerber and Flores in their meritless challenges to Trustee's administration of the assets of this chapter 11 estate.  Certainly Trustee has no issue with a bona fide offer being submitted to her brokers in accordance with her soon-to-be-filed motion to approve sales procedures.  However, there is

---

[1] Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case, including without limitation those attached and marked as exhibits to the supporting declaration filed herewith.

absolutely no reason to undo the results of this Court's trial on the merits with regard to possession in order to do so. Trustee requests that the Stipulation Request be denied in its entirety so that Trustee can proceed with a sale of the Property under 11 U.S.C. Section 363, at which time Defendants may submit a bona fide offer to Trustee's soon-to-be employed broker.

**II.**

**STATEMENT OF FACTS**

**A.    Procedural History**

Trustee refers to the companion opposition filed in response to Noah's Ark's *Emergency Motion to Intervene as an Interested Party; Request for Immediate Hearing; and Application for Temporary Restraining Order and Preliminary Injunction* for a recitation of the tortured procedural history in this case. Suffice it to say here that Trustee was delivered possession to the Property after trial on the merits in this Court and implementation of a writ of possession. Trustee is now assessing whether or not to perform various repairs for the Property and preparing the necessary court documents to ready the Property for sale.

**B.    The Stipulation Request**

On July 16, 2026, Kerber filed the Stipulation Request, requesting that the Court approve the terms of a "Stipulation" that provides for a no-bid sale of the Property for $3,000,000.00 to Noah's Ark, an amorphous entity wholly controlled by Flores, as well as a request for the Court to set a hearing to approve the proposed sale on an expedited basis. [ECF No 232] A "Joinder" to the Stipulation Request was filed on behalf of Noah's Ark by Flores, wherein Noah's Ark requested affirmative relief far beyond the scope of the Stipulation Request. [ECF No. 231]

At the chapter 11 status conference held on July 16, 2026, the Court set July 20, 2026, as the deadline for Trustee and any other interested party with

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

standing to oppose the Stipulation Request, and to oppose other emergency motions concurrently filed.  [ECF No. 234]

### III.

### ARGUMENT

**A.      The Stipulation Request Is Unnecessary.**

As a preliminary matter, Noah's Ark has provided no evidence of the financial wherewithal to pay $3 million for the Property.[2]  Without such evidence, the Stipulation Request is meaningless.

Moreover, there is simply no need for Trustee to consider, let alone accede to the Stipulation Request.  A no-bid sale of the Property to any entity would not be in the best interest of the Estate, let alone a no-bid sale to a buyer of dubious financial means.[3]  Instead, a broker retained by Trustee, with the approval of the Court, will ensure that the Property is marketed to the widest pool of qualified potential purchasers to encourage competitive bidding, resulting in a sale that will maximize the value of the Property for the benefit of the Estate.

Trustee is preparing to file her application to employ a real estate broker to assist her with the sale of the Property.  Noah's Ark, and any other interested party, may submit a bona fide offer to Trustee's broker, pursuant to any Court-approved bidding and sale procedures under 11 U.S.C. Section 363 and Federal Rules of Bankruptcy Procedure 6004.

---

[2] On July 16, 2026, Noah's Ark filed an Emergency Motion for various relief, to which it attached a California Residential Purchase Agreement and Joint Escrow Instructions as Noah's Ark's purported offer to purchase the Property for $3 million from Kerber as seller on behalf of Debtor.  (Bankr. ECF No. 229) Because Kerber lacks legal authority to sell property of the bankruptcy estate, the agreement is void.

[3] Flores, the principal of Noah's Ark, was recently granted a fee waiver by the San Diego Superior Court, after she presumably demonstrated sufficient lack of financial resources to qualify.  *See Declaration of Hilda Montes de Oca in Support of Trustee's Objection to Emergency Motion to Intervene*, ¶ 7; Exhibit C.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11

4

TRUSTEE'S OBJECTION TO REQUEST FOR STIPULATION AND JOINDER

To delay Trustee's sale efforts any further so that the Court can consider the meaningless Stipulation Request is unnecessary and prejudicial, especially where Noah's Ark can participate in the forthcoming Court-approved sale.

**B.**     **Trustee Does Not Agree to An Expedited Hearing.**

Trustee objects to any request to expedite a hearing on the sale described in the Stipulation Request.  As stated above, Trustee is preparing to file her application to employ a real estate broker to assist her with the sale of the Property.  Trustee is motivated to efficiently effectuate a sale of the Property under Section 363 and Federal Rules of Bankruptcy Procedure 6004.  An expedited hearing is not necessary or warranted and would improperly exclude other potential purchasers of the Property.

**C.**     **Noah's Ark's Joinder Is Wholly Improper.**

1)     The UCC Filing Offered by Noah's Ark to Demonstrate its Interest Is a Nullity.

In the Joinder, Noah's Ark refers to a UCC Financing Statement[4] to support its assertion that it has a prepetition interest in the Property and in Debtor itself (the "**Noah's Ark UCC**").  The Noah's Ark UCC, dated November 9, 2022, appears to be a nullity as it does not seem to relate to any actual loan transaction and no underlying documents evidencing a loan transaction have been produced. Moreover, the Noah's Ark UCC does not describe the Property as collateral and a search of the Official Records of the San Diego County Recorder's Office reveals no recorded interest in the Property by Noah's Ark.

---

[4] In the Joinder, Noah's Ark refers to a UCC Financing Statement that is attached to the Joinder but there is no attachment to the Joinder.  Instead, the UCC Financing Statement referred to by Noah's Ark is attached to the *Emergency Motion to Intervene as an Interested Party; Request for Immediate Hearing; and Application for Temporary Restraining Order and Preliminary Injunction*.  ECF No. 229, p. 27-28.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California  92037

In the course of her investigation as chapter 11 trustee, Trustee discovered that Flores has filed at least three other UCC Financing Statements in 2022, naming herself as both the secured party and the debtor (the "**Flores UCCs**"). Gladstone Declaration, <u>Exhibit A</u>. The Flores UCCs also do not appear to relate to any loan transaction. Trustee also discovered that Kerber also filed at least one UCC Financing Statement in 2022, naming herself as both the secured party and the debtor. Gladstone Declaration, <u>Exhibit B</u>.

The unsupported Noah's Ark UCC and the Flores UCCs demonstrate a pattern of Defendants filing UCC Financing Statements for themselves and entities they control for a purpose other than memorializing collateral that secures a loan or promissory notes. There is no probative value to the Noah's Ark UCC and the Court should disregard it entirely.

2) <u>Noah's Ark's Request for Relief Outside the "Joined" Pleading Should Be Stricken.</u>

In the substance of the Joinder, Noah's Ark made additional requests for relief that went far outside the scope of the relief requested in the Stipulation Request. Rather than merely joining in Kerber's Stipulation Request, Noah's Ark instead expands the Joinder to seek declarative relief as to recognition of a wide array of purported "relationship and interest[s]" in Debtor and its property, and its status as a party in interest. Noah's Ark also seeks declaratory relief regarding recognition of its purported prepetition "relationship and interest" demonstrated in the UCC Statement and a stay of enforcement of the Judgment for consideration of the proposed sale before "displacement or transfer of possession." Joinder, p. 2:25-3:11.

The most egregious example of overreach in the Joinder is Noah's Ark's request that the Court "temporarily stay enforcement of the turnover order pending consideration of the proposed sale." Joinder, p. 11, ¶ G. Kerber is very clear in the Stipulation Request that "[t]he Debtor shall reasonably cooperate with

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

turnover requirements previously ordered by the Court" without a waiver of any appellate or other rights, and that "[c]ooperation or compliance with turnover shall not constitute an admission…" [ECF No. 232, p. 3, ¶ 1-3]  Noah's Ark, on the other hand, seeks immediate injunctive relief – asserting that it joins a request that Kerber explicitly refrained from making in the Stipulation Request.

It is inappropriate for a party to use a joinder to introduce new, independent requests for affirmative relief.  *See generally* Fed. R. Civ. P. 7(b).  Instead, joinders are limited to situations where the joining party shares identical grounds and aligned interests with the moving party.  The requests for affirmative relief sought by Noah's Ark in the Joinder require at the very least a properly noticed motion under Federal Rules of Civil Procedure 7(b) or even an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001.  Federal courts will generally decline to consider requests for affirmative relief that are not properly raised in a motion.

Noah's Ark cannot circumvent the required procedural channels for obtaining judicial relief without a properly filed motion pursuant to Federal Rules of Civil Procedure 7.  Any request for relief that is outside the scope of the Stipulation Request should be stricken and wholly disregarded.

3) <u>Alternatively, Noah's Ark Should Refile the "Joinder" as a Motion on Regular Notice</u>.

Federal Rules of Civil Procedure 7(b) establishes the strict procedural framework for seeking affirmative relief from a federal court.  *Parker v. United States*, 110 F.3d 678 (1997).  A party seeking an order from the court cannot do so through a standard joinder; instead, Rule 7(b)(1) requires that any "request for a court order must be made by motion."  Fed. R. Civil P. 7(b)(1).

If Noah's Ark intends to go forward with its independent requests for affirmative relief, it should be required to renew its requests by filing a motion that complies with Rule 7(b), on regular notice unless the Court orders otherwise.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

In the case of Noah's Ark's requests to determine the validity of an interest in property and/or for declaratory relief, Federal Rules of Bankruptcy Procedure 7001 requires Noah's Ark to file an adversary proceeding.

### IV.

### CONCLUSION

For all the foregoing reasons, Trustee requests that the Stipulation Request be denied, and that the Joinder filed by Noah's Ark's not be considered beyond its stated purpose as a joinder.  Trustee also requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  June 20, 2026          FINANCIAL LAW GROUP

By:    /s/ Hilda M. Montes de Oca
        Hilda M. Montes de Oca, Esq.
        Attorneys for Leslie T. Gladstone,
        Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037