Order Entered on
July 23, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSE WITH WINGS, INC.,<br><br>Debtor. | BANKRUPTCY NO.   25-04245-JBM11<br>Date of Hearing:   N/A<br>Time of Hearing:   N/A<br>Name of Judge:   J. Barrett Marum |

## ORDER DENYING NOAH'S ARK OF VILLA TRUST'S EMERGENCY MOTION

Related Motion/Order Docket Entry No. 229

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through two (2).

DATED: July 22, 2026

Judge, United States Bankruptcy Court

Page 2 | ORDER DENYING NOAH'S ARK OF VILLA TRUST'S EMERGENCY MOTION

In re Villa Chardonnay Horses With Wings, Inc.                    Case No. 25-04245-JBM11

The Court has reviewed the Emergency Motion of Noah's Ark of Villa Trust to Intervene as an Interested Party; Request for Immediate Emergency Hearing; and Application for Temporary Restraining Order and Preliminary Injunction Preserving the Status Quo Pending Consideration of Proposed Purchase Transaction (ECF No. 229, the "Motion") and the Trustee's Opposition (ECF No. 236).  The Court exercises its discretion to dispose of the Motion without further hearing pursuant to Local Bankruptcy Rule 9013-9(i).

A seemingly nonexistent entity's filing an application to intervene on a purported emergency basis shortly after the individual defendants' loss at trial strikes the Court as not only chicanery but also absurd.  ECF No. 236 at 12 ("There is no record of Noah's Ark as a registered nonprofit.").  This is especially the case when the entity's principal is one of those defendants.

The Court agrees with the Trustee that the Motion is untimely and thus cannot satisfy the threshold requirement for intervention under Federal Rule of Civil Procedure 24.  The Court already entered a Judgment ordering turnover of the Property to the Trustee, including a writ of possession against the defendants and "any other occupants," yet the Motion asks the Court to "temporarily prohibit interference with or termination of the Trust's existing tenancy, occupancy, possession, access, and operations pending further order of the Court."  ECF No. 229 at 8.  The convenient appearance of this purported entity at this stage smacks of gamesmanship.

The Court highlights these points because they illustrate the basis for the Court's decision, however, the Court **DENIES** the Motion for all the reasons further detailed in the Opposition not just those mentioned in this Order.

**IT IS SO ORDERED.**

Signed by Judge J Barrett Marum July 22, 2026