Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Hilda Montes de Oca, Esq. (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br><br>Debtor. | Case No.:  25-04245-JBM11<br><br>**TRUSTEE'S OPPOSITION TO THE FIRST AND FINAL APPLICATION FOR AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, FILED BY MICHAEL TOTARO, ATTORNEY FOR DEBTOR**<br><br>Date:        August 11, 2026<br>Time:        1:30 p.m.<br>Dept:        Two (2)<br>Honorable J. Barrett Marum |
| --- | --- |

Leslie T. Gladstone ("**Trustee**"), chapter 11 trustee for the bankruptcy estate (the "**Estate**") of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**") respectfully submits this partial Opposition to the *First and Final Application for Award of Compensation and Reimbursement of Expenses of Michael Totaro as Attorney for Debtor* (the "**Totaro Fee Application**").  The Opposition is supported by the memorandum of points and

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

authorities cited herein, the Declaration of Leslie T. Gladstone filed concurrently herewith, and the record before the Court.[1]

# I.
# INTRODUCTION

Michael Totaro ("**Totaro**"), former counsel for the debtor-in-possession, cannot be awarded attorney's fees under Section 330 from estate funds for work done after Trustee was appointed, as he was not employed by the Trustee.

Moreover, Totaro has not met his burden under 11 U.S.C. Section 330 to demonstrate that the services rendered prior to Trustee's appointment were reasonably likely to benefit the Estate or necessary to the administration of this case. The compensation requested in the Totaro Fee Application is for work that consists primarily of routine administrative tasks, much of which should have been performed prior to the chapter 11 filing, and abandoned work product that Totaro has not demonstrated conferred a benefit to the Estate. The Totaro Fee Application also lacks adequate documentation and detail for many time entries, precluding meaningful review.

Totaro also alleges that he received no retainer to file this chapter 11 but there was a $5,000.00 retainer in the previous chapter 11 case filed by Villa Chardonnay, 25-03692-JBM11 (the "**First Chapter 11**"). There is no Order approving compensation for Totaro in the First Chapter 11, and the documents

---

[1] Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case, including without limitation those attached and marked as exhibits to the supporting declaration filed herewith.

evidencing the retainer in the First Chapter 11 are inconsistent as to the amount tendered.

There is also a question about whether any compensation was paid to Totaro for the companion chapter 7 case (the "**Kerber Chapter 7**") of Debtor's principal Monika Kerber Perez ("**Kerber**") that should be applied to this case; assumedly Totaro received some compensation prior to filing for handling both the Kerber Chapter 7 and the First Chapter 11 and the likelihood is that these funds came from Debtor. The record related to Totaro's compensation is less than clear across the First Chapter 11, the Kerber Chapter 7, to this chapter 11 filing. For the reasons explained below, the Court should deny or substantially reduce the requested compensation in the Totaro Fee Application.

## II.
## STATEMENT OF FACTS

Villa Chardonnay was a non-profit animal sanctuary which housed hundreds of elderly and sick animals, including horses, cats and various farmed animals (collectively, the "**Animals**"). Debtor's principals Kerber and Mercedes Flores ("**Flores**" and collectively with Kerber, the "**Villa Principals**") operated Villa Chardonnay out of real property encompassing approximately 45 acres located at 4554 and 4430 Boulder Creek Road, Julian, California (the "**Property**").

### A.    The First Villa Chardonnay Chapter 11

Villa Chardonnay filed the First Chapter 11 on September 1, 2025. On September 13, 2025, Totaro filed the *Application by Debtor in Possession to Employ Michael R. Totaro, Maureen J. Shanahan, and the Law Offices of Totaro & Shanahan, LLP as General Insolvency Counsel* (the "**First Employment Application**"). [25-03692, ECF No. 17]   In the First Employment Application, Totaro disclosed that he received a $5,000.00 retainer from Debtor, but the Retainer Agreement attached to the First Employment Application provides for a

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

retainer of $7,500.00.  [Gladstone Declaration, Exhibit A]  Debtor's *Statement of Financial Affairs* also shows $7,500.00 as the total amount of compensation paid to Totaro.  [[Gladstone Declaration, Exhibit B]

On October 1, 2025, the First Chapter 11 was dismissed on a motion by the United States Trustee due to Debtor's failure to provide the required proof of insurance.  [25-03692, ECF No. 45]  A review of the docket for the First Chapter 11 shows that the Court did not enter an Order approving the First Employment Application and that Totaro did not file a fee application seeking approval of his attorney's fees for the First Chapter 11.

**B.      The Kerber Chapter 7**

On October 20, 2025, Totaro filed on behalf of Kerber the Kerber Chapter 7, bankruptcy case no. 25-04318-JBM7.  In the *Disclosure of Compensation* filed with the petition, Totaro disclosed that he had received $838.00 as flat fee compensation for his legal services that included analysis of Kerber's financial situation, preparing the petition and schedules, and representing Kerber at the Section 341(a) meeting of creditors.  [Gladstone Declaration, Exhibit C]  Kerber is also a defendant in a pending adversary proceeding seeking denial of discharge under 11 U.S.C. Section 727, filed by Ark Watch Foundation/Celine Myers on January 20, 2026, 26-90010-JBM.

**C.      The Current Villa Chardonnay Chapter 11**

Villa Chardonnay filed a voluntary chapter 11 petition, commencing this bankruptcy case (the "**Bankruptcy Case**") on October 14, 2025.  On November 9, 2025, Totaro filed on behalf of Debtor an *Application by Debtor in Possession to Employ Michael R. Totaro, Maureen J. Shanahan, and the Law Offices of Totaro & Shanahan, LLP as General Insolvency Counsel* (the "**Totaro Employment Application**").  [ECF No. 22]  In the Totaro Employment Application, Totaro disclosed that he received $2,000.00 from Debtor to cover the filing fee and miscellaneous costs, and the *Statement of Financial Affairs* and *Disclosure of*

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

*Compensation* reflect that Totaro received $1,738.00 for the filing fee. There is no explanation for the remaining $262.00. However, apparently an order was never uploaded on the Totaro Employment Application until July, 2026. The *Court Modified Order on the Totaro Employment Application* was entered on July 24, 2026. [ECF No. 245] The filing of the Totaro Fee Application on July 13, 2026, seeking approval of attorney's fees for the Bankruptcy Case totaling $45,995.00, was the first notice to Trustee that any outstanding fees were owed to Totaro.

On January 23, 2026, senior secured creditors filed an *Emergency Motion to Appoint Chapter 11 Trustee*. [ECF No. 63]. Trustee was thereafter appointed as chapter 11 trustee of the Bankruptcy Case on January 29, 2026 ("**Trustee's Appointment Date**"). [ECF Nos. 84 and 89].

After Trustee's Appointment Date, on March 16, 2026, Totaro filed his *Motion to Be Relieved as Counsel* and his Declaration in Support (the "**Withdrawal Motion**"). [ECF Nos. 143 and 145] Totaro also neglected to upload an order granting the Withdrawal Motion until June, 2026. The Order Granting the Withdrawal Motion was entered on June 15, 2026. [ECF No. 186]

### III.
### ARGUMENT

**A.** **Request for Approval of Fees Incurred After Trustee's Appointment Date Must Be Denied and Court has Discretion to Also Deny Fees Incurred Prior to Approval of Totaro's Employment Application.**

Only those professionals whose employment is approved by the Court pursuant to Section 327 or 1103, are entitled to compensation under Section 330. 3 *Collier on Bankruptcy* P 330.02 (16th ed. 2026). The Court can certainly take into consideration the fact that an order on the Totaro Employment Application was apparently not uploaded until after Trustee's counsel notified Totaro of the discrepancy in July 2026. Also, and significantly, Section 330(a)(1) does not

authorize compensation awards to a debtor's attorney from estate funds for work done after conversion to a chapter 7 or after appointment of a chapter 11 trustee, unless the attorney is employed by the trustee as authorized by Section 327. *Lamie v. United States Trustee*, 540 U.S. 526, 538-39 (2004);  (compensation to debtor's attorney not available after appointment of chapter 7 trustee);  *In re Sunergy Cal. LLC*, 2023 Bankr. LEXIS 1634, *8 -*10 (B.A.P. 9th Cir. June 26, 2023) (*Lamie* equally applicable to appointment of chapter 11 trustee because debtor ceased to be a debtor in possession, and thus attorney's service under Section 327 terminated).

Totaro was not employed by Trustee after Trustee's Appointment Date, January 29, 2026, and was not approved by the Court as to any employment until July 24, 2026.  At a minimum, the compensation requested by Totaro after Trustee's Appointment Date, totaling $12,220.00, cannot be approved.

**B.**  **Applicant Has Not Met His Burden to Demonstrate that the Services Were Reasonably Likely to Benefit the Estate.**

    **a.**  **Legal Standard**

Section 330(a)(1) authorizes the court to award to an attorney employed under Section 327(a) for "reasonable compensation for actual, necessary services" rendered by the attorney and for "reimbursement for actual, necessary expenses." 11 U.S.C. Section 330(a)(1)(A) &(B).  The Court retains the discretion, upon motion or *sua sponte*, to "award compensation that is *less* than the amount" requested.  *In re Buckridge*, 367 B.R. 191, 200-201 (2007) (emphasis in original); *see also In re Eliapo*, 468 F.3d 592, 597 (9th Cir. 2006).

Under Section 330(a)(3), the Court assesses "the nature, the extent, and the value" of the legal services provided when determining the amount of reasonable compensation to award, taking into consideration "all relevant factors," including:

    (A) the time spent on such services;

    (B) the rates charged for such services;

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [title 11].

11 U.S.C. § 330(a)(3).  The burden is on the person seeking compensation to establish the value of his services.  *In re Coastal Equities, Inc.*, 39 B.R. 304, 310 (Bankr. S.D. Cal. 1984)

Section 330(a)(4)(A) prohibits allowing compensation for services that were not either reasonably likely to benefit the debtor's estate nor necessary to its proper administration. 11 U.S.C. Section 330(a)(4)(A).  Likewise, hours not reasonably expended because they are "excessive, redundant, or otherwise unnecessary" must be excluded from the lodestar amount. *Hensley*, 461 U.S. at 434.

### b. Totaro Has Failed to Demonstrate That the Services Were Reasonably Likely to Benefit the Estate.

The Totaro Fee Application time entries are cryptic and difficult to determine whether they were designed to benefit the Debtor's administration or whether they were designed to benefit Debtor's principal (Trustee notes that Totaro was also the attorney in the individual filing of Kerber, Case No. 25-04318-JBM7).  There is also no proper accounting for any retainer that was paid to Totaro to file either the Kerber Chapter 7, the First Chapter 11 or the current chapter 11.  It seems unlikely that these three cases were filed without some sort of retainer.

Also, the time records are replete with services that were not reasonably likely to benefit the Estate at the time they were rendered (*e.g.,* insider compensation and cash collateral entries that were apparently never sought, substantial time spent reviewing title and loan records that assumedly would have been done prior to filing, analysis of claims and adversary lawsuit that did not appear to result in any benefit to the Estate and discussions with Villa Principals and/or alleged family of Villa Principals to fund a purchase by Villa Principals). Totaro must demonstrate that the services performed satisfy the benefit-to-estate requirement under Section 330(a)(4)(A). More information is needed to meet this burden.

### i.  Motion to Value Real Property and Avoid Junior Liens.

Totaro seeks $4,875.00 in fees for 7.50 hours spent preparing and filing a motion to value real property and avoid junior liens (the "**Motion to Value**," ECF No. 68).  This time appears to be entirely incurred post-appointment of Trustee and must be disallowed.  The Motion to Value was not at Trustee's request and Totaro acknowledges that the Motion to Value was not pursued, stating that "the case trustee subsequently elected not to pursue following her appointment."

Totaro attempts to justify the compensation sought by emphasizing that the Motion to Value was "extensive in terms of time and effort."  Services that do not produce a benefit to the Estate cannot be compensated merely because substantial time was expended.  To be entitled to be compensated out of the estate, the efforts of an attorney for a debtor not in possession must have benefitted the administration of the estate.  *In re Coastal Equities, Inc.*, 39 B.R. at 310-11 (holding that the request for compensation for time spent in preparation of a plan of reorganization which was unaccompanied by a disclosure statement and was never voted should be reduced).

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

### ii. Time Entries Describing Administrative Tasks Are Overlapping and Vague.

Totaro seeks $15,795.00 for 27.30 hours of "Case Administration," which Totaro describes as "general administration of the Debtor's case, including review of title reports for all of Debtor's assessor's parcel numbers, completion of the Debtor's compliance requirements, review of the Debtor's loan documents, amendment of schedules, review of state court filings for scheduling purposes, and communications with the Debtor's president regarding the same."  Many of these entries would properly be performed prior to filing of a Chapter 11 case, or certainly at least during the First Chapter 11, as part of Debtor attorney due diligence.

Federal Rule of Bankruptcy Procedure 2016 requires an entity seeking compensation to submit a detailed statement of the time expended along with the fee application.  Many of the time entries consist of abbreviations and conclusory descriptions that provide no meaningful detail.  For example, entries such as "RV file and prepare papers," "strategy conference," "review document re bankruptcy," "prepare documents re bankruptcy" have been found to amount to a failure to sustain the required burden of proof.  *See In re Coastal Equities, Inc.*, 39 B.R. at 311.

Totaro's billing records reflect extensive overlap between categories and vague task descriptions that make it impossible to determine whether services were necessary or duplicative.  For example, there are two entries for "RV Loan docs" appearing twice—once in December 9, 2025, for 1.50 hours and again on January 17, 2026, for 1.50 hours—suggesting duplicative work.  Totaro himself acknowledges that "there is an inherent overlap between this category and Case Administration" with respect to client communications, and similarly admits overlap between Case Administration and Communication with Third Parties." *Totaro Fee Application*, 6:20-22.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Totaro has not met his burden here.  Without sufficiently detailed time records that identify the specific work performed, the Court cannot determine what services were reasonably performed and whether the services were performed at a reasonable rate and within a reasonable amount of time.  *In re Basham*, 208 B.R. 926 (B.A.P. 9th Cir. 1997).

**C.    Compensation Should Be Reduced to Reflect Actual Benefit to Estate.**

Even assuming some of Totaro's services were necessary, the total compensation sought far exceeds any benefit conferred on the Estate. Fees awarded under § 330(a) are administrative expenses paid from the bankruptcy estate ahead of most unsecured creditor claims.  This priority has real consequences for creditors. *In re Millenkamp Cattle, Inc.*, 2026 Bankr. LEXIS 1071, *9 (Bankr. D. Idaho Apr. 27, 2026).  In cases where an estate lacks sufficient assets to pay all claims in full, attorney fee awards directly reduce the funds available for distribution to unsecured creditors.  *Id*.

Here, the fee application seeks $45,955.00 from the Estate, whose resources have been diminished by Trustee's protracted litigation with the Villa Principals, in two forums, merely to obtain possession of undisputed property of the Estate. Every dollar awarded in fees reduces the funds available to creditors of the Estate.

The Court must assess whether the services outlined in the Totaro Fee Application were reasonable and necessary at the time they were rendered.  *In re TBH19, Ltd. Liab. Co.*, 668 B.R. 881 (B.A.P. 9th Cir. 2025).  Trustee is not suggesting that professionals must guarantee any particular result for unsecured creditors.  Totaro must, however, demonstrate that his services were reasonably likely to benefit the Estate.

**D.    More Information About Totaro's Compensation Is Needed Before the Totaro Fee Application Can Be Approved.**

As detailed above, Totaro has filed no less than three cases on behalf of Villa Chardonnay and/or Kerber individually.  The time records accompanying

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

the Totaro Fee Application show no entries for work done by Totaro until October 15, 2025, one day after the Bankruptcy Case was filed. Presumably, Totaro would have engaged in pre-filing due diligence. If this sum remains unpaid, it should have been disclosed in the Totaro Employment Application. This suggests that either Totaro did none of the pre-filing due diligence required for a chapter 11 case with unusual assets and creditor base or was compensated in some way that is not reflected in the record for the Bankruptcy Case.

Furthermore, Trustee was previously informed by Totaro that he was attempting to obtain a substantial post-petition loan or funding from Kerber's father to fund Totaro's own finances. With no retainer disclosed in the Bankruptcy Case to fund Totaro's fees, and Totaro's active solicitation of funding from Kerber's family, it appears that it was never intended for the Debtor to fund Totaro's fees in the Bankruptcy Case. Trustee also remains concerned whether the compensation contemplated by Totaro and Debtor's principal Kerber would have created an actual conflict for Totaro in his representation of Villa Chardonnay, that at least should have been disclosed in the Totaro Employment Application.

The Bankruptcy Code Sections and Rules covering the employment, compensation, and dealings between a debtor and the debtor's attorney are "premised on the need for and appropriateness of judicial scrutiny of arrangements between a debtor and his attorney to protect creditors of the estate and the debtor." *In re Shirley*, 134 B.R. 940, 945 (B.A.P. 9th Cir. 1992). The record evidencing Totaro's compensation across the First Chapter 11, the Kerber Chapter 7, to the Bankruptcy Case raises more questions than it answers.

## CONCLUSION

Based on the deficiencies identified above, Trustee respectfully requests that the Court deny the Totaro Fee Application. If the Court is inclined to consider the Totaro Fee Application, Trustee requests that the Court disallow the

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11        11        TRUSTEE'S OPPOSITION TO TOTARO FINAL FEE APPLICATION

fees after Trustee's Appointment Date, consider the effect of the delay in entry of the Order approving the Totaro Employment Application, and further exercise its discretion to substantially reduce any fee award given the pervasive documentation deficiencies, potential conflicts of interest and lack of demonstrated benefit to the Estate.

Respectfully submitted,

Dated: July 27, 2026          FINANCIAL LAW GROUP


By:    /s/ Hilda M. Montes de Oca
          Hilda M. Montes de Oca, Esq.
          Attorneys for Leslie T. Gladstone,
          Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037