Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Hilda M. Montes de Oca, Esq.  (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.:  25-04245-JBM11 |
|---|---|
| VILLA CHARDONNAY HORSES WITH WINGS, INC., | **DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S OPPOSITION TO THE FIRST AND FINAL APPLICATION FOR AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, FILED BY MICHAEL TOTARO, ATTORNEY FOR DEBTOR** |
| Debtor. | |
| | Date:       August 11, 2026 |
| | Time:       1:30 p.m. |
| | Dept:       Two (2) |
| | Honorable J. Barrett Marum |

I, LESLIE T. GLADSTONE, declare:

1.     I am the chapter 11 trustee for the bankruptcy estate (the "**Estate**") of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**").  All the information contained herein is within my personal

knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true.  If called as a witness, I could competently testify thereto.

2.     Based on my review of the docket, Villa Chardonnay was a non-profit animal sanctuary which housed hundreds of elderly and sick animals, including horses, cats and various farmed animals (collectively, the "**Animals**").  Debtor's principals Monika Kerber Perez ("**Kerber**") and Mercedes Flores ("**Flores**" and collectively with Kerber, the "**Villa Principals**") operated Villa Chardonnay out of real property encompassing approximately 45 acres located at 4554 and 4430 Boulder Creek Road, Julian, California (the "**Property**").

**A.     The First Villa Chardonnay Chapter 11**

3.     Villa Chardonnay filed a voluntary chapter 11 petition on September 1, 2025 (the "**First Chapter 11**").  On September 13, 2025, Totaro filed the *Application by Debtor in Possession to Employ Michael R. Totaro, Maureen J. Shanahan, and the Law Offices of Totaro & Shanahan, LLP as General Insolvency Counsel* (the "**First Employment Application**").  [25-03692, ECF No. 17]   In the First Employment Application, Totaro disclosed that he received a $5,000.00 retainer from Debtor, but the Retainer Agreement attached to the First Employment Application provides for a retainer of $7,500.00.  A true and correct copy of the First Employment Application is attached hereto as <u>Exhibit A</u> and incorporated herein.  Debtor's Statement of Financial Affairs also shows $7,500.00 as the total amount of compensation paid to Totaro.  A true and correct copy of Debtor's Statement of Financial Affairs is attached hereto as <u>Exhibit B</u> and incorporated herein.

4.     On October 1, 2025, the First Chapter 11 was dismissed on a motion by the United States Trustee due to Debtor's failure to provide the required proof of insurance.  [25-03692, ECF No. 45]  A review of the docket

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

for the First Chapter 11 shows that the Court did not enter an Order approving the First Employment Application and that Totaro did not file a fee application seeking approval of his attorney's fees for the First Chapter 11.

**B.     The Kerber Chapter 7**

5.     On October 20, 2025, Totaro filed on behalf of Kerber a voluntary chapter 7 petition (the "**Kerber Chapter 7**"), bankruptcy case no. 25-04318-JBM7.  In the *Disclosure of Compensation* filed with the petition, Totaro disclosed that he had received $838.00 as flat fee compensation for his legal services that included analysis of Kerber's financial situation, preparing the petition and schedules, and representing Kerber at the Section 341(a) meeting of creditors.  A true and correct copy of the *Disclosure of Compensation* is attached hereto as Exhibit C and incorporated herein.  Kerber is also a defendant in a pending adversary proceeding seeking denial of discharge under 11 U.S.C. Section 727, filed by creditor Ark Watch Foundation/Celine Myers on January 20, 2026, 26-90010-JBM.

**C.     The Current Villa Chardonnay Chapter 11**

6.     Villa Chardonnay filed a voluntary chapter 11 petition, commencing this bankruptcy case (the "**Bankruptcy Case**") on October 14, 2025.  On November 9, 2025, Totaro filed on behalf of Debtor an *Application by Debtor in Possession to Employ Michael R. Totaro, Maureen J. Shanahan, and the Law Offices of Totaro & Shanahan, LLP as General Insolvency Counsel* (the "**Totaro Employment Application**").  [ECF No. 22]  In the Totaro Employment Application, Totaro disclosed that he received $2,000.00 from Debtor to cover the filing fee and miscellaneous costs, and the *Statement of Financial Affairs* and *Disclosure of Compensation* reflect that Totaro received $1,738.00 for the filing fee.  There is no explanation for the remaining $262.00.  However, apparently an order was never uploaded on the Totaro Employment Application until July, 2026.  I informed Totaro of this issue on

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

approximately July 20, 2026. The *Court Modified Order on the Totaro Employment Application* was entered on July 24, 2026. [ECF No. 245]

7. On January 23, 2026, senior secured creditors filed an *Emergency Motion to Appoint Chapter 11 Trustee*. [ECF No. 63]. I was thereafter appointed as chapter 11 trustee of the Bankruptcy Case on January 29, 2026 ("**Trustee's Appointment Date**"). [ECF Nos. 84 and 89].

8. After Trustee's Appointment Date, on March 16, 2026, Totaro filed his *Motion to Be Relieved as Counsel* and his Declaration in Support (the "**Withdrawal Motion**"). [ECF Nos. 143 and 145] Totaro also neglected to upload an order granting the Withdrawal Motion until June, 2026. The *Order Granting the Withdrawal Motion* was entered on June 15, 2026. [ECF No. 186]

9. The filing of the Totaro Fee Application on July 13, 2026, seeking approval of attorney's fees for the Bankruptcy Case totaling $45,995.00, was my first notice that any outstanding fees were owed to Totaro.

10. Totaro was not employed by me after Trustee's Appointment Date, January 29, 2026, and was not approved by the Court as to any employment until July 24, 2026.

11. The Totaro Fee Application time entries are cryptic and difficult to determine whether they were designed to benefit the Debtor's administration or whether they were designed to benefit Debtor's principal. There is also no proper accounting for any retainer that was paid to Totaro to file either the Kerber Chapter 7, the First Chapter 11 or the current chapter 11.

12. Also, the time records are replete with services that were not reasonably likely to benefit the Estate at the time they were rendered (*e.g.*, insider compensation and cash collateral entries that were apparently never sought, substantial time spent reviewing title and loan records that assumedly would have been done prior to filing, analysis of claims and adversary lawsuit that did not appear to result in any benefit to the Estate and discussions with

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Villa Principals and/or alleged family of Villa Principals to fund a purchase by Villa Principals). Totaro must demonstrate that the services performed satisfy the benefit-to-estate requirement under Section 330(a)(4)(A). More information is needed to meet this burden.

13.   Totaro seeks $4,875.00 in fees for 7.50 hours spent preparing and filing a motion to value real property and avoid junior liens (the "**Motion to Value**," ECF No. 68).  This time appears to be entirely incurred post-appointment of Trustee and must be disallowed.  The Motion to Value was not at my request and Totaro acknowledges that the Motion to Value was not pursued, stating that "the case trustee subsequently elected not to pursue following her appointment".

14.   Totaro seeks $15,795.00 for 27.30 hours of "Case Administration," which Totaro describes as "general administration of the Debtor's case, including review of title reports for all of Debtor's assessor's parcel numbers, completion of the Debtor's compliance requirements, review of the Debtor's loan documents, amendment of schedules, review of state court filings for scheduling purposes, and communications with the Debtor's president regarding the same."  Many of these entries would properly be performed prior to filing of a Chapter 11 case, or certainly at least during the First Chapter 11, as part of Debtor attorney due diligence.

15.   Federal Rule of Bankruptcy Procedure 2016 requires an entity seeking compensation to submit a detailed statement of the time expended along with the fee application.  Many of the time entries consist of abbreviations and conclusory descriptions that provide no meaningful detail.  For example, entries such as "RV file and prepare papers," "strategy conference," "review document re bankruptcy," "prepare documents re bankruptcy" have been found to amount to a failure to sustain the required burden of proof.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC., CASE NO. 25-04245-JBM11          5          GLADSTONE DECLARATION IN SUPPORT OF OPPOSITION TO TOTARO FEE APPLICATION

16.     Totaro's billing records reflect extensive overlap between categories and vague task descriptions that make it impossible to determine whether services were necessary or duplicative.  For example, there are two entries for "RV Loan docs" appearing twice—once in December 9, 2025, for 1.50 hours and again on January 17, 2026, for 1.50 hours—suggesting duplicative work.  Totaro himself acknowledges that "there is an inherent overlap between this category and Case Administration" with respect to client communications, and similarly admits overlap between Case Administration and Communication with Third Parties."  Totaro Fee Application, 6:20-22.

17.     The time records here are not sufficient to identify the specific work performed, and so the Court cannot determine what services were reasonably performed and whether the services were performed at a reasonable rate and within a reasonable amount of time.

18.     Even assuming some of Totaro's services were necessary, the total compensation sought far exceeds any benefit conferred on the Estate. In the Totaro Fee Application, Totaro seeks $45,955.00 from the Estate, whose resources have been diminished by Trustee's protracted litigation with the Villa Principals, in two forums, merely to obtain possession of undisputed property of the Estate.  Every dollar awarded in fees reduces the funds available to creditors of the Estate.

19.     The Court must assess whether the services outlined in the Totaro Fee Application were reasonable and necessary at the time they were rendered. I am not suggesting that professionals must guarantee any particular result for unsecured creditors.  Totaro must, however, demonstrate that his services were reasonably likely to benefit the Estate.

20.     As detailed in my Opposition, Totaro has filed no less than three cases on behalf of Villa Chardonnay and/or Kerber individually.  The time records accompanying the Totaro Fee Application show no entries for work

Financial Law Group
5656 La Jolla Boulevard
La Jolla, California 92037

done by Totaro until October 15, 2025, one day after the Bankruptcy Case was filed. Presumably, Totaro would have engaged in pre-filing due diligence. If this sum remains unpaid, it should have been disclosed in the Totaro Employment Application. This suggests that either Totaro did none of the pre-filing due diligence required for a chapter 11 case with unusual assets and creditor base or was compensated in some way that is not reflected in the record for the Bankruptcy Case.

21. Furthermore, I was previously informed by Totaro that he was attempting to obtain a substantial post-petition loan or funding from Kerber's father to fund Totaro's own finances. With no retainer disclosed in the Bankruptcy Case to fund Totaro's fees, and Totaro's active solicitation of funding from Kerber's family, it appears that it was never intended for the Debtor to fund Totaro's fees in the Bankruptcy Case. I also remain concerned whether the compensation contemplated by Totaro and Debtor's principal Kerber would have created an actual conflict for Totaro in his representation of Villa Chardonnay, that at least should have been disclosed in the Totaro Employment Application.

22. The record evidencing Totaro's compensation across the First Chapter 11, the Kerber Chapter 7, to the Bankruptcy Case raises more questions than it answers and is not sufficiently detailed to allow the required judicial scrutiny of the fee arrangements between Villa Chardonnay and Totaro to protect creditors of the Estate and Debtor. *See In re Shirley*, 134 B.R. 940, 945 (B.A.P. 9th Cir. 1992).

23. Based on the deficiencies identified in my Opposition, I respectfully request that the Court deny the Totaro Fee Application. If the Court is inclined to consider the Totaro Fee Application, I request that the Court disallow the fees after Trustee's Appointment Date, consider the effect of the delay in entry of the Order approving the Totaro Employment Application, and

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

further exercise its discretion to substantially reduce any fee award given the pervasive documentation deficiencies and lack of demonstrated benefit to the Estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2026, at La Jolla, California.

_____
Leslie T. Gladstone

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

# Exhibit A

# Exhibit A

Michael R. Totaro 102229
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
(310) 804 2157 (v)
Ocbkatty@aol.com

**Attorneys for Debtor in Possession**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| In re | Case No. 8:24-BK-13090-SC |
| Villa Chardonnay Horses With Wings, Inc. | Chapter 11 |
| Debtor in Possession. | **APPLICATION BY DEBTOR IN POSSESSION TO EMPLOY MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND THE LAW OFFICES OF TOTARO & SHANAHAN, LLP AS GENERAL INSOLVENCY COUNSEL AND APPROVAL OF HOURLY FEE; DECLARATIONS IN SUPPORT**<br><br>**[NO HEARING REQUESTED-<br>LBR -9013-4 (b)]** |

**TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

Villa Chardonnay Horses With Wings, Inc (Debtor) the debtor in possession in the above captioned case (Debtor"), seeks an order approving its retention of Michael R. Totaro (Totaro), Maureen J. Shanahan ("Shanahan") and Totaro & Shanahan, LLP (the "Firm"), as general insolvency counsel, effective August 31, 2025 pursuant to 11 U.S.C. sections 327, 330, 331 and rule 2014(a) of the Federal Rules of Bankruptcy Procedure and approval of hourly billing rates. In support of this application Debtor represents:

1.    On or about August 27, 2025 Debtor retained the law firm of Totaro & Shanahan ("the Firm") to represent Debtor in this Chapter 11 bankruptcy proceeding.

Exhibit A
2 of 17

Pre-petition services commenced the same day. Debtor's pinciple paid a retainer of $5,000 with and a filing fee of $1,738 for a filing fee.

2.     On August 31, 2025, a Voluntary Chapter 11 petition was filed on behalf of Debtor. Debtor remains in possession of the property and estate as debtor in possession as no trustee has been appointed. Since the commencement of this case Debtor has continued to manage its affairs as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     Debtor is a non-profit business entity and cannot appear without counsel. Further the manager of the entity has no legal experience or knowledge of bankruptcy laws and therefore it is necessary for Debtor to engage the services of experienced insolvency counsel to ensure the Debtor receives adequate legal advice and representation in this bankruptcy case.

4.     Debtor has selected and retained the Firm to represent Debtor in this proceeding. The firm is admitted to practice before this Court and has considerable experience in bankruptcy matters having represented numerous debtors in Chapters 7, 11 and 13 bankruptcy proceedings. Totaro is well-qualified to represent Debtors in this chapter 11 case and has been approved as General Insolvency Counsel in over 220 Chapter 11 matters. Debtor represents that employment of Totaro and the Firm would be in the best interests of the estate.

5.     Totaro and the Firm will render services at the hourly rate of $650.00 per hour for attorneys and $150.00 per hour for paralegals. The parties have signed a fee agreement for this amount. Each of the attorneys has over 43 years of legal experience as set forth in the declaration of Michael R. Totaro submitted with this application.

6.     In seeking future payment for attorney's fees from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 327, 330, and 331 and local bankruptcy rules and understands that its compensation will be subject to the approval of the Court.

7.     The Firm will not share or agree to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

2

Exhibit A
3 of 17

8. Among the legal services to be rendered post-petition include but are not limited to:

a. Counseling of Debtor through meetings and phone calls, discussions concerning the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States Trustee Guidelines;

b. Document preparation or amendments concerning the petition and schedules, status reports, review and consultation concerning Monthly Operating Reports, and personal attendance at all hearings, included but not limited to the Status Conference, Initial Debtor Interview ("IDI"), the meeting of creditors pursuant to Bankruptcy Code section 341(a) or any continuance thereof, all status conferences; preparation of any first day motions and employment applications and all hearings on motions, the disclosure statement and plan;

c. Consultation with Debtor's representative concerning documents needed and reports to be prepared and consultation with real estate counsel re title and other issues;

d. Assisting Debtor in preparation of documents for compliance with the requirements of the Office of the United States Trustee ("OUST");

e. Negotiations with secured and unsecured creditors regarding the amount and payment of their claims;

f. Discussions with Debtor's representative concerning the Disclosure Statement and plan of reorganization;

g. Preparation of the Disclosure Statement and Chapter 11 Plan of Reorganization and any amendments/changes to the same unless filed as a Sub-V case which does not require a disclosure statement;

h. Submission of ballots to creditors, tally of ballots and submission to the Court;

i. Response to any objections to disclosure statement and/or plan;

j. Negotiations with creditors as to values, etc and the plan of reorganization;

3

Exhibit A
4 of 17

k.      Response to any motions for relief from stay, motions to dismiss or any other motions or contested matters;

9.      In cases involving litigation, if ligation counsel is employed the Firm will assist in the following matters and consult with litigation counsel where necessary. In cases where no litigation counsel is employed, the Firm will undertake the following matters:

a.      The preparation, submission and prosecution of any adversary proceedings that may be necessary to the case including but not limited to determining the value of real property as collateral and extinguishing unsecured liens on real property;

b.      Review of proofs of claims and if necessary, preparation of formal objections with respect to claims asserted;

c.      Opposition to any motion sought by trustee, court and/or creditors;

d.      Any other adversary matter that arises during the administration of this chapter 11 case that may lead to an evidentiary hearing.

10.     Totaro and the Firm do not have any other connections with the Debtor, the creditors, any party in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or court in any area of the country. Mr. Totaro and the Firm do not represent any interests adverse to the estate and Totaro and the Firm is a disinterested person as defined in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a) and concurrently with this Application has filed a Statement of Disinterestedness. This determination of Disinterest was obtained by a review of all prior files, conversations with the Debtor's agent as to anyone else involved in the business and since we are a small firm and Mr. Totaro does all the intake, from his experience and knowledge of prior cases.

11.     The Firm consists of two attorneys who are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and will comply with them. Each of attorneys are duly admitted to practice law before the Courts of the State of California both state and federal, before the Ninth Circuit Court of Appeals, various other Circuit Courts and the United States Supreme Court.

4

12.   No promises have been made by the Firm or any principal or associate in connection with this case and its outcome and the Firm has no agreement with any other entity to share any compensation received by the Firm in connection with the case.

**WHEREFORE**, Debtors respectfully requests that it be authorized and empowered to employ Totaro and the Firm as counsel to aid in these proceedings, and for approval of the hourly rate and for such other and further relief as the Court may deem proper under the circumstances.

Dated: September 13, 2025                    Totaro & Shanahan

By  /s/ Michael R. Totaro
     Michael R. Totaro

Reviewed and approved:

Dated: September 13, 2025

Monika Kerber-Perez
President

5

# DECLARATION OF MONIKA KERBER-PEREZ

I, Monika Kerber-Perez, declare:

1.      I am the President of the Debtor in the within matter. As such I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2.      On or about  August 27, 2025, on behalf of the Debtor I retained the services of Michael R. Totaro ("Totaro") and the law firm of Totaro & Shanahan, LLP ("the Firm") for representation in a Chapter 11 bankruptcy case. I have talked with Totaro for extended periods of time to sort through all of the problems with the entity and the location.

3.      In addition, we have discussed the bankruptcy laws and procedures and I feel I am not capable of handling a Chapter 11 case on my own. It is therefore necessary that I retain the services of Totaro and the Firm to assure I receive adequate advice and representation in this chapter 11 bankruptcy case.

4.      I selected Totaro and the Firm to represent Debtor and perform legal services in this bankruptcy case as Totaro and the Firm have considerable experience in all aspects of bankruptcy law. I have signed an agreement to pay the Firm $5,000 to do the initial filing and a filing fee of $1,738.00. I have agreed to the post-petition hourly rate of $650.00 an hour  and $150.00 per hour for paralegal time. No post-petition retainer was paid.

5.      Totaro and the Firm are available to consult with me in this matter and have provided considerable legal advice and services in this case both before and after the filing of the petition in this case. They continue to remain available and respond promptly to my questions and concerns.

6.      It has been explained to me that the law firm does not represent me personally even though I provided the funds for the retainer. I am familiar with the Chapter 11 procedure and therefore there was no need to consult another attorney concerning any rights I may or may not have personally.

6

7. I understand that if counsel has to take some action that is beneficial to the estate but not beneficial to me personally, that I cannot and will not interfere with that decision.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2025

_____
Monika Kerber-Perez, President
Debtor in Possession

7

## DECLARATION OF MICHAEL R. TOTARO

I, Michael R. Totaro, declare:

1. I am an attorney at law duly licensed to practice before this court and all state and federal courts in California and a partner in the law firm of Totaro & Shanahan ("the Firm"), proposed attorneys of record for debtor/debtor in possession in this case. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2. Both my partner and I graduated from the University of California, Hastings College of the Law in San Francisco in 1981. Following Hastings, and taking the California Bar, in 1982 we completed a Master of Law program at George Washington University, The National Law Center in Law, in Law, Psychiatry and Criminology. We were both admitted to the California Bar in December 1981. My partner, Maureen J. Shanahan also graduated from DePaul University Summa Cum Laude in 1976, graduated from University of California, Hastings College of the Law in San Francisco in 1981 as Order of the Coif and a member of the Thurston Society both awarded to students in the top 10 percent of their class. Ms. Shanahan was also admitted to the Louisiana State Bar in 2019. I am licensed to practice in the Federal District courts of the Northern District of Illinois, Colorado and the Northern District of Texas.

4. From 1983 to about 2003 our practice varied. During that time most my work was as an appellate attorney. Between my partner and myself we have been counsel of record on over 1200 appeals, both civil and criminal. We have been lead counsel on appeals in the 10th Circuit, the Fifth Circuit, the Fourth Circuit, Ninth Circuit, the Federal Circuit, the Court of Trade and Hawaii. I have appeared in every appellate court in the State of California including as lead counsel in two death penalty cases before the California Supreme Court.

5. I have been practicing as a bankruptcy attorney almost exclusively since 2003. Since 2009 we have filed and been approved as General Insolvency Counsel in

over 220 Chapter 11 cases not only I California but in Arizona, Ohio and the Virgin Islands. Of those only 23 have been involuntarily dismissed or converted.

7. Post-petition services will be billed at $550.00 an hour for attorney time and $150.00 an hour for paralegal time. We will seek Court approval pursuant to the Bankruptcy Code, the Local Bankruptcy Roles and US Trustee Guidelines for all post-petition services and cost and no payment shall be made by Debtors until approved by this Court.

9. Concurrently with the filing of this Application I have filed a Statement of Disinterestedness.

10. I do not believe there is any conflict in the Firm's representation of Debtor in this Chapter 11 case. I have never represented a creditor, I am not related to any United States Trustee or Judge anywhere I the country and have no interest adverse to the Debtor.

11. My partner and I are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Central District of California and shall comply with them.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2025

/s/ Michael R. Totaro

Michael R. Totaro

9



10

**Exhibit 1**

**TOTARO & SHANAHAN LLP, LLP**
Attorneys at Law
P.O. Box 789 Pacific Palisades, CA 90272
(888) 425 8829 Ocbkatty@aol.com



National
Association
of Consumer
Bankruptcy
Attorneys

MICHAEL R. TOTARO J.D., LL.M.[1]                    MAUREEN J. SHANAHAN J.D., LL.M.[2]

## AGREEMENT FOR LEGAL SERVICES

Totaro & Shanahan LLP, (hereinafter the "Firm") and  (Client") Monika Kerber Perez and Villa Chardonnay Horses with Wings Inc. agree as follows:

**PARTIES TO AGREEMENT:** The only parties to this Agreement are the Firm and the Client.

**CONDITIONS:** This Agreement takes effect once the Client authorizes the Firm to commence work on the bankruptcy filing or litigation and pays any part of the legal fees. This agreement terminates when the client receives confirmation of the Chapter 11 Plan or when litigation is completed.

**SCOPE OF ENGAGEMENT AND SERVICES and LEGAL FEES:** The Client has retained the Firm to represent Client in a Chapter 11 bankruptcy case and for no other legal matters.

a.      The Client will pay a fee retainer of $7,500 to cover the initial work and costs of filing fee..

b.      Post-Petition Client will be billed at the following rates on an hourly basis for all Post Petition work: Attorneys $650.00 per hour; Paralegals $200.00 per hour including driving time. The minimum billing will be .1 of an hour and is subject to court approval.

c.      If client terminates this agreement prior to the filing of a Chapter 11 petition, Client agrees to pay the Firm its hourly rate of $650.00 per hour for attorney work completed and for paralegal time at the hourly rate of $200.00. Client agrees that travel time will be billed at the above rates and will reimburse the Firm for costs advanced

d.      The fee set forth above is negotiable and not set by law

e.      The Client and Firm agree that the Firm's obligation to the Client ends with confirmation of the Chapter 11 plan. Any work performed after confirmation is subject to a separate retainer agreement at a set hourly or flat fee to be negotiated under the separate agreement.

**COSTS:** Client is responsible for the following costs: 1) Payments for Credit Counseling and Debt Education; 2) Appraisals; 3) Any cost from a third-party vendor necessary to complete the bankruptcy proceeding; 4) All out of pocket costs.

**DUTIES OF CLIENT:** The Client agrees to: 1) Tell the truth; 2) Keep the Firm informed of Client's current address and telephone number; 3) Read all documents; and 4) Respond to the Firm's phone calls or letters within 24 hours. This agreement becomes void if client does not respond to the

[1] Licensed in California State Courts and in California, Colorado and Texas Federal Courts [2]
Licensed in California and Louisiana State Courts and in California Federal Courts.

Exhibit A
12 of 17

Firm's calls or letters for three months or fails, within six months to complete the work necessary to file the petition. Client agrees that any fee paid may be placed in the Firm's Operating Account with the following exceptions:

A. The client has the right to require the fee be place in trust until earned, and

B. If representation is terminated before the services are fully rendered, the client is entitled to a refund of the unearned portion.

I have read this paragraph and agree to allow the funds to be placed in the Firm's Operating Account subject to court approval if needed.

Monika Kerber Perez, as

President of Villa Chardonnay Horses With Wings, Inc and individually.

**DOCUMENT SCAN AND STORAGE POLICY:** Attorney will scan and store all Client's files in electronic Portable Document Format ("PDF") and destroy all hard copy (paper) files given to or received by Attorney immediately after scanning. Attorney will store electronic copies of Client's files using third party online storage services ("the cloud") that provide appropriate security and encryption services. Attorney will use her best judgment as to levels of encryption or security appropriate for storing Client's files in the cloud. If Client requires or desires special treatment of Client's files, Client must advise Attorney in writing at the outset of Attorney's representation of Client. If Client does not communicate any special need to Attorney's use of the cloud Client will be presumed to have agreed to whatever cloud storage services Attorney deems appropriate. All files will be stored for a period of five years following termination of Attorney's representation and may thereafter destroy same without further notice to Client.

**DISCLAIMER OF GUARANTEE:** The Firm is not permitted to guarantee any specific result.

**LEGAL MALPRACTICE INSURANCE:** Pursuant to California Rule of Professional Conduct 3-410, I am informing you in writing that I do not have professional liability insurance.

**DISPUTE RESOLUTION: Once a Bankruptcy Petition is filed, the Bankruptcy Court has jurisdiction regarding all matters related to the fees and retainer agreement.** If a dispute arises prior to the filing of a Bankruptcy Petition, Client may file a fee dispute with the California State Bar and seek arbitration of the fee.

**PRIVACY POLICY:** Client gives the Firm consent to divulge whatever information is necessary to prosecute its case to the Office of the United States Trustee, the Bankruptcy Court, or the individual trustee appointed to your case. Also, Client authorizes the use of fax, email, and cellular telephones, even though these methods of communication have been shown to have some risk in that unauthorized third parties can access them.

**FACSIMILE AND ELECTRONIC SIGNATURES:** Facsimile and electronic signatures shall be effective as original signatures.

**MISCELLANEOUS:** 1) This Agreement is governed by the laws of the State of California. You are entitled to seek the advice of other counsel in respect to this Agreement; 2) At the meeting of creditors you will be accompanied by myself, someone from my office or an experienced contract attorney who

Exhibit A

13 of 17

makes appearances for our firm and other firms at the meeting of creditors. In most cases it will be the contract attorney unless I suspect a problem in which case I will appear personally. By signing this Agreement, I give the Firm permission to run a complete asset report which will disclose, among other things, my accounts, liens, judgments, real and personal property and agrees to accept text messages as a form of communication.

**ATTACHED DOCUMENTS**: 1) General Authorization

I/We have received a copy of all the documents listed above and agree to the terms of the Fee Agreement.

Dated: August 27, 2025

Sign: _____

Monika Kerber Perez, as
President of Villa Chardonnay Horses With Wings, Inc and individually.

Totaro & Shanahan, LLP

By: /s/ Michael R. Totaro
    Michael R. Totaro



11

**Exhibit 2**

**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

Michael R. Totaro 102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
310 804 2157
Ocbkatty@aol.com

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re  Villa Chardonnay Horses With Wings, Inc.

BANKRUPTCY NO. 3:25-bk-03692-JBM11

Date of Hearing:
Time of Hearing:
Name of Judge: J. Barrnett Marum

Debtor.

## ORDER ON
### APPLICATION FOR AN ORDER APPROVING MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND TOTARO & SHANAHAN AS GENERAL INSOLVENCY COUNSEL

The court orders as set forth on the continuation pages attached and numbered 1 through 2 with exhibits, if any, for

a total of 2 pages.  Motion/Application Docket Entry No. _____.

//

//

//

//

//

//

//

DATED: _____                    _____

Judge, United States Bankruptcy Court

CSD 1001A

Exhibit A
16 of 17

CSD 1001A [07/01/18]

ORDER ON Motion for an Order Approving General Insolvency Counsel
DEBTOR: Villa Chardonay Horses With Wings, Inc.

CASE NO: 3:22-bk-03692-JMB11

---

Debtor in Possession, Villa Chardonnay Horses With Wings, Inc. filed an Application to Employ Michael R. Totaro, Maureen J. Shanahan and Totaro & Shanahan, LLP (the Firm) as General insolvency counsel effective August 31, 2025 as docket ___. Pursuant to the local rules, the Application was properly filed and served on the United States Trustee and all Creditors under Local Rule LBR 9013-4(b). No written objection to the Application was filed within 17 days of the filing of the Application and no appearances required. After consideration of the Application and the supporting documents, the court finds that good cause exists and grants the motion. Therefore:

IT IS HEREBY ORDERED that Debtor in Possession shall be permitted to employ Michael R Totaro, Maureen J. Shanahan and The Firm as General Insolvency Counsel on the terms set forth in the Application and with the following caveats;

1)  That no fees or costs will be paid without prior approval of the court.

2)  That if the President of the Corporation provides funds to the Corporation as a loan, the Corporation must seek prior approval of the court to incur debt.

CSD 1001A

Exhibit A
17 of 17

# Exhibit B

# Exhibit B

Exhibit B
1 of 3

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of California

**In re**    Villa Chardonnay Horses With Wings, Inc.

Case No. _____

**Debtor**

Chapter _____ 11 _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

**FLAT FEE**

For legal services, I have agreed to accept ............................................................... $0.00

Prior to the filing of this statement I have received ............................................... $0.00

Balance Due ............................................................................................................ $0.00

**[X]    RETAINER**

For legal services, I have agreed to accept and received a retainer of ...................    $7,500.00
Including filing fee for Pre-Petition work
The undersigned shall bill against the retainer at an hourly rate of .......................    650.00
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.    _____ $1,738.00 _____ of the filing fee has been paid.

3.    The source of the compensation paid to me was:

☑ Debtor          ☐ Other (specify)

4.    The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

5.    ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

Page 1 of 2

Exhibit B
2 of 3

B2030 (Form 2030) (12/15)

b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

7. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

<table>
<tr><td colspan="2"><strong>CERTIFICATION</strong></td></tr>
<tr><td colspan="2">I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.</td></tr>
<tr><td><u>08/31/2025</u><br><em>Date</em></td><td><strong>/s/ Michael R. Totaro</strong><br><hr>Michael R Totaro<br><em>Signature of Attorney</em><br><br>Bar Number: 102229<br>Totaro & Shanahan, LLP<br>PO Box 789<br>Pacific Palisades, CA 90272<br>Phone: (310) 804-2157</td></tr>
<tr><td></td><td><strong>Totaro & Shanahan, LLP</strong><br><hr><em>Name of law firm</em></td></tr>
</table>

Exhibit B

3 of 3

# Exhibit C

# Exhibit C

Exhibit C
1 of 3

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of California

**In re**   Perez, Monika Kerber

Case No. _____

**Debtor**

Chapter _____7_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☑ **FLAT FEE**

For legal services, I have agreed to accept ..................................................................................... $838.00

Prior to the filing of this statement I have received ............................................................................. $838.00

Balance Due ...................................................................................................................................... $0.00

☐ **RETAINER**

For legal services, I have agreed to accept and received a retainer of ................................................ _____

The undersigned shall bill against the retainer at an hourly rate of ..................................................... _____
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.   _____$338.00_____ of the filing fee has been paid.

3.   The source of the compensation paid to me was:

   ☑ Debtor            ☐ Other (specify)

4.   The source of compensation to be paid to me is:

   ☑ Debtor            ☐ Other (specify)

5.   ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

Exhibit C

2 of 3

B2030 (Form 2030) (12/15)

b.   Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

<div style="border:1px solid black; padding:10px;">

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

<u>10/16/2025</u>  
Date

/s/ Michael R. Totaro

Michael R Totaro  
*Signature of Attorney*

Bar Number: 102229  
Totaro & Shanahan, LLP  
PO Box 789  
Pacific Palisades, CA 90272  
Phone: (310) 804-2157

**Totaro & Shanahan, LLP**  
*Name of law firm*

</div>

Exhibit C

3 of 3