Paul Leeds, Esq. (Bar No. 214309)
pleeds@fsl.law
Meredith King, Esq. (Bar No. 280043)
mking@fsl.law
FRANKLIN SOTO LEEDS LLP
444 West C Street, Suite 300
San Diego, California 92101
Tel:  619.872.2520
Fax: 619.566.0221

*Attorneys for River Falls, LLC*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 25-04245-JBM11 |
| | Chapter 11 |
| VILLA CHARDONNAY HORSES WITH WINGS, INC. | **RIVER FALLS, LLC'S JOINDER TO TRUSTEE'S OPPOSITION AND FURTHER OPPOSITION TO DEBTOR'S MOTION TO REMOVE CHAPTER 11 TRUSTEE; TO STAY, VACATE, OR MODIFY TURNOVER ORDERS; FOR PRESERVATION ORDER; AND FOR EMERGENCY EVIDENTIARY HEARING** |
| Debtor. | |
| | Case Filed:  October 14, 2025 |
| | Date:  August 26, 2026<br>Time:  10:00 a.m.<br>Dept:  2<br>Judge:  Hon. J. Barrett Marum |

**TO THE HONORABLE J. BARRETT MARUM, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES AND THEIR COUNSEL:**

On June 28, 2026, Debtor-out-of-Possession Villa Chardonnay Horses With

---

Wings, Inc. filed a "Motion to Remove or Restrict Chapter 11 Trustee; to Stay, Vacate, Modify, or Clarify May 1 Turnover Order; and for Preservation, Accounting, Payoff Disclosure, and Emergency Evidentiary Hearing." [Doc 207 ("Motion")[1].] While Debtor's Motion was not properly noticed for hearing, out of an abundance of caution, Secured Creditor River Falls, LLC filed an opposition by the deadline that would have been applicable had the Motion been properly noticed, reserving all rights to further oppose to the extent the Motion was properly noticed for hearing. [Doc 200 (River Falls's "Original Opposition").] Debtor subsequently noticed its Motion for hearing. [Doc 243.] River Falls, accordingly, files this further opposition (together with River Falls's Original Opposition, River Falls's "Opposition"). In it, River Falls: (A) joins Chapter 11 Trustee Leslie Gladstone's opposition (Doc 255 (Trustee's ("Opposition"))[2] and (B) provides the further grounds for opposition set forth below.

## I. Debtor's Motion Should Be Denied

The prayer for relief included in the memorandum filed with Debtor's Motion is four pages long and contains not less than twenty paragraphs of requested relief that do not correspond directly to the legal argument presented in Section IV of Debtor's memorandum or the relief requested in Debtor's Motion. [*Compare* Motion, pgs. 19-22, ¶¶ 1-20 *with* Motion, pg. 14-19, ¶¶ 67-102 *and* Motion, pg. 1-2.] This makes it difficult to ascertain precisely what relief Debtor is requesting. Generally, however, River Falls understands Debtor's Motion to request the Court issue orders:

    1. Removing or replacing Trustee for cause under § 324(a), or alternatively suspending or limiting her authority, and appointing a replacement trustee, examiner, or other neutral fiduciary, pending an emergency evidentiary

---

[1] Unless otherwise stated, all statutory references herein are to Title 11 of the United States Code, all references to procedural rules are to the Federal Rules of Bankruptcy Procedure, and all references to "Doc" are to the docket entry number assigned to each filing in this Case by the Court's Case Management/Electronic Case Filing system.

[2] Unless otherwise stated, all defined terms as used herein are as set forth in Trustee's Opposition.

hearing.[3] [Motion, pg. 12, ¶¶ 59 and 60; pg. 15-16,¶¶ 78-83; and pg. 19-20, ¶¶ 1-2.]

2. Vacating, staying, or clarifying pursuant to Rule 9024 and Fed. R. Civ. P. 60(b) the Court's May 1, 2026 Seizure Stipulation Order approving the Trustee's stipulation with SDHS and authorizing Trustee's cooperation with SDHS's Seizure of animals located at Debtor's Property.[4] [Motion, pg. 12, ¶ 61; pg. 13,¶ 62; pg. 14, ¶¶ 67-71; pg. 16-17, ¶¶ 84-88; pg. 20, ¶ 3; and pg. 22, ¶ 17.]

3. Requiring "Trustee, lenders, lender counsel, and any party asserting liens or payoff amounts to provide, by a date certain, a complete itemized payoff demand, wire or escrow instructions, per diem interest, good-through date, lien-release conditions, and identification of any disputed amounts to be escrowed pending further Court order." [Motion, pg. 18, ¶ 93; pg. 21, ¶ 13; pg. 22, ¶ 15.]

4. Preserving Debtor's rights. [Motion, pg. 22, ¶ 18.]

5. Setting an evidentiary hearing. [Motion, pg. 22, ¶ 19.]

---

[3] As an apparent corollary to this relief Debtor's Motion seeks orders targeted at curtailing Trustee's authority to manage the estate including orders: (a) prohibiting any "sale, auction, carve-out approval, lockout, possession-control expansion, third-party occupancy expansion, or property-clearing activity proceed until Debtor has received a meaningful opportunity to tender, escrow, cure, refinance, or otherwise satisfy the full payoff amounts necessary to preserve the property" (Motion, pg. 18, ¶ 94 and pg. 21, ¶ 14); (b) requiring implementation of an "authorized access protocol" to limit access to property of the estate (Motion, pg. 20, ¶ 8); (c) requiring Trustee to provide certain "disclosures" (Motion, pg. 20, ¶ 9); (d) requiring Trustee provide accountings (Motion, pg. 21, ¶¶ 10, 11, 12); and (e) requiring the "preserve" assets and evidence (Motion pg. 21, ¶ 12; pg. 22, ¶ 16). For purposes of River Falls's Opposition, all relief requested in Debtor's Motion intended to alter or limit the authority vested in Trustee in her Appointment Order and/or the Order Confirming Appointment is treated as contingent on (or requested in conjunction with) Debtor's request under § 324(a) to remove or replace Trustee. To the extent additional relief is requested on some other basis, River Falls respectfully reserves its rights to oppose such relief on other grounds.

[4] As an apparent corollary to this relief Debtor's Motion seeks orders requiring the return of animals (Motion, pg. 20, ¶ 4), prohibiting the transfer of animals (Motion, pg. 20, ¶ 5), requiring an animal-by-animal accounting (Motion, pg. 10, ¶ 48), requiring those unable to return animals to provide a reason they cannot be returned (Motion, pg. 20, ¶ 6), and requiring SDHS to vacate Debtor's Property (Motion, pg. 20, ¶ 7). For purposes of River Falls's Opposition, all relief requested in Debtor's Motion that is intended to in any way alter or vacate the relief provided in the Seizure Stipulation Order is treated as contingent on (or requested in conjunction with) Debtor's request to vacate that order. To the extent additional relief is requested on some other basis, River Falls respectfully reserves its rights to oppose such relief on other grounds.

---

CASE NO. 25-04245-JBM11
JOINDER - OPP. MOT. REMOVE TRUSTEE

Trustee's Opposition asks that Debtor's Motion be denied in its entirety. River Falls joins in this opposition and requests Debtor's Motion be denied for the reasons set forth in River Falls's Original Opposition and Trustee's Opposition—both of which are hereby fully incorporated herein by this reference.

As further opposition (and specifically in response to Debtor's request that River Falls be ordered to provide some type of payment information), River Falls notes it timely filed Proof of Claim No. 7 on December 23, 2025 in the amount of $1,745,578.10 and its further owed fees and costs that continue to accrue to the extent permitted under River Falls's pre-petition loan documents and allowed under § 506(d). Section 502 governs the allowance of River Falls's Claim, which must be administered in accordance with applicable bankruptcy law. Claims asserted against Debtor far exceed the value of its assets (*see* Doc 1, p. 8 (acknowledging secured claims totaling $6,627,811.66)), and Debtor's Chapter 11 estate must be administered to maximize the value of Debtor's property for the benefit of Debtor's creditors. *In re Hacienda Co., LLC*, 647 B.R. 748, 755 (Bankr. C.D. Cal. 2023) ("[A]n orderly liquidation in bankruptcy typically maximizes the value of a debtor's assets," including by among other things, "authori[z]ing a sale of assets free and clear of liens and other interests, thereby obtaining higher bids than outside of bankruptcy."). In this case, a sale of Debtor's assets free and clear under § 363 (that is subject to an overbid process to the extent Trustee deems appropriate in the exercise of her business judgment), is the best method of maximizing the value of Debtor's assets for the benefit of all parties. River Falls joins Trustee's Opposition and further notes that Debtor's Motion must be denied in its entirety, as it would only disrupt the orderly administration of Debtor's estate.

## II.   Conclusion

As is set forth more fully in Trustee's Opposition, Debtor's Motion, based on the Villa Principals' disagreement with the Trustee's exercise of her business judgment, is a frivolous attempt to relitigate issues already decided by this Court and presents no disputed material issues of fact.  *See In re Brown*, 606 B.R. 40, 51 (B.A.P.

-4-

9th Cir. 2019). The relief requested would only serve to disrupt the orderly administration of Debtor's estate, and River Falls joins Trustee's Opposition and requests Debtor's Motion be denied.

Dated: August 5, 2026                    Respectfully submitted,


                                         FRANKLIN SOTO LEEDS LLP

                              By:    */s/ Meredith King*
                                     Meredith King, Esq.
                                     Dylan A. Noceda, Esq.

                                     *Attorneys for River Falls, LLC*

CASE NO. 25-04245-JBM11
                                         JOINDER - OPP. MOT. REMOVE TRUSTEE