CSD 2062 [07/20/26]
Court Telephone: (619) 557-5620
www.casb.uscourts.gov

Leslie T. Gladstone, Esq. (SBN 144615)
Hilda M. Montes de Oca, Esq. (SBN 287605)
Financial Law Group, PC
5656 La Jolla Blvd., La Jolla, CA 92037
Telephone (858) 454-9887
Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re

VILLA CHARDONNAY HORSES WITH WINGS, INC.

                                              Debtor(s).

BANKRUPTCY NO.  25-04245-JBM11

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

**TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

**You are hereby notified** that the undersigned Trustee proposes to:

☐    Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by LBR 9019]; or

☐    Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by FRBP 2002(c)(2)]; or

    Fees:
    Costs:

☒    **Other:  The Trustee seeks an order approving the Stipulation Re: Carve-Out from River Fall's Claim in Favor of Chapter 11 Trustee and Estate (the "Settlement").  See the Addendum attached hereto and herein incorporated by reference for the terms of the Settlement.**

**The Trustee has evaluated the following factors and determined, in her business judgment, that this compromise is fair, reasonable, and adequate; (a) the probability of success in litigation of this matter; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. This Settlement is in the best interest of the estate, as it will provide funds to the estate without the need to go through the time and expense of litigation.**

**Wherefore, the Trustee requests that this Court approve the Settlement.**

IF YOU OBJECT TO THE PROPOSED ACTION:

1.    **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case.  Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice.  If the case number is followed by the letter:

          -    CL - call (619) 557-6019          -    DEPARTMENT ONE (Room 218)
          -    JBM - call (619) 557-5157          -    DEPARTMENT TWO (Room 118)

CSD 2062

CSD 2062 [07/20/26]

2.  **Within 14[1] days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate **Request and Notice of Hearing** [Local Form CSD 1184] upon the undersigned Trustee, together with any opposing papers.  A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Ste. 3230, San Diego, CA 92101.  The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

    a.  identify the interest of the opposing party; and

    b.  state, with particularity, the factual and legal grounds for the opposition.

3.  **You must** file the original of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

**If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 14-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: August 10 , 2026

/s/ Leslie T. Gladstone
Leslie T. Gladstone, Esq.
Attorney for Trustee
Address: 5656 La Jolla Blvd.
La Jolla, CA 92037
Phone No. (858) 454-9887

---

[1]Depending on how you were served, you may have additional time for response.  See FRBP 9006.

CSD 2062

In re VILLA CHARDONNAY HORSES WITH WINGS, INC.
Case No. 25-04245-JBM11

## ADDENDUM
## NOTICE OF INTENDED ACTION

Leslie T. Gladstone, the chapter 11 trustee ("**Trustee**") in the case of Villa Chardonnay Horses with Wings, Inc. ("**Debtor**") seeks an order approving a carve-out agreement with River Falls, LLC, a Nevada limited liability company ("**River Falls**").[1]

### BACKGROUND

On or about October 14, 2025, VCH filed its chapter 11 bankruptcy petition. Trustee was appointed as chapter 11 trustee on January 29, 2026.

The primary asset in the Estate is real estate located at 4554 and 4430 Boulder Creek Road, Julian, California (collectively, the "**Property**"). Debtor operated an animal sanctuary at the Property, which housed approximately 600 elderly and disabled animals. On or about May 1, 2026, the San Diego Humane Society seized all the animals.

Trustee determined that the best interests of the Estate were served by turning over the animals to the San Diego Humane Society and selling the Property.

Trustee understands that the Property has a value of approximately Two Million Five Hundred Thousand Dollars ($2,500,000.00), based on an appraisal provided to Trustee by River Falls.

Trustee is informed and believes that the Property is encumbered by the following liens of record in the following order of priority:

| Priority | Document | Payee | Amount |
|---|---|---|---|
| 1 | Deed of Trust, recorded as Document No. 2020-035850 | River Falls LLC, | $2.300,000.00 approx. balance 6/12/26 |
| 2 | Judgment Lien, recorded as Document No. 2020-0664245 | Elias Villafuerto-Rubio | $18,639.12 recorded balance |

---

[1] The comments set forth in this Notice are for purposes of explaining the benefits of the proposed carve-out agreement. They do not constitute admissions by the Trustee in this bankruptcy case or any adversary proceeding, and the Trustee reserves all rights available to the estate if the carve-out agreement is not approved.

| Priority | Document | Payee | Amount |
|---|---|---|---|
| 3 | Judgment Lien, recorded as Document No. 2020-0664248 | Raul Garcia | $12,914.66 recorded balance |
| 4 | Judgment Lien, recorded as Document No. 2020-0664249 | Benjamin Moreno | $9,700.09 recorded balance |
| 5 | Judgment Lien, recorded as Document No. 2020-0664251 | Santos Figueroa | $5,726.98 recorded balance |
| 6 | Judgment Lien, recorded as Document No. 2020-0664253 | Santos Rodriguez | $46,343.67 recorded balance |
| 7 | Deed of Trust, recorded as Document No. 2022-0041797 | SBA | $2,000,000.00 recorded balance |
| 8 | Judgment Lien, recorded as Document No. 2022-0233625 | California State Labor Commissioner | $43,517.49 recorded balance |
| 9 | Judgment Lien, recorded as Document No. 2022-0298755 | The Ark Watch Foundation | $64,998.29 recorded balance |
| 10 | Judgment Lien, recorded as Document No. 2023-0230116 | The Ark Watch Foundation | $160,062.02 recorded balance |
| 11 | Judgment Lien, recorded as Document No. 24-056183 | Waste Management Collection and Recycling, Inc. | $9,656.31 recorded balance |
| 12 | Judgment Lien, recorded as Document No. 24-0109249 | Andres Sandoval | $2,843.22 recorded balance |
| 13 | Judgment Lien, recorded as Document No. 24-0109250 | Ray Velazquez | $12,280.30 recorded balance |
| 14 | Judgment Lien, recorded as Document No. 24-0154506 | Celine Myers | $2,010,420.01 recorded balance |
| 15 | Judgment Lien, recorded as Document No. 24-0258078 | Darlene Sears | $64,542.32 recorded balance |

2

| Priority | Document | Payee | Amount |
|---|---|---|---|
| 16 | Tax Lien, recorded as Document No. 24-0322884 | United States of America, District Director of Internal Revenue | $225,267.70 recorded balance |
| 17 | Tax Lien, recorded as Document No. 24-0340420 | United States of America, District Director of Internal Revenue | $34,944.54 recorded balance |
| 18 | Tax Lien, recorded as Document No. 25-028164 | United States of America, District Director of Internal Revenue | $56,880.22 recorded balance |

Trustee received post-petition financing from River Falls in the amount of Four Hundred Thousand Dollars ($400,000.00) (the "**Post-Petition Financing**") to fund administration of the Estate and for the relocation/care of the animals. The Post-Petition Financing has been fully funded and has been included in the estimated claim amount of River Falls (No. 1 above).

Trustee intends to market and sell the Property and distribute the proceeds ("**Sale Proceeds**") in connection with a Bankruptcy Code Section 363 sale and Court order regarding same.

In recognition of the unique difficulties and circumstances involved with administering this case, the Parties desire to enter into a carve-out agreement to provide a distribution to River Falls, and also to provide money for unsecured and/or undersecured creditors of the Estate.

### SUMMARY OF MATERIAL TERMS OF SETTLEMENT

A copy of the Stipulation Re: Carve-Out from Secured Creditor's Claim in Favor of Chapter 11 Trustee and Estate (the "**Carve-Out Agreement**") is attached hereto as Exhibit 1. Pursuant to the terms of the Carve-Out Agreement, which remains subject to Court approval, upon sale of the Property, Trustee shall pay the following in the following order:

1. Upon sale of the Property, Trustee shall distribute the Sale Proceeds first to pay the following:

   a. all costs of sale/administrative expenses incurred as of the sale date, including but not limited to broker, title/escrow, Trustee, accountant, and attorneys' fees, after application of all sums currently in possession of Trustee from the Post-Petition Financing;

   b. reimbursement for any and all repair costs incurred for the Property, provided that River Falls shall make the decisions as to the repairs to be made;

   c. carve out to the Estate of Two Hundred Thousand Dollars ($200,000.00) (the "**Carve-Out**") to be used to pay:

3

    i.   the principal balance remaining owed on the judgment liens reflected above as priority levels 2-6; and

    ii.   a pro rata distribution to allowed creditor claims of the Estate, in accordance with the priority structure of Bankruptcy Code section 507, at such time as the case is ready for final distribution.

2.   Contemporaneously with the payments referenced in Paragraphs 1 (a)-(c) above, River Falls shall receive up to the full amount owed on its Allowed Claim, less the Carve-Out, said payment to be made from escrow.

3.   Should any Sale Proceeds remain after the payments referenced in Paragraphs 1-2 above, Trustee shall pay the balance of the allowed claims referenced in the chart above as Nos. 2–18 (less any payments made in accordance with paragraph 1(c)(i) above), in the order of lien priority, with the highest in priority being paid in full prior to the next highest receiving any distribution.

4.   As additional consideration, the Parties agree as follows:

    a.   The sale of the Property shall be conducted in the chapter 11 case under Bankruptcy Code section 363 with a likely conversion to chapter 7 thereafter;

    b.   River Falls shall be paid out of escrow at closing;

    c.   Broker to be of Trustee's choice at a commission not to exceed six percent (6%) (including buyer agent commission, if any); and

    d.   In the event the Estate's proceeds from the Post-Petition Financing are not sufficient to cover the administrative fees and expenses incurred by the Chapter 11 Trustee, River Falls agrees to an additional funding to cover such fees and expenses, on an as-needed basis, as and when incurred.

### DISCUSSION

The Trustee seeks approval of the Carve-Out Agreement as an arm's-length negotiation in the best interests of the Estate.  The Court has wide authority to approve agreements.  *In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988).  Also, the Trustee's business judgment is entitled to deference and "great latitude."  *See In re Mickey Thompson Entertainment Group, Inc.,* 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003), and *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005).

In this case, the Trustee has negotiated a carve-out whereby the lienholder is essentially gifting a portion of its claims for the benefit of administrative expenses and undersecured and unsecured creditors.  Many cases have held similar agreements to be permissible.  *See SPM Mfg. Corp.,* 984 F.2d 1305, 1313–14 (1st Cir. 1992); *In re DBSD N. Am., Inc.*, 419 B.R. 179, 210 n.127 (Bankr. S.D.N.Y. 2009); *In re World Health Alternatives, Inc.,* 344 B.R. 291, 298–99 (Bankr. D. Del. 2006); *In re Journal Register Co.*, 407 B.R. 520, 533 (Bankr. S.D.N.Y. 2009).

4

The Trustee has given notice of the Carve-Out Agreement to all creditors of the Estate, all parties requesting special notice, and all entities required to be given notice under the federal and local bankruptcy rules.

In view of the compelling business reason for the proposed transaction—generating funds to pay creditors—the Trustee determined that the Carve-Out Agreement is in the best interests of the Estate and requests that the Court approve the Carve-Out Agreement.

# EXHIBIT "1"

# EXHIBIT "1"

Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP, PC
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
E-mail: LeslieG@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.: 25-04245-JBM11 |
|---|---|
| VILLA CHARDONNAY HORSES WITH WINGS, INC., | **STIPULATION RE: CARVE-OUT FROM RIVER FALL'S CLAIM IN FAVOR OF CHAPTER 11 TRUSTEE AND ESTATE** |
| Debtor. | |

This stipulation ("**Stipulation**") is entered into by and between LESLIE T. GLADSTONE, chapter 11 trustee ("**Trustee**") for the estate (the "**Estate**") of Villa Chardonnay Horses with Wings, Inc. ("**VCH**"), and RIVER FALLS, LLC ("**River Falls**"; Trustee and River Falls are referred together as the "**Parties**"), who represent and stipulate as follows:

### FACTUAL RECITALS

A.    On or about October 14, 2025, VCH filed its chapter 11 bankruptcy petition. Trustee was appointed as chapter 11 trustee on January 29, 2026.

B.    The primary asset in the Estate is real estate located at 4554 and 4430 Boulder Creek Road, Julian, California (collectively, the "**Property**"). VCH operated an animal sanctuary at the Property, which housed approximately 600 elderly and disabled animals (the "**Animals**").

C.    On December 23, 2025, River Falls, Private Mortgage Lending, Inc. ("**PMI**"), and The Armbrust Living Trust, by and through Larry D. Armbrust and

---

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.     1     STIPULATION RE: CARVE-OUT FROM
CASE NO. 25-04245-JBM11                                  RIVER FALL'S CLAIM IN FAVOR OF
                                                          CHAPTER 11 TRUSTEE AND ESTATE

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Carol A. Armbrust, Trustees (the "**Armbrust Trust**," and collectively with PMI and River Falls, the "**Original Claimants**") timely filed Proof of Claim No. 7 (the "**Claim**").

D.   As is set forth more fully in the attachment to the Original Claimants' Claim, the Claim arises from a loan ("**Loan**") made by the Original Claimants to VCH on or about March 11, 2020 in the original principal amount of $1,600,000 secured by a priority interest in the Property (the "**Lien**"). Among other documents, the Loan was evidenced by: (i) the Note Secured by Deed of Trust attached as Exhibit A to the Claim; (ii) the Short Form Deed of Trust and Assignment of Rents, recorded in the Official Records of the San Diego County Records as Doc #2020-0135850 and attached to the Claim as Exhibit B ("**Lien**"); and (iii) the Fictitious Long Form Deed of Trust and Assignment of Rents recorded in the Official Records of the San Diego County Records on October 23, 1961 and attached to the Claim as Exhibit C. Collectively these documents, and all other documents and instruments executed in connection therewith, including, without limitation, any and all amendments, modifications, extensions, replacements, and restatements thereof are referred to herein as the "**Loan Documents**."

E.   The Original Claimants' Claim was filed in the amount of $1,745,578.10 plus fees and costs that continued to accrue on the Claim to the extent permitted under the Loan Documents and allowed under 11 U.S.C. § 506(d).

F.   On June 16, 2026, PMI and the Armbrust Trust filed notices in VCH's bankruptcy confirming the transfer their interests in the Claim to River Falls.

G.   Trustee determined that the best interests of the Estate were served by relocating the Animals and selling the Property.

H.   Trustee believes the Property has a value of approximately Two Million Five Hundred Thousand Dollars ($2,500,000.00), based on an appraisal provided to Trustee by River Falls.

<div style="margin-left:-2em">FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037</div>



I.    Trustee is informed and believes that the Property is encumbered by the following liens of record in the following order of priority:

| Priority | Document | Payee | Amount |
|---|---|---|---|
| 1 | Deed of Trust, recorded as Document No. 2020-035850 | River Falls LLC | $2,300,000.00 approx. current balance as of June 12, 2026 |
| 2 | Judgment Lien, recorded as Document No. 2020-0664245 | Elias Villafuerto-Rubio | $18,639.12 recorded balance |
| 3 | Judgment Lien, recorded as Document No. 2020-0664248 | Raul Garcia | $12,914.66 recorded balance |
| 4 | Judgment Lien, recorded as Document No. 2020-0664249 | Benjamin Moreno | $9,700.09 recorded balance |
| 5 | Judgment Lien, recorded as Document No. 2020-0664251 | Santos Figueroa | $5,726.98 recorded balance |
| 6 | Judgment Lien, recorded as Document No. 2020-0664253 | Santos Rodriguez | $46,343.67 recorded balance |
| 7 | Deed of Trust, recorded as Document No. 2022-0041797 | SBA | $2,000,000.00 recorded balance |
| 8 | Judgment Lien, recorded as Document No. 2022-0233625 | California State Labor Commissioner | $43,517.49 recorded balance |
| 9 | Judgment Lien, recorded as Document No. 2022-0298755 | The Ark Watch Foundation | $64,998.29 recorded balance |
| 10 | Judgment Lien, recorded as Document No. 2023-0230116 | The Ark Watch Foundation | $160,062.02 recorded balance |

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.
CASE NO. 25-04245-JBM11

3

STIPULATION RE: CARVE-OUT FROM RIVER FALL'S CLAIM IN FAVOR OF CHAPTER 11 TRUSTEE AND ESTATE



| Priority | Document | Payee | Amount |
|---|---|---|---|
| 11 | Judgment Lien, recorded as Document No. 24-056183 | Waste Management Collection and Recycling, Inc. | $9,656.31 recorded balance |
| 12 | Judgment Lien, recorded as Document No. 24-0109249 | Andres Sandoval | $2,843.22 recorded balance |
| 13 | Judgment Lien, recorded as Document No. 24-0109250 | Ray Velazquez | $12,280.30 recorded balance |
| 14 | Judgment Lien, recorded as Document No. 24-0154506 | Celine Myers | $2,010,420.01 recorded balance |
| 15 | Judgment Lien, recorded as Document No. 24-0258078 | Darlene Sears | $64,542.32 recorded balance |
| 16 | Tax Lien, recorded as Document No. 24-0322884 | United States of America, District Director of Internal Revenue | $225,267.70 recorded balance |
| 17 | Tax Lien, recorded as Document No. 24-0340420 | United States of America, District Director of Internal Revenue | $34,944.54 recorded balance |
| 18 | Tax Lien, recorded as Document No. 25-028164 | United States of America, District Director of Internal Revenue | $56,880.22 recorded balance |

J.    On May 29, 2026, Trustee received court approval for post-petition financing from River Falls in the amount of Four Hundred Thousand Dollars ($400,000.00) (the "**Post-Petition Financing**") to fund administration of the Estate and for the relocation/care of the animals.  The Post-Petition Financing has been funded in the amount of Three Hundred and Forty Thousand Dollars ($340,000.00) and this amount has been added to the estimated claim amount of River Falls (No. 1

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.
CASE NO. 25-04245-JBM11

4

STIPULATION RE: CARVE-OUT FROM
RIVER FALL'S CLAIM IN FAVOR OF
CHAPTER 11 TRUSTEE AND ESTATE

above).  The Post-Petition Financing has been approved by the Court as free and clear of all liens, including but not limited to those represented in Nos. 2–18 above.

K.     Trustee intends to market and sell the Property and distribute the proceeds ("**Sale Proceeds**") in connection with a Bankruptcy Code section 363 sale and Court order regarding same.

L.     In recognition of the unique difficulties and circumstances involved with administering the Estate, the Parties desire to enter into a carve-out agreement to provide a distribution to River Falls, and also to provide money for unsecured and/or under-secured creditors of the Estate.

## STIPULATION

WHEREFORE, the parties agree as follows:

1.     Upon sale of the Property, Trustee shall distribute the Sale Proceeds first to pay the following:

    a.  all court-approved costs of sale/administrative expenses incurred by the Trustee as of the sale date, including but not limited to commissions owed to any broker in an amount not to exceed 6% of the gross sale proceeds; reimbursable costs owed to any broker; title/escrow costs; and Trustee, accountant, and attorneys' fees, after application of all sums currently in possession of Trustee from the Post-Petition Financing;

    b.  reimbursement for any and all repair costs incurred for the Property, provided that River Falls shall make the decisions as to the repairs to be made;

    c.  a carve out to the Estate of Two Hundred Thousand Dollars ($200,000.00) (the "**Carve-Out**") to be used to pay:

        i.  the principal balance remaining owed on the judgment liens reflected above as priority levels 2-6; and

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

ii. a pro rata distribution to allowed creditor claims of the Estate, in accordance with the priority structure of Bankruptcy Code section 507, at such time as the case is ready for final distribution.

2. Contemporaneously with the payments referenced in Paragraphs 1 (a)-(c) above, River Falls shall receive up to the full amount owed on its Claim, less the Carve-Out, said payment to be made from escrow.

3. Should any Sale Proceeds remain after the payments referenced in Paragraphs 1–2 above, Trustee shall pay the balance of the allowed claims referenced in Nos. 2–18 above (less any payments made in accordance with paragraph 1(c)(i) above), in the order of lien priority, with the highest in priority being paid in full prior to the next highest receiving any distribution.

4. In addition to the foregoing, River Falls agrees to fund the remaining Sixty Thousand Dollars ($60,000.00) of the Post-Petition Financing to the Estate as follows: (a) Thirty Thousand Dollars ($30,000) on or before August 1, 2026 and (b) Thirty Thousand Dollars ($30,000) on or before September 1, 2026, to be used for remaining administrative expenses of the Estate after sale and/or creditor claims.

5. As additional consideration, the Parties agree as follows:

a. The sale of the Property shall be conducted in the chapter 11 case under Bankruptcy Code section 363 with a likely conversion to chapter 7 thereafter;

b. River Falls shall be paid out of escrow at closing;

c. Broker to be of Trustee's choice at a commission not to exceed six percent (6%) (including buyer agent commission, if any); and

d. In the event the Estate's proceeds from the Post-Petition Financing are not sufficient to cover the administrative fees and expenses incurred by the Trustee, River Falls agrees to an additional carve-out to cover such fees and expenses, on an as-needed basis, as and when

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.
CASE NO. 25-04245-JBM11

6

STIPULATION RE: CARVE-OUT FROM RIVER FALL'S CLAIM IN FAVOR OF CHAPTER 11 TRUSTEE AND ESTATE

incurred provided, however, any fees and expenses to be funded by River Falls under this subparagraph are limited to fees and expenses of the Trustee and estate-retained professionals approved by the Court under 11 U.S.C. §§ 330 and 331.

6. Trustee shall file a Notice of Intended Action to obtain Court approval of this Stipulation as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Court order approving this stipulation in this bankruptcy case.

7.     The Parties acknowledge that they have read this Stipulation; that they fully understand the rights, privileges, and duties under this Stipulation; and that they enter into this Stipulation freely and voluntarily.  The Parties further acknowledge that they have had the opportunity to consult with attorney(s) of their choice to explain the terms of this Stipulation and the consequences of signing it.

8.     The Parties hereto represent and warrant that they have the power, authority, and ability to carry out the obligations assumed and promised hereunder.

9.     The Parties are to bear their own respective attorneys' fees and costs, except that if an action is brought to enforce the terms of this Stipulation, or for a declaration of rights or obligations, the successful party shall be entitled to recover reasonable attorneys' fees.

10.     This Stipulation shall be governed by, and construed and enforced in accordance with the laws of the State of California.

11.     This Stipulation may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same agreement.  Counterparts may be delivered via facsimile, electronic mail (including pdf), or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.          7          STIPULATION RE: CARVE-OUT FROM
CASE NO. 25-04245-JBM11                                                                   RIVER FALL'S CLAIM IN FAVOR OF
                                                                                                         CHAPTER 11 TRUSTEE AND ESTATE

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation on the day and year indicated below.

Dated: 7/29 , 2026

/s/ Leslie T. Gladstone
Leslie T. Gladstone, Trustee

Dated: 7/29 , 2026

RIVER FALLS, LLC

Daniel. Joseph Getzinger, Manager

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE VILLA CHARDONNAY HORSES WITH WINGS, INC.
CASE NO. 25-04245-JBM11

8

STIPULATION RE: CARVE-OUT FROM
RIVER FALL'S CLAIM IN FAVOR OF
CHAPTER 11 TRUSTEE AND ESTATE