Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
Hilda M. Montes de Oca, Esq. (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: HildaM@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 11 Trustee



UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br>Debtor. | Case No.: 25-04245-JBM11<br><br>**DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S OPPOSITION TO THE SECOND FINAL APPLICATION FOR AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, FILED BY MICHAEL TOTARO, ATTORNEY FOR DEBTOR**<br><br>Date: November 3, 2026<br>Time: 1:30 p.m.<br>Dept: Two (2)<br>Honorable J. Barrett Marum |

I, LESLIE T. GLADSTONE, declare:

1. I am the chapter 11 trustee for the bankruptcy estate (the "**Estate**") of Villa Chardonnay Horses With Wings, Inc. ("**Villa Chardonnay**" or "**Debtor**"). All the information contained herein is within my personal

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true. If called as a witness, I could competently testify thereto.

2. I submit this declaration in support of my Opposition to the Revised First and Final Application for Award of Compensation and Reimbursement of Expenses, filed by Michael Totaro, former attorney for Debtor (the "**Opposition**").

3. Based on my review of the docket, Villa Chardonnay was a non-profit animal sanctuary which housed hundreds of elderly and sick animals, including horses, cats and various farmed animals (collectively, the "**Animals**"). Debtor's principals Monika Kerber Perez ("**Kerber**") and Mercedes Flores ("**Flores**" and collectively with Kerber, the "**Villa Principals**") operated Villa Chardonnay out of real property encompassing approximately 45 acres located at 4554 and 4430 Boulder Creek Road, Julian, California (the "**Property**").

**A. The First Villa Chardonnay Chapter 11**

4. Villa Chardonnay filed its first voluntary chapter 11 petition on September 1, 2025 (the "**First Chapter 11**"). On September 13, 2025, Totaro filed the *Application by Debtor in Possession to Employ Michael R. Totaro, Maureen J. Shanahan, and the Law Offices of Totaro & Shanahan, LLP as General Insolvency Counsel* (the "**First Employment Application**"). [25-03692, ECF No. 17] In the First Employment Application, Totaro disclosed that he received a $5,000.00 retainer from Debtor, but the Retainer Agreement attached to the First Employment Application provides for a retainer of $7,500.00. A true and correct copy of the First Employment Application is attached hereto as Exhibit A and incorporated herein. Debtor's Statement of Financial Affairs also shows $7,500.00 as the total amount of compensation

paid to Totaro. A true and correct copy of Debtor's Statement of Financial Affairs is attached hereto as Exhibit B and incorporated herein.

5. On October 1, 2025, the First Chapter 11 was dismissed on a motion by the United States Trustee due to Debtor's failure to provide the required proof of insurance. [25-03692, ECF No. 45] A review of the docket for the First Chapter 11 shows that the Court did not enter an Order approving the First Employment Application and that Totaro did not file a fee application seeking approval of his attorney's fees for the First Chapter 11.

**B. The Kerber Chapter 7**

6. On October 20, 2025, Totaro filed on behalf of Kerber a voluntary chapter 7 petition (the "**Kerber Chapter 7**"), bankruptcy case no. 25-04318-JBM7. In the *Disclosure of Compensation* filed with the petition, Totaro disclosed that he had received $838.00 as flat fee compensation for his legal services that included analysis of Kerber's financial situation, preparing the petition and schedules, and representing Kerber at the Section 341(a) meeting of creditors. A true and correct copy of the *Disclosure of Compensation* is attached hereto as Exhibit C and incorporated herein.

**C. The Current Villa Chardonnay Chapter 11**

7. Villa Chardonnay filed a voluntary chapter 11 petition, commencing this bankruptcy case (the "**Bankruptcy Case**") on October 14, 2025. On November 9, 2025, Totaro filed on behalf of Debtor an *Application by Debtor in Possession to Employ Michael R. Totaro, Maureen J. Shanahan, and the Law Offices of Totaro & Shanahan, LLP as General Insolvency Counsel* (the "**Totaro Employment Application**"). [ECF No. 22] In the Totaro Employment Application, Totaro disclosed that he received $2,000.00 from Debtor to cover the filing fee and miscellaneous costs, and the *Statement of Financial Affairs* and *Disclosure of Compensation* reflect that Totaro received $1,738.00 for the filing fee. There remains no explanation for the

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

remaining $262.00. An order was not uploaded on the Totaro Employment Application until July, 2026. The *Court Modified Order on the Totaro Employment Application* was entered on July 24, 2026. [ECF No. 245]

8. On January 23, 2026, senior secured creditors filed an *Emergency Motion to Appoint Chapter 11 Trustee*. [ECF No. 63]. I was thereafter appointed as chapter 11 trustee of the Bankruptcy Case on January 29, 2026 ("**Trustee's Appointment Date**"). [ECF Nos. 84 and 89].

9. On March 16, 2026, Totaro filed his *Motion to Be Relieved as Counsel* and his Declaration in Support (the "**Withdrawal Motion**"). [ECF Nos. 143 and 145] Totaro neglected to upload an order granting the Withdrawal Motion until June, 2026. The *Order Granting the Withdrawal Motion* was entered on June 15, 2026. [ECF No. 186]

10. On July 12, 2026, Totaro filed the First Fee Application. [ECF No. 220] The First Fee Application, wherein Totaro sought approval of attorney's fees for the Bankruptcy Case totaling $45,995.00, was my first notice that any outstanding fees were owed to Totaro. On July 27, 2026, I filed my opposition to the First Fee Application [ECF No. 250], which was joined by The Ark Watch Foundation and Celine Myers. [ECF No. 251]

11. On August 6, 2026, the Court issued its Tentative Ruling denying the First Fee Application without prejudice, so that Totaro could correct the errors:

> With respect to the balance of the fees sought, Applicant's time entries are nearly all lumped or so vague that it is difficult to tell what work Applicant performed and whether or how that work benefited the estate. Instead of reducing fees, the Court will provide Applicant an opportunity to revise the time entries to eliminate lumping and to fully describe the work Applicant performed.

*Tentative Ruling Denying the First Fee Application*, ECF No. 261.

12. On July 14, 2026, I filed my *Ex Parte Application to Establish Chapter 11 Administrative Claims Bar Date*. [ECF No. 226] On July 22, 2026, the Court granted my Application and ordered that professionals employed by Debtor and any other parties in interest who believe they may be entitled to an administrative expense priority claim must file by August 31, 2026 (the "**Administrative Claim Bar Date**"), a motion for approval of their chapter 11 administrative fees and expenses. *See Court Modified Order on Ex Parte Application to Establish Chapter 11 Administrative Claims Bar Date and Section 503(b)(1)(D) Claims*, ECF No. 241 (the "**Administrative Claim Bar Date Order**"). The Administrative Claims Bar Date Order provides that any professionals or other parties in interest who believe they may be entitled to administrative expense priority are prohibited from asserting chapter 11 administrative priority, if a motion is not filed on or before August 31, 2026. *Id.* at ¶ 5.

13. On September 9, 2026, after the Administrative Claim Bar Date, Totaro filed the Second Fee Application. [ECF No. 288]

14. Generally, fees awarded under Section 330(a) are administrative expenses paid from the bankruptcy estate ahead of most unsecured creditor claims. This priority has real consequences for creditors and should not be extended to claims not entitled to such priority. *See, e.g., In re Millenkamp Cattle, Inc.*, 2026 Bankr. LEXIS 1071, *9 (Bankr. D. Idaho Apr. 27, 2026). In cases where an estate lacks sufficient assets to pay all claims in full, attorney fee awards directly reduce the funds available for distribution to unsecured creditors. *Id.*

15. Totaro filed the Second Fee Application on September 9, 2026, in direct violation of the Administrative Claims Bar Date Order. *See Court Modified Order on Ex Parte Application to Establish Chapter 11 Administrative Claims Bar Date and Section 503(b)(1)(D) Claims*, ¶ 5, ECF No. 241.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

Although styled as a "Revised" application, there is no basis to allow the late filing, as the First Fee Application was denied and so the Second Fee Application is a new, independent filing rather than an amendment to an active, ongoing pleading. *See In re Reeves*, 127 B.R. 866, 869 (Bankr. S.D. Cal. 1991) (the effect of a denial without prejudice is to leave [the moving party] in the same position as if the action had never been filed).

16. Totaro has not even sought to justify the late filing whatsoever and clearly received notice of the Administrative Claim Bar Date Order. Moreover, Totaro has exhibited a pattern of delay in this Bankruptcy Case that should not be condoned by the Court.

The Court's language was clear:

> If a motion is not filed by August 31, 2026, then said professionals, employees, vendors, customers, utility service providers, or any other parties in interest who believe they may be entitled to administrative expense priority will be prohibited from asserting chapter 11 administrative priority and will not be paid any filed claims as a chapter 11 administrative priority in Debtor's bankruptcy case.

*Administrative Claim Bar Date Order*, ¶ 5, ECF No. 241.

17. For all of the above reasons, Totaro cannot assert a chapter 11 administrative priority claim for the fees in the Second Fee Application. Any fees requested in the Second Fee Application that are approved should be paid with other general unsecured claims.

18. Federal Rule of Bankruptcy Procedure 2016 requires an entity seeking compensation to submit a detailed statement of the time expended along with the fee application. In fact, the Court denied the First Fee Application, specifically to allow Totaro an opportunity to "revise the time entries to eliminate lumping and to fully describe the work [Toarto] performed." *Tentative Ruling Denying the First Fee Application*, ECF No. 261.

19. Notwithstanding this clear direction, the time entries filed in support of the Second Fee Application are verbatim the exact same time entries that the Court found “all lumped or so vague that it is difficult to tell what work Applicant performed and whether or how that work benefitted the estate.” *Tentative Ruling Denying the First Fee Application*, ECF No. 261. For example, entries such as "RV file and prepare papers," "strategy conference," "review document re bankruptcy," "prepare documents re bankruptcy" appear again, without any additional detail included. Similar unclear time record descriptions have been found to amount to a failure to sustain the required burden of proof. *See In re Coastal Equities, Inc.*, 39 B.R. at 311.

20. Again, Totaro's billing records reflect extensive overlap between categories and vague task descriptions that make it impossible to determine whether services were necessary or duplicative. For example, there are two entries for "RV Loan docs" appearing twice—once in December 9, 2025, for 1.50 hours and again on January 17, 2026, for 1.50 hours—suggesting duplicative work. Totaro himself acknowledges that "there is an inherent overlap between this category and Case Administration" with respect to client communications and similarly admits overlap between Case Administration and Communication with Third Parties. *Second Fee Application*, 7:1-8:25.

21. Even though he was afforded the opportunity to file the Second Fee Application, Totaro did not deign to revise his time records to provide sufficiently detailed information so that the Court could determine what services were reasonably performed and whether the services were performed at a reasonable rate and within a reasonable amount of time. *See In re Basham*, 208 B.R. 926 (B.A.P. 9th Cir. 1997). Totaro has not met his burden here and the Second Fee Application should be wholly denied.

22. Totaro must demonstrate that the services performed satisfy the benefit-to-estate requirement under Section 330(a)(4)(A). The Second Fee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

Application time entries are vague and difficult to determine whether they were designed to benefit the Debtor's administration or whether they were designed to benefit Debtor's principal.

23. The time records are replete with services that were not reasonably likely to benefit the Estate at the time they were rendered (*e.g.,* insider compensation and cash collateral entries that were apparently never sought, substantial time spent reviewing title and loan records that assumedly would have been done prior to filing, analysis of claims and adversary lawsuit that did not appear to result in any benefit to the Estate and discussions with Villa Principals and/or alleged family of Villa Principals to fund a purchase by Villa Principals).

24. To be entitled compensation from the estate, the efforts of an attorney for a debtor not in possession must have benefitted the administration of the estate. *In re Coastal Equities, Inc.*, 39 B.R. at 310-11 (holding that the request for compensation for time spent in preparation of a plan of reorganization which was unaccompanied by a disclosure statement and was never voted should be reduced).

25. The Court must assess whether the services outlined in the Second Fee Application were reasonable and necessary at the time they were rendered. I am not suggesting that professionals must guarantee any particular result for unsecured creditors. Totaro must, however, demonstrate that his services were reasonably likely to benefit the Estate.

26. In the Second Fee Application, Totaro defends his services by blaming Kerber for providing "patently false" information and asserts that he was induced to perform "much" of the work described "based on false information that could not be discovered in time to avoid the work." *Second Fee Application*, 2:3-8; 10:8-10.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

27. Belying his assertion that Kerber's false statements could not have been discovered in time to prevent work that provided no benefit to the Estate, Totaro himself identifies the red flags in the Second Fee Application that would have caused a reasonable attorney to inquire further:

- "[i]n this case the President did not even complete the MOR's and there were continual problems with obtaining and indexing the receipts to determine the actual expenditures." *Second Fee Application*, 7:26-28.
- "the receipts never matched the projections for income. The taxes always showed 1.8 to 1.9 million a year, being about $150,00 a month, but their MORS never showed income over $60,000 per month. *Id.*, 8:2-3.
- "This [category] also included a lot of discussions re discrepancies in the tax returns and discrepancies between the projections […] to the actual income…" *Id.*, 7:8-10.

28. As detailed in my Opposition, Totaro filed no less than three cases on behalf of Villa Chardonnay and/or Kerber individually. The time records accompanying the Second Fee Application show no entries for work done by Totaro until October 15, 2025, one day after the Bankruptcy Case was filed.[1] Presumably, Totaro would have engaged in pre-filing due diligence here, or have learned facts in his dealings with Kerber in the two prior cases he filed on her behalf, that would have raised red flags by the time he got to this third case. It defies credulity that Totaro now argues, with no supporting evidence, that '[t]his was not a matter of being lax in obtaining information."

[1] If any sum for prepetition work remains unpaid, it should have been disclosed in the Employment Application filed by Totaro in the Bankruptcy Case.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

29. I was previously informed by Totaro that he was attempting to obtain a substantial post-petition loan or funding from Kerber's father to fund Totaro's own finances. With no retainer disclosed in the Bankruptcy Case to fund Totaro's fees, and Totaro's active solicitation of funding from Kerber's family, it appears that it was never intended for the Debtor to fund Totaro's fees in the Bankruptcy Case.[2]

30. The time records here are not sufficient to identify the specific work performed, and so the Court cannot determine what services were reasonably performed and whether the services were performed at a reasonable rate and within a reasonable amount of time. Even though Totaro was given an additional opportunity to demonstrate the value of his services in the Second Fee Application, he again fails to meet his burden under Section 330 to show that his services were reasonably likely to benefit the estate or necessary for proper administration of the Bankruptcy Case.

31. Based on the deficiencies identified in my Opposition, I respectfully request that the Court deny the Second Fee Application or exercise its discretion to substantially reduce any fee award considering the pervasive documentation deficiencies, potential conflicts of interest, and lack of demonstrated benefit to the Estate. If the Court is inclined to award any fees requested in the Second Fee Application, I request that such fees constitute a general unsecured claim.

[2] I also remain concerned whether the compensation contemplated by Totaro and Debtor's principal Kerber would have created an actual conflict for Totaro in his representation of Villa Chardonnay, that at least should have been disclosed in the Totaro Employment Application.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 23, 2026, at Victoria, British Columbia, Canada.

/s/ Leslie T. Gladstone
Leslie T. Gladstone

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

# Exhibit A

Exhibit A

Michael R. Totaro 102229
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
(310) 804 2157 (v)
Ocbkatty@aol.com

Attorneys for Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**

| | |
|---|---|
| In re<br><br>Villa Chardonnay Horses With Wings, Inc.<br><br>Debtor in Possession. | Case No. 8:24-BK-13090-SC<br><br>Chapter 11<br><br>APPLICATION BY DEBTOR IN POSSESSION TO EMPLOY MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND THE LAW OFFICES OF TOTARO & SHANAHAN, LLP AS GENERAL INSOLVENCY COUNSEL AND APPROVAL OF HOURLY FEE; DECLARATIONS IN SUPPORT<br><br>[NO HEARING REQUESTED- LBR -9013-4 (b)] |

**TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

Villa Chardonnay Horses With Wings, Inc (Debtor) the debtor in possession in the above captioned case (Debtor"), seeks an order approving its retention of Michael R. Totaro (Totaro), Maureen J. Shanahan ("Shanahan") and Totaro & Shanahan, LLP (the "Firm"), as general insolvency counsel, effective August 31, 2025 pursuant to 11 U.S.C. sections 327, 330, 331 and rule 2014(a) of the Federal Rules of Bankruptcy Procedure and approval of hourly billing rates. In support of this application Debtor represents:

1. On or about August 27, 2025 Debtor retained the law firm of Totaro & Shanahan ("the Firm") to represent Debtor in this Chapter 11 bankruptcy proceeding.

Pre-petition services commenced the same day. Debtor's pinciple paid a retainer of $5,000 with and a filing fee of $1,738 for a filing fee.

2. On August 31, 2025, a Voluntary Chapter 11 petition was filed on behalf of Debtor. Debtor remains in possession of the property and estate as debtor in possession as no trustee has been appointed. Since the commencement of this case Debtor has continued to manage its affairs as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor is a non-profit business entity and cannot appear without counsel. Further the manager of the entity has no legal experience or knowledge of bankruptcy laws and therefore it is necessary for Debtor to engage the services of experienced insolvency counsel to ensure the Debtor receives adequate legal advice and representation in this bankruptcy case.

4. Debtor has selected and retained the Firm to represent Debtor in this proceeding. The firm is admitted to practice before this Court and has considerable experience in bankruptcy matters having represented numerous debtors in Chapters 7, 11 and 13 bankruptcy proceedings. Totaro is well-qualified to represent Debtors in this chapter 11 case and has been approved as General Insolvency Counsel in over 220 Chapter 11 matters. Debtor represents that employment of Totaro and the Firm would be in the best interests of the estate.

5. Totaro and the Firm will render services at the hourly rate of $650.00 per hour for attorneys and $150.00 per hour for paralegals. The parties have signed a fee agreement for this amount. Each of the attorneys has over 43 years of legal experience as set forth in the declaration of Michael R. Totaro submitted with this application.

6. In seeking future payment for attorney's fees from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 327, 330, and 331 and local bankruptcy rules and understands that its compensation will be subject to the approval of the Court.

7. The Firm will not share or agree to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

8. Among the legal services to be rendered post-petition include but are not limited to:

a. Counseling of Debtor through meetings and phone calls, discussions concerning the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States Trustee Guidelines;

b. Document preparation or amendments concerning the petition and schedules, status reports, review and consultation concerning Monthly Operating Reports, and personal attendance at all hearings, included but not limited to the Status Conference, Initial Debtor Interview ("IDI"), the meeting of creditors pursuant to Bankruptcy Code section 341(a) or any continuance thereof, all status conferences; preparation of any first day motions and employment applications and all hearings on motions, the disclosure statement and plan;

c. Consultation with Debtor's representative concerning documents needed and reports to be prepared and consultation with real estate counsel re title and other issues;

d. Assisting Debtor in preparation of documents for compliance with the requirements of the Office of the United States Trustee ("OUST");

e. Negotiations with secured and unsecured creditors regarding the amount and payment of their claims;

f. Discussions with Debtor's representative concerning the Disclosure Statement and plan of reorganization;

g. Preparation of the Disclosure Statement and Chapter 11 Plan of Reorganization and any amendments/changes to the same unless filed as a Sub-V case which does not require a disclosure statement;

h. Submission of ballots to creditors, tally of ballots and submission to the Court;

i. Response to any objections to disclosure statement and/or plan;

j. Negotiations with creditors as to values, etc and the plan of reorganization;

k. Response to any motions for relief from stay, motions to dismiss or any other motions or contested matters;

9. In cases involving litigation, if ligation counsel is employed the Firm will assist in the following matters and consult with litigation counsel where necessary. In cases where no litigation counsel is employed, the Firm will undertake the following matters:

a. The preparation, submission and prosecution of any adversary proceedings that may be necessary to the case including but not limited to determining the value of real property as collateral and extinguishing unsecured liens on real property;

b. Review of proofs of claims and if necessary, preparation of formal objections with respect to claims asserted;

c. Opposition to any motion sought by trustee, court and/or creditors;

d. Any other adversary matter that arises during the administration of this chapter 11 case that may lead to an evidentiary hearing.

10. Totaro and the Firm do not have any other connections with the Debtor, the creditors, any party in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or court in any area of the country. Mr. Totaro and the Firm do not represent any interests adverse to the estate and Totaro and the Firm is a disinterested person as defined in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a) and concurrently with this Application has filed a Statement of Disinterestedness. This determination of Disinterest was obtained by a review of all prior files, conversations with the Debtor's agent as to anyone else involved in the business and since we are a small firm and Mr. Totaro does all the intake, from his experience and knowledge of prior cases.

11. The Firm consists of two attorneys who are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and will comply with them. Each of attorneys are duly admitted to practice law before the Courts of the State of California both state and federal, before the Ninth Circuit Court of Appeals, various other Circuit Courts and the United States Supreme Court.

12. No promises have been made by the Firm or any principal or associate in connection with this case and its outcome and the Firm has no agreement with any other entity to share any compensation received by the Firm in connection with the case.

**WHEREFORE**, Debtors respectfully requests that it be authorized and empowered to employ Totaro and the Firm as counsel to aid in these proceedings, and for approval of the hourly rate and for such other and further relief as the Court may deem proper under the circumstances.

Dated: September 13, 2025

Totaro & Shanahan

By /s/ Michael R. Totaro
Michael R. Totaro

Reviewed and approved:

Dated: September 13, 2025

Monika Kerber-Perez
President

# DECLARATION OF MONIKA KERBER-PEREZ

I, Monika Kerber-Perez, declare:

1. I am the President of the Debtor in the within matter. As such I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2. On or about August 27, 2025, on behalf of the Debtor I retained the services of Michael R. Totaro ("Totaro") and the law firm of Totaro & Shanahan, LLP ("the Firm") for representation in a Chapter 11 bankruptcy case. I have talked with Totaro for extended periods of time to sort through all of the problems with the entity and the location.

3. In addition, we have discussed the bankruptcy laws and procedures and I feel I am not capable of handling a Chapter 11 case on my own. It is therefore necessary that I retain the services of Totaro and the Firm to assure I receive adequate advice and representation in this chapter 11 bankruptcy case.

4. I selected Totaro and the Firm to represent Debtor and perform legal services in this bankruptcy case as Totaro and the Firm have considerable experience in all aspects of bankruptcy law. I have signed an agreement to pay the Firm $5,000 to do the initial filing and a filing fee of $1,738.00. I have agreed to the post-petition hourly rate of $650.00 an hour and $150.00 per hour for paralegal time. No post-petition retainer was paid.

5. Totaro and the Firm are available to consult with me in this matter and have provided considerable legal advice and services in this case both before and after the filing of the petition in this case. They continue to remain available and respond promptly to my questions and concerns.

6. It has been explained to me that the law firm does not represent me personally even though I provided the funds for the retainer. I am familiar with the Chapter 11 procedure and therefore there was no need to consult another attorney concerning any rights I may or may not have personally.

7. I understand that if counsel has to take some action that is beneficial to the estate but not beneficial to me personally, that I cannot and will not interfere with that decision.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2025

Monika Kerber-Perez, President
Debtor in Possession

## DECLARATION OF MICHAEL R. TOTARO

I, Michael R. Totaro, declare:

1. I am an attorney at law duly licensed to practice before this court and all state and federal courts in California and a partner in the law firm of Totaro & Shanahan ("the Firm"), proposed attorneys of record for debtor/debtor in possession in this case. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2. Both my partner and I graduated from the University of California, Hastings College of the Law in San Francisco in 1981. Following Hastings, and taking the California Bar, in 1982 we completed a Master of Law program at George Washington University, The National Law Center in Law, in Law, Psychiatry and Criminology. We were both admitted to the California Bar in December 1981. My partner, Maureen J. Shanahan also graduated from DePaul University Summa Cum Laude in 1976, graduated from University of California, Hastings College of the Law in San Francisco in 1981 as Order of the Coif and a member of the Thurston Society both awarded to students in the top 10 percent of their class. Ms. Shanahan was also admitted to the Louisiana State Bar in 2019. I am licensed to practice in the Federal District courts of the Northern District of Illinois, Colorado and the Northern District of Texas.

4. From 1983 to about 2003 our practice varied. During that time most my work was as an appellate attorney. Between my partner and myself we have been counsel of record on over 1200 appeals, both civil and criminal. We have been lead counsel on appeals in the 10th Circuit, the Fifth Circuit, the Fourth Circuit, Ninth Circuit, the Federal Circuit, the Court of Trade and Hawaii. I have appeared in every appellate court in the State of California including as lead counsel in two death penalty cases before the California Supreme Court.

5. I have been practicing as a bankruptcy attorney almost exclusively since 2003. Since 2009 we have filed and been approved as General Insolvency Counsel in

over 220 Chapter 11 cases not only I California but in Arizona, Ohio and the Virgin Islands. Of those only 23 have been involuntarily dismissed or converted.

7. Post-petition services will be billed at $550.00 an hour for attorney time and $150.00 an hour for paralegal time. We will seek Court approval pursuant to the Bankruptcy Code, the Local Bankruptcy Roles and US Trustee Guidelines for all post-petition services and cost and no payment shall be made by Debtors until approved by this Court.

9. Concurrently with the filing of this Application I have filed a Statement of Disinterestedness.

10. I do not believe there is any conflict in the Firm's representation of Debtor in this Chapter 11 case. I have never represented a creditor, I am not related to any United States Trustee or Judge anywhere I the country and have no interest adverse to the Debtor.

11. My partner and I are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Central District of California and shall comply with them.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2025

/s/ Michael R. Totaro

Michael R. Totaro

**Exhibit 1**

TOTARO & SHANAHAN LLP, LLP
Attorneys at Law
P.O. Box 789 Pacific Palisades, CA 90272
(888) 425 8829 Ocbkatty@aol.com

National Association of Consumer Bankruptcy Attorneys

MICHAEL R. TOTARO J.D., LL.M.[1] MAUREEN J. SHANAHAN J.D., LL.M.[2]

# AGREEMENT FOR LEGAL SERVICES

Totaro & Shanahan LLP, (hereinafter the "Firm") and (Client") Monika Kerber Perez and Villa Chardonnay Horses with Wings Inc. agree as follows:

**PARTIES TO AGREEMENT:** The only parties to this Agreement are the Firm and the Client.

**CONDITIONS:** This Agreement takes effect once the Client authorizes the Firm to commence work on the bankruptcy filing or litigation and pays any part of the legal fees. This agreement terminates when the client receives confirmation of the Chapter 11 Plan or when litigation is completed.

**SCOPE OF ENGAGEMENT AND SERVICES and LEGAL FEES:** The Client has retained the Firm to represent Client in a Chapter 11 bankruptcy case and for no other legal matters.

a. The Client will pay a fee retainer of $7,500 to cover the initial work and costs of filing fee..

b. Post-Petition Client will be billed at the following rates on an hourly basis for all Post Petition work: Attorneys $650.00 per hour; Paralegals $200.00 per hour including driving time. The minimum billing will be .1 of an hour and is subject to court approval.

c. If client terminates this agreement prior to the filing of a Chapter 11 petition, Client agrees to pay the Firm its hourly rate of $650.00 per hour for attorney work completed and for paralegal time at the hourly rate of $200.00. Client agrees that travel time will be billed at the above rates and will reimburse the Firm for costs advanced

d. The fee set forth above is negotiable and not set by law

e. The Client and Firm agree that the Firm's obligation to the Client ends with confirmation of the Chapter 11 plan. Any work performed after confirmation is subject to a separate retainer agreement at a set hourly or flat fee to be negotiated under the separate agreement.

**COSTS:** Client is responsible for the following costs: 1) Payments for Credit Counseling and Debt Education; 2) Appraisals; 3) Any cost from a third-party vendor necessary to complete the bankruptcy proceeding; 4) All out of pocket costs.

**DUTIES OF CLIENT:** The Client agrees to: 1) Tell the truth; 2) Keep the Firm informed of Client's current address and telephone number; 3) Read all documents; and 4) Respond to the Firm's phone calls or letters within 24 hours. This agreement becomes void if client does not respond to the

[1] Licensed in California State Courts and in California, Colorado and Texas Federal Courts [2] Licensed in California and Louisiana State Courts and in California Federal Courts.

Firm's calls or letters for three months or fails, within six months to complete the work necessary to file the petition. Client agrees that any fee paid may be placed in the Firm's Operating Account with the following exceptions:

A. The client has the right to require the fee be place in trust until earned, and
B. If representation is terminated before the services are fully rendered, the client is entitled to a refund of the unearned portion.

I have read this paragraph and agree to allow the funds to be placed in the Firm's Operating Account **subject to court approval if needed**

Monika Kerber Perez, as
President of Villa Chardonnay Horses With Wings, Inc and individually.

**DOCUMENT SCAN AND STORAGE POLICY:** Attorney will scan and store all Client's files in electronic Portable Document Format ("PDF") and destroy all hard copy (paper) files given to or received by Attorney immediately after scanning. Attorney will store electronic copies of Client's files using third party online storage services ("the cloud") that provide appropriate security and encryption services. Attorney will use her best judgment as to levels of encryption or security appropriate for storing Client's files in the cloud. If Client requires or desires special treatment of Client's files, Client must advise Attorney in writing at the outset of Attorney's representation of Client. If Client does not communicate any special need to Attorney's use of the cloud Client will be presumed to have agreed to whatever cloud storage services Attorney deems appropriate. All files will be stored for a period of five years following termination of Attorney's representation and may thereafter destroy same without further notice to Client.

**DISCLAIMER OF GUARANTEE:** The Firm is not permitted to guarantee any specific result.

**LEGAL MALPRACTICE INSURANCE:** Pursuant to California Rule of Professional Conduct 3-410, I am informing you in writing that I do not have professional liability insurance.

**DISPUTE RESOLUTION: Once a Bankruptcy Petition is filed, the Bankruptcy Court has jurisdiction regarding all matters related to the fees and retainer agreement.** If a dispute arises prior to the filing of a Bankruptcy Petition, Client may file a fee dispute with the California State Bar and seek arbitration of the fee.

**PRIVACY POLICY:** Client gives the Firm consent to divulge whatever information is necessary to prosecute its case to the Office of the United States Trustee, the Bankruptcy Court, or the individual trustee appointed to your case. Also, Client authorizes the use of fax, email, and cellular telephones, even though these methods of communication have been shown to have some risk in that unauthorized third parties can access them.

**FACSIMILE AND ELECTRONIC SIGNATURES:** Facsimile and electronic signatures shall be effective as original signatures.

**MISCELLANEOUS:** 1) This Agreement is governed by the laws of the State of California. You are entitled to seek the advice of other counsel in respect to this Agreement: 2) At the meeting of creditors you will be accompanied by myself, someone from my office or an experienced contract attorney who

makes appearances for our firm and other firms at the meeting of creditors. In most cases it will be the contract attorney unless I suspect a problem in which case I will appear personally. By signing this Agreement, I give the Firm permission to run a complete asset report which will disclose, among other things, my accounts, liens, judgments, real and personal property and agrees to accept text messages as a form of communication.

**ATTACHED DOCUMENTS**: 1) General Authorization

I/We have received a copy of all the documents listed above and agree to the terms of the Fee Agreement.

Dated: August 27, 2025

Sign: ______________________________

Monika Kerber Perez, as
President of Villa Chardonnay Horses With Wings, Inc and individually.

Totaro & Shanahan, LLP

By: /s/ Michael R. Totaro
Michael R. Totaro

Case 25-03425-JBW11 Filed 09/23/25 Entered 09/23/25 15:39:51 Doc 300 Pg. 14 of 16



**Exhibit 2**

CSD 1001A [07/01/18]

Name, Address, Telephone No. & I.D. No.

Michael R. Totaro 102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
310 804 2157
Ocbkatty@aol.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re Villa Chardonnay Horses With Wings, Inc.<br><br>Debtor. | BANKRUPTCY NO. 3:25-bk-03692-JBM11<br><br>Date of Hearing:<br>Time of Hearing:<br>Name of Judge: J. Barrnett Marum |

## ORDER ON

### APPLICATION FOR AN ORDER APPROVING MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND TOTARO & SHANAHAN AS GENERAL INSOLVENCY COUNSEL

The court orders as set forth on the continuation pages attached and numbered 1 through 2 with exhibits, if any, for a total of 2 pages. Motion/Application Docket Entry No. _____.

//

//

//

//

//

//

//

DATED:

_______________________________
Judge, United States Bankruptcy Court

ORDER ON Motion for an Order Approving General Insolvency Counsel
DEBTOR: Villa Chardonay Horses With Wings, Inc. CASE NO: 3:22-bk-03692-JMB11

---

Debtor in Possession, Villa Chardonnay Horses With Wings, Inc. filed an Application to Employ Michael R. Totaro, Maureen J. Shanahan and Totaro & Shanahan, LLP (the Firm) as General insolvency counsel effective August 31, 2025 as docket __. Pursuant to the local rules, the Application was properly filed and served on the United States Trustee and all Creditors under Local Rule LBR 9013-4(b). No written objection to the Application was filed within 17 days of the filing of the Application and no appearances required. After consideration of the Application and the supporting documents, the court finds that good cause exists and grants the motion. Therefore:

IT IS HEREBY ORDERED that Debtor in Possession shall be permitted to employ Michael R Totaro, Maureen J. Shanahan and The Firm as General Insolvency Counsel on the terms set forth in the Application and with the following caveats;

1) That no fees or costs will be paid without prior approval of the court.

2) That if the President of the Corporation provides funds to the Corporation as a loan, the Corporation must seek prior approval of the court to incur debt.

# Exhibit B

Exhibit B

| Fill in this information to identify the case: |
|---|
| Debtor name: Villa Chardonnay Horses With Wings, Inc. |
| United States Bankruptcy Court for the: Southern District of California |
| Case number (if known): |

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2025 (MM/ DD/ YYYY) | to Filing date | ☑ Operating a business<br>☐ Other | $800,000.00 |
| **For prior year:** | From 01/01/2024 (MM/ DD/ YYYY) | to 12/31/2024 (MM/ DD/ YYYY) | ☑ Operating a business<br>☐ Other | $2,000,000.00 |
| **For the year before that:** | From 01/01/2023 (MM/ DD/ YYYY) | to 12/31/2023 (MM/ DD/ YYYY) | ☑ Operating a business<br>☐ Other | $1,949,300.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2025 (MM/ DD/ YYYY) | to Filing date | | |
| **For prior year:** | From 01/01/2024 (MM/ DD/ YYYY) | to 12/31/2024 (MM/ DD/ YYYY) | | |
| **For the year before that:** | From 01/01/2023 (MM/ DD/ YYYY) | to 12/31/2023 (MM/ DD/ YYYY) | | |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **San Diego Department of Gas & Electric** (Creditor's name)<br>**Po Box 25111** (Street)<br>**Santa Ana, CA 92799-5111** (City, State, ZIP Code) | | **$10,000.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other ______ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. ______ Creditor's name<br>______ Street<br>______<br>______ City State ZIP Code<br>**Relationship to debtor**<br>______ | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

5.1. Creditor's name

Street

City State ZIP Code

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. Creditor's name<br>Street<br><br>City State ZIP Code | XXXX– _ _ _ _ | | |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Ark Watch v. Villa Chardonnay**<br>Case number<br>**37-202-00044666** | **Business Collection** | **San Diego Superior Court** (Name)<br>**330 W Broadway** (Street)<br>**San Diego, CA 92101-3825** (City State ZIP Code) | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 7.2. | **The Ark Watch, Darlene Myers v. Villa chardonnay**<br>Case number<br>**37-2023-00017739** | **Collection** | **San Diego Superior Court** (Name)<br>**330 W Broadway** (Street)<br>**San Diego, CA 92101-3825** (City State ZIP Code) | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

| | Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | Waste Management v. Villa Chardonnay<br>Case number: 37-2022-00011815 | Collection | San Diego Superior Court<br>330 W Broadway<br>San Diego, CA 92101-3825 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 7.4. | Deere V. Villa Chardonnay<br>Case number: 25CU019767C | Repossession | San Diego Superior Court<br>330 W Broadway<br>San Diego, CA 92101-3825 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 7.5. | Gonzalez v. Villa Chardonnay<br>Case number: 37-2022-00047223 | Labor dispute | San Diego Superior Court<br>330 W Broadway<br>San Diego, CA 92101-3825 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | Sears v Villa Chardonnay<br>Case number: 24LBCV01051 | | Superior Court of Los Angeles, Long Beach<br>275 Magnolia Ave<br>Long Beach, CA 90802-2909 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 7.7. | Montgomery v. Villa Chardonnay<br>Case number: 37-2022-00024123 | Business Dispute | San Diego Superior Court<br>330 W Broadway<br>San Diego, CA 92101-3825 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

Debtor **Villa Chardonnay Horses With Wings, Inc.** Case number (*if known*)
Name

| 8.1. Custodian's name and address | Description of the property | Value |
|---|---|---|
| Custodian's name | | |
| Street | Case title | Court name and address |
| | | Name |
| City State ZIP Code | Case number | Street |
| | Date of order or assignment | City State ZIP Code |

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| 9.1. Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| Recipient's name | | | |
| Street | | | |
| City State ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|---|
| 10.1. | | | | |

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

Debtor **Villa Chardonnay Horses With Wings, Inc.** Case number *(if known)* ____________
Name

11.1.

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| Totaro & Shanahan, LLP | Fees and Costs | 08/27/2025 | $7,500.00 |

**Address**

P.O. Box 789
Street

Pacific Palisades, CA 90272-0789
City State ZIP Code

**Email or website address**

www.totaroandshanahan.com

**Who made the payment, if not debtor?**

Debtor

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

12.1.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

**Trustee**

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| 13.1. Who received the transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

**Address**

Street

City State ZIP Code

**Relationship to debtor**

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. Street | From _____ To _____ |
| City State ZIP Code | |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
—diagnosing or treating injury, deformity, or disease, or
—providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. Facility name | | |
| Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| City State ZIP Code | | *Check all that apply:* ☐ Electronically ☐ Paper |

Debtor **Villa Chardonnay Horses With Wings, Inc.** Case number *(if known)* ______
Name

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. ______

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| ______ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | **Chase Bank** (Name)<br>______ (Street)<br>______<br>**CA** (City State ZIP Code) | XXXX– __ __ __ __ | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other ______ | 9/2/2025 | $250.00 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

Debtor **Villa Chardonnay Horses With Wings, Inc.** Case number (*if known*) ____________
Name

19.1

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| ____________ Name ____________ Street ____________ ____________ City State ZIP Code | ____________ ____________ ____________ **Address** ____________ ____________ | ____________ ____________ ____________ ____________ ____________ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

20.1

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| ____________ Name ____________ Street ____________ ____________ City State ZIP Code | ____________ ____________ ____________ **Address** ____________ ____________ | ____________ ____________ ____________ ____________ ____________ | ☐ No ☐ Yes |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| ____________ Name ____________ Street ____________ ____________ City State ZIP Code | ____________ ____________ ____________ | ____________ ____________ ____________ ____________ ____________ | ____________ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Debtor **Villa Chardonnay Horses With Wings, Inc.** Case number *(if known)* ____________
Name

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No
☑ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| Moreno, Sandoval, Velasquez, Garcia, Rodriguez, Figueroa,<br>**Case number**<br>18011 42-48-55-57-79- 60-61-62 | State of California Labor Commission<br>Name<br>464 W 4th St 478<br>Street<br>478<br>San Bernardino CA 92401-1407<br>City State ZIP Code | ~~Labor Disputes One Family~~ | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Name<br>Street<br>City State ZIP Code | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Name<br>Street<br>City State ZIP Code | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. ____<br>Name<br>____<br>Street<br>____<br>____<br>City State ZIP Code | ____ | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From ____ To ____ |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. **SM Kazim Raza**<br>Name<br>**17224 S. Figueroa St.**<br>Street<br>____<br>**Gardena, CA 90248**<br>City State ZIP Code | From ____ To **2023** |
| 26a.2. **Penny M. Fox, CPA**<br>Name<br>**15615 Alton Parkway 450**<br>Street<br>____<br>**Irvine, CA 92618**<br>City State ZIP Code | From **August 2025** To **Ongoing** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26b.1. ____<br>Name<br>____<br>Street<br>____<br>____<br>City State ZIP Code | From ____ To ____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

Debtor **Villa Chardonnay Horses With Wings, Inc.** Case number *(if known)* ____________
Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Monika Kerber Perez**<br>Name<br>**4554 Boulder Creek Rd**<br>Street<br><br>**Julian, CA 92036**<br>City State ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1. ____________<br>Name<br>____________<br>Street<br>____________<br>____________<br>City State ZIP Code |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. ____________<br>Name<br>____________<br>Street<br>____________<br>____________<br>City State ZIP Code |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Monika Kerber Perez | 4554 Boulder Creek Rd Julian, CA 92036 | , O | 100.00% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

Debtor Villa Chardonnay Horses With Wings, Inc. Case number (if known) ______
Name

______ ______ ______ From ______
To ______

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Name<br>Street<br>City State ZIP Code | | | |
| Relationship to debtor | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **08/31/2025**
MM/ DD/ YYYY

X [signature]
Signature of individual signing on behalf of the debtor

Printed name **Monika Kerber Perez**

Position or relationship to debtor **President**

Debtor **Villa Chardonnay Horses With Wings, Inc.**
Name

Case number *(if known)* ______

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑ No

☐ Yes

# Exhibit C

Exhibit C

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
Southern District of California

**In re** Perez, Monika Kerber

Case No. ____________

**Debtor**

Chapter 7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☑ **FLAT FEE**

For legal services, I have agreed to accept .......... **$838.00**

Prior to the filing of this statement I have received .......... **$838.00**

Balance Due .......... **$0.00**

☐ **RETAINER**

For legal services, I have agreed to accept and received a retainer of .......... ____________

The undersigned shall bill against the retainer at an hourly rate of .......... ____________
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. **$338.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

☑ Debtor ☐ Other (specify)

4. The source of compensation to be paid to me is:

☑ Debtor ☐ Other (specify)

5. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

7. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**10/16/2025**
*Date*

/s/ Michael R. Totaro
Michael R Totaro
*Signature of Attorney*

Bar Number: 102229
Totaro & Shanahan, LLP
PO Box 789
Pacific Palisades, CA 90272
Phone: (310) 804-2157

**Totaro & Shanahan, LLP**
*Name of law firm*