TENTATIVE RULING

ISSUED BY JUDGE J. BARRETT MARUM

Bankruptcy Case Name: Villa Chardonnay Horses With Wings, Inc.

Bankruptcy Number: 25-04245-JBM11

Hearing: 11/3/26 1:30 PM

Motion: REVISED FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED BY: TOTARO & SHANAHAN, LLP

On August 6, 2026, the Court denied the Applicant's First and Final Application for Compensation and Reimbursement of Expenses without prejudice to the Applicant refiling. Specifically, the Court in its tentative ruling reasoned that (1) the Applicant could not recover fees for services during the period following the Trustee's appointment and (2) nearly all the time entries were lumped "or so vague that it [was] difficult to tell what work Applicant performed and whether or how that work benefitted the estate." ECF No. 261 at 1. The Court amended that tentative ruling to allow the Applicant to include a request for compensation for certain services made after the Trustee's appointment that the Applicant contended it had rendered specifically at the Trustee's request, and directed the Applicant to support any such request pursuant to 11 U.S.C. § 503 if it did so. ECF No. 265 at 1.

On September 9, 2026, the Applicant filed a revised application (the "Revised Application") and a declaration (the "Declaration") in support thereof. ECF Nos. 288 and 289. The Trustee again opposed the Revised Application and contended that the Applicant could not assert a Chapter 11 administrative priority claim because he had missed the administrative bar date, had not met his burden to demonstrate that the services were reasonably likely to benefit the estate, and had failed to clarify the time entries as the Court required. ECF No. 299. The Applicant did not file a reply.

Despite the Court's amended tentative ruling, the Applicant indicated in the Revised Application that "Counsel has removed all billing information after January 29, 2026, since the Trustee did not authorize this firm to work on the case." ECF No. 288 at 3. The Court conditionally appointed the Chapter 11 Trustee on January 28 2026, and the Applicant did not file anything that day, so the Court interprets this to mean the Applicant has abandoned any request for fees after the Trustee's appointment. ECF No. 84.

Although the Trustee argued the services were not reasonably likely to benefit the estate, the Court finds compelling the Applicant's arguments that at the time he represented the Debtor, his services seemed appropriate with the limited information he had. ECF No. 288 at 3-4. Indeed, the Court itself encountered certain troubling representations and credibility issues with the Debtor's principal during various hearings, so the Court understands the specific predicament the Applicant laid out. While the Debtor contemplated a plan of reorganization and the Applicant lacked complete information from its principal, the services likely did seem reasonable at the time the Applicant rendered them.

Still, the Court finds unsatisfactory the Applicant's explanation of work performed and the time records. ECF No. 288 at 6-9. The Applicant's time entries lump tasks together and remain vague.

The Court reviewed the Applicant's time entries attached to the Declaration. ECF No. 289 at 6-13. Although the Revised Application included further details with respect to the tasks the Applicant completed in the Revised Application itself, the Applicant's time entries do not allow the Court to assess whether the fees amount to "reasonable compensation for actual, necessary services rendered by the… attorney." 11 U.S.C. § 330(a)(1)(A). In particular, Section 330(a)(3)(A) requires the Court to consider "the time spent on such services," and the Court cannot do so when time entries are lumped and not explained with specificity. For example, on October 17, 2025, the Applicant billed the Debtor for 4.00 hours to "begin and complete compliance over 2 days." ECF No. 289 at 6. On January 19, 2026, the Applicant billed 4.00 hours for "motions to avoid, all filings, communication, hearings." *Id.* at 9. Finally, [i]n the Court's Tentative Ruling, the Court explicitly "provide[d] Applicant an opportunity to revise the *time entries* to eliminate lumping and to fully describe the work Applicant performed." ECF No. 261 (italics added). Yet the Applicant did not eliminate lumping or elaborate on work performed. *Compare* ECF No. 220 at 14-22 *with* ECF No. 289 at 6-13. Most of the entries in the Revised Application repeat verbatim those entries in the original application that the Court denied.

As such, the Court will reduce the total fees to be authorized by 25%. As a final note, the Trustee is correct that the Applicant filed the Revised Application after the Administrative Claims Bar Date, despite the Court's tentative ruling indicating the Applicant could re-file 25 days before the bar date. ECF Nos. 241, 261, and 288. On July 14, 2026, the Trustee filed an Ex Parte Application to Establish Administrative Claims Bar Date. ECF No. 226. On July 22, 2026, the Court granted that application and set the administrative claims bar date; the Applicant received notice of the order. ECF No. 241-1. On July 24, 2026, the Trustee also served the Notice of Chapter 11 Administrative Claims Bar Date on the Applicant. ECF No. 244 at 4. The Applicant received notice of the bar date through multiple channels well in advance of that date and still failed to timely re-file the Application. Accordingly, the claim cannot be treated as a Chapter 11 administrative priority claim and is instead approved as a general unsecured claim in the amount of $29,396.25.